# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

December 5, 2025

*Via Email and ECF to:*

Veridian Legal P.C.
Attn: Daniel S. Szalkiewicz, Esq.
Attn: Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
daniel@veridianlegal.com
cali@veridianlegal.com
*Attorneys for Plaintiff*

*With a Copy via ECF to:*

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    <u>*Audrey Burns v. James Lidestri*, No. 7:25-cv-07474-KMK</u>
                <u>Pre-Motion Letter to Dismiss</u>

Dear Counsel:

This firm represents Defendant James Lidestri ("Defendant") in the above-referenced matter. Pursuant to the Honorable District Judge Kenneth M. Karas' Individual Rules of Practice II.A., we write to set out the grounds on which Defendant intends to dismiss the Complaint of Plaintiff Audrey Burns ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained below, each of the four substantive causes of action is legally deficient on its face, and the statute of limitations bars all § 2255 claims based on Plaintiff's own allegations.

    I.    <u>First Cause of Action — 18 U.S.C. § 2252A / § 2255</u>

Plaintiff's First Cause of Action asserts a civil claim under 18 U.S.C. § 2255 based on an alleged violation of 18 U.S.C. § 2252A. Compl. ¶¶ 165–173. To state such a claim, Plaintiff must plausibly allege that Defendant violated at least one specific subsection of § 2252A(a), which

LEWIS & LIN LLC

criminalizes, among other things, the mailing, transporting, receiving, distributing, reproducing, advertising, promoting, or possessing of child pornography, or producing modified depictions of a minor. *See* 18 U.S.C. § 2252A(a)(1)–(7).

For pleadings to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the claims pled contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "plausibility standard" requires the claims to allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Moreover, "it is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must 'nudge plaintiff's claims across the line from conceivable to plausible.'" *Nimham-El-Dey v. Childrens Aid Soc'y*, No. 21 CIV. 8237 (LGS), 2022 WL 4109781, at *1 (S.D.N.Y. Sept. 8, 2022) (citing *Twombly*, 550 U.S. at 570) (cleaned up).

Here, Plaintiff does not plead factual matter supporting any § 2252A(a) offense. The Complaint does not identify:

- which subsection of § 2252A(a) she contends Defendant violated;
- what conduct constituted "mailing," "transporting," "receiving," "distributing," "reproducing," or "possessing";
- any specific visual depiction that meets § 2256(2)'s definition of "sexually explicit conduct";
- any interstate-commerce nexus; or
- any dates on which § 2252A(a) conduct allegedly occurred.

Instead, Plaintiff alleges only that images were "sent to Lidestri electronically" and "disseminated to third parties and/or shared on his many websites" (Compl. ¶¶ 169–170), followed by a bare reference to "lascivious exhibition" (*id*. ¶ 171) without tying that phrase to any particular depiction, conduct, statutory subsection, or element.

These generalized assertions fall well short of identifying what specific statutory act Defendant allegedly committed, let alone pleading the elements of a § 2252A(a) predicate. Courts applying § 2255 consistently require plaintiffs to identify the particular predicate offense and plead facts supporting each statutory element. *See Singleton v. Clash*, 951 F. Supp. 2d 578, 584 (S.D.N.Y. 2013), *aff'd*, 558 F. App'x 44 (2d Cir. 2014) (granting motion to dismiss where § 2255 plaintiffs did not allege facts showing when, where, and how the defendant violated the specific predicate criminal statute). Likewise, while *Doe v. Epstein*, 611 F. Supp. 2d 1339 (S.D. Fla. 2009), involved § 2422 – not § 2252A – the court required a more definite statement where the complaint failed to identify what criminal "sexual activity for which any person can be charged" was being alleged, holding that element-tracking allegations were too vague to allow a responsive pleading. *Id*. at 1345–46. The same defect exists here: Plaintiff does not identify what conduct allegedly constitutes a § 2252A(a) violation or what depictions satisfy § 2256(2).

# LEWIS & LIN LLC

Because Plaintiff pleads no facts supporting any subsection of § 2252A(a), the First Cause of Action fails under Rule 12(b)(6).

II.  Second Cause of Action – 18 U.S.C. § 1466A

Plaintiff's Second Cause of Action alleges that Defendant violated 18 U.S.C. § 1466A by producing "obscene visual depictions" of her when she was a minor. Compl. ¶¶ 174–181. That claim fails as a matter of law because § 1466A is a criminal statute that does not provide a private civil cause of action.

The only statutory vehicle for civil relief in this context is 18 U.S.C. § 2255, which authorizes private suits only for violations of a specific list of predicate offenses: §§ 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, and 2423. § 1466A is not included. Because § 2255 does not incorporate § 1466A as a predicate, a private plaintiff cannot obtain damages for alleged violations of § 1466A under any theory.

