**VERIDIAN LEGAL**

23 West 73rd Street T: (212) 706-1007
Suite 102 F: (646) 849-0033
New York, NY 10023 www.veridianlegal.com

January 5, 2026

**Via ECF and Email**
Lewis & Lin LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201

    *Re:    Audrey Burns v. James Lidestri*
            *United States District Court, Southern District of New York*
            *Civ No. 25-cv-07474-KMK*

Counsel,

    Pursuant to the Honorable District Judge Kenneth M. Karas' Individual Rules of Practice II.A., we write to set out the grounds on which Plaintiff intends to file a motion to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6). These grounds should be familiar to you, as they were already fully briefed in the action of Lidestri v. Burns, United States District Court, Southern District of New York, Docket No. 25-cv-01166 ("Lidestri I"). In Lidestri I, your client filed identical claims against Audrey after the publication of two New York Times articles. After the motion had been fully submitted for months, and after your client asserted the same action nearly verbatim in this case as a counterclaim, your client filed a notice of voluntary dismissal in Lidestri I. However, despite the blatant judicial shopping, Lidestri's counterclaims are still legally insufficient for the reasons set forth below.

    Initially, Defendant is unable to sustain a cause of action for defamation because the alleged defamatory statements are not published or authored by Plaintiff. The only statement by Audrey in the article is "'He asked if I wanted to stop, and I couldn't speak,' she said. 'I was catatonic.'" This one statement is a statement of opinion, not fact. Furthermore, many of the statements are not capable of a defamatory meaning, not concerning Defendant, and are true. For example, it is beyond argument that Plaintiff traveled to New York to meet Defendant when she was 16 as she has provided time-stamped uploads of pictures she captured during the trip which include images of Lidestri himself. More so, Lidestri has admitted to meeting Audrey when she was sixteen in a declaration (Lidestri I, D.E. 22-2, ¶¶20-22, 33).

    Likewise, Defendant has not pleaded the requisite malice to overcome New York's anti-SLAPP law or the fact that Defendant is a public figure. Defendant is unable to show that the statements were made with knowledge that they were false or with a reckless disregard of whether they were false or not.

    Finally, Defendant is unable to establish jurisdiction over Plaintiff under Federal Rule of Civil Procedure 12(b)(2). Defendant cannot show that Plaintiff either conducted business in New York under CPLR 302(a)(1) or that the claim arose from that business. Further, Plaintiff was not



As of January 5, 2026
Page 2

physically present in New York at the time the alleged defamatory statements were made.  Finally, Plaintiff did not derive substantial revenue from the statements.

Accordingly, given Defendant cannot meet his burden of demonstrating the statements are defamatory, it is requested that he withdraw his counterclaims.

                    Respectfully submitted,

                    VERIDIAN LEGAL P.C.

                    /s/*Daniel Szalkiewicz*

                    By: Daniel S. Szalkiewicz, Esq.
                    **daniel@veridianlegal.com**

cc: Hon. Kenneth M. Karas, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150