# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

January 12, 2026

*Via Email and ECF to:*

Veridian Legal P.C.
Attn: Daniel S. Szalkiewicz, Esq.
Attn: Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
daniel@veridianlegal.com
cali@veridianlegal.com
*Attorneys for Plaintiff*

*With a Copy via ECF to:*

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    <u>*Audrey Burns v. James Lidestri*, No. 7:25-cv-07474-KMK</u>
                <u>Response to Pre-Motion Letter to Dismiss</u>

Dear Counsel:

    This firm represents Defendant James Lidestri ("Defendant") in the above-referenced matter. We write in response to your January 5, 2026 pre-motion letter (ECF 16, your "Letter"), which purports to notice Plaintiff Audrey Burns's ("Plaintiff") intent to move to dismiss Defendant's Counterclaims (ECF 14, the "Counterclaims").

    At the outset, your Letter does not comply with Judge Karas's Individual Rules. Those Rules require that a pre-motion letter for a motion to dismiss set forth "each specific argument and the relevant case law supporting the movant's position." Rule II.A. Your Letter cites *no legal authority whatsoever* and relies largely on generalized, conclusory assertions rather than developed legal or factual analysis. Based on the deficient Letter, and for the reasons explained below and grounded in controlling law, Defendant does not see a need to amend his Counterclaims at this time.

# LEWIS & LIN LLC

First, your effort to characterize the Counterclaims as "forum shopping" collapses under even minimal scrutiny. Suffice it to say, Plaintiff independently chose to file her own affirmative action in this District, thereby invoking this Court's jurisdiction for her own benefit; there is nothing strategic or improper about a defendant asserting counterclaims in the very forum the plaintiff selected.

That same disconnect pervades your jurisdiction argument. Your Letter focuses on CPLR 302-style minimum contacts and physical presence, as though Plaintiff were a third-party defendant dragged into New York against her will. She is not. By voluntarily commencing this action in the Southern District of New York, Plaintiff consented to this Court's jurisdiction for counterclaims properly asserted in the same case. The Supreme Court has been clear on this point for nearly a century. In *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448 (1932), the Court held that a plaintiff who files suit "submitted itself to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the counterclaim of the defendants." The Supreme Court, in *Adam v. Saenger*, 303 U.S. 59 (1938), reiterated that principle, explaining that when a plaintiff demands justice in a forum, it is neither arbitrary nor unreasonable to require her to answer counterclaims there as "the price which the state may exact" for opening its courts to her. The Second Circuit and courts in this Circuit continue to apply that rule. *See V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127 (2d Cir. 2022); *Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15 (E.D.N.Y. 1997); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08CIV1533BSJJCF, 2011 WL 13262163, at *3 (S.D.N.Y. May 4, 2011), report and recommendation adopted, No. 08 CV. 01533 BSJ JCF, 2011 WL 3163570 (S.D.N.Y. July 26, 2011). Accordingly, even setting aside Plaintiff's substantial New York contacts and the forum-related conduct underlying the Counterclaims, this Court plainly has personal jurisdiction over Plaintiff with respect to Defendant's properly pleaded Rule 13 counterclaims as a matter of consent.

Your Letter's barebones arguments on the merits fare no better. At bottom, the Letter is revealing in what it attempts to do: it seeks to recast Plaintiff as a passive bystander to the New York Times' publication, as though the paper's byline somehow insulates her from responsibility for the factual accusations of sexual assault she made and caused to be published. Consistent with that effort, the Letter asserts that the only statement made by Plaintiff in the article is a single quotation describing her as being in a "catatonic" state. That notion – that a speaker can evade liability by pointing to the publisher who printed her accusations – is legally untenable.

Under settled New York law, anyone who makes a statement to a reporter or newspaper representative "authorizing or intending its publication is responsible for any damage caused by the publication." *Campo v. Paar*, 18 A.D.2d 364 (1st Dep't 1963); *see Geraci v. Probst*, 15 N.Y.3d 336 (2010). That rule imposes direct liability on speakers who intentionally provide defamatory factual accusations to the media with the expectation they will be published. Plaintiff therefore cannot avoid accountability by invoking the *Times*. She must answer for the false accusations she provided to the *Times* and then chose to amplify herself through her own dissemination of the article, including her accusations that Defendant sexually assaulted her and related factual assertions concerning the alleged conduct, circumstances, and timeline. CC ¶¶ 80-82, 88-90.

# LEWIS & LIN LLC

Your Letter's self-contradictory and conclusory assertion that many of those statements are "not capable of defamatory meaning" is likewise unsupported. New York law distinguishes opinion from fact by examining whether the statement has a precise meaning, is capable of being proven true or false, and would be understood by a reasonable reader as conveying actual facts. *See, e.g., Goldman v. Reddington*, 417 F. Supp. 3d 163 (E.D.N.Y. 2019). Accusations of sexual assault – particularly allegations describing specific acts and circumstances – are quintessential assertions of fact. *See id.*; *see Carroll v. Trump*, 680 F. Supp. 3d 491 (S.D.N.Y. 2023). Here, the Counterclaims allege that Plaintiff accused Defendant of sexual assault "with his hands and mouth," an allegation that squarely falls within the category of claims courts routinely hold are capable of being proven true or false. CC ¶¶ 81-82, 95. The same is true of Plaintiff's related factual assertions concerning alleged payments, alleged communications during the encounter, her alleged inability to speak, and the age at which she purportedly began working with Defendant. *Id.* Your Letter offers no authority – and no analysis – suggesting otherwise.

Finally, your cursory reference to "actual malice" and New York's anti-SLAPP statute is speculative and undeveloped. You do not explain why any heightened standard applies, you cite no authority, and you do not address the substantial body of Second Circuit and Southern District precedent holding that state anti-SLAPP procedural mechanisms conflict with the Federal Rules and do not apply on a Rule 12 motion in federal court. *See La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020); *Carroll v. Trump*, 590 F. Supp. 3d 575 (S.D.N.Y. 2022). And even if one assumed some form of heightened scrutiny were relevant, your Letter does not contend with the detailed factual allegations in the Counterclaims plausibly establishing knowledge of falsity or reckless disregard, including false and inconsistent timelines advanced by Plaintiff, misuse of photographs to suggest a fabricated chronology, omissions that undermine Plaintiff's narrative, and her post-publication amplification of the accusations. CC ¶¶ 96-102. Asking the Court to resolve those factual disputes and credit Plaintiff's version of events at the pleading stage is inconsistent with Rule 12(b)(6).

For all of these reasons, Defendant does not intend to amend his Counterclaims at this time, particularly in response to a noncompliant letter devoid of supporting authority. If Plaintiff elects to proceed with a motion, Defendant will oppose it fully. All rights, remedies, and arguments are expressly reserved.

Very truly yours,

David D. Lin