# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

February 11, 2026

**VIA ECF**
Hon. Kenneth M. Karas
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Audrey Burns v. James Lidestri
Case No. Civ. 7:25-cv-07474 (KMK)

Dear Judge Karas:

Pursuant to the Court's instructions at the January 22, 2026, conference, the parties have met and conferred under Rules 16 and 26(f) of the Federal Rules of Civil Procedure and have agreed to the attached Case Management Plan and Scheduling Order. The parties respectfully request that the Court "so order" the attached plan.

Respectfully submitted,

| | |
|---|---|
| /s/ *Daniel S. Szalkiewicz* | /s/ *David D. Lin* |
| Daniel S. Szalkiewicz | David D. Lin |
| Veridian Legal P.C. | Lewis & Lin, LLC |
| 23 West 73rd Street, Suite 102 | 77 Sands Street, 6th Floor |
| New York, NY 10023 | Brooklyn, NY 11201 |
| Telephone: (212) 706-1007 | Telephone: (718) 243-9323 |
| daniel@veridianlegal.com | david@ilawco.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS,<br><br>　　　　Plaintiff / Counter-Defendant<br><br>　　　　　　v.<br><br>JAMES LIDESTRI,<br><br>　　　　Defendant / Counterclaimant | Case No. Civ. 7:25-cv-07474 (KMK)<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER** |

KENNETH M. KARAS, District Judge:

　　　At the conference before the Court held on January 22, 2026, this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.　　This case **(is)** ~~(is not)~~ to be tried to a jury [circle one].

2.　　No additional parties may be joined except with leave of the Court.

3.　　Amended pleadings may not be filed except with leave of the Court.

4.　　Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., will be completed not later than February 18, 2026 [absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)].

5.　　All *fact* discovery is to be completed no later than May 22, 2026 [a period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances].

6.　　The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in paragraph 6 above:

　　　a.　　Initial requests for production of documents to be served by March 3, 2026.

    b.    Interrogatories to be served by <u>March 27, 2026</u>.

    c.    Depositions to be completed by <u>May 22, 2026</u>.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

    d.    Requests to Admit to be served no later than <u>March 27, 2026</u>. Parties agree that the redaction of intimate parts from images shall not be the basis of an objection to the Request to Admit.

7. All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:

    a.    Expert(s) of Plaintiff(s): <u>July 24, 2026</u>.

    b.    Expert(s) of Defendant(s): <u>July 24, 2026</u> .

8. Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due at the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least two (2) weeks prior to this deadline.

9. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

10.     a.    Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

    b.    The parties **(request)** ~~(do not request)~~ a settlement conference before a United States Magistrate Judge [circle one].

11.     a.    Counsel for the parties have discussed the use of the Court's Mediation Program.

    b.    The parties ~~(request)~~ **(do not request)** that the case be referred to the Court's Mediation Program [circle one].

12. a. Counsel for the parties have discussed the use of a privately-retained mediator.

    b. The parties ~~(intend)~~ **(do not intend)** to use a privately-retained mediator [circle one].

13. The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14. Parties have conferred and their present best estimate of the length of trial is <u>4 days</u>.

**TO BE COMPLETED BY THE COURT:**

15.     [Other directions to the parties:]

**There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be complet ed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for extension of *interim* discovery deadlines from the magistrate judge to whom the case is referred. Counsel may seek permission for an extension of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order only after consenting to allowing the magistrate judge to handle the case for all purposes.**

16.   The next Case Management Conference is scheduled for _____ _____.

   The movant's pre-motion letter is due _____;

   The non-movant's response is due _____.

SO ORDERED.

DATED:   White Plains, New York

                                       _____
                                       KENNETH M. KARAS
                                       UNITED STATES DISTRICT JUDGE