# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

**April 27, 2026**

**Via CM/ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:    ***Burns v. Lidestri*, No. 25-cv-7474 (KMK) (JCM)**
> **Defendant's Letter Brief Regarding Plaintiff's Discovery Deficiencies**

Dear Judge McCarthy:

We represent Defendant/Counterclaimant James Lidestri and submit this letter pursuant to Your Honor's Pretrial Discovery Order (ECF 24) concerning Plaintiff's deficient discovery responses and refusal to engage in the required meet-and-confer process.

Plaintiff has been late on nearly every discovery obligation in this case: Initial Disclosures, RFP responses, Requests for Admission (requiring a Court extension), and interrogatory responses (seven days late without justification). The responses Plaintiff has served contain significant deficiencies. Defendant has made three attempts to resolve these issues informally: a detailed meet-and-confer email on April 8 identifying nine RFP deficiencies; a follow-up on April 13 regarding overdue interrogatories; and a formal letter on April 21 documenting the full scope of outstanding issues and requesting a meet and confer within three business days pursuant to the Court's Pretrial Discovery Order. Plaintiff has not responded to any of those communications. Defendant is therefore left with no alternative but to seek relief from the Court.

## I. Plaintiff's Interrogatory Responses Were Untimely and Deficient

Plaintiff's interrogatory responses were served seven days late without stipulation, Court approval, or explanation. Under Fed. R. Civ. P. 33(b)(4), any objection not timely stated is waived unless the Court excuses the failure for good cause. No good cause has been offered. Defendant respectfully requests that the Court deem Plaintiff's objections waived, except as to privilege, and direct Plaintiff to respond fully to each interrogatory. Even allowing for reasonable objections, however, the responses are substantively deficient as follows.

**Contact Information**. Plaintiff identifies fifteen witnesses across her responses but defers contact information for nearly all of them, stating it will be "provided by supplementation if available." Ex. A at 4-5. That is not compliant with Rule 33 or Rule 26(a)(1). Several of these witnesses were identified for the first time in these responses and were not included in Plaintiff's Initial

# LEWIS & LIN LLC

Disclosures. Plaintiff cannot simultaneously expand her witness list and withhold the information Defendant needs to contact those witnesses.

*Interrogatory No. 9* (Identification of Images for Liability and Damages). Plaintiff's claims under 18 U.S.C. §§ 2252A, 2255, and 2251 require her to identify the specific images and videos that form the basis of her claims – both to establish liability and to compute the statutory damages of $150,000 per item she seeks under § 2255. Plaintiff has refused to do so, stating the interrogatory is "more appropriately addressed through document production." Ex. A at 15. The FAC failed to allege what specific visual depictions are alleged to meet § 2256(2)'s definition of "sexually explicit conduct" and Plaintiff now continues to obfuscate her obligations to identify the specific content underlying both her liability theories and her damages calculations.

*Interrogatory Nos. 6 and 8* (Video Witnesses / Other Victims). Defendant asked Plaintiff to identify each person with knowledge of the video referenced in FAC ¶¶ 135-136. Plaintiff responded that "[a]t least two individuals" informed her they possess the video, but refused to identify them. Ex. A at 12. Plaintiff has never produced the video, has not stated that she has ever personally viewed any such video (FAC ¶¶ 135–136), and now refuses to identify the individuals who allegedly possess it. Similarly, Defendant asked Plaintiff to identify the "other victims" referenced in FAC ¶ 140, 145, but Plaintiff has similarly refused. Ex. A at 13-14. These are fact witnesses whose identities are discoverable in the ordinary course.

*Interrogatory Nos. 11 and 16* (Post-Defendant Professional Activity). Defendant asked Plaintiff to identify contracts, agreements, and accounts relating to her post-Defendant modeling and content-creation work, including OnlyFans and similar subscription platforms. Plaintiff flatly refused to answer, stating the information "is not relevant to the claims or defenses at issue." Ex. A at 17, 24. It plainly is. Plaintiff's post-Defendant professional activity – which includes the production and sale of sexually explicit content on OnlyFans and similar platforms – is directly relevant to damages, causation, and mitigation. It is also relevant to ensuring that content independently created and distributed by Plaintiff is not being attributed to Defendant in support of her claims.

