**EXHIBIT B**

EXCERPTS OF PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION

## I. NATIVE FILES AND METADATA — RFPs 12, 13, 44, 45, 46

**REQUEST FOR PRODUCTION NO. 12:**

All Documents constituting or relating to the Facebook Album titled "NYC modeling trip!" uploaded on or about April 21, 2013, as reflected in ECF 19-7 at pp. 1–4 and ECF 19-8 at pp. 13–14 (showing a posting date of April 21, 2013 and 116 photographs), including: (a) the original digital files of each image in native format with all embedded metadata (EXIF data, GPS coordinates, timestamps, device identifiers); (b) the Facebook upload/export data showing upload date/time and any later edits; (c) all comments, reactions, shares, tags, and privacy settings associated with the Album and each image; (d) all prior or subsequent edits, deletions, replacements, re-uploads, or modifications to the Album or any image therein; and (e) all Documents reflecting when each photograph was taken relative to the photoshoot session(s) on April 19, 2013 versus the Manhattan activities on April 21, 2013.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it demands forensic-level metadata extraction, including EXIF data, GPS coordinates, timestamps, and device identifiers for 116 photographs, which is disproportionate to the needs of the case absent a court-ordered forensic protocol and agreement on cost-sharing. Plaintiff further objects to subpart (e) to the extent it calls for a legal or factual conclusion rather than the production of documents.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce the photographs from the Facebook Album in a reasonably usable format, together with any Facebook data export reflecting upload dates and associated information, to the extent such documents are within Plaintiff's current possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to the photograph(s) depicting $100 bills, the Juicy Couture bag, and any other objects from the New York trip that You provided or showed to the NYT as described in CC ¶ 80(e), including: (a) the original digital file(s) in native format with all EXIF metadata; (b) all Communications in which You transmitted, described, or discussed the Cash Photo(s) with any person; (c) all Documents reflecting when, where, and why the Cash Photo(s) were taken; and (d) all prior or subsequent edits, crops, filters, or alterations.

*OBJECTIONS:*

Plaintiff objects to subpart (b) to the extent it seeks all communications with "any person" discussing the photograph, which is overbroad and not proportional to the needs of the case. Plaintiff further objects to the demand for forensic-level EXIF metadata absent a court-ordered forensic protocol.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce the photograph(s) depicting cash and the Juicy Couture bag in a reasonably usable format, together with communications transmitting the photograph(s) to the NYT, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

All Modeling Content in Your possession, custody, or control that was created in connection with any Photoshoot You attribute to Lidestri or BFC Enterprises (including any photographer You contend worked with or for Lidestri/BFC), in whatever format You possess it, together with all associated metadata and any information reflecting how and when You obtained each file.

*OBJECTIONS:*

Plaintiff objects to the demand for "all associated metadata and any information reflecting how and when You obtained each file" to the extent it requires forensic-level analysis absent a court-ordered protocol.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce Modeling Content in Plaintiff's possession created in connection with Photoshoots attributed to Defendant or BFC Enterprises, in a reasonably usable format, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45:**

With reference to FAC ¶¶ 154–165, all Documents relating to the photographs and videos You contend were uploaded to the Websites and depicted You as a minor, including: (a) the source URL(s) and capture method(s) for any screenshot, download, or archive; (b) the original files in native format with all metadata; (c) any chain-of-custody information reflecting who obtained the files, when, how they were stored, and whether altered; (d) any hash values or forensic reports; and (e) any Communications with any person about obtaining, authenticating, or preserving those images or videos.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it demands forensic-level production, including chain-of-custody documentation, hash values, and forensic reports, which is premature absent a court-ordered forensic protocol and agreement on cost-sharing. Plaintiff further objects to subpart (e) to the extent it seeks communications with Plaintiff's attorneys about "authenticating or preserving" evidence, which are protected by the attorney-client privilege and work-product doctrine.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce photographs and videos that Plaintiff contends were uploaded to the Websites and depicted Plaintiff as a minor, together with source URLs and capture information to the extent

reasonably available, in a reasonably usable format, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46:**

With reference to FAC ¶ 154 and the named photograph and video "sets" described therein, produce each set identified in FAC ¶ 154, including: (a) all photographs and videos comprising each named set in native format with all metadata; (b) the source URL and platform from which each set was obtained or downloaded; (c) all Documents reflecting the date each set was first published or made available on any Website or platform; (d) all Documents reflecting the date You first became aware of each set; and (e) all Communications referring to any named set.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it demands production of over 100 named content sets in "native format with all metadata," which is disproportionate absent a forensic protocol. Plaintiff further objects to subpart (e) to the extent it seeks "all Communications referring to any named set," which is overbroad and would encompass communications with Plaintiff's attorneys protected by privilege.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce nonprivileged responsive documents relating to the named content sets identified in FAC ¶ 154, together with source URLs and available publication date information, in a reasonably usable format, to the extent such documents are reasonably accessible and within Plaintiff's possession, custody, or control.

