# VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

April 30, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge

> **Re: *Burns v. Lidestri*, No. 25-cv-07474-KMK**
> **Plaintiff's Response to Defendant's April 27, 2026 Letter Regarding Discovery**

Dear Judge McCarthy:

Plaintiff Audrey Burns respectfully submits this letter in response to Defendant James Lidestri's April 27, 2026 letter (Dkt. 26) seeking discovery relief and fees. Plaintiff requests that the Court deny Defendant's application in its entirety, or, in the alternative, enter a proportionate order that accounts for the sensitive nature of this litigation and the parties' resources.

### I. Background

This case arises from Defendant's operation of websites featuring sexualized content of underage girls, including Plaintiff.  The materials in this case are among the most sensitive categories of evidence that exist in civil litigation.

Defendant served 83 Requests for Production on Plaintiff, a single mother of multiple children with limited resources seeking, among other things, sixteen years of social media account inventories, location data from 2013, all mental health and substance abuse records from 2010 to the present, all personal journals and diaries, forensic-level metadata extraction with EXIF data, GPS coordinates, hash values, and device identifiers, and comprehensive inventories of every device and account Plaintiff has used since 2010, including serial numbers and IMEIs. Defendant also served 16 interrogatories with multiple discrete subparts.

### II. The Seven-Day Delay Does Not Warrant Waiver of Objections

Defendant's principal argument is that Plaintiff's interrogatory objections should be deemed waived because responses were served on April 17, 2026, seven days after the April 10 deadline. Plaintiff acknowledges the delay and does not minimize it. The delay was caused by the simultaneous failure of Plaintiff's computer and phone for several days, preventing meaningful communication between Plaintiff and counsel.

F.R.C.P. 33(b)(4) provides that untimely objections are waived "unless the court, for good cause, excuses the failure." The Rule thus vests the Court with discretion to excuse a late objection for good cause. The Advisory Committee Notes confirm that treating a failure to timely object as an automatic waiver "may sometimes be unduly harsh," and the Rule "therefore gives the court the discretion to excuse the failure if there is good cause for doing so."

Here, good cause exists. It was caused by circumstances beyond Plaintiff's control, not by gamesmanship or willful disregard. Plaintiff served substantive responses with detailed

Veridian Legal P.C.



As of April 30, 2026
Page 2

objections. Defendant suffered no prejudice from the brief delay.  The Court should exercise its discretion and decline to impose the drastic remedy of deeming all objections waived.

### III. Plaintiff's Interrogatory Responses Are Substantially Compliant

*Witness Contact Information.* Plaintiff identified fifteen witnesses across her responses. For many of these individuals, Plaintiff does not currently possess contact information. Plaintiff stated that contact information would be supplemented if and when it becomes available, which is consistent with the continuing obligation under Rule 26(e).

*Interrogatory Nos. 6 and 8 (Identities of Persons Who Possess the Video and Other Victims).* Plaintiff has conditioned disclosure of these identities on entry of a protective order. These individuals are potential victims of intimate image abuse and child sexual exploitation. Disclosure of their identities without protections could expose them to harassment, retaliation, or further victimization. This is a reasonable safeguard that courts routinely require in cases involving sensitive subject matter. (*See Matter of Child Victims Act NYC Litig.*, 200 AD3d 476, 477 [1st Dept 2021]).

*Interrogatory No. 9 (Identification of Images and Videos).* Plaintiff is in the process of identifying and cataloguing the specific images and videos for which she seeks statutory damages. This is a complex undertaking given the volume of material at issue, the fact that much of the content was distributed by Defendant through websites and channels to which Plaintiff does not have access, and the liabilities associated with disseminating such content.

*Interrogatory Nos. 11 and 16 (Post-Defendant Professional Activity).* Plaintiff maintains her objections. Her independent career decisions after the events giving rise to this action are not relevant to the claims or defenses in this case. Defendant's assertion that this information is relevant to "damages, causation, and mitigation" is conclusory. Plaintiff's claims arise from the unauthorized production, distribution, and sale of child sexual abuse material and the sexual assault of a minor. Her subsequent lawful employment is not probative of those claims, and compelling disclosure of her post-Defendant professional activities would serve only to harass.

