# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

**May 5, 2026**

**Via CM/ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:  *Burns v. Lidestri*, No. 25-cv-7474 (KMK) (JCM)
> **Defendant's Second Letter Brief Re: Plaintiff's Untimely Second Set Interrogatory Objections and RFA Responses**

Dear Judge McCarthy:

Defendant/Counterclaimant respectfully submits this letter brief to address Plaintiff's continued pattern of untimely and deficient discovery responses. Defendant's prior letter brief (ECF 26) already seeks relief based on Plaintiff's untimely and deficient responses to Defendant's initial discovery requests. Since then, Plaintiff has served untimely responses to Defendant's First Set of Requests for Admission and untimely objections to Defendant's Second Set of Interrogatories. As set forth below, Plaintiff's Requests for Admission are deemed admitted by operation of Rule 36(a)(3), and Plaintiff's refusal to respond to the nine second-set interrogatories – asserting instead a single blanket numerosity objection to each – is wholly without merit.

Defendant sent a detailed meet and confer letter to Plaintiff's counsel identifying the deficiencies in both sets of responses and requesting a conference pursuant to the Court's rules in the hope of avoiding further letter briefing. Plaintiff's counsel has not responded. This is consistent with Plaintiff's counsel's broader refusal to engage with Defendant's discovery communications, including those required by the Court's discovery-dispute procedures. Defendant respectfully requests the relief set forth below and in the prior letter brief, and will be prepared to address these issues at the compliance conference on Thursday, May 7, or as the Court otherwise directs.

## I.     Plaintiff's Second Set Interrogatory Responses Were Untimely and Deficient

Defendant served his Second Set of Interrogatories (Nos. 17-25) on March 27, 2026. Responses were due April 26, 2026. Plaintiff served objections on April 29, 2026 without requesting an extension or offering good cause. The objections are therefore waived under Rule 33(b)(4). *See Cohalan v. Genie Indus., Inc.,* 276 F.R.D. 161, 164 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.").

# LEWIS & LIN LLC

Setting aside the untimeliness, Plaintiff's sole objection is that the Second Set exceeds the 25-interrogatory limit of Rule 33(a)(1) when discrete subparts are counted. Plaintiff provides no substantive responses to any of the nine interrogatories. That position is without merit.

Defendant served 16 interrogatories in the First Set and 9 in the Second Set, for a facial total of 25. Plaintiff's position depends entirely on recharacterizing routine identifying details as separately countable interrogatories. That is not the governing standard. Subparts are counted separately only when they are not logically or factually subsumed within the primary interrogatory. *See Madison v. Nesmith*, 2008 WL 619171, at *3 (N.D.N.Y. Mar. 3, 2008); *Bartnick v. CSX Transp., Inc.*, 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012). The 1993 Advisory Committee Note confirms this point, stating that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33 advisory committee's note (1993).

The subparts Plaintiff challenges – seeking the date, amount, sender, and purpose of payments; the platform, username, and dates of activity for social media accounts; and the per-category computation of damages – are precisely the type of logically related detail requests that courts treat as part of a single interrogatory. *See Plata Capital Ltd. v. Fin. Tech. Partners L.P.*, 2026 WL 522975, at *1 (S.D.N.Y. Feb. 25, 2026) (holding that requests that require distinct pieces of information did not undermine that the requests were "logically or factually interwoven"); *Murakhovskaya v. Neos S.p.A.*, 2025 WL 45384 at *1-2 (E.D.N.Y. Jan. 8, 2025) (holding that communications-related subparts and custodian information concerning a single issue were not separate interrogatories). Plaintiff's methodology, if adopted, would render virtually any interrogatory that seeks more than one piece of information a multi-interrogatory request – a result that would eviscerate Rule 33's presumptive limit by making it trivially easy to exhaust.

Furthermore, even if the Court were to find that the First Set exhausted the presumptive limit, a unilateral refusal to respond to all nine interrogatories is not the appropriate remedy. At minimum, Plaintiff should have timely objected and conferred, giving Defendant an opportunity to address the disputed count, select interrogatories, or seek leave if necessary. *See e.g., Heras v. Metro. Learning Inst.*, 2021 WL 5888541, at *3 (E.D.N.Y. Dec. 13, 2021) (criticizing defendants for waiting until after Rule 33's deadline before stating that substantive responses would not be provided, and noting they "should have promptly interposed their objection"). The blanket refusal deprives Defendant of discovery on critical issues, including: the factual basis for the video allegation (ROG 23); the timeline and lodging sequence of the April 2013 New York trip (ROG 19); Plaintiff's communications with the New York Times (ROG 21); and the evidentiary basis for attributing CSAM to Defendant (ROG 24). The Court should compel responses.

## II. **Plaintiff's Requests for Admission Are Deemed Admitted.**

Defendant served his First Set of Requests for Admission, Nos. 1-86, on March 27, 2026, making Plaintiff's responses due April 27, 2026 under Rule 36(a)(3). Plaintiff did not serve responses until May 1, 2026, without requesting an extension, obtaining a stipulation, seeking leave of Court, or offering good cause. The Requests are therefore deemed admitted pursuant to Rule 36(a)(3). Plaintiff has not moved for relief from the deemed admissions or otherwise sought

# LEWIS & LIN LLC

leave to serve late responses. Defendant therefore respectfully requests that the Court deem the Requests for Admission admitted.

Were Plaintiff to seek relief to have her untimely responses considered, Defendant reserves the right to challenge the sufficiency of those responses, including but not limited to: RFA Nos. 61-69, where Plaintiff claims lack of knowledge as to the contents of a written DOJ victim notification she received, retained, and affirmatively cited in the FAC; RFA No. 60, where Plaintiff evades the substance of the Request by conflating her recollection of the alleged (and denied) assault with her basis for claiming a video presently exists and is possessed by third parties; RFA Nos. 51-52, where Plaintiff claims insufficient knowledge of her own pre-publication communications with the New York Times despite admitting she communicated with reporters, provided photographs, and reviewed the article in full before posting it; and RFA Nos. 72-78, where Plaintiff interposes meritless relevance objections to requests concerning her activities on adult-content platforms that bear directly on damages, causation, and source attribution. This list is not exhaustive.

## IV. **Relief Requested**

Defendant respectfully requests that the Court: (1) deem Plaintiff's objections to the Second Set of Interrogatories waived as untimely, or in the alternative, overrule Plaintiff's numerosity objection and compel substantive responses to Interrogatory Nos. 17-25 within seven days; (2) deem the Requests for Admission admitted pursuant to Rule 36(a)(3); and (3) award Defendant his reasonable fees and costs incurred in connection with this letter brief and the prior letter brief under Rule 37(a)(5). Defendant further requests that the relief sought in the prior letter brief (ECF 26) be granted as well for the reasons stated therein.

Respectfully Submitted,

David D. Lin