# VERIDIAN
## LEGAL

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
www.veridianlegal.com

June 16, 2026

**Via ECF**  
Hon. Judith C. McCarthy

**Re:    Audrey Burns v. James Lidestri**  
**Civ No. 25-cv-07474-KMK**  
**Plaintiff's Letter Motion for Discovery Order Authorizing Rule 45 Subpoenas to**  
**Recover Responsive ESI from Meta Platforms, Inc. and Google LLC**  
**Gmail account: Missaudrey96@gmail.com**  
**Facebook Account: audrey.burns.904**

Dear Judge McCarthy,

We represent Plaintiff/Counterclaim-Defendant Audrey Burns and respectfully submit this letter motion for an order authorizing Plaintiff to serve Rule 45 subpoenas on non-parties Meta Platforms, Inc. ("Meta") and Google LLC ("Google"), accompanied by Plaintiff's written consent under 18 U.S.C. § 2702(b)(3), seeking production of account exports and associated account records sufficient to permit Plaintiff to review and produce responsive discovery. Plaintiff is locked out of both accounts, has exhausted all reasonably available account-recovery procedures, and cannot comply with her discovery obligations without the account data. In the alternative, if Meta or Google represent that production cannot occur without restoring account access, Plaintiff requests that the Court direct them to assist Plaintiff in recovering access.

## I. THE REQUESTED INFORMATION IS CENTRAL TO DISCOVERY

Defendant has specifically demanded the materials contained in these accounts and has complained to this Court about Plaintiff's failure to produce them.

Defendant's First Set of Requests for Production demands, among other things: the Facebook Album titled "NYC modeling trip!" containing 116 photographs uploaded on or about April 21, 2013 (RFP No. 12); the "Cash Photo" depicting $100 bills and a Juicy Couture bag (RFP No. 13); the Facebook Post linking to the December 30, 2024 New York Times article (RFP No. 14); all communications between Plaintiff and Defendant (RFP No. 27); and all communications between Plaintiff and her mother (RFP No. 34). Defendant's letter motion (ECF 26) identifies Plaintiff's failure to produce metadata for the Facebook Album and Cash Photo as among the discovery deficiencies in this action.

The Facebook Album and Cash Photo are the subject of competing factual narratives regarding the sequence of events during the April 2013 trip. (Compare FAC ¶¶ 61-66 with ECF 14 ¶¶ 50-55, 61-66.) The Gmail account contains emails between Plaintiff and Defendant from when Plaintiff was a minor, bearing directly on the nature and duration of their relationship, Defendant's knowledge of Plaintiff's age, and the circumstances of the alleged sexual assault.

Plaintiff seeks this relief to comply with her discovery obligations and produce materials Defendant has affirmatively demanded, and in support of her allegations against Defendant.

Veridian Legal P.C.



June 17, 2026
Page 2

## II. PLAINTIFF HAS EXHAUSTED STANDARD RECOVERY MECHANISMS

Plaintiff is locked out of both her Facebook and Gmail accounts. Plaintiff does not recall the password associated with her Facebook account, and the recovery email address linked to the account has been deactivated and cannot be reactivated. *See Exhibit 1*. The only recovery option Meta provides Plaintiff is through her Yahoo account (burnsaudrey@yahoo.com) – another account to which Plaintiff no longer has access and which has been deleted by Yahoo and cannot be reclaimed. *See Exhibit 2*. Plaintiff's Gmail account is similarly inaccessible because the recovery mechanisms associated with that account are no longer functional.

Plaintiff's counsel has attempted to recover access through Meta's and Google's standard account recovery processes, but those efforts have been unsuccessful. The automated recovery tools offered by both platforms require access to the recovery email or phone number originally associated with the account - neither of which Plaintiff currently possesses. Plaintiff will be unable to obtain access to or retrieve the contents of these accounts through the providers' standard recovery mechanisms absent judicial intervention,

## III. PLAINTIFF HAS CONTROL OVER THE ACCOUNTS AND AN OBLIGATION TO PRODUCE

Rules 26 and 34 of the Federal Rules of Civil Procedure require Plaintiff to produce responsive electronically stored information within her possession, custody, or control. A party's inability to access an electronic account does not relieve her of those obligations. As Magistrate Judge Parker held in this District, "[d]ifficulty accessing an account is not the same as not having possession, custody and control." *Robinson v. De Niro*, No. 19-cv-9156, slip op. at 5 (S.D.N.Y. Jan. 26, 2022). Courts expect parties to take affirmative steps to recover access to locked accounts containing discoverable information. See *Denson v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 2:18-cv-00284, slip op. at 3 (D. Utah July 14, 2020) (ordering plaintiff to "immediately contact Facebook, Twitter and any other social media providers to recover and or reset her passwords").

