UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUDREY BURNS,

                    Plaintiff,

        -against-

JAMES LIDESTRI,

                    Defendant.

Case No.: 25-cv-07474

DECLARATION DANIEL S. SZALKIEWICZ IN SUPPORT OF PLAINTIFF'S LETTER MOTION

DANIEL S. SZALKIEWICZ declares as follows:

1. I am an attorney duly admitted to practice before this Court and a member of Veridian Legal P.C., counsel of record for Plaintiff/Counterclaim-Defendant Audrey Burns ("Plaintiff") in the above-captioned action. I submit this declaration in support of Plaintiff's letter motion for an order authorizing service of Rule 45 subpoenas on non-parties Meta Platforms, Inc. ("Meta") and Google LLC ("Google").

**Plaintiff's Facebook Account**

2. During the period relevant to this litigation Plaintiff maintained a Facebook account located at https://www.facebook.com/audrey.burns.904, through which she communicated with Defendant James Lidestri and others, posted photographs, and interacted with fans of Defendant's websites at Defendant's direction.

3. The Facebook account contains materials that are directly at issue in this litigation, including but not limited to: (a) the Facebook Album titled "NYC modeling trip!" uploaded on or about April 21, 2013, which contained 116 photographs from Plaintiff's April 2013 trip to New York; (b) the photograph depicting $100 bills and a Juicy Couture bag (the "Cash Photo"); (c) the Facebook Post linking to the December 30, 2024 New York Times article; and (d) communications between Plaintiff and Defendant, other models, and witnesses.

1

4. Defendant has specifically demanded production of these materials in his First Set of Requests for Production of Documents, including RFP Nos. 12 (Facebook Album), 13 (Cash Photo), 14 (Facebook Post), 15 (Republication), 27 (Communications with Defendant), and 34 (Communications with Plaintiff's mother). Defendant has also filed a letter motion (ECF 26) identifying Plaintiff's failure to produce metadata for the Facebook Album and Cash Photo as among the discovery deficiencies.

5. Plaintiff is currently locked out of her Facebook account at https://www.facebook.com/audrey.burns.904.  Plaintiff does not recall her password, and the recovery email address linked to the account has been deactivated and cannot be reactivated.

6. With my client's permission and consent, I attempted to recover the account. *See* Exhibit 1.  The recovery email is burnsaudrey@yahoo.com.  That account has been "deactivated due to inactivity" and I am unable to reactivate it.  *See* Exhibit 2 and Exhibit 3.

7. After several attempts to communicate with Meta, on June 10, 2026 I sent Meta a letter requesting access. Meta has not responded.

8. Despite these efforts, Plaintiff has been unable to regain access to her Facebook account through Meta's standard account recovery processes.

**Plaintiff's Gmail Account**

9. During the period relevant to this litigation, Plaintiff also maintained a Gmail account at missaudrey96@gmail.com, through which she exchanged emails with Defendant and others.

10. Plaintiff believes that the Gmail account contains materials relevant to this litigation, including but not limited to emails between Plaintiff and Defendant, communications regarding photoshoots, and communications regarding payments.

11.     Plaintiff is currently locked out of her Gmail account at missaudrey96@gmail.com because she does not recall the password.

12.      The recovery mechanisms associated with the account including the recovery email are no longer functional.

13.     I have had several communications with Google Legal. In response to our request for access, Google Legal stated that they need "valid legal process" and referred me to a Google's account recovery tool, which was unable to recover the account. *See* Exhibits 4 and 5.

14.     Despite these efforts, Plaintiff has been unable to regain access to her Gmail account through Google's standard account recovery processes.

**Necessity of Court Intervention**

15.     Without a court order, neither Meta nor Google will produce the account contents or restore Plaintiff's access. Both companies' standard policies require the account holder to verify her identity through the recovery mechanisms originally associated with the account-mechanisms that are no longer available to Plaintiff.

16.     Plaintiff consents to the disclosure of the contents of both accounts and has executed a written consent to disclosure, attached to the letter motion as Exhibit 6.

17.     I have drafted subpoenas to both Google and Meta, which are annexed hereto as Exhibits 7 and 8.

18.     Because it is anticipated that Google and Meta will produce the entire account, including numerous documents not relating to the current litigation, it is requested that the response to the subpoena be turned over directly to me so that we can review the material and disclose relevant and responsive documents.

/s/ Daniel S. Szalkiewicz
Daniel S. Szalkiewicz, Esq.

3