# Exhibit 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| AUDREY BURNS | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 7:25-cv-07474-KMK-JCM |
| JAMES LIDESTRI | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Google LLC .

To:    c/o Corporation Service Company, 80 State St., Albany, NY 12207

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached DOCUMENTS AND INFORMATION TO BE PRODUCED

| Place: Veridian Legal P.C., 23 West 73rd Street, Suite 102 New York, New York 10023 Email: daniel@veridianlegal.com | Date and Time: On or before July 14, 2026 or fourteen (14) days after service of this subpoena |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    June 17, 2026

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Audrey Burns___ , who issues or requests this subpoena, are:

Daniel Szalkiewicz, Veridian Legal, 23 W. 73rd St, Suite 102, New York, NY 10023, daniel@veridianlegal.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**DOCUMENTS AND INFORMATION TO BE PRODUCED:**

An account export and associated account records from the Gmail account of Audrey Burns at missaudrey96@gmail.com, in the format ordinarily provided by Google's "Takeout" tool, sufficient to permit the account holder to review and produce responsive discovery in the above-captioned action, including but not limited to:

1. All emails, sent, received, drafted, and archived, stored in the account, including all attachments, in their original format with all metadata;

2. All contacts stored in the account;

3. All Google Drive files associated with the account, if any;

4. All Google Photos stored in the account, if any, together with all embedded metadata (EXIF data, timestamps, GPS coordinates, device identifiers);

5. All account registration information, including the phone number(s) and recovery email address(es) associated with the account;

6. All login history, IP address logs, and account activity logs;

7. All data available through Google's "Takeout" tool for the account, in the most comprehensive format available.

**SUBSCRIBER CONSENT:** Attached hereto as Exhibit 1 is the written consent of the subscriber and account holder, Audrey Burns, authorizing disclosure of the account contents pursuant to 18 U.S.C. § 2702(b)(3).

**COURT ORDER:** Attached hereto as Exhibit 2 is the Order of the Honorable Judith C. McCarthy, United States Magistrate Judge, dated _____, 2026, authorizing service of this subpoena and directing compliance.

1

2

**PRESERVATION:** Pending compliance with this subpoena, Google LLC is directed to preserve all contents and account records associated with the identified account.

The provisions of Fed. R. Civ. P. 45(d) and (e), relating to your obligations in responding to this subpoena and to the protection of persons subject to subpoenas, are attached.

# Exhibit 1

CONSENT TO DISCLOSURE OF ACCOUNT CONTENTS

PURSUANT TO 18 U.S.C. § 2702(b)(3)

I, Audrey Burns, hereby provide my lawful consent, pursuant to 18 U.S.C. § 2702(b)(3), to the disclosure of the contents of the following accounts to my attorneys of record, Veridian Legal P.C.:

**Facebook Account:**

Account Holder Name: Audrey Burns

Profile URL: https://www.facebook.com/audrey.burns.904

**Gmail Account:**

Account Holder Name: Audrey Burns

Email Address: missaudrey96@gmail.com

I am the subscriber and account holder of both accounts identified above. I authorize Meta Platforms, Inc. and Google LLC to disclose the contents of these accounts, including messages, emails, posts, photographs, videos, attachments, contacts, account activity logs, and associated account records — to my attorneys, Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023, for the purpose of reviewing and producing responsive discovery in the civil action captioned *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM, pending in the United States District Court for the Southern District of New York.

This consent is given voluntarily. This consent shall remain in effect until revoked in writing by me or by order of the Court.

Dated: June 17, 2026

                          _____/s/Audrey Burns_____
                          Audrey Burns

1

# Exhibit 2

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).