UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUDREY BURNS,

                    Plaintiff,

        -against-

JAMES LIDESTRI,

                    Defendant.

Case No.: 25-cv-07474

ORDER AUTHORIZING SERVICE OF RULE 45 SUBPOENAS ON META PLATFORMS, INC. AND GOOGLE LLC

Upon the letter motion of Plaintiff/Counterclaim-Defendant Audrey Burns, dated June 16, 2026, and the Declaration of Daniel S. Szalkiewicz in support thereof, and the Court having considered the submissions of the parties, and good cause having been shown, it is hereby

ORDERED that Plaintiff is authorized to serve Rule 45 subpoenas on non-party Meta Platforms, Inc. ("Meta") and non-party Google LLC ("Google"), accompanied by Plaintiff's written consent to disclosure pursuant to 18 U.S.C. § 2702(b)(3), seeking production of account exports and associated account records from Plaintiff's Facebook and Gmail accounts as set forth below; and it is further

ORDERED that Meta shall, within fourteen (14) days of service of the subpoena and this Order, produce an account export and associated account records from Plaintiff Audrey Burns's Facebook account located at https://www.facebook.com/audrey.burns.904, associated with the name "Audrey Burns", in the format ordinarily provided by Meta's "Download Your Information" tool, sufficient to permit Plaintiff to review and produce responsive discovery, including messages, posts, photographs, videos, albums, comments, friend lists, login history, and account activity logs, to Plaintiff's counsel, Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023, in a reasonably usable electronic format; and it is further

1

ORDERED that Google shall, within fourteen (14) days of service of the subpoena and this Order, produce an account export and associated account records from Plaintiff Audrey Burns's Gmail account missaudrey96@gmail.com, in the format ordinarily provided by Google's "Takeout" tool, sufficient to permit Plaintiff to review and produce responsive discovery, including emails, drafts, sent messages, attachments, contacts, and account activity logs, to Plaintiff's counsel, Veridian Legal P.C., at the address set forth above, in a reasonably usable electronic format; and it is further

ORDERED that, in the alternative, if Meta or Google represent that production of the account export cannot occur without restoring Plaintiff's access to the account, Meta and/or Google shall assist Plaintiff in recovering access to the account within fourteen (14) days of service of this Order; and it is further

ORDERED that Meta and Google shall preserve all contents and account records associated with the identified accounts pending compliance with the subpoenas; and it is further

ORDERED that Plaintiff's written consent to disclosure, executed by Plaintiff and attached to the letter motion as Exhibit C, shall constitute "lawful consent" within the meaning of 18 U.S.C. § 2702(b)(3) for purposes of this Order; and it is further

ORDERED that all materials produced by Meta and Google in response to the subpoenas shall be received by Plaintiff's counsel.  Plaintiff's counsel shall review the materials for responsiveness and privilege, and shall produce to Defendant's counsel only those documents that are responsive to Defendant's discovery requests and not subject to any applicable privilege. Defendant is not entitled to receive the entirety of the account exports; Plaintiff's obligation is limited to producing responsive, non-privileged documents in accordance with the Federal Rules of Civil Procedure and any applicable protective order; and it is further

2

ORDERED that if Meta or Google contends that compliance with this Order is not feasible or raises any objection, the objecting party shall file a letter with the Court within fourteen (14) days of service of this Order setting forth the basis for its objection.

SO ORDERED.

Dated: White Plains, New York
      June 18, 2026

_____
JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3