Daniel S.  Szalkiewicz, Esq.  (DS2323)
VERIDIAN LEGAL P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff Audrey Burns*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AUDREY BURNS,<br><br>          Plaintiff,<br>     v.<br>JAMES LIDESTRI,<br><br>          Defendant. | Case No. 1:25-cv-07474 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Plaintiff AUDREY BURNS ("Plaintiff"), by and through her attorneys, Veridian Legal

P.C., hereby propounds the following First Set of Requests for Production of Documents upon

Defendant JAMES LIDESTRI ("Defendant"), pursuant to Federal Rules of Civil Procedure 26

and 34. Defendant is required to respond within thirty (30) days of service of these requests.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below:

1.       "**Communication(s)**" means any exchange of information, whether oral, written,

or electronic, including but not limited to letters, emails, text messages, instant messages, direct

messages on social media platforms, voicemails, phone calls, video calls, and any other form of

correspondence or transmission of information.

2.       "**Defendant**" or "**Lidestri**" means James Lidestri, individually and in any

capacity in which he acted, including but not limited to as owner, operator, photographer,

manager, or agent of any business entity, website, or venture referenced herein.

1

3.      "**Document(s)**" is used in its broadest sense and includes, without limitation, all writings, recordings, and tangible things as defined in Federal Rule of Civil Procedure 34(a), including but not limited to: paper documents; electronically stored information ("ESI") in any format; emails; text messages; instant messages; direct messages; social media posts, messages, and content; photographs; videos; audio recordings; contracts; agreements; invoices; receipts; financial records; bank statements; wire transfer records; Western Union records; tax returns; ledgers; spreadsheets; databases; metadata; website content; server logs; subscriber data; domain registration records; cloud storage contents; backup files; hard drive contents; phone records; and any other tangible or electronic item containing information.

4.      "**Plaintiff**" or "**Burns**" means Audrey Burns, also known as "Kris Karson" or any other alias or stage name used by Plaintiff.

5.      "**Relevant Period**" means from January 1, 2010 through the present, unless otherwise specified in a particular request.

6.      "**Teen Starlet Websites**" means TeenStarlet.com, TeenStarletEuro.com, TeenStarletLatinas.com, SelectSets.com, Honey-Cream.com, KrisKarson.com, and any other website owned, operated, managed, or controlled by Defendant that featured images or videos of models under the age of 18, or any successor, mirror, or affiliated website.

7.      "**Photographer(s)**" means any individual who photographed or recorded video of Plaintiff at Defendant's direction, request, or on Defendant's behalf, including but not limited to the individual identified in the Complaint as "Jim from Castle Rock", "Jim Giacomo,"  Jim Bauer, Bill Slover, or James Grady, and any other photographer employed, contracted, or otherwise engaged by Defendant.

2

8.      "**Model(s)**" means any individual who appeared on any of the Teen Starlet Websites or any other website owned or operated by Defendant, or who was photographed or recorded at Defendant's direction or on Defendant's behalf.

9.      "**You**" or "**Your**" means Defendant James Lidestri, individually and in any representative capacity, and includes his agents, employees, contractors, attorneys, representatives, and any person or entity acting on his behalf.

10.     "**Person**" means any natural person, corporation, partnership, limited liability company, association, joint venture, trust, estate, governmental entity, or any other legal entity.

11.     "**Concerning**" or "**Relating to**" means referring to, regarding, describing, evidencing, constituting, mentioning, connected with, pertaining to, or having any logical relationship to the subject matter referenced.

## INSTRUCTIONS

1.      Unless otherwise specified, documents requested are those created, written, or exchanged between January 1, 2010 and the present.

2.      In responding to these Requests, furnish all documents, including attachment copies, and enclosures, in their entirety, without abbreviation or expurgation.  All documents includes all documents kept in electronic form, such as electronic mail files, audio records such as voicemail, caller identification lists of placed, received, and missed calls, files stored on a computer hard drive or server, files stored on any tablet, smart phone, or similar mobile electronic device, and files kept on a computer disk, CD-ROM, DVD, cloud, or other external storage device (e.g., a thumb drive, external hard drive).

