# VERIDIAN
## LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

March 31, 2026

**Via Email**
Lewis & Lin LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201

**Re:**   ***Audrey Burns v. James Lidestri***
***United States District Court, Southern District of New York***
***Civ No. 25-cv-07474-KMK***

We write pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.2 to address substantial deficiencies in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents, both dated March 30, 2026. We write in good faith to resolve these issues without court intervention.

As set forth below, Defendant's responses suffer from three categories of deficiencies: (1) systemic use of boilerplate objections and "subject to and without waiving" language that violates the specificity requirements of Federal Rules of Civil Procedure 33 and 34; (2) outright refusals to respond to interrogatories or produce documents based on improper objections; and (3) facially inadequate substantive responses that strain credulity.

## I. THRESHOLD DEFICIENCY: BOILERPLATE OBJECTIONS AND "SUBJECT TO" RESPONSES

As an initial matter, every one of Defendant's responses incorporates seven "General Objections" by reference and then layers additional boilerplate objections - "overbroad," "unduly burdensome," "disproportionate to the needs of the case," "vague" - without any particularized explanation. This practice violates the Federal Rules of Civil Procedure as interpreted by courts in this District.

In *Fischer v. Forrest*, the court held that "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection. General objections should rarely be used after December 1, 2015 unless each such objection applies to each document request. *See Fischer v Forrest,* 2017 US Dist LEXIS 28102, at \*7 [SDNY Feb. 28, 2017]).

In *Darwin v Newburgh Operations, LLC*, (2022 US Dist LEXIS 124190, at \*2 [SDNY July 13, 2022, No. 22-cv-872 (LJL)]) the court reiterated that the "responses impermissibly incorporate general objections in response to each and every document request."



As of March 31, 2026
Page 2

We demand that Defendant withdraw all General Objections, remove all boilerplate language, and, for each response, state clearly and unambiguously whether any responsive materials are being withheld on the basis of any objection, as required by Rule 34(b)(2)(C).

## II. INTERROGATORY RESPONSES: OUTRIGHT REFUSALS

The following interrogatories received no substantive answer whatsoever. Defendant interposed objections only and refused to respond. Each refusal is improper for the reasons stated below.

**Interrogatory No. 2** - Whether Jim Bauer is "Jim from Castle Rock" / "Jim Giacomo"

Defendant refused to confirm or deny whether "Jim Bauer (Castle Rock Pictures)" - a witness Defendant himself identified in his Initial Disclosures - is the same individual identified in the First Amended Complaint as "Jim from Castle Rock" and/or "Jim Giacomo." Defendant's objection that the interrogatory "assumes as established fact" that these are the same individual is pretextual. The interrogatory asks Defendant to state whether they are the same person - it does not assume the answer. This is a straightforward witness-identification question squarely within the scope of Local Civil Rule 33.3(a). Defendant must answer.

**Interrogatory No. 7** - Identity of "Model Agent" Referenced in Defendant's Own Declaration

Defendant refused to identify the "model agent" referenced in Paragraph 8 of Defendant's own July 14, 2025 Declaration, objecting that "Declaration" is undefined. Defendant knows precisely which declaration is being referenced - it is his own sworn statement filed in the prior action. The identification of this witness falls squarely within Local Civil Rule 33.3(a)'s witness-identification category. Defendant must identify this individual.

**Interrogatory No. 9** - Identity of Owner of TeenMarvel.com

Defendant stated he does not possess contact information for this individual but conspicuously failed to provide the individual's name, despite having identified this person in his own Initial Disclosures as a witness with relevant knowledge. Defendant must provide the name of this individual.

**Interrogatory No. 14** - Financial Records Reflecting Payments to Plaintiff

Defendant refused to respond, asserting the interrogatory is "duplicative" of Plaintiff's document requests. This is not a recognized basis for refusing to answer an interrogatory. Interrogatory No. 14 seeks the existence, custodian, location, and general description of financial records - information squarely within the scope of Local Civil Rule 33.3(a)(iii), which permits interrogatories seeking "the existence, custodian, location and general description of relevant information." *See United States Bank N.A. v Phl Variable Ins. Co.,* 288 FRD 282, 289 [SDNY 2012]). Defendant must respond.

