# VERIDIAN LEGAL

23 West 73rd Street          T: (212) 706-1007
Suite 102                    F: (646) 849-0033
New York, NY 10023           www.veridianlegal.com

June 17, 2026

**Via Email**
Lewis & Lin LLC

*Re:*    ***Audrey Burns v. James Lidestri***
***Civ No. 25-cv-07474-KMK***
***Deficiencies in Defendant's Document Productions***

Dear Mr. Lin,

We write pursuant to Federal Rule of Civil Procedure 37(a)(1) and the Court's Pretrial Discovery Order (ECF 24) regarding pervasive deficiencies in Defendant's document productions.  We seek to resolve these issues in good faith before seeking relief from the Court.

## I.    THE 2019 THEFT DOES NOT EXCUSE DEFENDANT'S FAILURE TO PRODUCE

Initially, Defendant's responses largely indicate that he will "conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form."  At the same time, Defendant has represented that he is unable to produce meaningful discovery because his cameras, memory cards, computer, external hard drives, and flash drives were stolen from his home, as reflected in the East Fishkill Police Department police report dated June 25, 2019, and Defendant's supporting deposition.  To date, Defendant's production has consisted almost entirely of publicly available information, including a Model Mayhem profile from 2012 depicting Plaintiff, the public court docket from the case Lidestri brought against Plaintiff, and the police report itself. This is wholly inadequate.

Defendant's blanket claim that all responsive information was lost in the 2019 theft is contradicted by his own sworn statement dated July 14, 2025, in which he provided the date of Plaintiff's arrival in New York; the confirmation number for the hotel he booked for Plaintiff; the itinerary for his flight to San Diego, California the following day; and his confirmation number for his hotel at the Choctaw Casino and Resort Hotel. Defendant's selective ability to recall and produce confirmation numbers and itineraries when it suits him fatally undermines his position that all responsive information was lost.

Moreover, Defendant's theft narrative does not account for the fact that many of the documents sought in Plaintiff's discovery requests would be stored on third-party servers – including email providers, social media platforms, domain registrars, financial institutions, and web hosting services – none of which would have been impacted by the theft of Defendant's personal devices.

## II.    SPECIFIC DISCOVERY DEFICIENCIES

We address each category of outstanding requests below and explain why Defendant's claimed inability to produce is without merit.

Veridian Legal P.C.



June 17, 2026
Page 2

A. **Requests 1–4: Communications:** Plaintiff's Requests 1 through 4 seek communications between Defendant and Plaintiff, between Defendant and photographers concerning Plaintiff, between Defendant and Plaintiff's mother, and any other communications concerning Plaintiff.  These communications would have been stored on third-party servers – whether Facebook, an email provider, or another platform – and Defendant clearly retains access to such accounts given his demonstrated ability to retrieve confirmation numbers and itineraries from 2013.

Additionally, records discovered and produced by Plaintiff show that Defendant was communicating with models using the alias "Jim Giacomo" and the email address Jim@GiacomoPhotography.com. Records received from GoDaddy demonstrate that Defendant still owns the domain name GiacomoPhotography.com. Defendant must search all email accounts associated with this and any other domain he owns or has owned and produce all responsive communications.

B. **Requests 5–8: Photographs, Videos, Contracts, and Business Records:**  Plaintiff's Requests 5 through 8 seek photographs and videos of Plaintiff; documents relating to same; contracts and agreements between Defendant and Plaintiff and/or any other model; agreements between Defendant and photographers who photographed Plaintiff; and all documents relating to any business entity through which Defendant operated Teen Starlet. Much of this information would be stored on third-party servers unaffected by the 2019 theft.

Critically, records show that The Morganelli Group LLC was protecting Defendant's online copyrights as recently as August 12, 2020 by sending requests to delist content owned by BFC Enterprises LLC to domains including Vipergirls.to, Imagefap.com, and Torrentz.com. Furthermore, Defendant only canceled his TeenStarlet domain in 2022, and BFC Enterprises, LLC appears to remain an active corporation registered in the State of Delaware. These records are maintained on third-party servers and must be produced.

Most significantly, Teenstarletgallery.com – a domain Plaintiff now knows was owned by Lidestri – was still selling images of "Kris Karson" – Plaintiff Audrey Burns's alias – as recently as 2022.  Notably, Lidestri described these images as "NOT remastered or altered from the way they were originally released."  This fact alone destroys any claim that Defendant lost all images of Plaintiff in the 2019 theft as his own website shows he was releasing weekly batches of his teen models – including Plaintiff – as recently as 2022. This disproves any claim all images were lost in a 2019 theft.

