UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS<br><br>　　　　Plaintiff / Counterclaim-Defendant,<br><br>vs.<br><br>JAMES LIDESTRI,<br><br>　　　　Defendant / Counterclaimant. | Case No. 7:25-cv-07474-KMK-JCM<br><br>**DEFENDANT /<br>COUNTERCLAIMANT'S<br>RESPONSES AND OBJECTIONS<br>TO PLAINTIFF'S FIRST SET OF<br>REQUESTS FOR PRODUCTION<br>OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant / Counterclaimant James Lidestri ("Defendant") hereby responds and objects to Plaintiff / Counterclaim-Defendant Audrey Burns's ("Plaintiff") First Set of Requests for Production of Documents (the "Requests") as follows:

## I. GENERAL OBJECTIONS

1. Defendant objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, or seeks documents or ESI not relevant to any party's claim or defense.

2. Defendant objects to each Request to the extent it seeks "all" documents, "all" communications, or documents merely "relating to" or "concerning" a broad subject matter, rather than documents reasonably tailored to relevant issues in this action. *See* Fed. R. Civ. P. 26(b)(1).

3. Defendant objects to each Request to the extent it is vague, ambiguous, or undefined, including through the use of terms such as "relating to," "concerning," "any other website," "any third party," "any Model," "current financial condition," and similar open-ended phrases.

4.      Defendant objects to each Request to the extent it contains no reasonable temporal limitation, or seeks documents from time periods that are broader than relevant to the claims and defenses in this action.

5.      Defendant objects to each Request to the extent it seeks documents not within Defendant's possession, custody, or control, or seeks documents equally available to Plaintiff from public sources, including documents filed on the public docket.

6.      Defendant objects to each Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest doctrine, or any other applicable privilege or immunity. Any inadvertent production of privileged material shall not constitute a waiver.

7.      Defendant objects to each Request to the extent it seeks confidential, proprietary, private, or nonpublic information concerning third parties, including nonparty models, photographers, subscribers, financial institutions, processors, or law-enforcement matters, absent an appropriate showing of relevance and proportionality and subject to an appropriate confidentiality order.

8.      Defendant objects to Plaintiff's Instructions to the extent they purport to impose unilateral ESI-production requirements, including TIFF/load-file/metadata specifications, beyond what is required by the Federal Rules. Defendant will produce responsive nonprivileged ESI, if any, in a reasonably usable form.

9.      Defendant objects to each Request to the extent it calls for Defendant to create documents, compilations, summaries, or narrative descriptions that do not already exist, or to provide information more properly sought by interrogatory.

## II. SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and Plaintiff, including but not limited to emails, text messages, instant messages, direct messages on any social media platform, voicemails, and any other form of electronic or written correspondence, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks "all Communications" between Defendant and Plaintiff over a period exceeding fourteen years. Defendant further objects to the extent the Request contains no reasonable subject-matter limitation and seeks communications regardless of relevance to the claims and defenses in this action. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and any Photographer concerning Plaintiff, including but not limited to communications with the individual identified in the Complaint as "Jim from Castle Rock" or "Jim Giacomo," Jim Bauer, Bill Slover, or James Grady from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks "all Communications" with any "Photographer" concerning Plaintiff over an excessive time period. Defendant further objects to the extent the defined term "Photographer" is vague and overly expansive. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive

documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and Plaintiff's mother concerning Plaintiff, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks "all Communications" between Defendant and Plaintiff's mother over more than fourteen years regardless of relevance. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and any third party concerning Plaintiff, including but not limited to communications with other Models, photographers, website subscribers, staff members, employees, or agents, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as facially overbroad, unduly burdensome, disproportionate to the needs of the case, and vague insofar as it seeks all communications with "any third party concerning Plaintiff," including undefined categories of people and communications over a period exceeding fourteen years. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning Plaintiff, the allegations in this action, or Plaintiff's claimed damages, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 5:**

