VERIDIAN
LEGAL

23 West 73rd Street          T: (212) 706-1007
Suite 102                    F: (646) 849-0033
New York, NY 10023           www.veridianlegal.com

May 14, 2026

**Via Email**
Lewis & Lin LLC

*Re:*   *Audrey Burns v. James Lidestri*
*Civ No. 25-cv-07474-KMK*
*Deficiencies in Defendant's Responses to Plaintiff's First Set of Requests for Admission*

Dear Mr. Lin,

We write pursuant to Federal Rule of Civil Procedure 37(a)(1) and the Court's Pretrial Discovery Order (ECF 24) regarding pervasive deficiencies in Defendant's Responses and Objections to Plaintiff's First Set of Requests for Admission, served May 11, 2026. We seek to resolve these issues in good faith before seeking relief from the Court.

As set forth below, Defendant has responded to approximately 350 consecutive Requests for Admission - spanning set identification, thumbnail authentication, authorship and location, and publication on the Teen Starlet Websites - with an identical, boilerplate response claiming insufficient knowledge. These responses are irreconcilable with Defendant's own admissions in the same document, his sworn interrogatory responses, and his verified Answer and Counterclaims. We address each category of deficiency in turn.

## I. DEFENDANT CANNOT CLAIM INSUFFICIENT KNOWLEDGE OF CONTENT HE PERSONALLY PHOTOGRAPHED IN HIS OWN HOME

Defendant admitted that he photographed Plaintiff at his home in Hopewell Junction, New York during the April 2013 trip (RFA No. 33), that he videotaped Plaintiff at his home during the same trip (RFA No. 34), and that Plaintiff was sixteen years old at the time (RFA No. 35). He further admitted that Plaintiff's mother signed contracts at his home during the April 2013 trip (RFA No. 42) and that the stage name "Kris Karson" was selected during the same trip (RFA No. 43).

Yet when asked whether specific named sets - including "I Love NY," "Amazeballs," "Plunging Neckline," "Sweet Dreams," "Through the Net," "Brace Yourself," and approximately thirty others - were photographed by Defendant at his home in Hopewell Junction (RFA Nos. 313–345), Defendant responded to every single one with the identical boilerplate: "After reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny this Request."

This is not credible. Defendant personally photographed a sixteen-year-old girl in his own home. He knows what photographs he took. The loss of digital files in a 2019 burglary does not erase Defendant's personal memory of photographing a minor child in multiple rooms of his own residence over two days. These are not images captured in front of a nonspecific backdrop; they depict Defendant's backyard, his bedding, his furniture, and identifiable features in his home such as his kitchen and bathtub.  Rule 36(a)(4) requires a responding party to state that it

Veridian Legal P.C.

May 14, 2026
Page 2

has made "reasonable inquiry" and that the information "known or readily obtainable" is insufficient. Defendant's own personal knowledge of events he participated in constitutes information "known" to him. A blanket claim of insufficient knowledge as to photographs Defendant personally took – especially photographs he took in his own home – is not a good-faith response.

## II. DEFENDANT CANNOT CLAIM INSUFFICIENT KNOWLEDGE OF CONTENT PUBLISHED ON HIS OWN WEBSITES

Defendant admitted that he owned and operated TeenStarlet.com (RFA No. 4) and Honey-Cream.com (RFA No. 8). He admitted that TeenStarlet.com was a subscription-based website that charged users a fee to access its content (RFA No. 11). He admitted that the company operating TeenStarlet.com received revenue from subscriber fees (RFA No. 12). He admitted that he received photographs and videos of Plaintiff from photographers by electronic transmission (RFA No. 493). He admitted that Plaintiff provided self-taken photographs to be included on the website while Plaintiff was a minor (RFA No. 494).

Yet when asked whether each of the 88 named content sets identified in FAC ¶ 154 was published on one or more of the Teen Starlet Websites (RFA Nos. 399–486), Defendant responded to every single one with the identical boilerplate claim of insufficient knowledge.

Defendant owned and operated these websites for years. He received the content, or directed others to upload it. He cannot claim he does not know what was published on his own subscription website - a website he admits he operated and from which he admits he received revenue.

## III. DEFENDANT CANNOT CLAIM INSUFFICIENT KNOWLEDGE OF SETS PHOTOGRAPHED BY HIS OWN IDENTIFIED PHOTOGRAPHER

In his sworn interrogatory responses, Defendant identified David Petrie as a "graphic designer, web developer, photo and video editor, content manager and photographer" for the Teen Starlet Websites. Defendant admitted that David Petrie was present at one or more of the Florida photoshoots involving Plaintiff (RFA No. 45). Defendant admitted that he arranged a photoshoot involving Plaintiff in Florida when Plaintiff was seventeen years old (RFA No. 44).

