Case 7:25-cv-07474-KMK-JCM  Document 34-10  Filed 06/22/26  Page 1 of 5



**David Lin <david@ilawco.com>**

# Burns v. Lidestri - Response to your June 17 letter

**David D. Lin** <david@ilawco.com>
To: Daniel Szalkiewicz <daniel@veridianlegal.com>
Cc: "cali@veridianlegal.com" <cali@veridianlegal.com>, Mike Cilento <michael@ilawco.com>

Thu, Jun 18, 2026 at 6:47 PM

Daniel,

We write in response to your June 17 letter. At the outset, we completely disagree with your email statement that these issues "have been addressed numerous times." Many of the issues raised in your letter are being asserted for the first time, or in a materially different form than previously discussed. Defendant has served timely responses, produced responsive non-privileged documents in his possession, custody, or control, and supplemented where appropriate. Plaintiff's letter largely seeks to convert the absence of decade-old materials into a discovery violation. It is not.

More fundamentally, your letter mistakes the absence of documents for the withholding of them. Plaintiff waited more than a decade to bring these allegations. In the intervening years, Defendant wound down the photography ventures at issue and canceled the associated hosting and email accounts and—separately—was the victim of a 2019 burglary in which the physical media holding the only remaining copies of that material were stolen. The result is that much of what Plaintiff demands no longer exists and is not within Defendant's possession, custody, or control. Defendant cannot produce what he does not have, and he is not required to commence subpoena practice against non-parties to recreate records he does not possess.

Where Defendant has been able to locate responsive materials, he has produced them or will produce them, as set forth below. Much of the balance of your letter seeks records that do not exist, were never Defendant's, or have no bearing on Plaintiff's allegations concerning the nature of the photographs or the alleged assault. We respond to each point below.

As to Section II(A), Defendant is not aware of any emails or text messages with Plaintiff or her mother in his possession. TeenStarlet-related email accounts were closed long ago when those ventures shut down. Defendant has searched his reasonably accessible accounts, including his GiacomoPhotography account, and has not located responsive TeenStarlet or SelectSets communications. To the extent Plaintiff believes such communications exist, Plaintiff should search and produce from her own accounts.

As to Section II(B), Defendant has already explained that the 2019 burglary and the subsequent shutdown of the relevant ventures resulted in the loss of historical photos, videos, contracts, correspondence, and related business materials. Those records are not in Defendant's possession, custody, or control. Your references to Morganelli Group and Teenstarletgallery do not change that. Morganelli Group was a vendor used in connection with software for identifying images for DMCA purposes during the SelectSets period, not a source of responsive Burns materials. Defendant did not operate Teenstarletgallery, and any suggestion that he was selling Plaintiff's images through that site in 2022 is unsupported. If your request is for BFC articles in Defendant's possession, we will produce any responsive articles that exist.

As to Section II(C), Defendant does not have additional responsive financial records. The Wells Fargo account used for TeenStarlet/SelectSets was closed after SelectSets ended, and Defendant does not have access to closed-account records. Your reference to "recent" domain renewals is also incorrect; Defendant's last domain renewal related to these photo ventures was in or about 2021. Plaintiff's broad demand for bank, processor, AmEx, and similar third-party records is fishing and seeks materials outside Defendant's possession, custody, or control.

As to Section II(D), several of the domains listed in your letter were never owned by Defendant, including Butterscotchteens.com, Teenglam.net, Teenglamsites.us, Honey-cream.com, and Tenderdolls.com. The GoDaddy production confirms that. Other domains you identify were owned by Defendant but never had associated websites, including Brandnewteens.com, Teenmoxie.com, Teenpremiere.com, Breakoutgirls.com, and Teenstarletstudio.com. Any related hosting or email services were shut down long ago, and Defendant has no access to additional records.

As to Section II(E), Defendant has produced the travel records he located. To the extent calendar entries exist containing confirmation numbers, Defendant will produce those entries. Beyond that, Defendant does not have additional responsive travel records.

As to Section II(F), Defendant still has access to his GiacomoPhotography email account, but he has not located responsive TeenStarlet/Burns records there. We otherwise object to Plaintiff's sweeping demand for unrelated aliases,

accounts, forums, or online activity as overbroad, irrelevant, and disproportionate.

As to Section II(G), Defendant will amend his interrogatory response to identify the individual referenced. Defendant reserves all objections to any further attempt to expand this issue into unrelated discovery.

In short, Defendant has complied with his discovery obligations. He is not required to subpoena third parties or recreate records that no longer exist and are not within his possession, custody, or control. To the extent Plaintiff contends otherwise, please identify the specific request, the specific document you contend exists, and the basis for claiming it is within Defendant's control.

Best,
David



**David D. Lin**
Lewis & Lin LLC
77 Sands Street, 6th Floor  |  Brooklyn, NY 11201
office (718) 243-9323  |  fax (718) 243-9326  |  direct (718) 243-9325
iLawco.com  |  TrademarkAttorneys.com  |  Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.



