Daniel S. Szalkiewicz, Esq. (DS2323)
VERIDIAN LEGAL P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff Audrey Burns*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AUDREY BURNS,

        Plaintiff,

    v.

JAMES LIDESTRI,

        Defendant.

Case No. 1:25-cv-07474

**PLAINTIFF'S AMENDED RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff/Counterclaim-Defendant Audrey Burns ("Plaintiff"), by and through her attorneys, Veridian Legal P.C., hereby serves these Amended Rule 26(a)(1) Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e). These Amended Disclosures supersede Plaintiff's prior Initial Disclosures in their entirety.

These disclosures are based on information presently known or reasonably available to Plaintiff after reasonable inquiry. Plaintiff's investigation is ongoing, and Plaintiff reserves the right to further supplement these disclosures as additional information becomes available, as required by Rule 26(e).

I.      **Individuals Likely to Have Discoverable Information Related to Plaintiff's Claims**

The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

Plaintiff Audrey Burns
c/o Veridian Legal P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
212-706-1007

1

Full knowledge of dispute. Plaintiff is likely to have discoverable information regarding her allegations.

James Lidestri
23 Hillside Dr.
Poughkeepsie, NY 12603

Defendant. Full knowledge of dispute. Mr. Lidestri is likely to have discoverable information regarding the allegations made by the Plaintiff in this case.

David Eugene Petrie (spelling may not be exact) a/k/a "Webmaster Dave"
Address unknown.

Third Party. Knowledge of Defendant's possession and control of certain websites that are relevant to the action; knowledge of images taken of Plaintiff; discoverable information regarding the allegations made by the Plaintiff in this case.

Jim Bauer
Address unknown.

Third Party. Knowledge of Defendant's possession and control of certain websites that are relevant to the action; knowledge of images taken of Plaintiff; discoverable information regarding the allegations made by the Plaintiff in this case.

Custodian of Records, GoDaddy.com, LLC
2155 E. GoDaddy Way
Tempe, AZ 85284 USA

Third Party. Knowledge of Defendant's possession and control of certain websites that are relevant to the action.

Defendant's underage models
Address unknown.

Third Parties. Knowledge of images taken of Plaintiff; knowledge of Defendant's conduct; discoverable information regarding the allegations made by the Plaintiff in this case.

April Pillon
620 Northwest 5th Street
Suite D.

Moore, Oklahoma 73160

Third Party.  Discoverable information regarding Plaintiff's damages.

Amanda Zimmerman
Address unknown

Third Party.  Discoverable information regarding the allegations made by the Plaintiff in this case and Defendant's conduct.

Pastor Mike Pickett
c/o Southgate Church
206 S Janeway Ave
Moore, OK 73160

Third Party.  Discoverable information regarding Plaintiff's damages.

Rocky McDaniel
72 Mills Dr
Durant, OK 74701

Third Party.  Discoverable information regarding Plaintiff's experiences and damages.

Ciara Talbott
Address unknown.

Third Party.  Discoverable information regarding Plaintiff's experiences and interactions with Defendant and Defendant's behavior.

Wynona Burns
180 Smith Road
Mead, OK 73449

Third Party.  Discoverable information regarding Plaintiff's experiences and interactions with Defendant and Defendant's behavior.

**II.    Documents in Possession or Control of Plaintiff and Related to Plaintiff's Claims**

A copy of, or description by category and location of, all documents, data compilations and tangible things in the possession, custody or control of the party, and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

- Copies of images taken, posted, and distributed online by Defendant;
- Copies of mental health records of plaintiff;
- Images of Defendant taken by Plaintiff.

Copies of these materials may be made at the office of the plaintiff's attorney, Veridian Legal P.C., 23 W. 73rd Street, Suite 102 New York, NY 10023, after the agreement of a confidentiality order.  Additionally copies of any materials that are the subject to the action can be viewed after the receipt of a court order.

### III.     Computation of Damages Claimed by Plaintiff
Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff provides the following computation of each category of damages claimed:

### A. Statutory Damages under 18 U.S.C. § 2255
Plaintiff seeks statutory damages of not less than $150,000 per visual depiction, as provided by 18 U.S.C. § 2255(a). The First Amended Complaint at ¶ 154 identifies no fewer than 88 named content sets depicting Plaintiff as a minor, each of which contained multiple photographs and was typically accompanied by a video. Plaintiff has identified at least 54 video files corresponding to named content sets. The precise number of individual images and videos for which Plaintiff seeks statutory damages is not presently known because Defendant has claimed in discovery that he possesses no photographs, videos, or records relating to the Teen Starlet Websites. Plaintiff's investigation into the full universe of content is ongoing, and Plaintiff reserves the right to supplement this computation as discovery proceeds.
Documents supporting this computation include the content sets and video files identified in Section II above, the photographs and thumbnail collections attached as exhibits to Plaintiff's First Set of Requests for Admission, and any additional content identified through discovery.

### B. Mental Anguish / Emotional Distress Damages: $15,000,000
Plaintiff claims $15,000,000 in damages for mental anguish, emotional distress, and related harms resulting from:
- Defendant's sexual assault of Plaintiff when she was sixteen years old;
- Defendant's years-long exploitation of Plaintiff beginning when she was fourteen;
- The production, distribution, and sale of sexually explicit content depicting Plaintiff as a minor;
- The lasting psychological, emotional, and social consequences of Defendant's conduct, including but not limited to intimacy issues, substance abuse, inability to complete her education, and ongoing contact from individuals who possess child sexual abuse material depicting Plaintiff.

The computation is based on the severity, duration, and pervasiveness of the harm, and will be supported by expert testimony. Documents supporting this computation include the mental health and counseling records, substance abuse treatment records, and personal writings identified in Section II above, as well as testimony from the witnesses identified in Section I.

**C. Punitive Damages: $15,000,000**
Plaintiff claims $15,000,000 in punitive damages based on the willful, wanton, and malicious nature of Defendant's conduct, including the sexual assault of a minor, the production and commercial distribution of child sexual abuse material, and Defendant's retaliatory lawsuit against Plaintiff for speaking to the press. The computation will be supported by evidence of Defendant's financial condition and the egregiousness of his conduct, to be developed through discovery.

**D. Economic Losses**
Plaintiff's economic losses include but are not limited to lost educational and employment opportunities resulting from Defendant's conduct. The computation of economic losses will be supported by expert testimony and is not yet complete. Plaintiff reserves the right to supplement this category as discovery proceeds and expert opinions are obtained.

**E. Attorney's Fees and Costs**
Plaintiff seeks reasonable attorney's fees as permitted by 18 U.S.C. § 2255. The computation of attorney's fees will be based on contemporaneous billing records maintained by Plaintiff's counsel and will be provided at the appropriate time.

**IV.    Insurance Agreements that can Satisfy Part of Judgment:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Plaintiff is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

These Amended Disclosures are made without prejudice to Plaintiff's right to further supplement or amend as required by Fed. R. Civ. P. 26(e). Plaintiff's investigation is ongoing, and additional witnesses, documents, and damages information may be identified as discovery proceeds. Plaintiff expressly reserves all objections, privileges, and protections not waived herein.

Dated: New York, New York
      May 14, 2026

**Veridian Legal P.C.**

/s/Daniel S. Szalkiewicz

By: Daniel S. Szalkiewicz, Esq. (DS2323)
23 W. 73rd Street, Suite 102
New York, New York 10023
(212) 706-1007
*Attorneys for Plaintiff*

6