UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS,<br><br>Plaintiff/Counterclaim-Defendant,<br>v.<br><br>JAMES LIDESTRI,<br><br>Defendant/Counterclaimant. | Case No. 7:25-cv-07474-KMK-JCM<br><br>**PLAINTIFF / COUNTERCLAIM-DEFENDANT'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

## PRELIMINARY STATEMENT

Plaintiff/Counterclaim-Defendant Audrey Burns ("Plaintiff"), by and through her attorneys, Veridian Legal P.C., hereby responds and objects to Defendant/Counterclaimant James Lidestri's ("Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

These responses are made based upon information presently known or available to Plaintiff after reasonable inquiry. Plaintiff reserves the right to amend or supplement these responses as additional information becomes available, as required by Federal Rule of Civil Procedure 26(e).

The assertion of objections is not intended to waive any other objections. The provision of responses subject to objections is not intended to waive the objections stated. Plaintiff expressly reserves all objections and privileges not asserted herein, including but not limited to relevance, proportionality, attorney-client privilege, and work-product protection.

## GENERAL OBJECTIONS

1.     Plaintiff objects to Defendant's First Set of Interrogatories in their entirety on the ground that they exceed the twenty-five (25) interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1), which provides that a party may serve no more than 25 written interrogatories, "including all discrete subparts." Although Defendant's Interrogatories are numbered 1 through 16, they contain numerous explicitly labeled subparts, including subparts (a)

1

through (e) in Interrogatory Nos. 13, 15, and 16; subparts (a) through (d) in Interrogatory No. 9; and subparts (a) through (c) in Interrogatory Nos. 1, 2, and 8 - each of which calls for a separate and independent piece of information. By Plaintiff's count, Defendant's Interrogatories contain no fewer than forty-three (43) discrete interrogatories when subparts are properly counted, far exceeding the permissible limit. Defendant has not obtained leave of court or a stipulation from Plaintiff to exceed the limit. Notwithstanding this objection, and without waiving it, Plaintiff responds to each Interrogatory below.

2.      Plaintiff objects to Defendant's First Set of Interrogatories to the extent they exceed the permissible scope of interrogatories at the commencement of discovery under Local Civil Rule 33.3(a) of the Southern District of New York. Local Rule 33.3(a) restricts interrogatories at the commencement of discovery to those seeking: (i) names of witnesses with knowledge of information relevant to the subject matter of the action; (ii) the computation of each category of damage alleged; and (iii) the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. To the extent any Interrogatory seeks merits-based factual narratives, detailed substantive contentions, or comprehensive inventories beyond these categories, Plaintiff objects.

3.      Plaintiff objects to Defendant's Definitions to the extent they are overbroad and purport to expand Plaintiff's obligations beyond the Federal Rules, including the definitions of "Allegations," "Photoshoot(s)," "Timeline," "Corroboration," "Communications," and "Social Media."

4.       Plaintiff objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

5.       Plaintiff objects to each Interrogatory to the extent it seeks information not within Plaintiff's personal knowledge, possession, custody, or control, or information equally available to Defendant from his own records, public sources, or third parties.

6.       Plaintiff objects to each Interrogatory to the extent it seeks confidential, private, or sensitive information concerning third parties, including other victims, witnesses, and clergy, absent an appropriate showing of relevance and proportionality and subject to an appropriate protective order.

## SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person known to You whom You believe has knowledge of facts relating to the allegations in the FAC, the Burns Declaration, or the Allegations, and for each such person state: (a) the person's name and contact information; (b) the general subject matter of the person's knowledge; and (c) whether the person's knowledge relates to liability, damages, or both.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory is overbroad insofar as it seeks identification of "each person" with knowledge of "the Allegations" - a defined term that encompasses all factual assertions made by Plaintiff concerning Defendant in any context - without reasonable limitation to the claims and defenses at issue. Plaintiff further objects that subpart (c), which asks Plaintiff to categorize each witness's knowledge as relating to "liability,

3

damages, or both," calls for a legal conclusion and exceeds the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a). Identification of individuals does not constitute a waiver of any applicable privilege

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff identifies the following persons with knowledge of facts relevant to this action, to the extent not already identified in Plaintiff's Rule 26(a)(1) Initial Disclosures:

(a)    **Wynona Burns** - Plaintiff's mother. Knowledge of: Plaintiff's childhood, financial hardship, homelessness, Plaintiff's mother's accident, Plaintiff's introduction to modeling, the April 2013 trip to New York, presence at Defendant's home during the photoshoot, execution of contracts, and Plaintiff's damages. Contact information to be provided by supplementation if available.

(b)    **Amanda Burns** - Plaintiff's sister. Knowledge of: Plaintiff's early photoshoots, the April 2013 trip to New York, and Plaintiff's experiences. Contact information to be provided by supplementation if available.

(c)    **Pastor Mike Pickett** - c/o Southgate Church, Moore, Oklahoma. Knowledge of: Plaintiff's disclosure of the assault allegation prior to the New York Times' outreach, and Plaintiff's damages. Contact information previously provided in Plaintiff's Initial Disclosures.

(d)    **Megan McDaniel** - Plaintiff's friend. Knowledge of: Plaintiff's disclosure of the assault allegation after the New York Photoshoot. Ms. McDaniel is the individual referenced in the Burns Declaration at ¶ 43 as the friend to whom Plaintiff disclosed what occurred in Defendant's bedroom. Contact information to be provided by supplementation if available.

4

(e)      **April Pillon** - Plaintiff's therapist. Knowledge of: Plaintiff's damages, including emotional and psychological harm Plaintiff attributes to Defendant's conduct. Contact information to be provided by supplementation if available.

(f)      **Rocky McDaniel** - Knowledge of: Plaintiff's experiences and damages. Contact information to be provided by supplementation if available.

(g)      **Ciara Talbott** - Knowledge of: Plaintiff's experiences and interactions with Defendant. Contact information to be provided by supplementation if available.

(h)      **Colton Terrell** - Knowledge of: Plaintiff's experiences and the impact of Defendant's conduct on Plaintiff. Mr. Terrell is currently deployed with the United States military and can be reached by telephone. Contact information to be provided by supplementation if available.

(i)      **Jim Bauer (Castle Rock Pictures)** - Knowledge of: Defendant's websites, images taken of Plaintiff, introduction of Plaintiff to Defendant, and photoshoots of Plaintiff. Contact information unknown to Plaintiff.

(j)      **David Petrie** - Knowledge of: Defendant's possession and control of certain websites and images taken of Plaintiff, operation of the Teen Starlet Websites, and the Florida photoshoot. Contact information unknown to Plaintiff.

(k)      **Amanda Zimmerman** - Knowledge of: The Florida photoshoot, interactions with Defendant, and Plaintiff's experiences. Contact information to be provided by supplementation if available.

(l)    **Jennifer Valentino-DeVries** - Reporter, The New York Times. Knowledge of: Plaintiff's statements to the New York Times and the investigation underlying the December Article. Contact information available through The New York Times.

(m)    **Michael H. Keller** - Reporter, The New York Times. Knowledge of: Plaintiff's statements to the New York Times and the investigation underlying the December Article. Contact information available through The New York Times.

(n)    **Luke Sears** - Knowledge of: Plaintiff's disclosure of the assault allegation and Plaintiff's damages. Contact information to be provided by supplementation if available.

(o)    **Emily Sears** - Sister of Plaintiff's soon-to-be ex-husband. Knowledge of: Plaintiff's disclosure of the assault allegation. Contact information to be provided by supplementation if available.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as additional information becomes available, including through discovery.

