when Plaintiff learned that Defendant purchased KrisKarson.com, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62:**

With reference to FAC ¶¶ 133–134 and CC ¶ 5, all Documents relating to Your use of OnlyFans or any similar subscription content platform from the date of initial registration through the present, including account registration records, subscriber counts, revenue records, payout histories, all content posted, and all communications with subscribers relating to Lidestri, the Websites, the Allegations, or the Articles.

**OBJECTIONS:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Request seeks "all Documents relating to Your use of OnlyFans or any similar subscription content platform," including "all content posted" and complete revenue and subscriber records. Plaintiff's lawful adult content creation is not relevant to any claim or defense in this action. The demand for "all content posted" is disproportionate and seeks intimate adult content that has no bearing on the claims or defenses at issue. To the extent Defendant seeks information about Plaintiff's income for damages purposes, that information can be obtained through narrower, less invasive means.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce communications with subscribers on OnlyFans or similar platforms relating to Lidestri, the Websites, the Allegations, or the Articles, to the extent such documents are within Plaintiff's possession, custody, or control. Plaintiff will also produce summary revenue information to the extent relevant to claimed damages from such platforms, subject to an

appropriate protective order. Plaintiff declines to produce "all content posted" on OnlyFans or similar platforms.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents reflecting any benefit You received or expected to receive as a result of publication of the November or December Articles, including increased subscribers, donations, interviews, speaking engagements, modeling work, or other monetization.

**OBJECTIONS:**

Plaintiff objects to this Request to the extent it is overbroad and seeks documents reflecting "any benefit" Plaintiff "expected to receive," which calls for speculation and is not relevant to any claim or defense. Plaintiff further objects to the extent the Request is disproportionate to the needs of the case.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce nonprivileged documents reflecting any direct financial benefit Plaintiff received as a result of publication of the Articles, to the extent such documents are within Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64:**

With reference to FAC ¶ 119, all Documents relating to any image or video of You that You contend went viral, was shared at Your high school, or was otherwise disseminated without Your consent among Your peers or the general public, including: (a) the Vine video described as "10 Best Asses" in FAC ¶ 119; (b) the original video or any copy in Your possession; (c) any Documents showing who created or posted the video; (d) any Communications concerning the video or any other viral content; (e) any evidence that the content was derived from the Websites; (f) the source URL from which any such video was obtained; (g) any records

48