June 18, 2026

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    ***Burns v. Lidestri*, No. 25-cv-07474-KMK**
              **Joint Letter - Modification of Case Management & Scheduling Order**

Dear Judge Karas:

The parties write jointly regarding modification of the Case Management and Scheduling Order entered on February 12, 2026 (ECF 20). Specifically, Plaintiff requests that the Court extend the deadlines for fact discovery, expert disclosures, and expert depositions, and correct the expert disclosure schedule to provide for sequential rather than simultaneous disclosures. Defendant opposes Plaintiff's request for further time for fact discovery but will agree to Plaintiff's proposed sequence for expert disclosure and depositions.

<u>**Plaintiff's Position**</u>

**I.      Background**

The Court's February 12, 2026 Scheduling Order set the following deadlines: (1) fact discovery to be completed by May 22, 2026; (2) expert disclosures for both parties due July 24, 2026; and (3) depositions to be completed by May 22, 2026.

Since entry of the Scheduling Order, the parties have engaged in extensive written discovery, including multiple rounds of interrogatories, requests for production, and requests for admission. However, significant discovery disputes have arisen that have consumed much of the discovery period and remain unresolved. On April 27, 2026, Defendant filed a letter brief with the Court identifying deficiencies in Plaintiff's discovery responses (ECF 26). Multiple deficiency letters have been sent by both parties and counsel has engaged in numerous phone conferences relating to discovery demands and related issues. Additional disputes concerning the sufficiency of Defendant's discovery responses are anticipated. No depositions have been taken by either party.

Among the unresolved issues are disputes concerning: (a) the scope and sufficiency of both parties' interrogatory responses; (b) the adequacy of document productions, including Defendant's position that a June 2019 burglary resulted in the loss of substantially all documents, electronically stored information, and tangible things relating to the Teen Starlet Website, including photographs, videos, contracts, financial records, subscriber records, and digital storage media; and (c) disputes concerning the production of native files and metadata relating both to the liability associated with disclosure of child sex abuse material and the fact Plaintiff does not possess the original images/videos captured by or on behalf of Lidestri but rather what has been uploaded online. Further driving Plaintiff's need for an extension is Plaintiff's recent

Case 7:25-cv-07474-KMK-JCM    Document 35    Filed 07/01/26    Page 2 of 4

receipt of a subpoena response confirming Defendant's ownership of a website which was selling Plaintiff's "NOT remastered or altered from the way they were originally released" sets as recently as May of 2022. Moreover, Plaintiff has recently discovered Defendant's use of The Morganelli Group, LLC to request delisting of Lidestri's copyrighted content apparently appearing at 154,306 URLs through August 12, 2020. Plaintiff is also in the process of filing a motion against Google and Meta which, if successful, may help her recreate communications between her and Lidestri. Defendant's refusal to meaningfully comply with the discovery process has necessitated Plaintiff's undertaking of alternative means of obtaining such information. Plaintiff anticipates that further motion practice may be necessary to resolve these disputes before meaningful depositions can proceed.

## II. Proposed Amended Schedule

Plaintiff respectfully propose the following amended schedule:

1. **Fact Discovery Deadline:** September 30, 2026

2. **Plaintiff's Expert Disclosures:** December 1, 2026

3. **Defendant's Expert Disclosures:** January 15, 2027

4. **Expert Depositions:** February 27, 2027

5. **Dispositive Motions:** In accordance with the Court's Individual Practices

## III. Basis for the Requested Extension

Good cause exists for the requested modification. The discovery period to date has been consumed by disputes over the scope and sufficiency of written discovery responses. No depositions have been taken. Plaintiff requires additional time to resolve outstanding discovery disputes through further meet-and-confer efforts and, if necessary, motion practice before depositions can proceed in a productive manner.

Additionally, the current Scheduling Order provides for simultaneous expert disclosures by both parties on July 24, 2026. The parties respectfully submit that sequential expert disclosures are more appropriate in this case. Plaintiff bears the burden of proof on her affirmative claims, and her expert disclosures should precede Defendant's so that Defendant's experts may respond to and, if appropriate, rebut Plaintiff's expert opinions. The proposed schedule reflects this sequencing.

Finally, the extension of fact discovery is necessitated in part by the nature of the outstanding disputes. Defendant has represented in discovery that he does not presently possess photographs, videos, contracts, financial records, subscriber records, or documents relating to the Teen Starlet Website, attributing the absence of these materials to a June 2019 burglary. Plaintiff anticipates that additional motion practice may be required to compel production of categories of documents that should be obtainable from third-party sources notwithstanding the claimed burglary such as banking records, payment processor records, and domain registration records, and to address potential spoliation issues. These efforts will require time before the parties can meaningfully proceed to depositions.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court modify the Case Management and Scheduling Order to reflect the proposed amended deadlines set forth above.

