VERIDIAN
LEGAL

23 West 73rd Street    T: (212) 706-1007
Suite 102    F: (646) 849-0033
New York, NY 10023    www.veridianlegal.com

July 17, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:    ***Burns v. Lidestri**, No. 25-cv-07474-KMK*
>        **Plaintiff's Letter-Motion for a Rule 26(c) Custody-and-Inspection Protocol**

Dear Judge McCarthy:

We represent Plaintiff/Counterclaim-Defendant Audrey Burns and write pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Your Honor's Pretrial Discovery Order to respectfully request that the Court modify the mechanics of its July 9, 2026 Order (Doc. 37), which directs Plaintiff to provide a list identifying each image for which Plaintiff seeks statutory damages to Defendant. Plaintiff has compiled such a list, however seeks to satisfy the order through a mechanism that remains within the boundaries of existing laws governing dissemination of such content. Specifically, Plaintiff has created and shared with Defendant's counsel a file which includes the bates stamp for each image of Plaintiff at issue and notes, for each bates stamp number, whether Plaintiff is asserting it violates 18 U.S.C. § 2256(2)(C), 18 U.S.C. § 2256(2)(E), or neither, and requested their consent to enter into this protocol (Exhibit 1). As of today, we have not heard back from counsel. Now, Plaintiff seeks to deposit with the Court or a Court-designated law enforcement official two USB drives containing the bates stamped PDF images, videos, and downloaded JPEG files of the images to satisfy the Court's July 9, 2026 Order.

I.    **No statute prescribes the handling of CSAM in civil discovery, but the governing criminal framework supplies the template.**

In criminal cases, the Walsh Act provides that child pornography "shall remain in the care, custody, and control of either the Government or the court," bars the Government from producing copies to the defense, and instead guarantees the defense "ample opportunity for inspection, viewing, and examination [of the child pornography] at a Government facility." *United States v Healey*, 860 F Supp 2d 262, 270 [SDNY 2012]. By its terms, however, § 3509(m) is "a procedural provision applicable only to federal courts" and criminal proceedings and does not directly govern this civil action. *United States v Flynn*, 709 F Supp 2d 737, 742 [DSD 2010]. As the court stated most succinctly in *Doe v. Pecos*, "[w]hile 18 U.S.C. § 3509(m) governs the handling of child pornography in criminal matters and provides for the review of such materials in a government facility by expert witnesses, there appears to be no federal statute that speaks to the procedure for discovery containing pornographic material of [a] minor in a civil case." *Doe v Bd. of Educ. of the Pecos Ind. Sch. Dist.*, 2023 US Dist LEXIS 199123, at *5 [DNM Nov. 6, 2023, No. 21-422 MV/JFR].

Veridian Legal P.C.



## II.    Rule 26(c) authorizes a custody-and-inspection protocol.

Confronting the same statutory gap, the *Doe v. Pecos* court exercised its protective-order authority and fashioned a protocol drawn by analogy from § 3509(m): the images remained in a government forensic facility's custody, "[n]o image [could] be copied or otherwise reproduced in any manner," a law-enforcement representative remained present during any review, and the identities of nonparty minors were protected. *Doe v. Pecos*, 11.

## III.    Court or law-enforcement custody is the safer course for all participants.

The federal child-pornography statutes contain no exemption for litigants, counsel, or experts who possess or reproduce this material in the course of litigation. See *Doe v Boland*, 630 F3d 491, 495 [6th Cir 2011] (reasoning that Congress would not permit litigation participants to "view, let alone possess, existing child pornography without governmental oversight"). Channeling the material into Court-supervised custody, rather than requiring private downloading and transmission, both honors the strong public policy embodied in those statutes and protects the participants.  In 2009, the Superior Court Appellate Division in New Jersey held that discovery conduct sanctioned "by court rule or an order of a court" does not give rise to improper-possession liability (*State v Cohen*, 431 NJ Super 256, 266, 68 A3d 892, 898 [Super Ct App Div 2009]).

## IV.    A Court custody protocol fully preserves Defendant's opportunity to inspect.

Supervised inspection at a designated facility is the accepted means of affording a party a full and fair opportunity to examine this category of evidence. Copies are ordered only where facility-based inspection would fail to afford an "ample opportunity" to examine the material. *United States v Knellinger,* 471 F Supp 2d 640, 644 [ED Va 2007]). Plaintiff's proposal builds in precisely such an opportunity.  Defendant thus retains meaningful access; only the uncontrolled copying and transmission of contraband is curtailed.

**Custody Protocol.** Plaintiff respectfully requests entry of an order providing that the portion of the July 9, 2026 Order directing Plaintiff to identify the images to Defendant is modified in that (1) Plaintiff shall deposit the material at issue with the Clerk of Court or, in the alternative, a Court-designated law-enforcement official; (2) Plaintiff shall serve on Defendant a descriptive index identifying each item with a bates stamp without transmitting the images themselves; (3) the material shall not be further copied, reproduced, or disseminated by any party; and (4) all deposited material shall be destroyed at the conclusion of the litigation.

We thank the Court for its attention to this matter and are available at the Court's convenience should Your Honor wish to address the proposal at a conference.

Respectfully submitted,
Daniel Szalkiewicz
*Attorney for Plaintiff Audrey Burns*

Veridian Legal P.C.