# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

David D. Lin • david@iLawco.com • (718) 243-9325

July 17, 2026

***Via ECF***

Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

>  **Re:**   *Burns v. Lidestri*, No. 25-cv-07474-KMK
>  **Defendant's Response to Plaintiff's Letter-Motion for a Custody-and-Inspection Protocol (Dkt. 38)**

Dear Judge McCarthy:

We represent Defendant/Counterclaimant James Lidestri and respond to Plaintiff's letter-motion for a Rule 26(c) custody-and-inspection protocol (Dkt. 38). Plaintiff sent her proposed procedure to Defendant on the evening of July 16 and filed her motion the following morning, before Defendant had an opportunity to respond.

Defendant does not oppose a secure, Court-supervised protocol for the custody and inspection of material that Plaintiff contends cannot lawfully be reproduced or disseminated. Defendant's limited opposition is to Plaintiff's proposed protocol insofar as it (i) omits the procedures necessary for meaningful inspection by Defendant and appropriate experts, and (ii) appears to treat a Bates-number index as satisfying Plaintiff's separate identification obligations under Paragraph 7 of the Court's July 9, 2026 Order. (Dkt. 37).

> **I.    A Secure Custody Protocol Is Appropriate, But Must Provide Meaningful Inspection and Preservation**

First, if the Court directs that the material be held by a third party, Defendant respectfully requests that the Court designate a neutral forensic vendor, an appropriate law-enforcement agency, or another qualified custodian. The parties should confer promptly regarding the appropriate entity and proposed safeguards. Plaintiff should bear the initial costs of placing and maintaining the material she seeks to withhold from ordinary production, while each side bears its own expert-review costs, without prejudice to later allocation.

Second, the proposed procedure should expressly provide for meaningful inspection. Although Plaintiff's motion states that the material would be available for inspection, the proposed protocol does not identify who may inspect it, when inspection will occur, how long it may last, or whether Defendant's retained experts may use appropriate forensic tools during a secure, read-only review.

# LEWIS & LIN LLC

Any protocol should therefore provide that Defendant's counsel, retained experts, and qualified forensic examiner may inspect the materials, on reasonable notice and subject to appropriate confidentiality undertakings, sufficiently in advance of Plaintiff's deposition and the close of fact discovery. The protocol should permit review of the original files, including the JPEGs and video files as collected, together with associated metadata and a hash manifest, rather than only Bates-stamped PDF renderings. Defendant does not seek permission to copy or disseminate the images; he seeks a meaningful, secure opportunity to review the materials and assess their provenance, authenticity, and timing.

Third, any special protocol should be limited to files for which Plaintiff has a particularized basis to seek extraordinary handling. Plaintiff's index identifies 2,449 images as "N/A" – that is, not designated under either of Plaintiff's stated § 2256 categories. Those files should be produced in the ordinary course under the existing Protective Order unless Plaintiff makes a file-specific showing that different treatment is necessary. The protocol should likewise include a mechanism by which either party may seek release into ordinary production, under the Protective Order, of any item that inspection shows does not depict a minor. Defendant reserves all objections to Plaintiff's designations.

Fourth, Defendant objects to Plaintiff's proposed provision requiring destruction of all material at the "conclusion of the litigation." That phrase is undefined and would risk destruction while appellate rights, preservation duties, or other Court obligations remain outstanding. The protocol should instead require preservation through final, non-appealable disposition of this action, unless the Court orders otherwise. Any later destruction or return should be documented in writing.

Finally, the protocol should establish prompt deadlines. The material should be deposited promptly, and Defendant's initial inspection should occur within a defined period thereafter and sufficiently before Plaintiff's deposition. Fact discovery is currently scheduled to close on September 30, 2026.

## II.    Plaintiff's Motion Cannot Modify Her Separate Paragraph 7 Identification Obligations

Plaintiff asks the Court to "modify" Paragraph 7 of the Court's July 9, 2026 Order so that a "descriptive index identifying each item with a bates stamp" satisfies her identification obligation. But Paragraph 7 directed Plaintiff to identify "each image that she seeks statutory damages for, as requested in Interrogatories 9 and 13." The list Plaintiff attached as Exhibit 1 does not comply, and its deficiencies have nothing to do with the sensitivities that justify a custody protocol.

As an initial matter, the cited designations – "18 U.S.C. § 2256(2)(C)" and "18 U.S.C. § 2256(2)(E)" – do not correspond to existing subparagraphs of Section 2256(2). Plaintiff should be directed to provide corrected statutory designations and to identify, on an item-specific basis, the statutory theory she asserts for each image.

In addition, the Bates-only index does not provide the information sought in Interrogatory 9. For each image or video for which Plaintiff seeks statutory damages or other relief, Plaintiff should

2

# LEWIS & LIN LLC

identify the title, set name, or description; whether she seeks statutory damages under 18 U.S.C. § 2255; the platform or location where the item is stored; and the current custodian and contact information. To the extent known, Plaintiff should also provide a separate provenance schedule for materials on which she intends to rely, identifying the source URL or platform, date and manner of collection, collector, and available hash or chain-of-custody information. The schedule should also identify, for each item, the website or platform on which it was first published or made available and the date of first publication, to the extent known – information that bears directly on the timing and attribution issues to which Interrogatory 9 was addressed.

Nor does the index state whether every image marked in either of Plaintiff's categories is one for which she seeks statutory damages, or provide the statutory-damages computation requested by Interrogatory 13, including the number of images or videos at issue and the per-item and aggregate amounts sought.

Finally, Plaintiff represents that her production includes 55 videos, but the index does not identify whether Plaintiff seeks statutory damages with respect to any video. Plaintiff should be directed to state clearly whether she seeks such relief for any video and, if so, identify each such video in the supplemental schedule.

### III.    Relief Requested

For these reasons, Defendant respectfully requests that the Court grant Plaintiff's motion only in part and direct:

1. That the parties submit a proposed secure-custody and inspection protocol providing for a qualified neutral custodian, read-only inspection by counsel and appropriate experts, preservation of original files and associated metadata, and preservation through final, non-appealable disposition; and that Plaintiff bear the reasonable costs of the initial deposit, custody, storage, and administration of the materials subject to that protocol, without prejudice to later cost allocation;

2. That Plaintiff serve, within five business days, a corrected and supplemental identification schedule that complies with Paragraph 7 and Interrogatories 9 and 13, including clarification concerning the 55 videos; and

3. That the 2,449 images not designated under either of Plaintiff's asserted categories be produced pursuant to the existing Protective Order, absent a particularized showing that a different procedure is required.

We thank the Court for its attention to this matter.

Respectfully submitted,

David D. Lin

3