# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323  FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844

*VIA ELECTRONIC FILING SYSTEM*

July 24, 2026

Hon. Judith C. McCarthy
The Hon. Charles L. Brient Jr. Federal Building
300 Quarropas Street
White Plains, NY 10601-4150

> **Re:** ***Burns v. Lidestri*, No.: 25-cv-07474-KMK-JCM**
> **Defendant's Letter-Motion to Quash or Modify Plaintiff's Five Non-Party**
> **Subpoenas and for Interim Relief**

Dear Judge McCarthy:

We represent Defendant/Counterclaimant James Lidestri. Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), Local Civil Rule 37.2, and Your Honor's Individual Practices, Defendant respectfully moves to quash or modify the five non-party subpoenas Plaintiff noticed to Akamai Technologies, Inc., American Express Company, Morganelli Group LLC, Wells Fargo Bank, N.A., and Western Union Financial Services, Inc. (Exs. A-E). Defendant also requests that, pending resolution, the Court direct that compliance be stayed and that Plaintiff instruct each subpoenaed party to withhold production. The subpoenas demand sweeping financial, credit, account, communications, domain, traffic, and business records – generally from January 1, 2009 to the present – without limiting most requests to Plaintiff, the conduct alleged in the First Amended Complaint (the "FAC"), or any identified transaction, account, card, domain, or content involving her.

Hoping to avoid motion practice, Defendant sent Plaintiff a detailed written narrowing proposal on July 22 and offered to confer. Plaintiff has neither responded nor agreed to confer – just as she has not responded to Defendant's request to confer as directed by the Court's July 20 Order (Dkt. 40). Because the populated forms use rolling deadlines of fourteen days after receipt, and because a party's objection does not itself suspend a nonparty's production obligation, interim protection is necessary.

## I.  The Subpoenas Invade Defendant's Protected Interests and Are Not Tailored to the Case

Mr. Lidestri has a concrete personal right and privacy interest in the financial and business records these subpoenas demand. That interest gives him standing to seek Rule 45 protection, while Rule 26(c) independently authorizes an order protecting him from annoyance, embarrassment, oppression, or undue burden. *Flybar Inc. v. Express Trade Cap., Inc.,* No. 25 CIV. 618 (VSB) (GS), 2026 WL 1453579, at *3 (S.D.N.Y. May 22, 2026); *Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd.*, 650 F. Supp. 3d 199, 202-03 (S.D.N.Y. 2023). Rule 45 subpoenas also remain subject to Rule 26(b)(1)'s relevance and proportionality limits; the issuing party must articulate a concrete linkage between the discovery

# LEWIS & LIN LLC

sought and a claim or defense. *Ekstein v. Poito Associates*, No. 20-CV-1878 (JCM), 2022 WL 783000, at *3 (S.D.N.Y. Mar. 15, 2022). Wells Fargo and American Express expressly demand Defendant's personal and business accounts, transactions, communications, and credit information. Western Union demands his personal transfer records, while Akamai and Morganelli reach confidential business records extending far beyond Plaintiff. Defendant invokes his own rights and Rule 26(c), not compliance burdens borne only by the recipients.

*Flybar* confined a comparable bank subpoena to one identified account, ten named counterparties, and four months, with confidential treatment. 2026 WL 1453579 at 4–5. Plaintiff's subpoenas are far broader. Defendant disputes Plaintiff's allegation that he had any contact with her during 2011-2012. But even accepting Plaintiff's allegation solely to define permissible discovery, the FAC alleges no contact in 2009; it places the asserted contact years later, and dates the identified domain activity to 2011. *See* FAC ¶¶ 20, 35, 40-46, 157, 172. The subpoenas nevertheless begin on January 1, 2009 and many extend to the present, sweeping in years of personal and business activity that cannot bear on Plaintiff's claims.

The breadth is especially disproportionate because Defendant already produced the Court-ordered 2013-2015 tax returns and 1099 summary (JL000427-JL000530) and identified the responsive institutions and site information per ECF No. 37, and Plaintiff already holds the GoDaddy records (GD000001-GD001077) documenting the domain and payment history. Plaintiff may test a Burns-specific payment, account, card, or domain; she should not use Rule 45 to obtain every unrelated record first.

