**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUDREY BURNS,<br><br>                Plaintiff,<br>    v.<br>JAMES LIDESTRI,<br><br>           Defendant. | Case No. 1:25-cv-07474 |

**PLAINTIFF AUDREY BURNS'**
**NOTICE OF SUBPOENA TO WELLS FARGO BANK, N.A.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiff Audrey Burns by and through her attorneys, Veridian Legal P.C., intends to

serve Wells Fargo Bank, N.A., Subpoena Processing Chandler, P.O. Box 29728 S3928-020

Phoenix, AZ 85038 with a subpoena requesting the production of documents and electronically

stored information. A copy of the subpoena to be served is attached.

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
       Cali@VeridianLegal.Com
*Attorneys for Plaintiff Audrey Burns*

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

_(Name of person to whom this subpoena is directed)_

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**DOCUMENTS AND INFORMATION TO BE PRODUCED**

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control:

**I. DEFINITIONS**

For purposes of this Subpoena, the following definitions apply:

1.      "Lidestri" means James Lidestri, individually and any person acting on his behalf or at his direction.

2.      "BFC" or "BFC Enterprises" means BFC Enterprises, LLC, its principals, agents, managers, employees, and any entity operating under or affiliated with that name.

3.      "Wells Fargo," "You" or "Your" means Wells Fargo Bank, N.A., and any predecessor, successor, parent, subsidiary, affiliate, or division thereof, and all employees, officers, agents, and custodians of records acting on its behalf.

4.      "Accounts" means any and all deposit, checking, savings, money market, certificate of deposit, merchant, credit, debit, line-of-credit, loan, brokerage, or other financial account maintained at Wells Fargo (a) in the name of Lidestri; (b) in the name of BFC; (c) for which Lidestri was or is a signatory, authorized user, beneficial owner, or person with authority to transact; or (d) for which BFC was or is an account holder, signatory, or beneficial owner, at any time from January 1, 2009 through the present.

5.      "Plaintiff" or "Audrey Burns" means Audrey Burns, also known as "Kris Karson."

6.      "Document" has the broadest meaning permitted under Fed. R. Civ. P. 34(a) and includes all writings, records, and electronically stored information ("ESI") in any format, together with all metadata.

1

7.     "Communication" means any transmission of information in any form, including correspondence, e-mail, memoranda, telephone records, and notes.

8.     "Relating to," "concerning," or "reflecting" mean directly or indirectly referring to, constituting, evidencing, memorializing, or otherwise connected with the stated subject.

## II. INSTRUCTIONS

9.     **Time Period.** Unless otherwise specified, these requests cover the period from January 1, 2009 through the present.

10.    **Format of Production.** All electronically stored information shall be produced in native format with all metadata intact. Do not convert native electronic files to paper or static image format. For email, produce in .MSG or .EML format. For photographs and videos, produce with all EXIF metadata, including creation date, modification date, and any hash values or checksums associated with the file.  If not available in electronic format, stored information shall be produced as legible copies.  All metadata shall be preserved and produced.

11.    **Privilege.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, please provide a privilege log identifying each such document with sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted.

12.    **Continuing Obligation.** If, after production, you obtain or discover additional documents responsive to any request, you are required to produce such documents promptly.

13.    **Documents No Longer in Possession.** If any responsive document has been destroyed, deleted, lost, or is otherwise no longer in your possession, custody, or control, identify

2

the document with as much specificity as possible, state when and how it was destroyed or became unavailable, and identify the person responsible.

The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are attached.

## III. DOCUMENT REQUESTS

**REQUEST NO. 1:** Documents sufficient to identify each Account, including account number, account type, date opened, date closed (if applicable), current status, and the branch or office at which the Account was maintained.

**REQUEST NO. 2:** All account-opening Documents for each Account, including signature cards, account agreements, beneficial-ownership certifications, corporate or LLC resolutions, and all Documents identifying each signatory, authorized user, or person with authority to transact on the Account.

**REQUEST NO. 3:** All Documents identifying every person who was at any time a signatory on, authorized user of, or beneficial owner of each Account, and the dates on which each such person's authority began and ended.

**REQUEST NO. 4:** All monthly, periodic, and annual account statements for each Account.

**REQUEST NO. 5:** All Documents reflecting each transaction in each Account, including deposit slips, withdrawal slips, cancelled checks (front and back), check images, debit and credit memoranda, wire transfer records (incoming and outgoing), ACH records, and any ledger or transaction history.

**REQUEST NO. 6:** All Documents reflecting Western Union, wire, ACH, or other money-transfer transactions originating from, directed to, or processed through any Account.

**REQUEST NO. 7:** All Documents reflecting any payment from any Account to, or any deposit into any Account from, Audrey Burns (also known as "Kris Karson"), Wynona Burns, or any photographer, model, or vendor associated with BFC, TeenStarlet.com, or any related website.

3

**REQUEST NO. 8:** All merchant-account, credit-card-processing, and payment-processor Documents associated with any Account, including the identity of each payment processor and records of subscriber or membership revenue deposited into any Account.


**REQUEST NO. 9:** All loan, line-of-credit, and credit Documents associated with any Account, including applications, agreements, and Documents identifying collateral or guarantors.


**REQUEST NO. 10:** All Communications between Wells Fargo, on the one hand, and Lidestri or BFC, on the other, relating to any Account, including correspondence concerning the opening, closing, freezing, or investigation of any Account.


**REQUEST NO. 11:** All Documents reflecting any other account at Wells Fargo linked to, funded by, or transferring funds to or from any Account.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on July 20, 2026, I served PLAINTIFF AUDREY BURNS' NOTICE OF SUBPOENA TO Wells Fargo Bank, N.A. via electronic mail on all counsel listed below:

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Email: David@iLawco.com

Attorneys for Defendant/Counterclaimant James Lidestri

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*

2