Accordingly, because § 1466A provides only criminal penalties and no civil cause of action, and because § 2255 does not authorize a civil claim predicated on § 1466A, the Second Cause of Action fails as a matter of law and must be dismissed with prejudice.

III.  Third Cause of Action — 18 U.S.C. § 2422 / § 2255

Plaintiff's Third Cause of Action alleges "Violation of the Mann Act, 18 U.S.C. §§ 2422, 2255." To recover civil damages based on § 2422 as a predicate offense under § 2255, Plaintiff must plausibly allege that Defendant committed one of the criminal offenses described in § 2422(a) or § 2422(b): that he knowingly persuaded, induced, enticed, or coerced her to travel in interstate commerce to engage in prostitution or other chargeable sexual activity, or that, while she was under 18, he used a facility of interstate commerce to persuade, induce, entice, or coerce her to engage in such activity. *See* 18 U.S.C. § 2422(a)–(b); *Singleton*, 951 F. Supp. 2d at 584. Under *Twombly* and *Iqbal*, it is not enough simply to recite these elements; Plaintiff must allege non-conclusory facts that, if true, support a reasonable inference that the statute was actually violated. *Iqbal*, 556 U.S. at 678.

The Complaint does not meet that standard. The § 2422 allegations are limited to formulaic, element-tracking sentences asserting that Defendant "used facilities of interstate and foreign commerce" to "persuade, induce, entice, and coerce" Plaintiff and that he "arranged for and caused" her to travel in interstate commerce for "sexual activity for which [he] could be charged." (Compl. ¶¶ 184–185.) The pleading never identifies (i) what specific "sexual activity" she contends satisfies § 2422's requirement that it be "sexual activity for which any person can be charged with a criminal offense," (ii) what underlying state or federal statute that activity would violate, or (iii) what concrete communications or conduct supposedly constituted persuasion, inducement, enticement, or coercion. Nor does it allege facts showing that any interstate travel was undertaken for the purpose of engaging in criminal sexual activity, as opposed to the modeling trips Plaintiff describes elsewhere, including a Florida shoot that "occurred without incident." Compl. ¶¶ 114–118.

3

In *Doe v. Epstein,* 611 F. Supp. 2d 1339, 1345 (S.D. Fla. 2009), the court held that a § 2422-based civil claim must at least specify what "prostitution or sexual activity for which any person can be charged with a criminal offense" the plaintiff is relying on; bare allegations that a defendant "used interstate facilities" to entice a minor into "unlawful sexual activity" were deemed insufficient and required a more definite statement. Plaintiff's Third Cause of Action suffers from the same defect. It provides no non-conclusory allegations as to the specific criminal "sexual activity" at issue, the nexus between that activity and any interstate travel or communications, or which subsection of § 2422(a) or (b) she contends was violated.

IV.     Fourth Cause of Action — 18 U.S.C. § 2423 / § 2255

Plaintiff's Fourth Cause of Action alleges that Mr. Lidestri violated 18 U.S.C. § 2423 and seeks civil damages under § 2255. Compl. ¶¶ 190–195. The count itself consists of two conclusory statements: that "Defendant knowingly transported Plaintiff interstate with the intent that Plaintiff engaged in sexual activity for which any person can be charged with a criminal offense," and that he "also traveled interstate with the intent to engage in any illicit sexual conduct with Plaintiff." *Id.* ¶¶ 192–193. These assertions merely recite statutory language and do not satisfy Rule 8 or Rule 12(b)(6).

Section 2423 contains two distinct criminal offenses. Subsection (a) prohibits knowingly transporting a minor in interstate commerce with the intent that the minor engage in prostitution or "any sexual activity for which any person can be charged with a criminal offense." Subsection (b) prohibits traveling in interstate commerce with a motivating purpose of engaging in "illicit sexual conduct" with another person. To use § 2423 as a predicate for civil damages under § 2255, Plaintiff must allege non-conclusory facts showing both (i) that interstate transportation or travel occurred, and (ii) that a motivating purpose of such travel was to engage in a specific criminal sexual offense. *See* 18 U.S.C. § 2423(a), (b); *Singleton*, 951 F. Supp. 2d at 584–85.

The Complaint fails to allege either element.

First, Plaintiff identifies only two instances of interstate travel: the New York trip when she was sixteen and the Florida photoshoot when she was seventeen. The New York allegations are wholly inconsistent with § 2423's specific-intent requirement. Plaintiff alleges that she and her mother flew business-class from Oklahoma to New York on tickets Defendant purchased; that Defendant picked up both of them, drove them around Manhattan, and took them together to his home for a photoshoot; and that her mother stayed with her at all times. Compl. ¶¶ 61–68. These facts, as pled, do not plausibly support that Defendant transported Plaintiff to New York with the intent at the time of transport that she engage in prostitution or any chargeable sexual activity. Even accepting Plaintiff's later allegations of sexual misconduct while in New York, "intent for which a person can be charged with a criminal offense" must pre-exist and motivate the travel itself – conduct occurring after travel does not satisfy § 2423(a)'s specific-intent standard.