*Interrogatory No. 13* (Damages Computation). Plaintiff's Initial Disclosures stated $5,000,000 for mental anguish and $5,000,000 for punitive damages. Her interrogatory responses now claim $15,000,000 for each – tripling the previously disclosed figures without formal supplementation of her Initial Disclosures under Rule 26(e). Ex. A at 20-21. Beyond the inconsistency, Plaintiff still has not provided a meaningful computation of damages. Instead, she provides broad narrative categories, states that expert testimony will support her claimed amounts at some future date, and again fails to identify which images or videos make up her statutory damages claim. That does not provide the notice required by Rule 26(a)(1)(A)(iii) or under Local Rule 33.3(a).

*Interrogatory No. 15* (Social Media and Platform Accounts). Defendant asked Plaintiff to identify social media and platform accounts she has maintained that contains or may contain responsive documents or communications, as defined broadly to include subscription content platforms. Plaintiff identified a single Facebook account and stated additional account information would be provided "subject to entry of an appropriate protective order." Ex. A at 23. That is not an appropriate basis to withhold routine discovery.

# LEWIS & LIN LLC

## II. **Plaintiff's RFP Responses Contain Unresolved Deficiencies**

*Native Files and Metadata* (RFPs 12, 13, 44, 45, 46). Plaintiff's claims under 18 U.S.C. §§ 2252A, 2255, and 2251 are premised on specific photographs and videos she contends constitute child pornography. FAC ¶ 154. Yet Plaintiff agreed to produce these files only in a "reasonably usable format," omitting native files with embedded metadata, chain-of-custody information, or capture data. Defendant is entitled to native files with ordinarily embedded metadata. The same applies to the Facebook Album photographs and Cash Photo (RFPs 12, 13), where metadata is directly relevant to the disputed sequence of events during the April 2013 trip. *See* ECF 14 ¶¶ 50–55.

*Unilateral Narrowing and Exclusions* (RFPs 8, 36, 42, 49, 62, 66). Plaintiff imposed limitations not contained in the requests. For RFP 36, Plaintiff limited disclosure-related documents to witnesses she has designated or "otherwise relied upon," excluding disclosures that may be inconsistent with her allegations. For RFP 42, Plaintiff narrowed post-18 content discovery to material "originally created in connection with Defendant," excluding independent adult-content work relevant to damages, causation, mitigation, and source attribution. Plaintiff also excluded OnlyFans-related communications with Taylor Compton (RFP 8) and refused to produce actual revenue records (RFP 62), despite Defendant's averment that Plaintiff produced and sold explicit content jointly with Ms. Compton after her work with Defendant. ECF 14 ¶¶ 133–134. Finally, Plaintiff conditions production of other model/victim identities and communications, as well as identifying information for individuals who contacted her regarding unreleased minor content or the video referenced in FAC ¶¶ 135–136, on anonymization, a protective order she has not proposed, or undefined "undue privacy concerns" (RFPs 49, 66). These limitations are improper.

*Mental Health, Substance Abuse, and Journals (RFPs 51, 52, 54, 58)*. Plaintiff claims $15,000,000 in mental anguish damages yet limits production to materials she attributes to Defendant or "intends to rely upon." When a plaintiff places her psychological condition at issue to this extent, the full treatment history is discoverable to evaluate causation, preexisting conditions, and alternative causes. The journal limitation is particularly improper – Plaintiff cannot cherry-pick favorable entries while withholding others bearing on the same allegations.

## III. **Plaintiff Has Not Proposed a Protective Order or Production Date**

Plaintiff has conditioned multiple categories of production on entry of a protective order with heightened confidentiality provisions. Despite originating these conditions, Plaintiff has not circulated a draft protective order. Nor has Plaintiff identified a date for document production.

## IV. **Relief Requested**

Defendant respectfully requests that the Court enter an order: (1) deeming Plaintiff's interrogatory objections waived and directing Plaintiff to answer all interrogatories fully, subject only to privilege, or in the alternative directing complete responses to Interrogatory Nos. 6, 8, 9, 11, 13, 15, and 16; (2) directing Plaintiff to provide known contact information for all identified witnesses; (3) directing Plaintiff to supplement her RFP responses consistent with the categories set forth above; (4) directing Plaintiff to circulate a draft protective order within seven days; (5) directing Plaintiff to provide a date certain for document production; and (6) awarding Defendant the

# LEWIS & LIN LLC

reasonable fees and costs incurred in connection with this application pursuant to Fed. R. Civ. P. 37(a)(5).

Respectfully Submitted,

David D. Lin