## II. UNILATERAL NARROWING AND EXCLUSIONS — RFPs 8, 36, 42, 49, 62, 66

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and Taylor Compton, including all emails, text messages, DMs, voicemails, and any Documents provided to or received from Compton, relating to Lidestri, the Websites, the Photoshoots, the Allegations, the December Article, the November Article, Your online content work (including OnlyFans), or this Action, from January 2010 through the present.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it is overbroad in seeking all communications with Taylor Compton spanning sixteen years. Plaintiff further objects to the extent the Request seeks communications relating to "Your online content work (including OnlyFans)," which is not relevant to any claim or defense in this action and is designed to harass and embarrass Plaintiff. Plaintiff further objects to the extent the Request seeks documents protected by the attorney-client privilege or work-product doctrine, including communications "about this Action."

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, and limiting the response to communications relating to Lidestri, the Websites, the Photoshoots, or the Allegations, Plaintiff will conduct a reasonable search for and produce nonprivileged

3

responsive communications with Taylor Compton, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to any disclosure You made to any person (other than Your attorneys) regarding any Allegation against Lidestri, from the time of the alleged events through the present, including the identity of each person told, the date(s) of disclosure, the substance disclosed, and all Communications reflecting such disclosure.

*OBJECTIONS:*

Plaintiff objects to this Request as overbroad and disproportionate to the needs of the case. The Request seeks documents relating to every disclosure Plaintiff has ever made to any person about any Allegation against Defendant over a period spanning more than thirteen years, which is facially unlimited in scope. Plaintiff further objects to the extent the Request seeks the "identity of each person told," which is an interrogatory-style demand not appropriate in a request for production.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce nonprivileged documents reflecting disclosures to witnesses identified in Plaintiff's Rule 26 disclosures or otherwise relied upon regarding the Allegations, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents sufficient to identify every company, website, publisher, or platform other than Jim Bauer/Castle Rock and BFC Enterprises that published, sold, licensed, or distributed any photographs or videos of You on or after Your 18th birthday, including any TeenMarvel-related companies and OnlyFans or similar platforms, including the name of each "set," date(s) of publication, URL(s), and any contract, release, or payment record in Your possession.

*OBJECTIONS:*

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks identification of every platform that has published any photograph or video of Plaintiff since she turned 18, including OnlyFans and "similar platforms," which is not relevant to any claim or defense in this action. Plaintiff's lawful adult modeling and content creation activities are not at issue. To the extent Defendant seeks this information for his damages mitigation defense on the counterclaim, the scope is grossly disproportionate.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce documents sufficient to identify platforms known to Plaintiff on which content originally created in connection with Defendant or the Websites was republished or distributed after Plaintiff turned 18, to the extent such documents are within Plaintiff's possession, custody, or control.

4

**REQUEST FOR PRODUCTION NO. 49:**

All Documents sufficient to identify the "fellow Teen Starlet model" referenced in FAC ¶ 140 and any "other victims" referenced in FAC ¶ 145, including name(s), contact information, and all Communications with such persons.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it seeks the identity and contact information of sexual abuse victims, which implicates significant privacy and safety interests. Plaintiff further objects to the extent the Request seeks "all Communications with such persons," which is overbroad and not limited to communications relevant to the claims and defenses in this action.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will meet and confer with Defendant's counsel regarding an appropriate mechanism for disclosure of the identities of other victims, including anonymization, redaction, or production under a protective order with heightened confidentiality designations. Plaintiff will produce nonprivileged communications with such persons relating to Defendant, the Websites, the Photoshoots, or the Allegations, to the extent such documents are within Plaintiff's possession, custody, or control, subject to the outcome of the meet and confer process.

**REQUEST FOR PRODUCTION NO. 62:**

With reference to FAC ¶¶ 133–134 and CC ¶ 5, all Documents relating to Your use of OnlyFans or any similar subscription content platform from the date of initial registration through the present, including account registration records, subscriber counts, revenue records, payout histories, all content posted, and all communications with subscribers relating to Lidestri, the Websites, the Allegations, or the Articles.

*OBJECTIONS:*

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks "all Documents relating to Your use of OnlyFans or any similar subscription content platform," including "all content posted" and complete revenue and subscriber records. Plaintiff's lawful adult content creation is not relevant to any claim or defense in this action. The demand for "all content posted" is disproportionate and seeks intimate adult content that has no bearing on the claims or defenses at issue. To the extent Defendant seeks this information for Plaintiff's income for damages purposes, that information can be obtained through narrower, less invasive means.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce communications with subscribers on OnlyFans or similar platforms relating to Lidestri, the Websites, the Allegations, or the Articles, to the extent such documents are within Plaintiff's possession, custody, or control. Plaintiff will also produce summary revenue information to the extent relevant to claimed damages from such platforms, subject to an appropriate protective order. Plaintiff declines to produce "all content posted" on OnlyFans or similar platforms.