*Interrogatory No. 13 (Damages Computation).* Plaintiff acknowledges that her interrogatory response reflects updated damages figures and will serve a formal supplementation.

*Interrogatory No. 15 (Social Media Accounts).* Plaintiff identified one Facebook account and stated that additional account information would be provided subject to entry of a protective order. Given the nature of this case and the risk of misuse, this is a reasonable condition.

### IV. Plaintiff's RFP Objections Are Proportionate and Well-Founded

Many of the 83 RFPs are facially overbroad, disproportionate to the needs of this case, and seek information that is either irrelevant or so sensitive that production without a protective order would be inappropriate.  A "party 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its



likely benefit.'" (*Harris v City of NY*, 2025 US Dist LEXIS 66106, at *2 [SDNY Apr. 7, 2025]). *Leslie v. Starbucks Corp.*, No. 23-1194, slip op. at 14 (2d Cir. May 15, 2024). This Court has further recognized the need to protect parties from "discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas" (*Mangahas v Eight Oranges Inc.*, 2022 US Dist LEXIS 193560, at *6 [SDNY Oct. 24, 2022, No. 22-cv-4150 (LJL)]).

*Metadata and Native Files.* Plaintiff agreed to produce documents in a "reasonably usable format." Defendant's demand for forensic-level metadata extraction for every photograph and video goes far beyond what Rule 34 requires. Plaintiff has not refused to produce documents; she has objected to the form of production as disproportionate. Plaintiff further notes concerns associated with possession and dissemination of such content.

*Mental Health, Substance Abuse, and Journal Records (RFPs 51, 52, 54, 58).* Defendant seeks all mental health records, all substance abuse records, and all personal journals and diaries from 2010 to the present. Plaintiff's generalized allegations of emotional distress do not place her entire mental health history at issue. Courts have consistently held that even where a plaintiff places mental health at issue, the court should impose "reasonable temporal limitations on disclosure of her mental health and medical records" and protect the plaintiff from "unreasonable annoyance and embarrassment" (*E.D. v Intercontinental Hotels Group*, 223 AD3d 561, 562 [1st Dept 2024])). Plaintiff has offered to produce mental health records she intends to rely upon and records she attributes to Defendant's conduct. That is a proportionate response.

*Identities of Other Victims and Persons Who Contacted Plaintiff (RFPs 49, 66).* These individuals are potential victims of child sexual exploitation. Plaintiff has conditioned their identification on entry of a protective order with appropriate confidentiality provisions. This is standard practice in cases involving CSAM and intimate images, and courts have recognized that confidentiality orders are appropriate in such litigation (*See Matter of Child Victims Act NYC Litig., 200 AD3d 476, 477 [1st Dept 2021]).*

*OnlyFans and Adult Content (RFPs 8, 42, 62).* Plaintiff narrowed her responses to exclude information about her lawful adult content work. Defendant's demand for all of Plaintiff's OnlyFans content, revenue records, and communications with Taylor Compton about unrelated content creation is a fishing expedition designed to embarrass and harass Plaintiff.

### V. The Protective Order Issue Is Not a Delay Tactic

The need for a protective order in this case is self-evident. The materials at issue include content that may constitute child sexual abuse material, intimate images, mental health records, substance abuse records, and the identities of potential victims of sexual exploitation. Plaintiff will circulate a proposed protective order within five business days of the date of this letter and proposes that the parties meet and confer on its terms within five business days thereafter.

### VI. Fees and Costs Should Be Denied

Defendant requests fees and costs under Rule 37(a)(5). Even assuming the Court grants any portion of Defendant's application, fees should be denied. Rule 37(a)(5)(A) provides that



As of April 30, 2026
Page 4

fees shall not be awarded if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."

Plaintiff's objections are substantially justified. They are grounded in proportionality, privilege, privacy, and the sensitive nature of this litigation. The brief delay in interrogatory responses was caused by circumstances beyond Plaintiff's control and an award of fees against a victim of child sexual exploitation prosecuting claims under federal statutes designed to protect victims like her would be unjust.

Respectfully submitted,
Daniel Szalkiewicz
Veridian Legal P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
daniel@lawdss.com
*Attorney for Plaintiff Audrey Burns*

cc: David D. Lin, Esq., Lewis & Lin LLC (via ECF)

Veridian Legal P.C.