As the court held in *Flagg v. City of Detroit*, 252 F.R.D. 346, 363 (E.D. Mich. 2008), a party has an obligation under Rule 34 to produce materials within its control, and this obligation carries with it the attendant duty to take the steps necessary to exercise this control and retrieve the requested documents. Where the Stored Communications Act requires consent as a prerequisite to a provider's disclosure, a party with the means to provide that consent has an obligation to do so. *Id.*

Having exhausted all reasonably available account-recovery procedures, the only remaining practical mechanism for obtaining the responsive ESI is service of Rule 45 subpoenas on the providers accompanied by Plaintiff's written consent. The requested relief is necessary to permit Plaintiff to satisfy her obligations under Rules 26 and 34.



June 17, 2026
Page 3

## IV. THE STORED COMMUNICATIONS ACT PERMITS DISCLOSURE

The Stored Communications Act generally prohibits electronic communication service providers from knowingly divulging the contents of stored communications. 18 U.S.C. § 2702(a)(1). However, under § 2702(b)(3), a provider may divulge the contents of a communication with the lawful consent of the subscriber. Plaintiff, as the subscriber and account holder of both accounts, provides her lawful consent.

Because the requested production involves account contents protected by the Stored Communications Act, Plaintiff seeks advance judicial authorization confirming that the subpoenas are accompanied by the subscriber's written consent and are directed to information relevant to the claims and defenses in this action.

Some courts have observed that § 2702(b) is permissive rather than mandatory. Several appellate courts have held that where a § 2702(b) exception applies, the SCA does not authorize a provider to refuse compliance with otherwise valid legal process. See *Facebook, Inc. v. Pepe*, 241 A.3d 248, 257-58 (D.C. 2020) (holding that there is a "weighty and well-settled presumption against inferring that Congress silently intended to foreclose or restrict the availability of a core component of the judicial process such as the subpoena power"); *Negro v. Superior Court*, 230 Cal. App. 4th 879, 904 (Cal. Ct. App. 2014) (holding that the court finds "no sound basis for the proposition that the Act empowers service providers to defy civil subpoenas seeking discovery of materials that are excepted from the Act's prohibitions on disclosure").

Here, the SCA poses no obstacle. Plaintiff is the subscriber. Plaintiff consents. Plaintiff has identified the accounts as her own and seeks production solely on the basis of her consent as the subscriber and account holder.  The proposed subpoenas would simply direct Meta and Google to do what the SCA already permits them to do.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order:

(a)      Authorizing Plaintiff to serve Rule 45 subpoenas on Meta Platforms, Inc. and Google LLC, accompanied by Plaintiff's written consent under 18 U.S.C. § 2702(b)(3), seeking production pursuant to Fed. R. Civ. P. 45 of account exports and associated account records of Plaintiff's Facebook account (https://www.facebook.com/audrey.burns.904) and Gmail account (missaudrey96@gmail.com), sufficient to permit Plaintiff to identify, review, preserve, and produce responsive discovery;

(b)      In the alternative, if Meta or Google represent that production cannot occur without restoring account access, directing them to assist Plaintiff in recovering access to her accounts;

Veridian Legal P.C.



June 17, 2026
Page 4

(c)    Directing Meta and Google to preserve all contents and account records associated with the identified accounts pending compliance with the subpoenas;

(d)    Authorizing Plaintiff's counsel to serve the subpoenas and this Order on Meta and Google by email to their respective legal process departments and/or registered agents; and

(e)    Granting such other and further relief as the Court deems just and proper.

Any production received from Meta or Google pursuant to the subpoenas shall be produced solely to Plaintiff's counsel and shall not be disclosed to Defendant or Defendant's counsel pending Plaintiff's review for responsiveness, privilege, confidentiality, relevancy and compliance with applicable law. Following such review, Plaintiff shall produce responsive, nonprivileged materials, and shall not be required to produce nonresponsive portions of the account exports, privileged materials, or materials protected by any applicable privacy right, protective order, or privilege.

The requested relief is proportional to the needs of the case. The accounts contain communications and photographs that Defendant has specifically demanded, the information is unavailable from any other source presently known to Plaintiff, and the proposed subpoenas are narrowly directed to Plaintiff's own accounts and are accompanied by Plaintiff's written consent.

Respectfully submitted,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Veridian Legal P.C.