3.      The present tense of a verb shall include its past tense and vice versa.

3

4.      If any document requested herein was formerly in Your possession, custody, or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of You are requested to submit, in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and. if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed, and, if destroyed, the conditions of and any reasons for such destruction, and the person(s) requesting and performing the destruction.

5.      If production of any requested document or information is objected to on any ground other than privilege, you shall identify the nature, date, title, current custodian(s), addressee(s), author(s) or sender(s), recipient(s), and its length in pages and other physical descriptions sufficient to permit accurate identification, provide a general description of its subject matter, and state the grounds for objection.

6.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be redacted from the document and the rest of the document shall be produced.

7.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

8.      Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

9. Documents attached to each other (physically or via electronic mail) should not be separated.

10. In producing the requested documents, even though the Requests are directed to You, furnish all documents which are available to You, including documents in the possession of any of Your officers, directors, employees, agents, attorneys, including, but not limited to investigators, accountants, or consultants, and not merely such documents in Your possession.

11. With respect to any document kept in any electronic format, each such document is to be produced in .tiff and or .pdf format, with applicable load files, and shall be text-searchable and include all meta-data associated with the electronic file from which the document derives, in particular the following non-privileged captured objective field data and metadata: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, CUSTODIAN, PARENTID, CHILDID, BATESRNG, PRPERTIES, AUTHOR, FROM, TO, CC, BCC, SUBJECT, EMAILSUBJECT, DATESENT, TIMESENT, DATECREATED, TIMECREATED, DATERCVD, TIMERCVD, FILENAME, FILEPATH, FILESIZE, APPLICATION, FOLDERID, NATIVEFILE, DOCEXTENSION, HASH, and HEADER.

12. Any error reports generated during TIFF conversion should be produced identifying files that could not be processed. Where converting a document to TIFF format is either impossible or not practicable, or when producing ESI in a format other than a TIFF format you should identify those documents and state why converting the documents to TIFF format is impossible and/or impracticable and/or why the ESI is not otherwise being produced in TIFF format.

13. With respect to any documents that are being produced other than as a TIFF image, you are requested to provide a Bates-stamped slip page in TIFF format. You are to also

produce a corresponding link to the native document that is also being produced, which includes the relative path and filename of that native document. This link to the native documents can be produced either as part of the Data Load File (DAT file) or as a separate cross-reference file. All data load files (OAT, Opticon, Cross-Reference file(s)) should be in ANSI (plain text) format, unless Unicode fom1at is agreed to in advance.

14.    If any document is within the scope of any request for production, but is not being produced pursuant to a claim of privilege or confidentiality, please:

    a.    identify the subject matter, type (e.g., letter or memorandum), date and author of the privileged communication or information, all persons who prepared or sent it, and all recipients or addressees;

    b.    identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

    c.    state what privilege is claimed; and

    d.    state the basis upon which the privilege is claimed.

15.    This is a continuing request for information. If, after making your initial response, you obtain or become aware of any further information responsive to this discovery demand, you are required to produce such additional information to plaintiff.

## REQUESTS FOR PRODUCTION

**I.    COMMUNICATIONS WITH AND CONCERNING PLAINTIFF**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and Plaintiff, including but not limited to emails, text messages, instant messages, direct messages on any social media platform, voicemails, and any other form of electronic or written correspondence, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and any Photographer concerning Plaintiff, including but not limited to communications with the individual identified in the Complaint as "Jim from Castle Rock" or "Jim Giacomo," Jim Bauer, Bill Slover, or James Grady from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and Plaintiff's mother concerning Plaintiff, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and any third party concerning Plaintiff, including but not limited to communications with other Models, photographers, website subscribers, staff members, employees, or agents, from January 1, 2010 to the present.