Veridian Legal P.C.



As of March 31, 2026
Page 3

**Interrogatory No. 21** - Documents Supporting $300,000 MoxieJam Investment Claim

Defendant refused to identify documents supporting the $300,000 capital investment figure he placed at issue in his own counterclaim. Identifying documents supporting a damages computation is squarely within Local Civil Rule 33.3(a)(ii), which permits interrogatories seeking "the computation of each category of damage alleged." Defendant cannot place $300,000 in damages at issue and then refuse to identify the documents supporting that figure. Defendant must respond.

### III. INTERROGATORY RESPONSES: FACIALLY INADEQUATE ANSWERS

The following interrogatories received substantive responses that are facially inadequate, evasive, or strain credulity.

**Interrogatory No. 1** - Identification of Photographers

Defendant identified only one photographer - David Petrie - despite the First Amended Complaint identifying multiple photographers who photographed Plaintiff at Defendant's direction, including the individual known as "Jim from Castle Rock" / "Jim Giacomo" / Jim Bauer, who Defendant himself identified in his Initial Disclosures. Defendant's response is evasive and incomplete. Defendant must supplement.

**Interrogatory No. 6** - Law Enforcement Communications

Defendant states that "no law-enforcement agency, federal agent, prosecutor, or other government representative has ever contacted Defendant" and that "Defendant has not contacted any law-enforcement agency" concerning the Teen Starlet Websites or any model. This response is directly contradicted by the December 30, 2024 New York Times article - annexed as Exhibit 1 to the First Amended Complaint - in which Defendant told the New York Times that he "had provided information to law enforcement about 'people who weren't playing by the rules.'" Defendant must reconcile this inconsistency and supplement his response.

**Interrogatory No. 11** - Photographs and Videos of Plaintiff

Defendant states he does not possess any photographs, videos, or electronically stored information depicting Plaintiff. Given that Defendant operated multiple subscription-based websites featuring Plaintiff's images and videos for years, and uploaded no fewer than 108 named "sets" of Plaintiff's content, this response strains credulity. Defendant must explain what happened to these materials and supplement his response.

**Interrogatory No. 13** - Contracts, Model Releases, and Consent Forms

Defendant states he does not possess any contracts, model releases, or consent forms relating to Plaintiff. The First Amended Complaint alleges that Plaintiff's mother signed contracts at Defendant's kitchen table. Defendant must explain what happened to these documents and supplement his response.



As of March 31, 2026
Page 4

**Interrogatory No. 16** - Electronic Devices and Digital Storage

Defendant attributes the absence of all electronic devices, storage media, and digital data to a June 2019 burglary. However, Defendant also states that his web hosting account "was closed at or around the time the websites ceased operation, and no data from that account has been preserved." The closure of a web hosting account is not a burglary - it is a volitional act. Defendant must explain why no data was preserved from the hosting account and identify any cloud-based accounts, email accounts, or third-party services that may contain responsive data.

## IV. REQUESTS FOR PRODUCTION: OUTRIGHT REFUSALS

The following document requests received only objections with no agreement to search for or produce any documents. Each refusal is improper for the reasons stated below.

**RFP No. 11** - Contracts/Releases with Teen Starlet Models

Defendant refused to produce contracts, model releases, and consent forms with other models, citing overbreadth and third-party privacy. These documents are directly relevant to Defendant's pattern of conduct, age verification procedures (or lack thereof), and the scope of the child sex abuse material operation alleged in the First Amended Complaint. Third-party privacy does not categorically preclude disclosure. *See Holjes v Lincoln Natl. Life Ins. Co.*, 2024 US Dist LEXIS 45944, at *8 [D Conn Mar. 15, 2024, No. 3:21-cv-1277 [VDO]). Third-party privacy concerns can be addressed through a protective order with anonymized identifiers and redactions - not a blanket refusal to produce. Defendant must produce these documents subject to an appropriate protective order.