C. **Requests 13–19: Financial Records:** Plaintiff's Requests 13 through 19 seek documents reflecting payment to Plaintiff, income generated by Plaintiff, bank statements relating to any bank account used in connection with TeenStarlet, payments made to photographers who photographed Plaintiff, tax returns, and credit card processing records.

Veridian Legal P.C.



June 17, 2026
Page 3

Defendant swore in his July 14, 2025 declaration that all payments to Plaintiff went through his Wells Fargo Bank account in New York; he also swore that "all of the company websites were hosted in the United States, we used credit card processors based in the United States and all were accessible to anyone 18 or older who held a valid credit card." Such transaction records are maintained by Wells Fargo and other apparently U.S.-based credit card processors and would not have been impacted by the 2019 theft. Defendant must obtain and produce these records.

Additionally, GoDaddy.com has produced domain registration information for TeenStarlet.com showing that Defendant most recently paid to renew several domain names with an American Express card expiring in August 2029 and used the email address Jim@Lidestri.com. Defendant must produce all financial records associated with this and any other credit card or bank account used in connection with his websites and business operations involving Plaintiff.

D. **Requests 20–25: Website-Related Documents:** Plaintiff's Requests 20 through 25 seek documents relating to Defendant's various websites relating to teenage girls and subscriber records, archival copies, and documents relating to existing and shut-down websites. GoDaddy records confirm that Defendant owned or continues to own the following domains, among others: Teenglam.net, Teenglamsites.us, Butterscotchteens.com, Brandnewteens.com, Teenmoxie.com, Teenstarlet.com, Teenpremiere.com, Teenkelsey.com, Teenstarleteuro.com, Teenstarleteu.com, Teenstarletlatinas.com, Teenstarletstudio.com, Teenstarletgallery.com, Breakoutgirls.com, Honey-cream.com, Tenderdolls.com, and Selectsets.com. Records relating to these domains are maintained by third-party registrars and hosting providers and must be produced.

E. **Requests 26–31: Travel Records and Photoshoot Documents:** Plaintiff's Requests 26 through 31 seek documents relating to travel plans and all documents relating to any photoshoot involving Plaintiff. Defendant has already demonstrated in his July 2025 declaration that he possesses and can access this very category of information, yet he has refused to produce it.

F. **Requests 52–54: Aliases, Online Accounts, and Photographer-Model Forums:** Plaintiff's Requests 52 through 54 seek documents relating to Defendant's aliases, online accounts, and photographer-model forums on which he maintained a profile. This information is stored on third-party servers and would not have been impacted by the 2019 theft. GoDaddy records confirm Defendant's continued ownership of multiple domains, including GiacomoPhotography.com, further demonstrating his access to such accounts.

G. **Substantive Response to Plaintiff's March 31, 2026 Letter:** Defendant has not amended his interrogatory responses, specifically Interrogatory No. 7 - Identity of "Model Agent" Referenced in Defendant's Own Declaration and



June 17, 2026
Page 4

### III.    <u>DEMAND</u>

In light of the foregoing, we demand that Defendant produce complete responses to the above-referenced discovery requests. Specifically, Defendant must:

1. Conduct a diligent search of all email accounts, including but not limited to accounts associated with Jim@GiacomoPhotography.com, Jim@Lidestri.com, and any other email addresses used in connection with his businesses or communications with Plaintiff;
2. Contact all relevant third-party service providers – including but not limited to Facebook, GoDaddy, Wells Fargo, American Express, and any web hosting providers – to obtain responsive records maintained on their servers;
3. Produce all photographs, videos, and images of Plaintiff in Defendant's possession, custody, or control, including any maintained on recently active websites such as Teenstarletgallery.com;
4. Produce all financial records, including Wells Fargo bank statements, American Express statements, and credit card processing records relating to TeenStarlet and any related business;
5. Produce all travel records, confirmation numbers, itineraries, and hotel reservations relating to Plaintiff, which Defendant has already demonstrated he can access; and
6. Produce all records relating to Defendant's ownership and operation of the domains and business entities identified herein, including BFC Enterprises, LLC;
7. Produce all records relating to Defendant's contract with and ongoing relationship with The Morganelli Group LLC, including information relating to copyrights, content removal, and delisting.

### IV.    MEET AND CONFER

We remain willing to discuss these issues and are available for a telephone conference at your earliest convenience. However, the current responses do not satisfy Defendant's obligations under Rule 36(a)(4). If we are unable to resolve these deficiencies, we intend to move under Rule 37(a)(4) for an order determining the sufficiency of Defendant's responses, and will seek an award of reasonable expenses, including attorney's fees, pursuant to Rule 37(a)(5).

Very Truly Yours,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**