All photographs and videos of Plaintiff in Your possession, custody, or control, including but not limited to raw and unedited files, edited files, outtakes, "behind the scenes" footage, and any content that was or was not published on any website, in any format, together with all associated metadata.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks all photographs and videos of Plaintiff in any format, including unpublished materials, outtakes, and metadata, without reasonable limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents reflecting, identifying, or relating to each "set" of photographs and/or videos of Plaintiff that was uploaded, published, or made available on any of the Teen Starlet Websites or any other website owned or operated by You, including the date each set was uploaded, the title of each set, the number of images and/or videos in each set, and the dates the content was captured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and vague in seeking all documents "reflecting, identifying, or relating to" each "set" of photographs and/or videos of Plaintiff. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents reflecting, identifying, or relating to any photographs or videos of Plaintiff that were distributed, sold, licensed, or otherwise provided to any third party outside of the Teen Starlet Websites, including the identity of the recipient, the date of distribution, and any consideration received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks "all" Documents "reflecting, identifying, or relating to" any distribution or sale, as that phrase is vague and overbroad, and to the extent it seeks documents concerning third-party distributions that are not within Defendant's possession, custody, or control. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning any such distribution, sale, licensing, or provision of photographs or videos of Plaintiff, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents reflecting, identifying, or relating to any photographs or videos of Plaintiff that were captured by any Photographer and transmitted to You, including the date of transmission, the method of transmission, and the identity of the Photographer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents "reflecting, identifying, or relating to" any photographs or videos of Plaintiff captured by any Photographer and transmitted to Defendant. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning photographs or videos of Plaintiff captured by a Photographer and transmitted to Defendant, to

the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts, agreements, releases, model releases, consent forms, or any other Documents signed by or on behalf of Plaintiff, including any contracts signed by Plaintiff's mother or any other guardian, relating to Plaintiff's modeling, photography, or any other services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks among other categories "any other Documents" which is vague and overbroad. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive agreements or releases relating to Plaintiff in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 10:**

All contracts, agreements, or other Documents between You and any Photographer who photographed or recorded Plaintiff, including but not limited to the individual identified as "Jim from Castle Rock", "Jim Giacomo" Jim Bauer, Bill Slover, or James Grady.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all contracts, agreements, or other documents between Defendant and any Photographer who photographed or recorded Plaintiff, without adequate limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 11:**

All contracts, agreements, or other Documents between You and any Model who appeared on any of the Teen Starlet Websites, including all model releases, consent forms, and any contracts signed by a parent or guardian on behalf of a minor Model.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking categories of documents that implicate substantial third-party privacy and confidentiality interests. This Request seeks all agreements with any Model who appeared on any Teen Starlet website, including parent/guardian contracts for nonparties, and is not properly limited to Plaintiff or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to the formation, operation, ownership, and dissolution of any business entity through which You operated the Teen Starlet Websites or any related photography or website venture, including but not limited to articles of incorporation, operating agreements, partnership agreements, business licenses, and tax identification numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks all documents relating to the formation, operation, ownership, and dissolution of any business entity as that phrase is overbroad and would encompass a vast universe of business records with no relevance to the claims or defenses at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show the existence and general nature of business-entity formation, ownership, and operational records, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents reflecting any payment, compensation, or thing of value provided to Plaintiff, including but not limited to Western Union transfer records, wire transfer records, bank records, checks, cash payment records, receipts, and any ledger or accounting of payments made to Plaintiff, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents reflecting any payment, compensation, or thing of value provided to Plaintiff without limitation to documents proportional to the claims at issue, and to the extent it seeks bank records and financial statements implicating Defendant's broader financial privacy beyond what is necessary to respond to the claims in this action. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show payments or compensation provided to Plaintiff, if any, to the extent such documents exist in Defendant's possession, custody, or control and are not otherwise privileged or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents reflecting revenue, income, or proceeds generated from the Teen Starlet Websites, including but not limited to subscriber fees, membership fees, advertising revenue, content sales, and any other source of income, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks all documents reflecting revenue, income, or proceeds generated from the referenced websites over a period exceeding fourteen years, generally, without limitation to revenue attributable to content depicting Plaintiff, and to the extent this Request is not proportional to the needs of the case and seeks financial information beyond what is relevant to the claims or defenses at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable

search for and produce nonprivileged documents sufficient to show revenue, income, or proceeds generated from the referenced websites during the relevant period, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents reflecting revenue, income, or proceeds generated specifically from content depicting Plaintiff, including subscriber data showing access to Plaintiff's content, sales records for individual sets or content featuring Plaintiff, and any accounting of revenue attributable to Plaintiff's content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks all documents reflecting revenue, income, or proceeds generated specifically from content depicting Plaintiff, including subscriber data and sales records, without adequate limitation and implicating third-party privacy. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show revenue, income, or proceeds attributable to content depicting Plaintiff, if any, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All bank statements, financial statements, and account records for any bank account used in connection with the operation of the Teen Starlet Websites or any related business venture, including but not limited to the Wells Fargo Bank account referenced in Your Declaration dated July 14, 2025, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and highly intrusive insofar as it seeks all bank statements, financial statements, and account records for any bank account used in connection