Yet when asked whether specific sets were photographed by David Petrie in Florida or Baltimore (RFA Nos. 356–395), Defendant responded to every one with the identical boilerplate. Defendant directed the operations of his business. He knew which photographers photographed which models. His claim that he cannot identify a single set photographed by his own identified content manager and photographer is not credible.

## IV. DEFENDANT CANNOT CLAIM INSUFFICIENT KNOWLEDGE OF SET NAMES WHILE ADMITTING THE IMAGES BEAR HIS WATERMARK

In response to RFA No. 487, Defendant admitted that the images attached to Plaintiff's Requests for Admission "appear on their face to bear a logo or watermark associated with one or



May 14, 2026
Page 3

more Teen Starlet Websites." He further provided qualified admissions to RFA Nos. 49–136, acknowledging that each image "appears to depict Plaintiff."

Yet when asked to identify which named set each image belongs to (RFA Nos. 137–312), Defendant claims insufficient knowledge for every single one. Defendant reviewed the images. He recognized Plaintiff. He recognized his own watermark. Yet he claims he cannot identify a single set name - despite having operated the website on which these sets were published, having personally photographed many of them, and having titled or directed the titling of each set.

## V. DEFENDANT'S SELECTIVE ENGAGEMENT DEMONSTRATES BAD FAITH

Defendant's pattern of responses reveals selective engagement that undermines his blanket claims of insufficient knowledge:

First, Defendant flatly denied RFA No. 488, which asked him to admit that each image depicts Plaintiff when she was under the age of eighteen. A flat denial requires affirmative knowledge. If Defendant truly lacks knowledge of the sets, locations, photographers, and publication dates, he cannot simultaneously possess sufficient knowledge to deny that the images depict a minor. He is claiming knowledge when it benefits him and ignorance when it would establish liability.

Second, Defendant denied RFA Nos. 396–398 on substantive grounds, stating "Defendant denies that any sexual assault occurred." These Requests asked whether specific sets were photographed before, immediately after, or after the alleged sexual assault. Defendant's substantive engagement with the temporal sequence of the photoshoot demonstrates knowledge of the order in which sets were photographed - yet he claims he cannot identify any of those sets by name.

Third, Defendant admitted to RFA No. 29 that he paid for Plaintiff's travel to New York, admitted to RFA No. 30 that he paid for a hotel in Times Square, admitted to RFA No. 33 that he photographed Plaintiff at his home, and admitted to RFA No. 44 that he arranged a photoshoot in Florida - yet claims he cannot identify a single content set that resulted from any of these admitted photoshoots.

## VI. THE JUNE 2019 BURGLARY DOES NOT EXCUSE THESE RESPONSES

To the extent Defendant relies on the June 2019 burglary as the basis for his blanket responses, that reliance is misplaced. Rule 36(a)(4) requires disclosure of information "known" to the responding party. Defendant's personal knowledge of photographs he took, sets he named or directed others to name, content he published on his own websites, and photographers he employed is not stored on a hard drive. It is stored in his memory. The burglary may explain the absence of documents, but it does not explain the absence of personal knowledge about the core operations of a business Defendant ran for over a decade.

Veridian Legal P.C.

May 14, 2026
Page 4

## VII. REQUESTED SUPPLEMENTATION

We request that Defendant supplement his responses to the following categories of Requests for Admission no later than May 28, 2026:

1. **RFA Nos. 137–312 (Set Identification):** Defendant should admit or deny whether each image is from the identified set based on his personal knowledge of the content he created, received, and published.

2. **RFA Nos. 313–395 (Authorship and Location):** Defendant should admit or deny whether each set was photographed by the identified photographer at the identified location based on his personal knowledge of the photoshoots he conducted, arranged, or directed.

3. **RFA Nos. 399–486 (Publication on Teen Starlet Websites):** Defendant should admit or deny whether each set was published on one or more of the Teen Starlet Websites based on his personal knowledge of the content published on websites he owned and operated.

4. **RFA No. 488 (Minor Status):** Defendant should explain the basis for his flat denial that the images depict Plaintiff as a minor, given his admissions that he photographed Plaintiff when she was sixteen (RFA No. 35) and knew she was under eighteen when he photographed and videotaped her (RFA No. 500).

## VIII. MEET AND CONFER

We remain willing to discuss these issues and are available for a telephone conference at your earliest convenience. However, the current responses do not satisfy Defendant's obligations under Rule 36(a)(4). If we are unable to resolve these deficiencies, we intend to move under Rule 37(a)(4) for an order determining the sufficiency of Defendant's responses, and will seek an award of reasonable expenses, including attorney's fees, pursuant to Rule 37(a)(5).

Please respond to this letter no later than May 19, 2026.

Very Truly Yours,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Veridian Legal P.C.