David Lin <david@ilawco.com>

## Response to May 22, 2026 Letter Regarding Defendant's RFA Responses

**David D. Lin** <david@ilawco.com>      Mon, Jun 1, 2026 at 5:26 PM
To: Daniel Szalkiewicz <daniel@veridianlegal.com>
Cc: Mike Cilento <michael@ilawco.com>, Cali Madia <cali@veridianlegal.com>

Daniel,

We are in receipt of your May 26 letter responding to Defendant's May 22 letter regarding Plaintiff's asserted deficiencies in Defendant's responses to Plaintiff's Requests for Admission. Defendant disagrees with Plaintiff's position and does not believe your letter meaningfully engages with the points raised in our May 22 response.

Rather than confer regarding specific RFAs or identify particular documents, metadata, native files, original URLs, archive pages, or other source materials that would allow Defendant to evaluate particular requests, Plaintiff has largely repackaged the same arguments and again demanded blanket supplementation of hundreds of RFAs.

You again state that Defendant's responses are internally inconsistent, and we again state that is not so. He admitted what he could from personal knowledge — including that he photographed Plaintiff on multiple occasions — which is why those Requests were admitted. What he cannot do, more than ten years after the fact and after the relevant files, websites, and records were deleted, is authenticate specific Plaintiff-selected exhibits or match them to particular set names, authorship, locations, and publication histories. Recalling that an event occurred is not the same as authenticating a particular exhibit said to have resulted from it.

Notably, both of your letters assume the very facts the RFAs seek to establish. For example, Plaintiff repeatedly asserts that particular images are Defendant's "own work," were taken in Defendant's home, were published on Defendant's websites, or correspond to specific named sets. But Plaintiff has not provided sufficient source-level information for Defendant to admit those propositions. A visible watermark does not, by itself, establish authenticity, authorship, source, date, location, publication, or website availability.

Defendant remains willing to meet and confer regarding specific RFAs if Plaintiff identifies particular materials she contends establish the requested fact for a particular exhibit or request. But Defendant does not agree to blanket supplementation of hundreds of RFAs based on assumption-driven requests that he cannot truthfully admit or deny.

Best regards,
David



**David D. Lin**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
office (718) 243-9323 | fax (718) 243-9326 | direct (718) 243-9325
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

[Quoted text hidden]

# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

May 22, 2026

**<u>Via Email</u>**

Daniel Szalkiewicz
daniel@veridianlegal.com
Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

   **Re:** ***Burns v. Lidestri*, No. 25-cv-07474-KMK**
     **<u>Response to Plaintiff's May 14, 2026 Deficiency Letter</u>**

Counsel:

   We write in response to your May 14 letter concerning Defendant's responses to Plaintiff's Requests for Admission.

   Defendant disagrees that his responses are deficient. Your letter conflates Defendant's general admissions that certain photoshoots occurred, certain websites existed, and certain materials appear to depict Plaintiff with the much broader propositions posed in Plaintiff's RFAs. Many of the RFAs at issue do not ask merely whether Defendant photographed Plaintiff or operated certain websites. They ask Defendant to authenticate hundreds of Plaintiff-selected exhibits, identify set titles, confirm set membership, establish authorship, identify locations, confirm publication history, and admit website availability for materials served years after the relevant websites and records were deleted.

   Rule 36 does not require Defendant to guess. Defendant responded based on the information presently known and reasonably available after reasonable inquiry. Where Defendant could admit or deny, he did so. Where Plaintiff's RFAs asked Defendant to confirm granular details that cannot be verified from the materials served — particularly without native files, metadata, original source files, original website records, or a claim-by-claim mapping of the materials — Defendant properly stated that he lacked sufficient information to admit or deny.

   This is especially true for the publication RFAs. Plaintiff has now provided a list of source URLs, but that list appears largely to consist of third-party repost or pirate-source URLs, not original URLs from any website owned or operated by Defendant. Plaintiff has not mapped those URLs to specific RFAs, specific exhibits, specific images/videos, or specific statutory-damages items. Defendant cannot be required to admit original publication on his websites based solely on Plaintiff's screenshots, thumbnails, or third-party repost links.

# LEWIS & LIN LLC

As to RFA No. 488, Defendant's denial is proper because the Request asks Defendant to admit that each image depicts Plaintiff when she was under eighteen. Defendant denies that proposition. We are reviewing whether a limited supplemental response identifying the basis for that denial is appropriate.

If Plaintiff believes there are particular RFAs for which she has specific contrary information — for example, original source files, metadata, original URLs, archive pages, or other materials showing the specific set title, photographer, location, date, or publication history — please identify those materials and the corresponding RFA numbers. Defendant will consider whether any targeted supplementation is warranted. But Defendant does not agree that a blanket supplementation of hundreds of RFAs is required.

Very truly yours,

David D. Lin

2