**INTERROGATORY NO. 2:**

Identify each person known to You who has knowledge of any Communications between You and the New York Times, the New York Post, or any other journalist, reporter, editor, fact-checker, producer, blogger, podcaster, documentary maker, or media outlet concerning Lidestri, the Websites, the Photoshoots, the Allegations, the November Article, the December Article, or this Action, including each NYT and NY Post reporter, editor, or agent with whom You or anyone acting on Your behalf directly communicated, and for each such person state: (a) the person's full name, title, employer, and last known contact information; and (b) the general subject matter of that person's knowledge or involvement.

**OBJECTIONS:**

6

Plaintiff further objects that this Interrogatory is overbroad insofar as it seeks identification of persons with knowledge of communications with "any other journalist, reporter, editor, fact-checker, producer, blogger, podcaster, documentary maker, or media outlet" without limitation to communications relevant to the claims and defenses in this action. Plaintiff further objects to the extent this Interrogatory seeks information protected by the reporter's privilege or any applicable shield law.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

(a)    **Jennifer Valentino-DeVries** - Reporter, The New York Times. Plaintiff communicated with Ms. Valentino-DeVries regarding her experiences with Defendant in connection with the December Article. Contact information available through The New York Times.

(b)    **Michael H. Keller** - Reporter, The New York Times. Plaintiff communicated with Mr. Keller regarding her experiences with Defendant in connection with the December Article. Contact information available through The New York Times.

(c)    **Kathianne Boniello** –  Reporter, New York Post. Plaintiff had a telephone call with Ms. Boniello regarding the allegations in the complaint.

If Plaintiff possesses correspondence with the above-identified reporters and will produce such correspondence in response to Defendant's document requests, subject to appropriate objections.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 3:**

Identify each person known to You who has knowledge of facts concerning the April 2013 New York trip and New York Photoshoot, including knowledge concerning travel, lodging, the location of You and Your mother during the trip, the Facebook Album, the Cash Photo, Manhattan activities, and the sequence of events on April 19, 20, 21, and 22, 2013, and for each such person state the general subject matter of that knowledge.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory contains multiple embedded subparts - seeking knowledge concerning travel, lodging, location, the Facebook Album, the Cash Photo, Manhattan activities, and the sequence of events on four specific dates - each of which constitutes a discrete inquiry, further contributing to the violation of the 25-interrogatory limit under FRCP 33(a)(1).

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

(a)    **Wynona Burns** - Plaintiff's mother. Present during the April 2013 trip, including travel, lodging, the photoshoot at Defendant's home, Manhattan activities, and contract signing.

(b)    **Amanda Burns** - Plaintiff's sister. Knowledge of the April 2013 trip to New York.

(c)    **James Lidestri** - Defendant. Present during the April 2013 trip, including the photoshoot at his home, Manhattan activities, and all events described in the FAC ¶¶ 61–106.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 4:**

8

Identify each person known to You who has knowledge concerning the Assault Allegation or any disclosure by You of any Allegation against Lidestri, including but not limited to Your mother, the Friend referenced in Burns Decl. ¶ 43, Pastor Mike Pickett, any other clergy member, any therapist or counselor, and any other person to whom You disclosed any Allegation, and for each such person state the general subject matter of that knowledge.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory is overbroad insofar as it seeks identification of "any other person to whom You disclosed any Allegation" without limitation, which could encompass privileged communications with therapists, counselors, and clergy. Plaintiff further objects to the extent this Interrogatory seeks information protected by the psychotherapist-patient privilege, the clergy-communicant privilege, or any other applicable privilege.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

(a)    **Megan McDaniel** - Plaintiff's friend. Plaintiff disclosed the assault allegation to Ms. McDaniel after returning to Oklahoma following the New York Photoshoot. Ms. McDaniel is the individual referenced in Burns Decl. ¶ 43. Contact information to be provided by supplementation if available.

(b)    **Pastor Mike Pickett** - c/o Southgate Church, Moore, Oklahoma. Plaintiff disclosed the assault allegation to Pastor Pickett prior to the New York Times' outreach.