### Defendant's Position

Defendant opposes Plaintiff's request to extend the fact-discovery deadline, which would be the *third* enlargement of the fact-discovery period and is not supported by good cause. The Court's February 12, 2026 Scheduling Order (ECF 21) set the original fact-discovery deadline, and the deadline to complete depositions, as May 22, 2026. Magistrate Judge McCarthy, to whom this case is referred for pretrial supervision, has already extended the fact-discovery deadline twice: to July 3, 2026 at the May 7, 2026 conference, and to July 24, 2026 at the June 8, 2026 conference. Plaintiff's letter omits both extensions. The operative fact-discovery deadline is July 24, 2026, not the May 22, 2026 date Plaintiff cites.

The current schedule already provides ample time to complete fact discovery, along with a built-in mechanism to resolve any remaining disputes. At the June 8 conference, Judge McCarthy directed the parties to meet and confer and to submit a joint letter setting out any remaining discovery disputes by June 22, 2026, and set a discovery conference for July 9, 2026—both well before the July 24 cutoff. There is no reason the parties cannot complete fact discovery within the time the Court has already provided. No depositions have been taken because the parties sensibly elected to resolve their written-discovery disputes first; with those disputes teed up for resolution on July 9, the depositions can proceed in the remaining window before July 24. To the extent Plaintiff contends Defendant's responses are deficient, that is precisely the issue the June 22 letter and July 9 conference exist to resolve—not a basis to extend fact discovery by more than two additional months.

Defendant, for its part, has satisfied its discovery obligations. Defendant served timely written responses to each of Plaintiff's discovery requests and produced documents and provided answers in response. The delays in this case have run the other way. Plaintiff served her initial disclosures and several sets of discovery responses late and, after agreeing on May 18, 2026 to cure a range of deficiencies by June 1, 2026, produced nothing by that deadline—serving only a limited, 69-page production on June 12, 2026. Plaintiff cannot manufacture good cause for more time out of delays of her own making.

Plaintiff's reliance on her newly filed letter motion (ECF 32) does not support any extension. Defendant served the requests calling for these materials on March 3, 2026, more than three months ago. At no point in the intervening months, including in her responses or the parties' meet-and-confer exchanges, did Plaintiff indicate that she lacked access to her own Facebook or Gmail accounts. Whether Plaintiff could access her own email and social-media accounts is something she has known since the case began; raising that issue for the first time now is a delay of her own creation, not good cause to enlarge the schedule. Nor did Defendant "demand" that Plaintiff subpoena anyone. Defendant requested documents, and how Plaintiff obtains and produces responsive materials within her possession, custody, or control is Plaintiff's responsibility. In any event, the Court granted Plaintiff's motion on June 18, 2026, and set a 14-day deadline for Meta and Google to produce account exports and associated records, well within the current fact-discovery schedule.

In sum, Plaintiff has sought to delay fact discovery at nearly every turn and now seeks a third extension—of more than two months—without good cause. The July 24, 2026 deadline, together with the June 22 joint-letter and July 9 conference process the Court has already ordered, affords the parties more than enough time to complete fact discovery. Defendant respectfully requests that the Court deny Plaintiff's request to extend the fact-discovery deadline.

Defendant does not oppose Plaintiff's proposal to sequence the parties' expert disclosures. However, given Defendant's position on the extension of fact discovery, Defendant proposes the following schedule:

1.    **Fact Discovery Deadline:** ~~July 24, 2026~~    8/24/26

2.    **Plaintiff's Expert Disclosures:** ~~October 1, 2026~~    11/1/26

3.    **Defendant's Expert Disclosures:** ~~November 15, 2026~~    12/15/26

4.    **Expert Depositions:** ~~December 31, 2026~~    1/31/27

5.    **Dispositive Motions:** In accordance with the Court's Individual Practices.

We thank the Court for its consideration.    Case management conference 2/16 /27, at 10:30

Respectfully submitted,

_____          _____/s/ Daniel Szalkiewicz_____
David Lin                                 Daniel Szalkiewicz
Lewis & Lin LLC                           Veridian Legal P.C.
77 Sands Street, 6th Floor                23 W. 73rd Street, Suite 102
Brooklyn, NY 11201                        New York, New York 10023
david@iLawco.com                          daniel@lawdss.com
*Attorney for Defendant James Lidestri*   *Attorney for Plaintiff Audrey Burns*

The Court adopts the revised discovery schedule as noted above. No more extensions will be granted.

So Ordered.

7/1/26