## II.  The Court Should Impose Target-Specific Limits

Each requested modification corresponds to the defect in the particular subpoena:

**1. Wells Fargo:** The demand for all personal and business accounts, every transaction, account-opening material, communications, and credit information would reveal unrelated personal, other-model, and separate-venture activity. Production should be limited to the identified BFC Enterprises, LLC business checking account, January 1, 2011 through December 31, 2015, excluding Mr. Lidestri's personal accounts, unrelated venture accounts, and credit information.

**2. American Express:** The subpoena names four cards without identifying a Burns nexus and seeks complete account records from 2009 to the present. Requests should be limited to the accounts ending 2005 and 1007, January 1, 2011 through December 31, 2015, withdrawing the accounts ending 1674 and 1008 (which have no connection to any website on which Plaintiff appeared), excluding personal cards, unrelated charges, broad account communications, and credit information.

**3. Western Union:** The subpoena demands every money transfer Mr. Lidestri or BFC has ever sent to any recipient anywhere (Reqs. 1–2), location-based searches of any pickup in Oklahoma or Florida regardless of sender or recipient (Reqs. 3–4), and the government identification presented at any pickup (Req. 8). Production should be limited to money transfers in which Audrey Burns or Wynona Burns is the named sender or recipient, January 1, 2011 through December 31, 2015, withdrawing the all-transfers and location-based requests.

# LEWIS & LIN LLC

**4. Akamai:** The subpoena seeks account, technical, billing, source-IP, and traffic records for twenty-six domains and any linked domain, sweeping in unrelated models, sites, users, and periods. Limit production to specifically identified domains on which Plaintiff alleges she appeared (TeenStarlet.com, KrisKarson.com, and Honey-Cream.com). Exclude the remaining domains, users, source-IP and traffic data, and post-deactivation records.

**5. Morganelli:** The enterprise-wide demand for website, model, content, takedown, enforcement, and revenue records would disclose matters unrelated to Plaintiff. Limit production to records specifically identifying Plaintiff, a known alias, or content she claims depicts her, and to the period in which the identified content or site operated. Exclude records concerning other models, sites, content, revenue, or enforcement work.

The served papers themselves also require correction, and where defective should be quashed with leave to re-issue in conformity with the limits above. As served on Defendant, only the Akamai subpoena presents a completed AO 88B command page. The Western Union subpoena is blank after its notice page. The American Express, Morganelli, and Wells Fargo command pages likewise display as blank forms in standard PDF applications, because the fillable-form data was never properly executed or flattened into the documents; even the stranded data – recoverable only with specialized software – shows the American Express production-command box unchecked and no issuing court identified on the Morganelli and Wells Fargo forms. Each notice page also carries a case-number prefix that is not this action's, and the certificates reflect only July 20 notice to defense counsel – not service on any target. At minimum, Plaintiff should be required to provide complete, properly executed copies of each subpoena together with service, receipt, and compliance-date information.

We also ask the Court to Order any permitted production be simultaneous to both sides and be marked presumptively as Confidential under ECF No. 31.

## III.  Interim Relief Is Necessary Because Disclosure Cannot Be Undone

Rule 45(d)(2)(B)'s suspension mechanism arises only when the commanded person timely objects; Defendant's objection and this application should not be assumed to stay production. Once Plaintiff's counsel reviews years of personal and unrelated records, later redaction cannot restore the status quo. A short hold creates no cognizable prejudice because each recipient can preserve responsive material while the Court decides scope. *See Sheindlin v. Brady*, No. 21-CV-1124 (LJL) (SDA), 2021 WL 2075483 (S.D.N.Y. May 24, 2021). Defendant therefore asks the Court to direct that no unserved subpoena be served and, to the extent any has been served, to direct Plaintiff to instruct each recipient in writing not to produce documents pending the conference and the Court's ruling, and to transmit this application and any order to each recipient. Any material already produced should be sequestered without review pending the ruling.

Defendant is available for a prompt conference and thanks the Court for its attention to this matter.

Respectfully Submitted,

By:  *Michael Cilento*

Michael D. Cilento, Esq.

3