Second, the Florida allegations likewise fail to support § 2423 liability. Plaintiff alleges she traveled to Florida for a commercial photoshoot that "occurred without incident" until another model raised a tattoo issue, at which point Defendant allegedly photographed the two

models naked while they pretended to kiss. Compl. ¶¶ 114–118. She does not allege that Defendant traveled to Florida for the purpose of engaging in illicit sexual conduct with her; if anything, she pleads that any alleged misconduct arose spontaneously during a shoot, not as the motivating reason for interstate travel. Those allegations do not state a § 2423(b) offense.

Third – and fatally – Plaintiff never identifies what underlying "sexual activity for which any person can be charged with a criminal offense" she believes satisfies § 2423. She does not specify any predicate state or federal offense (such as prostitution, statutory rape, or any enumerated sex-crime statute), nor does she allege facts tying any alleged sexual conduct to a specific criminal provision. Courts considering § 2422 and § 2423 predicates have made clear that a plaintiff must plead what underlying chargeable offense is at issue; merely asserting "unlawful sexual activity" is insufficient. *See* Epstein, 611 F. Supp. 2d at 1345 (S.D. Fla. 2009) (requiring plaintiff to identify "what part of 'sexual activity for which any person can be charged with a criminal offense' is being alleged").

Taken together, Plaintiff's Fourth Cause of Action is unsupported by any factual allegations showing (i) transportation or travel with the requisite pre-existing illicit intent, or (ii) identification of a specific criminal sexual activity that could satisfy § 2423. It therefore fails to state a plausible § 2423 predicate offense under § 2255 and is subject to dismissal under Rule 12(b)(6).

V. <u>Statute of Limitations (Applicable to All § 2255 Claims)</u>

Finally, the timeliness of all of Plaintiff's claims is seriously in doubt based on the face of the Complaint. Plaintiff alleges that all of the conduct underlying her § 2255 claims occurred between 2011 and 2014, when she was between ages 14 and 17. Compl. ¶¶ 26–95. She further alleges that she was born on July 1, 1996 (*id*. ¶ 20), meaning she reached the age of 18 in July 2014, and she filed this lawsuit on September 9, 2025.

Under the versions of 18 U.S.C. § 2255(b) in effect throughout the period when Plaintiff's causes of action accrued (2011 to 2014), a civil action had to be filed either within six years after the right of action first accrued (for claims accruing prior to March 7, 2013), or ten years after such accrual (for claims accruing March 7, 2013 onward). Alternatively, the claim must have been filed before the Plaintiff's twenty-first birthday (*i.e.*, July 1, 2017). Courts interpreting that statute – including *Singleton v. Clash*, 951 F. Supp. 2d 578, 587–89 (S.D.N.Y. 2013), and *Stephens v. Clash*, 796 F.3d 281, 284–88 (3d Cir. 2015) – have held that (i) accrual occurs when the victim knows the relevant facts of the abuse, and (ii) later statutory extensions do not revive claims that have already expired.

Applying that framework here, Plaintiff's own allegations demonstrate that any § 2255 claim based on conduct occurring between 2011 and 2014 would have expired, at the latest, 10 years after her 18th birthday in July 2014 – *i.e.,* July 2024 – and most likely well before then. Plaintiff filed in September 2025, more than a year after the expiration of the limitations period that applied at the time her claims accrued.

# LEWIS & LIN LLC

The 2022 Eliminating Limits Act removed the limitations period going forward, but under *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), and *Hughes Aircraft Co. v. United States*, 520 U.S. 939 (1997), a statutory amendment cannot retroactively revive claims that were already time-barred absent a clear statement from Congress, which § 2255(b) does not contain. Consistent with this rule, *Singleton* and *Stephens* refused to apply later § 2255 amendments to claims that had expired under earlier versions of the statute.

Plaintiff does not plead any later "discovery" date, any concealment, or any disability tolling, nor does she allege any facts that would alter the accrual date or extend the limitations period. As pleaded, the case involves conduct she knew about at the time and that occurred more than a decade before this action was filed. Accordingly, it appears on the face of the Complaint that Plaintiff's § 2255 claims were time-barred by July 2024 and cannot be revived by the 2022 amendment.

At a minimum, Plaintiff must amend to allege with specificity when she claims her causes of action accrued and whether she contends that any conduct or injury was "discovered" later than the events themselves. Absent such allegations, the Complaint is subject to dismissal under Rule 12(b)(6) for untimeliness.

Very truly yours,

David D. Lin