**REQUEST FOR PRODUCTION NO. 66:**

With reference to FAC ¶¶ 135–136, all Communications (including texts, emails, DMs, messaging-app messages, and call logs) between You and any person who: (a) contacted You to request "unreleased" content from when You were a minor; or (b) claimed to possess or have purchased any video depicting Lidestri performing oral sex on You, including all Documents sufficient to identify each such person (name, username, and contact information) and the date(s) of each such communication.

*OBJECTIONS:*

Plaintiff objects to the demand for "call logs," the collection of which would require forensic extraction and is disproportionate absent a court-ordered protocol.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce nonprivileged written communications with persons who contacted Plaintiff to request unreleased content from when she was a minor or who claimed to possess the video referenced in FAC ¶ 136, together with usernames or identifying information to the extent known and not implicating undue privacy concerns, to the extent such documents are within Plaintiff's possession, custody, or control.

## III. MENTAL HEALTH, SUBSTANCE ABUSE, AND JOURNALS — RFPs 51, 52, 54, 58

**REQUEST FOR PRODUCTION NO. 51:**

All mental health, psychological, psychiatric, or counseling records relating to any injury, symptom, diagnosis, condition, or treatment You attribute to Lidestri, the Photoshoots, the Websites, the Assault Allegation, or any other conduct by Lidestri, including all records of diagnoses, treatment plans, therapy session notes, medications prescribed, and hospitalizations, together with HIPAA-compliant releases authorizing production.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it seeks therapy session notes, which are subject to heightened privacy protections. Plaintiff further objects to the demand for "HIPAA-compliant releases authorizing production," as Plaintiff is not obligated to execute authorizations for third-party records in response to a Rule 34 request; Defendant may subpoena such records pursuant to Rule 45 subject to appropriate protections.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, and subject to entry of an appropriate protective order, Plaintiff will produce mental health and counseling records in Plaintiff's possession relating to injuries Plaintiff attributes to Defendant's conduct, to the extent such documents are within Plaintiff's possession, custody, or control. Plaintiff will not produce therapy session notes absent a court order.

6

**REQUEST FOR PRODUCTION NO. 52:**

All records from each mental health provider, therapist, psychologist, psychiatrist, counselor, or support group You have seen or participated in from January 2010 through the present, regardless of whether You attribute the need for treatment to Lidestri, including all intake forms, treatment records, discharge summaries, and billing records.

*OBJECTIONS:*

Plaintiff objects to this Request in its entirety as overbroad, unduly burdensome, and grossly disproportionate to the needs of the case. The Request seeks Plaintiff's complete mental health history over a sixteen-year period "regardless of whether You attribute the need for treatment to Lidestri." Plaintiff's entire psychiatric history is not relevant to any claim or defense in this action. Plaintiff has placed at issue only the mental health injuries she attributes to Defendant's conduct, and discovery is properly limited to records relating to those claimed injuries.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce mental health records relating to injuries Plaintiff attributes to Defendant's conduct, as set forth in Plaintiff's response to RFP No. 51. Plaintiff declines to produce her complete mental health history.

**REQUEST FOR PRODUCTION NO. 54:**

With reference to FAC ¶ 132, all records relating to any substance abuse treatment, rehabilitation, counseling, or program participation from January 2010 through the present, including all intake, treatment, and discharge records.

*OBJECTIONS:*

Plaintiff objects to this Request as overbroad and disproportionate to the needs of the case. While Plaintiff has alleged substance abuse issues attributable to Defendant's conduct, the Request seeks all substance abuse treatment records over a sixteen-year period without limitation to treatment Plaintiff attributes to Defendant. Plaintiff further objects that substance abuse treatment records are subject to heightened federal confidentiality protections under 42 C.F.R. Part 2.

*RESPONSE:*

Subject to and without waiving the foregoing General and Specific Objections, and subject to entry of an appropriate protective order, Plaintiff will produce substance abuse treatment records in Plaintiff's possession that relate to injuries Plaintiff attributes to Defendant's conduct, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**

All personal journals, diaries, or written reflections related to the Allegations or their impact.

*OBJECTIONS:*

Plaintiff objects to this Request to the extent it seeks highly personal, private writings that implicate Plaintiff's privacy interests and are disproportionate to the needs of the case. Plaintiff further objects to the extent the Request is overbroad in seeking "all" journals, diaries, or

written reflections "related to" the Allegations or "their impact," as that formulation could encompass virtually any personal writing Plaintiff has ever made.

***RESPONSE:***

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce nonprivileged journal entries, diary entries, or written reflections that Plaintiff intends to rely upon in support of her claims, to the extent such documents are within Plaintiff's possession, custody, or control.