## II.    PHOTOGRAPHS, VIDEOS, AND CONTENT DEPICTING PLAINTIFF

**REQUEST FOR PRODUCTION NO. 5:**

All photographs and videos of Plaintiff in Your possession, custody, or control, including but not limited to raw and unedited files, edited files, outtakes, "behind the scenes" footage, and any content that was or was not published on any website, in any format, together with all associated metadata.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents reflecting, identifying, or relating to each "set" of photographs and/or videos of Plaintiff that was uploaded, published, or made available on any of the Teen Starlet Websites or any other website owned or operated by You, including the date each set was

7

uploaded, the title of each set, the number of images and/or videos in each set, and the dates the content was captured.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents reflecting, identifying, or relating to any photographs or videos of Plaintiff that were distributed, sold, licensed, or otherwise provided to any third party outside of the Teen Starlet Websites, including the identity of the recipient, the date of distribution, and any consideration received.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents reflecting, identifying, or relating to any photographs or videos of Plaintiff that were captured by any Photographer and transmitted to You, including the date of transmission, the method of transmission, and the identity of the Photographer.

### III.    CONTRACTS AND BUSINESS RECORDS

**REQUEST FOR PRODUCTION NO. 9:**

All contracts, agreements, releases, model releases, consent forms, or any other Documents signed by or on behalf of Plaintiff, including any contracts signed by Plaintiff's mother or any other guardian, relating to Plaintiff's modeling, photography, or any other services.

**REQUEST FOR PRODUCTION NO. 10:**

All contracts, agreements, or other Documents between You and any Photographer who photographed or recorded Plaintiff, including but not limited to the individual identified as "Jim from Castle Rock", "Jim Giacomo" Jim Bauer, Bill Slover, or James Grady.

**REQUEST FOR PRODUCTION NO. 11:**

All contracts, agreements, or other Documents between You and any Model who appeared on any of the Teen Starlet Websites, including all model releases, consent forms, and any contracts signed by a parent or guardian on behalf of a minor Model.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to the formation, operation, ownership, and dissolution of any business entity through which You operated the Teen Starlet Websites or any related photography or website venture, including but not limited to articles of incorporation, operating agreements, partnership agreements, business licenses, and tax identification numbers.

### IV.    FINANCIAL RECORDS

**REQUEST FOR PRODUCTION NO. 13:**

All Documents reflecting any payment, compensation, or thing of value provided to Plaintiff, including but not limited to Western Union transfer records, wire transfer records, bank records, checks, cash payment records, receipts, and any ledger or accounting of payments made to Plaintiff, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents reflecting revenue, income, or proceeds generated from the Teen Starlet Websites, including but not limited to subscriber fees, membership fees, advertising revenue, content sales, and any other source of income, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents reflecting revenue, income, or proceeds generated specifically from content depicting Plaintiff, including subscriber data showing access to Plaintiff's content, sales records for individual sets or content featuring Plaintiff, and any accounting of revenue attributable to Plaintiff's content.

**REQUEST FOR PRODUCTION NO. 16:**

All bank statements, financial statements, and account records for any bank account used in connection with the operation of the Teen Starlet Websites or any related business venture, including but not limited to the Wells Fargo Bank account referenced in Your Declaration dated July 14, 2025, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents reflecting payments made to any Photographer who photographed or recorded Plaintiff, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

All tax returns, including all schedules and attachments, filed by You or any business entity through which You operated the Teen Starlet Websites, from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting credit card processing records, merchant account records, and payment processor records for any of the Teen Starlet Websites, including the identity of each credit card processor used, from January 1, 2010 to the present.

### V.    WEBSITE AND TECHNOLOGY RECORDS

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to the purchase, registration, renewal, transfer, or sale of any domain name associated with the Teen Starlet Websites, including but not limited to TeenStarlet.com, SelectSets.com, Honey-Cream.com, KrisKarson.com, and all domain names listed in Paragraph 161 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to the hosting, maintenance, and operation of the Teen Starlet Websites, including web hosting agreements, server records, content management records, and any records reflecting the upload, modification, or deletion of content on any such website.