**RFP No. 16** - Bank Statements for Teen Starlet Website Accounts

Defendant refused to produce bank statements for accounts used in connection with the Teen Starlet Websites, citing overbreadth and confidentiality. Bank records for accounts used to operate the websites are directly relevant to revenue generated from Plaintiff's content, payments to photographers and models, and the commercial nature of the sex trafficking operation. A protective order is the appropriate remedy - not a blanket refusal. Defendant must produce.

**RFP No. 18** - Tax Returns

Defendant refused to produce tax returns, asserting a "heightened showing" is required. While tax returns are afforded a qualified privilege, they are discoverable where "it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and further, that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." *Cooper v Hallgarten & Co.*, 34 FRD 482, 484 (SDNY 1964.) Here, both prongs are satisfied. First, Defendant's income from the Teen Starlet Websites is directly relevant to Plaintiff's damages claims and the commercial sex trafficking cause of action. Second, Defendant claims that all of his financial records, digital storage devices, and business records were stolen in a June 2019 burglary, that his web hosting account was closed, and that he possesses no financial records of any kind. Under these circumstances, tax returns are



As of March 31, 2026
Page 5

the only remaining reliable source of Defendant's income information. *See Compagnone v. MJ Licensing Co.*, 2019 US Dist LEXIS 214451, at *4 [SDNY Dec. 12, 2019, No. 18-CV-6227 (ALC) (OTW)]).  Defendant must produce.

**RFP No. 19** - Credit Card Processing / Merchant Account Records

Defendant refused to produce merchant account and payment processor records, citing overbreadth. These records directly show revenue from the websites and are central to the damages calculation and the commercial sex trafficking claims. The blanket refusal is improper. Defendant must produce.

**RFP No. 31** - Documents Relating to Trips/Photoshoots Involving Minor Models

Defendant refused to produce documents relating to trips, travel, or photoshoots involving any model under the age of 18, asserting the request is not limited to Plaintiff. The First Amended Complaint alleges a systematic operation involving no fewer than 79 teenage girls. Documents relating to other minor models' photoshoots and travel are directly relevant to the pattern of conduct, the scope of the CSAM operation, and the sex trafficking claims. Third-party privacy can be addressed through a protective order. Defendant must produce.

**RFP Nos. 32 & 33** - Electronic Device Identification and Disposition

Defendant refused to produce documents identifying electronic devices used in connection with the websites (No. 32) and documents reflecting the disposition of those devices (No. 33), asserting these requests are "more properly obtained through interrogatories or deposition." This is not a recognized basis for refusing to produce documents. If documents identifying or reflecting the disposition of devices exist, they must be produced under Rule 34. Defendant must produce.

**RFP No. 37** - Documents Relating to *Lidestri v. Burns* (Prior Action)

Defendant refused to produce documents relating to the prior action, citing public availability and privilege. While publicly docketed materials need not be re-produced, non-docketed, non-privileged materials - including communications with witnesses, internal notes, and unfiled exhibits - must be produced. To the extent Defendant withholds any documents on privilege grounds, a privilege log is required under Rule 26(b)(5)(A). Defendant must produce all non-privileged, non-docketed materials and provide a privilege log for any withheld documents.

**RFP No. 38** - Prior Complaints/Investigations Concerning Sexual Misconduct

Defendant refused to produce documents relating to any complaint, investigation, or proceeding concerning sexual misconduct or exploitation, citing overbreadth. Prior complaints and investigations involving sexual exploitation of minors are directly relevant to Defendant's knowledge, intent, and pattern of conduct - all elements of the federal claims at issue. Defendant must produce.



As of March 31, 2026
Page 6

**RFP No. 40** - Communications with Attorneys/PR Professionals Re: NYT Articles

Defendant refused to produce all communications with attorneys and public relations professionals concerning the New York Times articles, citing attorney-client privilege and work product. While communications with litigation counsel are privileged, communications with public relations professionals are not automatically protected. To the extent Defendant withholds any documents on privilege grounds, a privilege log is required under Rule 26(b)(5)(A). Defendant must produce all non-privileged communications and provide a privilege log for any withheld documents.