with the operation of the referenced websites or related business ventures from January 1, 2010 to the present. Defendant further objects that the Request seeks confidential financial information beyond the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents reflecting payments made to any Photographer who photographed or recorded Plaintiff, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents reflecting payments made to any Photographer who photographed or recorded Plaintiff over a lengthy time period and to the extent it seeks financial information beyond what is relevant to the claims or defenses at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show payments made to photographers who photographed Plaintiff in connection with the photoshoots at issue in this action, if any, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All tax returns, including all schedules and attachments, filed by You or any business entity through which You operated the Teen Starlet Websites, from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking confidential tax returns and related schedules and attachments. Defendant further objects that tax returns are not discoverable absent a heightened showing not present here.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting credit card processing records, merchant account records, and payment processor records for any of the Teen Starlet Websites, including the identity of each credit card processor used, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking broad merchant-account and payment-processor materials for the entire business over a period exceeding fourteen years.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to the purchase, registration, renewal, transfer, or sale of any domain name associated with the Teen Starlet Websites, including but not limited to TeenStarlet.com, SelectSets.com, Honey-Cream.com, KrisKarson.com, and all domain names listed in Paragraph 161 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to the purchase, registration, renewal, transfer, or sale of any domain name associated with the referenced websites. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show purchase, registration, renewal, transfer, or sale of domain names associated with the websites identified in the FAC, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to the hosting, maintenance, and operation of the Teen Starlet Websites, including web hosting agreements, server records, content management records, and any records reflecting the upload, modification, or deletion of content on any such website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to the hosting, maintenance, and operation of the referenced websites, including server and content-management records, without reasonable limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show the hosting, maintenance, and operation of the websites at issue, to the extent such documents exist in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All subscriber or membership records for the Teen Starlet Websites, including the total number of subscribers, subscriber usernames, subscriber payment records, and any records reflecting subscriber access to content depicting Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks subscriber or membership records including subscriber usernames and payment records, which implicate third-party privacy and confidentiality interests. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents sufficient to show subscriber access or membership records relating to Plaintiff's content, if any, subject to appropriate confidentiality protections, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to the moderation of subscriber comments on the Teen Starlet Websites, including any comments submitted by subscribers concerning Plaintiff, any comments that were deleted or flagged, and any records of subscribers who were warned or banned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad, unduly burdensome, and seeks all documents relating to moderation of subscriber comments, as the phrase "relating to" is vague and overbroad and would encompass documents with no relevance to the claims or defenses at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning comments or moderation relating to Plaintiff, if any, subject to appropriate confidentiality protections, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 24:**

All archived, cached, or backed-up versions of any of the Teen Starlet Websites, including any screenshots, web archives, or other preserved copies of website content, in any format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all archived, cached, or backed-up versions of any of the referenced websites in any format. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to the shutdown, closure, or discontinuation of any of the Teen Starlet Websites, including the date of closure, the reason for closure, and any communications concerning the decision to shut down the websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to the shutdown, closure, or discontinuation of any of the referenced websites

without adequate limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to Plaintiff's trip to New York in April 2013, including but not limited to airline tickets, boarding passes, flight itineraries, hotel reservations and confirmations (including the Crowne Plaza Times Square reservation referenced in Your Declaration, Confirmation No. 68596438), car service or transportation records, and any receipts for purchases or expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to Plaintiff's trip to New York in April 2013, as the phrase "relating to" is vague and overbroad, and to the extent it encompasses documents with no relevance to the specific claims or defenses at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to any photoshoot involving Plaintiff at Your home in Hopewell Junction, New York, including but not limited to schedules, shot lists, wardrobe lists, equipment records, and any notes or records created before, during, or after the photoshoot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to any photoshoot involving Plaintiff at Defendant's home, as the phrase "relating to" is vague and overbroad, without adequate limitation, and to the extent it encompasses documents concerning content or activities unrelated to Plaintiff. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged

responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to the photoshoot involving Plaintiff at or near the Choctaw Casino and Resort Hotel in Durant, Oklahoma in June 2013, including but not limited to the hotel reservation (Confirmation No. 40510658 referenced in Your Declaration), airline tickets, travel itineraries, and any receipts or records of expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to the Durant, Oklahoma photoshoot, as the phrase "relating to" is vague and overbroad, without adequate limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to any photoshoot involving Plaintiff in Florida, including but not limited to travel records, hotel reservations, airline tickets, and any communications concerning the planning or logistics of such photoshoot(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to any photoshoot involving Plaintiff in Florida, as the phrase "relating to" is vague and overbroad, and to the extent it encompasses documents concerning photoshoots unrelated to Plaintiff. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents in Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to Your JetBlue Flight 181 on April 22, 2013 from New York JFK to San Diego, California, as referenced in Your Declaration, including the flight confirmation, boarding pass, itinerary, and any Documents reflecting the purpose of that trip.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and vague, including as to "documents reflecting the purpose of that trip," and to the extent it seeks personal travel records beyond what is necessary to establish the facts at issue. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning Defendant's JetBlue Flight 181 on April 22, 2013 that are within Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to any trip, travel, or photoshoot involving any Model under the age of 18 at Your home in Hopewell Junction, New York, or at any other location, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as facially overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking extensive nonparty information. This Request seeks all documents relating to any trip, travel, or photoshoot involving any Model under the age of 18 from January 1, 2010 to the present, and is not properly limited to Plaintiff or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents identifying every computer, laptop, tablet, smartphone, camera, video camera, external hard drive, USB drive, cloud storage account, and any other electronic device or digital storage medium used by You in connection with the Teen Starlet Websites, the photography or recording of any Model, or Communications with Plaintiff, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all documents identifying every device, storage medium, and cloud account used by Defendant in connection with the referenced websites, any model photography, or communications with Plaintiff over a period exceeding fourteen years. Defendant further objects that, to the extent Plaintiff seeks a comprehensive identification or inventory of devices, storage media, and accounts, the Request is not an appropriate use of a request for production and instead seeks information more properly obtained, if at all, through interrogatories or deposition.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents reflecting the disposition, sale, destruction, loss, or transfer of any electronic device or digital storage medium identified in response to Request No. 32, including the date and circumstances of such disposition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request is derivative of Request No. 32 and seeks sweeping device-disposition information without adequate limitation. Defendant further objects that, to the extent Plaintiff seeks a narrative account of the loss, replacement, destruction, or disposition of devices, storage media, or accounts, the Request is not an appropriate use of a request for production and instead seeks information more properly obtained, if at all, through interrogatories or deposition.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents reflecting any efforts to delete, destroy, wipe, overwrite, or otherwise dispose of any photographs, videos, communications, financial records, or other data relating to Plaintiff or the Teen Starlet Websites, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is vague as to "efforts to delete, destroy, wipe, overwrite, or otherwise dispose of" data, and to the extent it is overbroad. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents, if any, concerning the deletion or disposition of materials relating to Plaintiff or the websites at issue that are within Defendant's possession, custody, or control and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to any communication between You and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the Department of Justice, the Department of Homeland Security, the National Center for Missing & Exploited Children, or any state or local law enforcement agency, concerning the Teen Starlet Websites, any Model, or any investigation into child exploitation, child pornography, or child sex abuse material, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and vague insofar as it seeks all documents relating to any communication with any law-enforcement agency concerning the referenced websites, any Model, or any child-exploitation investigation from January 1, 2010 to the present, and to the extent it seeks documents protected by law enforcement privilege or related protections. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for

nonprivileged responsive documents concerning communications with law-enforcement agencies relating to Plaintiff, the allegations in this action, or the websites at issue, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to the criminal prosecution of Scott Morrill, including but not limited to any communications You received from the U.S. Department of Justice, any subpoenas or requests for information directed to You, and any Documents reflecting Your knowledge of or involvement in the investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents relating to the criminal prosecution of Scott Morrill, including Defendant's "knowledge of or involvement in the investigation," without adequate limitation. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning Scott Morrill, the Department of Justice, subpoenas, or requests for information relating to Plaintiff, the allegations in this action, or the websites at issue, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents relating to the action captioned Lidestri v. Burns, Case No. 25-cv-01166 (S.D.N.Y.), including the complete case file, all pleadings, motions, declarations, exhibits, and correspondence, to the extent not already filed on the docket.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, and seeking materials equally available to Plaintiff from the public docket. Defendant further objects to the