(c)    **April Pillon** - Plaintiff's therapist. Plaintiff discussed the assault and its impact with Ms. Pillon. Contact information to be provided by supplementation if available.

9

(d)    **River Oaks Treatment Center** - Plaintiff discussed the assault allegation with counselors during substance abuse treatment in Florida. Plaintiff will identify the specific facility and provider(s) by supplementation, subject to appropriate HIPAA authorizations.

(e)    **Wynona Burns** - Plaintiff's mother. Knowledge of Plaintiff's disclosures regarding Defendant.

(f)    **Luke Sears** - Plaintiff disclosed the assault allegation to her soon-to-be ex-husband. Contact information to be provided by supplementation if available.

(g)    **Emily Sears** - Sister of Plaintiff's soon-to-be ex-husband. Plaintiff confided in Emily regarding the assault allegation. Contact information to be provided by supplementation if available.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 5:**

Identify each person known to You who has knowledge concerning any photograph, video, image set, video set, Modeling Content, or other material that You contend forms any part of the factual basis for the claims asserted in the FAC, the Burns Declaration, or Your claimed damages, including any such material that You contend was created, published, uploaded, sold, distributed, or otherwise associated with Lidestri, BFC Enterprises, Jim Bauer, Castle Rock, or any of the Websites, and for each such person state the general subject matter of that knowledge.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory is overbroad insofar as it seeks identification of persons with knowledge of "any photograph, video, image set, video set, Modeling Content, or other material" forming "any part of the factual basis" for Plaintiff's claims - a formulation that could encompass an unlimited universe of individuals.

10

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

(a)    **David Petrie** - Knowledge of Defendant's websites, content management, and images taken of Plaintiff. Contact information unknown to Plaintiff; Defendant identified Mr. Petrie in his own discovery responses but failed to provide contact information.

(b)    **Jim Bauer (Castle Rock Pictures)** - Knowledge of photographs taken of Plaintiff and transmitted to Defendant. Contact information unknown to Plaintiff; Defendant identified Mr. Bauer in his Initial Disclosures but listed his address as "currently unknown."

(c)    **James Lidestri** - Defendant. Knowledge of all photographs, videos, and content of Plaintiff created, published, uploaded, sold, and distributed through his websites.

(d)    **Amanda Zimmerman** - Knowledge of the Florida photoshoot and photographs taken during that session. Contact information to be provided by supplementation if available.

(e)    Plaintiff is aware of individuals who are fans or former subscribers of the Teen Starlet Websites who have contacted Plaintiff and possess or claim to possess content depicting Plaintiff. Plaintiff will identify such individuals by supplementation, subject to entry of an appropriate protective order.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 6:**

Identify each person known to You who has knowledge concerning the video allegedly depicting Lidestri performing oral sex on You as referenced in FAC ¶¶ 135–136, including any person who has viewed, described, transmitted, stored, or claimed knowledge of that video, and

11

for each such person state the general subject matter of that knowledge and the person's full name, current or last known address, telephone number, and email address.

**OBJECTIONS:**

Plaintiff further objects to the extent this Interrogatory seeks the identity of individuals who contacted Plaintiff about child sexual abuse material, as disclosure of such information implicates significant safety and privacy concerns and should be subject to an appropriate protective order.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

At least two individuals have contacted Plaintiff and informed her that they purchased and possess the video referenced in FAC ¶¶ 135–136. Plaintiff will provide identifying information for these individuals to the extent known, subject to entry of an appropriate protective order. Plaintiff further identifies James Lidestri as the individual who created and filmed the video.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 7:**

Identify each person known to You who has knowledge concerning any image, video, or other material referenced in FAC ¶¶ 165–170, including any knowledge relating to the U.S. Department of Justice, the FBI, Project Safe Childhood, Scott Morrill, or any victim-notification or law-enforcement communication, and for each such person state the general subject matter of that knowledge.