**REQUEST FOR PRODUCTION NO. 22:**

All subscriber or membership records for the Teen Starlet Websites, including the total number of subscribers, subscriber usernames, subscriber payment records, and any records reflecting subscriber access to content depicting Plaintiff.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the moderation of subscriber comments on the Teen Starlet Websites, including any comments submitted by subscribers concerning Plaintiff, any comments that were deleted or flagged, and any records of subscribers who were warned or banned.

**REQUEST FOR PRODUCTION NO. 24:**

All archived, cached, or backed-up versions of any of the Teen Starlet Websites, including any screenshots, web archives, or other preserved copies of website content, in any format.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to the shutdown, closure, or discontinuation of any of the Teen Starlet Websites, including the date of closure, the reason for closure, and any communications concerning the decision to shut down the websites.

**VI.    TRAVEL AND PHOTOSHOOT RECORDS**

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to Plaintiff's trip to New York in April 2013, including but not limited to airline tickets, boarding passes, flight itineraries, hotel reservations and confirmations (including the Crowne Plaza Times Square reservation referenced in Your Declaration, Confirmation No. 68596438), car service or transportation records, and any receipts for purchases or expenses.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to any photoshoot involving Plaintiff at Your home in Hopewell

Junction, New York, including but not limited to schedules, shot lists, wardrobe lists, equipment

records, and any notes or records created before, during, or after the photoshoot.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to the photoshoot involving Plaintiff at or near the Choctaw

Casino and Resort Hotel in Durant, Oklahoma in June 2013, including but not limited to the

hotel reservation (Confirmation No. 40510658 referenced in Your Declaration), airline tickets,

travel itineraries, and any receipts or records of expenses.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to any photoshoot involving Plaintiff in Florida, including but not

limited to travel records, hotel reservations, airline tickets, and any communications concerning

the planning or logistics of such photoshoot(s).

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to Your JetBlue Flight 181 on April 22, 2013 from New York

JFK to San Diego, California, as referenced in Your Declaration, including the flight

confirmation, boarding pass, itinerary, and any Documents reflecting the purpose of that trip.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to any trip, travel, or photoshoot involving any Model under the

age of 18 at Your home in Hopewell Junction, New York, or at any other location, from January

1, 2010 to the present.

**VII.    DEVICES, STORAGE, AND DIGITAL RECORDS**

**REQUEST FOR PRODUCTION NO. 32:**

12

All Documents identifying every computer, laptop, tablet, smartphone, camera, video camera, external hard drive, USB drive, cloud storage account, and any other electronic device or digital storage medium used by You in connection with the Teen Starlet Websites, the photography or recording of any Model, or Communications with Plaintiff, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents reflecting the disposition, sale, destruction, loss, or transfer of any electronic device or digital storage medium identified in response to Request No. 32, including the date and circumstances of such disposition.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents reflecting any efforts to delete, destroy, wipe, overwrite, or otherwise dispose of any photographs, videos, communications, financial records, or other data relating to Plaintiff or the Teen Starlet Websites, from January 1, 2010 to the present.

## VIII.   LAW ENFORCEMENT AND LEGAL PROCEEDINGS

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to any communication between You and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the Department of Justice, the Department of Homeland Security, the National Center for Missing & Exploited Children, or any state or local law enforcement agency, concerning the Teen Starlet Websites, any Model, or any investigation into child exploitation, child pornography, or child sex abuse material, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to the criminal prosecution of Scott Morrill, including but not limited to any communications You received from the U.S. Department of Justice, any

13

subpoenas or requests for information directed to You, and any Documents reflecting Your knowledge of or involvement in the investigation.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents relating to the action captioned *Lidestri v. Burns*, Case No. 25-cv-01166 (S.D.N.Y.), including the complete case file, all pleadings, motions, declarations, exhibits, and correspondence, to the extent not already filed on the docket.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to any complaint, claim, allegation, investigation, or legal proceeding - whether civil, criminal, or administrative - brought by or against You concerning sexual misconduct, sexual exploitation, child pornography, child sex abuse material, or any similar allegation, from January 1, 2000 to the present.