**RFP Nos. 43 & 44** - Model and Photographer Identities

Defendant refused to produce documents identifying models (No. 43) and photographers (No. 44) associated with the Teen Starlet Websites, citing overbreadth and third-party privacy. The identities of other models and photographers are directly relevant to the scope of the CSAM operation, the pattern of conduct, and the identification of potential witnesses. As noted above, third-party privacy does not categorically preclude disclosure and can be addressed through a protective order. Defendant must produce.

**RFP No. 45** - Documents Underlying Defendant's July 14, 2025 Declaration

Defendant refused to produce documents referenced in, relied upon, or consulted in the preparation of his own sworn declaration, citing overbreadth and privilege. The specific documents identified in the request - the Crowne Plaza hotel confirmation, the JetBlue flight itinerary, and the Choctaw Casino reservation - are business records, not privileged materials. Defendant cannot rely on these documents in a sworn declaration and then refuse to produce them. Defendant must produce all non-privileged documents referenced in the Declaration and provide a privilege log for any withheld documents.

**RFP No. 50** - Current Financial Condition

Defendant refused to produce documents reflecting his current financial condition, citing overbreadth and confidentiality. Plaintiff seeks punitive damages. Defendant's financial condition is directly relevant to the determination of an appropriate punitive damages award. A protective order is the appropriate remedy. Defendant must produce.

**RFP No. 52** - Aliases and Pseudonyms (Including "Jim Giacomo")

Defendant refused to produce documents relating to aliases or pseudonyms used in connection with his photography business, including "Jim Giacomo." The use of the alias "Jim Giacomo" is specifically alleged in the First Amended Complaint as the name Defendant used to conceal his identity from Plaintiff. Documents relating to that alias are directly relevant to the claims. Defendant must produce.



As of March 31, 2026
Page 7

**RFP Nos. 53 & 54** - Social Media Accounts and Photographer-Model Forum Profiles

Defendant refused to produce social media accounts and profiles used for photography or model recruitment (No. 53) and documents relating to photographer-model forums (No. 54), citing overbreadth. Social media accounts and forum profiles used to recruit minor models are directly relevant to the grooming and trafficking claims. Defendant must produce.

## V. PRIVILEGE LOG REQUIREMENT

To the extent Defendant has withheld any responsive documents on the basis of attorney-client privilege, work product, or any other privilege, Defendant is required to provide a privilege log "that describes the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). No privilege log has been provided. The failure to provide a privilege log may result in waiver of the privilege. *See Kitevski v City of NY*, 2006 US Dist LEXIS 11017, at *13 [SDNY Mar. 16, 2006]). Defendant must produce a privilege log for all withheld documents.

## VI. DEMAND

We demand that Defendant serve amended and supplemental responses to the above-identified interrogatories and requests for production no later than **April 14, 2026**. Specifically, Defendant must:

1. Withdraw all General Objections incorporated by reference into individual responses;

2. Remove all boilerplate objections that do not comply with the specificity requirements of Rules 33(b)(4) and 34(b)(2)(B)-(C);

3. For each response, state clearly and unambiguously whether any responsive materials are being withheld on the basis of any objection;

4. Provide complete, substantive answers to Interrogatory Nos. 2, 7, 9, 14, and 21;

5. Provide supplemental answers to Interrogatory Nos. 1, 6, 11, 13, and 16;

6. Produce all documents responsive to RFP Nos. 11, 16, 18, 19, 31, 32, 33, 37, 38, 40, 43, 44, 45, 50, 52, 53, and 54; and

7. Provide a privilege log for all documents withheld on the basis of any privilege.

We are available to meet and confer at your earliest convenience. If we are unable to resolve these issues, we will have no choice but to seek relief from the Court pursuant to Federal Rule of Civil Procedure 37(a), including an award of the reasonable expenses incurred in bringing such a motion. *See* Fed. R. Civ. P. 37(a)(5)(A).



As of March 31, 2026
Page 8

_____

Please feel free to contact me at your earliest conveyance.

Very Truly Yours,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Veridian Legal P.C.