extent the Request seeks nondocketed case-file materials that are privileged, work product, or otherwise protected.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to any complaint, claim, allegation, investigation, or legal proceeding — whether civil, criminal, or administrative — brought by or against You concerning sexual misconduct, sexual exploitation, child pornography, child sex abuse material, or any similar allegation, from January 1, 2000 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and not properly limited to relevant subject matter. The Request seeks all documents relating to any complaint, claim, allegation, investigation, or proceeding from January 1, 2000 to the present concerning broad categories of alleged sexual misconduct or exploitation.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications between You and any reporter, journalist, editor, or representative of The New York Times, including but not limited to emails, text messages, phone records, and any written statements or responses provided by You or on Your behalf, from January 1, 2024 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it seeks all communications with any New York Times representative without adequate limitation to communications relevant to the claims or defenses at issue in this Action, and to the extent it encompasses communications protected by attorney-client privilege or work product doctrine. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents concerning communications with The New York Times relating to Plaintiff, the allegations in

this action, or Defendant's websites, from January 1, 2024 forward, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 40:**

All Communications between You and any attorney, public relations professional, or other representative concerning The New York Times articles published on November 10, 2024 and December 30, 2024, or any other media coverage of You or the Teen Starlet Websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request because it expressly seeks communications with attorneys and other representatives concerning New York Times articles or other media coverage and directly implicates the attorney-client privilege, work-product doctrine, and common-interest protections.

**REQUEST FOR PRODUCTION NO. 41:**

All Communications between You and Amanda Zimmerman, from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all communications between Defendant and Amanda Zimmerman from January 1, 2010 to the present, without limitation to subject matter relevant to the claims or defenses at issue, and to the extent it seeks personal communications with no bearing on any claim or defense in this action. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive communications with Amanda Zimmerman relating to Plaintiff, the allegations in this action, Plaintiff's claimed damages, or the websites at issue, to the extent such communications are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications between You and the individual identified in the Complaint and Your Declaration as "Compton," from January 1, 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all communications between Defendant and "Compton" from January 1, 2010 to the present, without limitation to subject matter relevant to the claims or defenses at issue, and to the extent it seeks personal communications with no bearing on any claim or defense in this action. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive communications with Compton relating to Plaintiff, the allegations in this action, Plaintiff's claimed damages, or the websites at issue, to the extent such communications are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents reflecting, identifying, or relating to the identity, age, and contact information of every Model who appeared on any of the Teen Starlet Websites, including their real names, stage names, dates of birth, and the dates they first appeared on any such website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking highly sensitive nonparty information, including the identity, age, and contact information of every model who appeared on any of the referenced websites.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents reflecting, identifying, or relating to the identity of every Photographer who photographed or recorded any Model on behalf of or at the direction of Defendant, including their real names, locations, and the dates and locations of photoshoots they conducted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and seeking sensitive nonparty information concerning every photographer who photographed or recorded any model on Defendant's behalf or at Defendant's direction.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents referenced in, relied upon, or consulted in the preparation of Your Declaration dated July 14, 2025, filed in Lidestri v. Burns, Case No. 25-cv-01166 (S.D.N.Y.), including but not limited to the hotel confirmation for the Crowne Plaza Times Square (Confirmation No. 68596438), the JetBlue flight itinerary for April 22, 2013, and the Choctaw Casino and Resort Hotel reservation (Confirmation No. 40510658).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it seeks all documents "referenced in, relied upon, or consulted in the preparation of" Defendant's July 14, 2025 Declaration, because the Request is overbroad and may call for privileged or work-product material. Defendant further objects to the extent it seeks public filings or exhibits equally available on the docket.