**OBJECTIONS:**

12

Plaintiff further objects to the extent this Interrogatory seeks information relating to an ongoing federal criminal investigation, disclosure of which could interfere with law enforcement proceedings.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff received an email from the U.S. Department of Justice on December 10, 2025, advising that she had been identified as a victim or potential victim in the criminal case against Scott Morrill, who pled guilty to sexual exploitation of minors on October 8, 2025. Plaintiff identifies the following persons with knowledge:

(a)    The U.S. Department of Justice personnel who sent the victim notification. Plaintiff does not possess the individual names of such personnel beyond what is reflected in the email itself.

(b)    **Audrey Burns** - Plaintiff. Knowledge of the receipt of the DOJ notification and its contents.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 8:**

Identify by name and contact information the "fellow Teen Starlet model" referenced in FAC ¶ 140 and each person You contend had "stories similar to Audrey's" as referenced in FAC ¶ 145, and for each state: (a) the general subject matter of that person's knowledge; (b) whether that person participated in any photoshoot with Lidestri or any photographer acting at his direction; and (c) whether that person has provided any statement, declaration, or affidavit in connection with this Action.

**OBJECTIONS:**

Plaintiff further objects that subparts (b) and (c) exceed the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a) by seeking substantive factual information - specifically, whether each person "participated in any photoshoot" and whether each person "has provided any statement, declaration, or affidavit" - rather than merely the names of witnesses and the general subject matter of their knowledge. Plaintiff further objects that this Interrogatory seeks the identities of other victims of Defendant's conduct, disclosure of which implicates significant privacy and safety concerns, and should be subject to an appropriate protective order.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and declining to respond to subparts (b) and (c) as exceeding the scope of Local Rule 33.3(a), Plaintiff responds as follows:

Plaintiff will identify the "fellow Teen Starlet model" referenced in FAC ¶ 140 and other individuals referenced in FAC ¶ 145 subject to entry of an appropriate protective order to safeguard the privacy and safety of these individuals, who are victims of Defendant's conduct.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 9:**

Identify each photograph, video, or image for which You seek statutory damages, actual damages, or any other relief in this Action, and for each item state separately: (a) the title, set name, or description of the item as referenced in FAC ¶ 154 or otherwise; (b) whether You claim statutory damages under 18 U.S.C. § 2255 for that item; (c) the platform or location where the item was or is currently stored; and (d) the name and contact information of the person who currently has possession, custody, or control of that item.

14

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory, with its four discrete subparts, exceeds the scope of a damages-computation interrogatory under Local Civil Rule 33.3(a) by requiring Plaintiff to provide a comprehensive item-by-item inventory of every photograph and video, the platform or location where each is stored, and the identity of every person with possession - information that is more appropriately obtained through document requests and depositions. Plaintiff further objects that subpart (b) calls for a legal conclusion regarding the applicability of statutory damages to each individual item. Plaintiff further objects that this Interrogatory is premature to the extent the full scope of Defendant's content depicting Plaintiff remains unknown and is the subject of ongoing discovery.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

This Interrogatory is more appropriately addressed through document production rather than interrogatory response.

Plaintiff seeks damages for, at a minimum, the content sets identified in FAC ¶ 154, which lists no fewer than 88 named sets of photographs and/or videos depicting Plaintiff as a minor. Each set contained multiple images and was typically accompanied by a video. Plaintiff's damages computation is set forth more fully in response to Interrogatory No. 13 below.