## IX.    NEW YORK TIMES AND MEDIA

**REQUEST FOR PRODUCTION NO. 39:**

All Communications between You and any reporter, journalist, editor, or representative of The New York Times, including but not limited to emails, text messages, phone records, and any written statements or responses provided by You or on Your behalf, from January 1, 2024 to the present.

**REQUEST FOR PRODUCTION NO. 40:**

All Communications between You and any attorney, public relations professional, or other representative concerning The New York Times articles published on November 10, 2024 and December 30, 2024, or any other media coverage of You or the Teen Starlet Websites.

## X.    OTHER MODELS AND WITNESSES

**REQUEST FOR PRODUCTION NO. 41:**

All Communications between You and Amanda Zimmerman, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications between You and the individual identified in the Complaint and Your Declaration as "Compton," from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents reflecting, identifying, or relating to the identity, age, and contact information of every Model who appeared on any of the Teen Starlet Websites, including their real names, stage names, dates of birth, and the dates they first appeared on any such website.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents reflecting, identifying, or relating to the identity of every Photographer who photographed or recorded any Model on behalf of or at the direction of Defendant, including their real names, locations, and the dates and locations of photoshoots they conducted.

## XI.   DEFENDANT'S DECLARATION AND RELATED RECORDS

**REQUEST FOR PRODUCTION NO. 45:**

All Documents referenced in, relied upon, or consulted in the preparation of Your Declaration dated July 14, 2025, filed in *Lidestri v. Burns*, Case No. 25-cv-01166 (S.D.N.Y.), including but not limited to the hotel confirmation for the Crowne Plaza Times Square (Confirmation No. 68596438), the JetBlue flight itinerary for April 22, 2013, and the Choctaw Casino and Resort Hotel reservation (Confirmation No. 40510658).

**REQUEST FOR PRODUCTION NO. 46:**

All photographs referenced in Paragraph 41 of Your Declaration, including the complete gallery of photographs from the April 2013 trip referenced therein, in their original format with all metadata preserved.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents supporting Your claim in Paragraph 22 of Your Declaration that You first became acquainted with Plaintiff when she was 16 years old in late 2012 or early 2013, including any records reflecting the date of Your first communication with Plaintiff or with any Photographer concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents supporting Your claim in Paragraph 80 of Your Declaration that there is "visual evidence that proves Burns and Compton were collaborating on adult content as recently as the last few years."

    **XII.    CURRENT BUSINESS OPERATIONS AND FINANCIAL CONDITION**

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to "MoxieJam," including but not limited to formation documents, business plans, investor communications, revenue records, and any Documents reflecting Your role, title, and compensation in connection with MoxieJam, from January 1, 2024 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents reflecting Your current financial condition, including but not limited to bank account statements, investment account statements, real property records, and any other Documents reflecting Your assets, liabilities, income, and net worth, from January 1, 2024 to the present.

    **XIII.  INITIAL DISCLOSURES**

**REQUEST FOR PRODUCTION NO. 51:**

All Documents referenced in section (ii) of your February 18, 2026 Initial Disclosures.

**XIV.    IDENTITIES, ALIASES, AND ONLINE PRESENCE**

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any alias, pseudonym, or fictitious name used by You in connection with Your photography business, websites, or communications with models or photographers, including but not limited to "Jim Giacomo."

**REQUEST FOR PRODUCTION NO. 53:**

All social media accounts, profiles, forum accounts, or online profiles used by You in connection with Your photography business or the recruitment of models, including all posts, messages, and communications made through such accounts.

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to any photographer-model forums or websites on which You maintained a profile or communicated with photographers or models.


Dated:  New York, New York
        February 26, 2026

                                **Veridian Legal P.C.**


                                       /s/Daniel S. Szalkiewicz
                                By: Daniel S. Szalkiewicz, Esq. (DS2323)
                                23 W. 73rd Street, Suite 102
                                New York, New York 10023
                                (212) 706-1007
                                *Attorneys for Plaintiff*

17