**REQUEST FOR PRODUCTION NO. 46:**

All photographs referenced in Paragraph 41 of Your Declaration, including the complete gallery of photographs from the April 2013 trip referenced therein, in their original format with all metadata preserved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it seeks the "complete gallery of photographs" from the April 2013 trip referenced in Paragraph 41 of Defendant's Declaration, as that formulation is overbroad and the term "Declaration" is not defined in these Requests. Defendant further objects to the extent the Request seeks photographs that are already in Plaintiff's possession, custody, or control — including photographs comprising the Facebook Album uploaded by Plaintiff herself on or about April 21, 2013 — rendering production by Defendant duplicative and disproportionate to the needs of the case. N Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged photographs from the April 2013 New York trip that are within Defendant's current possession, custody, or control and will produce such photographs, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents supporting Your claim in Paragraph 22 of Your Declaration that You first became acquainted with Plaintiff when she was 16 years old in late 2012 or early 2013, including any records reflecting the date of Your first communication with Plaintiff or with any Photographer concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents "supporting" a factual assertion in a declaration filed in a separate prior action, as the phrase "supporting" is vague and overbroad. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents supporting Defendant's claim regarding the approximate timing of his first acquaintance with Plaintiff, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents supporting Your claim in Paragraph 80 of Your Declaration that there is "visual evidence that proves Burns and Compton were collaborating on adult content as recently as the last few years."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request to the extent it is overbroad and seeks all documents "supporting" a specific factual assertion concerning Plaintiff and a third party, as the phrase "supporting" is vague and overbroad. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for nonprivileged responsive documents supporting Defendant's statement that there is visual evidence of Burns and Compton collaborating on adult content, to the extent such documents are within Defendant's possession, custody, or control, and will produce such documents, if any, in a reasonably usable form.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to "MoxieJam," including but not limited to formation documents, business plans, investor communications, revenue records, and any Documents reflecting Your role, title, and compensation in connection with MoxieJam, from January 1, 2024 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks all documents relating to "MoxieJam," including formation documents, investor communications, revenue records, and compensation documents. Notwithstanding the foregoing objections, Defendant will conduct a reasonable search for and produce nonprivileged documents sufficient to show the existence and general nature of documents relating to MoxieJam, if any such documents are relevant, exist, and are within Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents reflecting Your current financial condition, including but not limited to bank account statements, investment account statements, real property records, and any other Documents reflecting Your assets, liabilities, income, and net worth, from January 1, 2024 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, unduly burdensome, highly intrusive, and disproportionate to the needs of the case, without limitation to financial information relevant to any specific claim or defense at issue. The Request seeks all documents reflecting Defendant's current financial condition, including assets, liabilities, income, and net worth, from January 1, 2024 to the present. Defendant further objects that the Request seeks highly confidential financial information without a sufficient showing of relevance and proportionality.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents referenced in section (ii) of your February 18, 2026 Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to and without waiving the foregoing General Objections, Defendant will produce nonprivileged documents responsive to this Request, to the extent such documents have been identified in Defendant's February 18, 2026 Initial Disclosures and are within Defendant's possession, custody, or control, if not already produced.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any alias, pseudonym, or fictitious name used by You in connection with Your photography business, websites, or communications with models or photographers, including but not limited to "Jim Giacomo."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad and vague insofar as it seeks all documents relating to any alias, pseudonym, or fictitious name used by Defendant in connection with his photography business, without limitation to subject matter relevant to the claims at issue, and as the phrase "relating to" is vague and overbroad.

**REQUEST FOR PRODUCTION NO. 53:**

All social media accounts, profiles, forum accounts, or online profiles used by You in connection with Your photography business or the recruitment of models, including all posts, messages, and communications made through such accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as facially overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks all social media accounts, profiles, forum accounts, or online profiles used by Defendant in connection with his photography business or the recruitment of models, including all posts, messages, and communications made through such accounts over an undefined period without limitation to content relevant to the claims or defenses at issue.

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to any photographer-model forums or websites on which You maintained a profile or communicated with photographers or models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, Defendant objects to this Request as overbroad, vague, and disproportionate to the needs of the case insofar as it seeks all documents relating to any photographer-model forums or websites on which Defendant maintained a profile or communicated with photographers or models without limitation to content relevant to the claims at issue, and to the extent it is

overbroad, not proportional to the needs of the case, and seeks documents having no demonstrated connection to any specific claim or defense in this action.

Dated: March 30, 2026
         Brooklyn, New York

                                      Respectfully Submitted:

                                      **LEWIS & LIN, LLC**

                            By:  */s/ David D. Lin.*
                                      David D. Lin, Esq.
                                      77 Sands Street, 6th Floor
                                      Brooklyn, New York, 11201
                                      Tel: (718) 243-9323
                                      Fax (718) 243-9326
                                      David@iLawco.com
                                      *Attorneys for Defendant /*
                                      *Counterclaimant*