The full scope of content for which Plaintiff seeks damages cannot be determined at this time because Defendant has claimed in his discovery responses that he does not possess any photographs, videos, contracts, financial records, subscriber records, or documents relating to the

15

Teen Starlet Websites - asserting that all such materials were stolen in a June 2019 burglary. Plaintiff's investigation into the full universe of content is ongoing.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 10:**

Identify the existence, current location, and custodian of every contract, talent release, licensing agreement, NDA, or other written agreement signed by You or Your mother in connection with any Photoshoot or with Lidestri, BFC Enterprises, or any photographer acting at Lidestri's direction, including the contracts and releases referenced in FAC ¶¶ 103–104 and Burns Decl. ¶ 41.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff's mother, Wynona Burns, signed contracts at Defendant's home during the April 2013 trip, as described in FAC ¶¶ 103–104. Plaintiff does not presently have in her possession, custody, or control any copy of the contracts or releases signed during the April 2013 trip. Upon information and belief, the original contracts were retained by Defendant. Defendant has stated in his interrogatory responses that he does not presently possess any contracts, agreements, model releases, or consent forms relating to Plaintiff.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 11:**

Identify the existence, current location, and custodian of every contract, talent release, licensing agreement, or other written agreement between You and any photographer, producer,

16

company, or content platform entered into after Your last photoshoot with Lidestri, including any agreement with TeenMarvel or any related entity and any agreement relating to the publication, distribution, or sale of photographs or videos of You on any platform, including OnlyFans or any similar subscription content platform.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of "every contract, talent release, licensing agreement, or other written agreement" between Plaintiff and "any photographer, producer, company, or content platform" entered into after Plaintiff's last photoshoot with Defendant. This request encompasses Plaintiff's entire post-Defendant professional life without limitation to agreements relevant to the claims or defenses at issue. Plaintiff further objects that this Interrogatory improperly seeks to invade Plaintiff's privacy regarding lawful employment and business activities that are not at issue in this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff declines to provide a comprehensive inventory of every professional agreement she has entered into since her last photoshoot with Defendant, as such information is not relevant to the claims or defenses at issue and is not proportional to the needs of this case. To the extent Defendant seeks information relevant to damages, Plaintiff will produce documents responsive to Defendant's document requests, subject to appropriate objections.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 12:**

17

Identify each healthcare provider, mental-health provider, counselor, therapist, substance-abuse provider, pastor, church, support group, school official, employer, or other person or entity that has possession, custody, or control of Documents, Communications, ESI, or tangible things relating to any damages You claim in this Action, and for each state the general category of material maintained by that person or entity.

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory is overbroad insofar as it seeks identification of "each healthcare provider, mental-health provider, counselor, therapist, substance-abuse provider, pastor, church, support group, school official, employer, or other person or entity" with documents "relating to any damages" - a formulation that could encompass every medical provider, employer, and institution Plaintiff has interacted with over the past sixteen years. Plaintiff further objects to the extent this Interrogatory seeks information protected by the psychotherapist-patient privilege, the clergy-communicant privilege, or any other applicable privilege.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and limiting the response to providers and entities with documents directly relating to damages Plaintiff attributes to Defendant's conduct, Plaintiff responds as follows:

(a)　**April Pillon** - Therapist. General category of material: therapy records relating to Plaintiff's emotional and psychological harm. Contact information to be provided by supplementation if available.

(b)　**River Oaks Treatment Center** - Plaintiff received substance abuse treatment in Florida during which she discussed the assault and its impact. General category of material:

treatment records, intake forms, and counseling notes. Plaintiff will identify the specific facility

by supplementation, subject to appropriate HIPAA authorizations.

(c)    **Pastor Mike Pickett / Southgate Church** - Moore, Oklahoma. General category

of material: records of pastoral counseling, if any.

(d)    **Florida Department of Children and Families ("DCF")** - Plaintiff has obtained

documents from DCF relating to a prior investigation. General category of material: confidential

investigative summary and related records.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 13:**

State the computation, to the extent presently known, of each category of damages You

claim in this Action, including: (a) the number of images and videos for which You claim

statutory damages under 18 U.S.C. § 2255 and the per-item and aggregate amounts claimed; (b)

the basis for and computation of the $5,000,000 mental anguish figure stated in Plaintiff's Initial

Disclosures; (c) the basis for and computation of the $5,000,000 punitive damages figure from

Plaintiff's Initial Disclosures; (d) the basis for and computation of any claimed economic losses;

and (e) the basis for and computation of any claimed attorney's fees, identifying for each

category the Documents and persons on which You rely.

**OBJECTIONS:**

Plaintiff further objects that subparts (b) through (e) exceed the scope of a damages-

computation interrogatory under Local Civil Rule 33.3(a) to the extent they seek the "basis for"

each category of damages - a formulation requiring narrative contention responses - rather than

merely the computation of damages. Plaintiff further objects that this Interrogatory is premature

to the extent damages computations depend on discovery not yet conducted, documents not yet produced by Defendant, and expert opinions not yet obtained.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

**(a) Statutory Damages under 18 U.S.C. § 2255:** Plaintiff seeks statutory damages of not less than $150,000 per image and video shared, as provided by 18 U.S.C. § 2255(a). FAC ¶ 154 identifies no fewer than 88 named content sets, each of which contained multiple photographs and was typically accompanied by a video. The precise number of individual images and videos is not presently known to Plaintiff because Defendant has claimed in discovery that he possesses no photographs, videos, or records relating to the Teen Starlet Websites. Plaintiff's investigation into the full universe of content is ongoing. Plaintiff reserves the right to supplement this computation as discovery proceeds.

**(b) Mental Anguish / Emotional Distress Damages:** Plaintiff claims $15,000,000 in damages for mental anguish, emotional distress, and related harms resulting from Defendant's sexual assault of Plaintiff when she was sixteen years old; Defendant's years-long exploitation of Plaintiff beginning when she was fourteen; the production, distribution, and sale of sexually explicit content depicting Plaintiff as a minor; and the lasting psychological, emotional, and social consequences of Defendant's conduct, including but not limited to intimacy issues, substance abuse, inability to complete her education, and ongoing contact from individuals who possess child sexual abuse material depicting Plaintiff. The computation is based on the severity, duration, and pervasiveness of the harm, and will be supported by expert testimony.

20

**(c) Punitive Damages:** Plaintiff claims $15,000,000 in punitive damages based on the willful, wanton, and malicious nature of Defendant's conduct, including the sexual assault of a minor, the production and commercial distribution of child sexual abuse material, and Defendant's retaliatory lawsuit against Plaintiff for speaking to the press. The computation will be supported by evidence of Defendant's financial condition and the egregiousness of his conduct, to be developed through discovery.

**(d) Economic Losses:** Plaintiff's economic losses include but are not limited to lost educational and employment opportunities resulting from Defendant's conduct. The computation of economic losses will be supported by expert testimony and is not yet complete.

**(e) Attorney's Fees:** Plaintiff seeks reasonable attorney's fees as permitted by 18 U.S.C. § 2255. The computation of attorney's fees will be based on contemporaneous billing records maintained by Plaintiff's counsel and will be provided at the appropriate time.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) as discovery proceeds, expert opinions are obtained, and the full extent of Plaintiff's damages is established.

**INTERROGATORY NO. 14:**

Identify each person or entity from whom You have obtained or received Documents, Communications, ESI, or tangible things relating to this Action, other than Your counsel of record, and for each such person or entity state the general description of the materials obtained or requested.

**OBJECTIONS:**

Plaintiff further objects to the extent this Interrogatory seeks information protected by the work-product doctrine, including the identity of persons from whom Plaintiff's counsel has obtained materials in anticipation of litigation.

21

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

(a)    **U.S. Department of Justice** - Victim notification email regarding the criminal prosecution of Scott Morrill.

(b)    **The New York Times** - Published articles (November Article and December Article) that are publicly available.

(c)    **Florida Department of Children and Families ("DCF")** - Plaintiff requested and received documents from DCF relating to a prior investigation, including a confidential investigative summary.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 15:**

Identify every Social Media account You have maintained or used from January 1, 2010 through the present that contains or may contain Documents, Communications, ESI, or tangible things relating to the FAC, the Burns Declaration, the Allegations, Your claimed damages, the Articles, or this Action, including for each: (a) the platform name; (b) the username or handle; (c) the associated email address or phone number; (d) the approximate dates of activity; and (e) the current status of the account (active, deactivated, or deleted).

**OBJECTIONS:**

Plaintiff further objects that this Interrogatory, with its five discrete subparts, exceeds the scope of a document-identification interrogatory under Local Civil Rule 33.3(a) by seeking a comprehensive social media inventory spanning sixteen years, including associated email addresses, phone numbers, and account statuses - information that goes well beyond the

"existence, custodian, location, and general description" of relevant documents. Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks identification of "every Social Media account" maintained over a sixteen-year period, regardless of whether the account contains information relevant to the claims or defenses at issue. Plaintiff further objects to the extent this Interrogatory seeks private account information that implicates Plaintiff's privacy interests.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, and limiting the response to accounts that Plaintiff reasonably believes contain information relevant to the claims or defenses at issue, Plaintiff responds as follows:

(a)     **Facebook** - Plaintiff has maintained a Facebook account. This account contains the Facebook Album titled "NYC modeling trip!" uploaded on or about April 21, 2013, and the Facebook Post linking to the December Article on or about December 30, 2024, both of which are referenced in the pleadings.

Plaintiff will provide additional account information subject to entry of an appropriate protective order. Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 16:**

Identify every OnlyFans account or similar subscription content platform account You have maintained or used from January 1, 2010 through the present, including for each: (a) the platform name; (b) the username or handle; (c) the approximate dates of activity; (d) the general nature of the content posted; and (e) the existence, current location, and custodian of any account data, revenue records, subscriber records, or content archives in Your possession, custody, or control.

**OBJECTIONS:**

23

Plaintiff further objects that this Interrogatory, with its five discrete subparts, exceeds the scope of a document-identification interrogatory under Local Civil Rule 33.3(a) by seeking substantive factual information - including "the general nature of the content posted" (subpart (d)) - rather than merely the existence, custodian, location, and general description of relevant documents. Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks a comprehensive inventory of Plaintiff's lawful employment activities on subscription content platforms over a sixteen-year period. Plaintiff further objects that subpart (d) is an improper attempt to elicit merits-based factual narratives about Plaintiff's post-Defendant content creation, which is not relevant to the claims or defenses at issue and is designed to embarrass and harass Plaintiff. Plaintiff further objects that this Interrogatory improperly seeks to invade Plaintiff's privacy regarding lawful adult employment.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff declines to provide a comprehensive inventory of her lawful employment activities on subscription content platforms, as such information is not relevant to the claims or defenses at issue and is not proportional to the needs of this case. To the extent Defendant contends that Plaintiff's post-Defendant employment is relevant to damages, Plaintiff will address such issues through appropriate discovery mechanisms, subject to a protective order.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

24

Dated: April 16, 2026

      New York, New York

                           VERIDIAN LEGAL P.C.
                           /s/ Daniel S. Szalkiewicz
                           By: Daniel S. Szalkiewicz, Esq.
                           Cali P. Madia, Esq.
                           23 West 73rd Street, Suite 102
                           New York, NY 10023
                           Telephone: (212) 706-1007
                           Facsimile: (646) 849-0033
                           daniel@veridianlegal.com
                           cali@veridianlegal.com
                           *Attorneys for Plaintiff/Counterclaim-Defendant*

## **VERIFICATION**

      I, Audrey Burns, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Responses to Defendant's First Set of Interrogatories, and that the responses are true and correct to the best of my knowledge, information, and belief.

Executed on: April 16, 2026

                           */s/Audrey Burns*
                           Audrey Burns

25