**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AUDREY BURNS,<br><br>            Plaintiff,<br>      v.<br>JAMES LIDESTRI,<br><br>            Defendant. | Case No. 1:25-cv-07474 |

**PLAINTIFF AUDREY BURNS'**
**NOTICE OF SUBPOENA TO MORGANELLI GROUP LLC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiff Audrey Burns by and through her attorneys, Veridian Legal P.C., intends to

serve MORGANELLI GROUP LLC, Business Filings Incorporated 108 West 13th Street

Wilmington, DE 19801 with a subpoena requesting the production of documents and

electronically stored information. A copy of the subpoena to be served is attached.

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
         Cali@VeridianLegal.Com
*Attorneys for Plaintiff Audrey Burns*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control:

## I. DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1. "Lidestri" means James Lidestri, individually and in any capacity in which he acted.

2. "BFC" or "BFC Enterprises" means BFC Enterprises, LLC, its principals, agents, employees, and any entity operating under or affiliated with that name.

3. "You" or "Morganelli Group LLC" or "Morganelli Group" or "Your" means Morganelli Group LLC, its principles, agents, employees, and any entity operating under or affiliated with that name, including IP Arrow LLC.

4. "Websites" means TeenStarlet.com, SelectSets.com, Honey-Cream.com, KrisKarson.com, TeenStarletEuro.com, TeenStarletLatinas.com, and any other website owned, operated, or controlled by Lidestri or BFC that featured photographs or videos of female models, including but not limited to Kelsey-Monroe.com, GeenaMullins.com, BrookeandBrandi.com, BrandiBlair.com, AlexArabella.com, ShayAdams.com, AmandaVerona.com, MiaVesela.com, SofiNovak.com, AylaRoss.com, LucieLaska.com, DanniDawn.com, PetraPetacova.com, SheriBelle.com, MayaLayne.com, TeenKelsey.com, MelissaManzoni.com, ChastityVal.com, and CaliSkye.com.

5. "Plaintiff" or "Audrey Burns" means Audrey Burns, also known as "Kris Karson."

6. "Anti-Piracy Services" means any copyright enforcement, content removal, takedown, de-indexing, DMCA notice, or other intellectual property protection services performed by the Morganelli Group LLC for or on behalf of Lidestri, BFC, or any of the Websites.

1

7. "Communication" means any exchange of information, whether oral, written, or electronic, including but not limited to emails, text messages, instant messages, direct messages, telephone calls, letters, invoices, reports, and memoranda.

8. "Document" has the meaning set forth in Federal Rule of Civil Procedure 34(a) and includes all writings, drawings, graphs, charts, photographs, electronically stored information, audio and video recordings, and any other tangible thing from which information can be obtained, in any format.

9. "Content" means any photograph, video, image, thumbnail, screenshot, digital file, set name, and/or visual depiction of any kind.

10. "Relating to" or "concerning" means directly or indirectly referring to, constituting, evidencing, supporting, reflecting, memorializing, or otherwise connected with the subject matter.

## II. INSTRUCTIONS

11.    **Time Period.** Unless otherwise specified, these requests cover the period from January 1, 2009 through the present.

12.    **Format of Production.** All electronically stored information shall be produced in native format with all metadata intact. Do not convert native electronic files to paper or static image format. For email, produce in .MSG or .EML format. For photographs and videos, produce with all EXIF metadata, including creation date, modification date, and any hash values or checksums associated with the file.  If not available in electronic format, stored information shall be produced as legible copies.  All metadata shall be preserved and produced.

13.    **Privilege.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, please provide a privilege log identifying each such document with

2

sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted.

14. **Continuing Obligation.** If, after production, you obtain or discover additional documents responsive to any request, you are required to produce such documents promptly.

15. **Documents No Longer in Possession.** If any responsive document has been destroyed, deleted, lost, or is otherwise no longer in your possession, custody, or control, identify the document with as much specificity as possible, state when and how it was destroyed or became unavailable, and identify the person responsible.

The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are attached.

## III. DOCUMENT REQUESTS

**REQUEST NO. 1: Engagement and Contractual Documents**

All contracts, engagement letters, retainer agreements, statements of work, service agreements, invoices, billing records, payment records, and any other documents reflecting the terms, scope, and duration of the business relationship between Morganelli Group LLC and Lidestri, BFC, or any entity associated with the Websites, including all amendments, renewals, and termination notices.

**REQUEST NO. 2: Communications with Lidestri and BFC**

All Communications between Morganelli Group LLC and Lidestri, BFC, or any agent, employee, representative, or attorney acting on behalf of Lidestri or BFC, relating to the Websites, Anti-Piracy Services, Content hosted on or associated with the Websites, or any model whose Content appeared on the Websites, including but not limited to Audrey Burns (a/k/a "Kris Karson").

3

**REQUEST NO. 3: Communications Sent on Behalf of Lidestri and BFC**

All Communications sent by Morganelli Group LLC to any third party on behalf of Lidestri, BFC, or any of the Websites, including but not limited to DMCA takedown notices, cease-and-desist letters, copyright infringement notices, de-indexing requests, platform abuse reports, and any other correspondence asserting intellectual property rights or requesting the removal of Content.

**REQUEST NO. 4: DMCA Takedown Notices and Copyright Claims**

All DMCA takedown notices, counter-notifications, copyright infringement claims, and related correspondence submitted by Morganelli Group LLC on behalf of Lidestri, BFC, or any of the Websites to any internet service provider, hosting company, search engine, social media platform, content-sharing platform, or other entity, including all responses received from such entities.

**REQUEST NO. 5: Content Provided by Lidestri or BFC**

All Content, including photographs, videos, images, thumbnails, screenshots, digital files, and set names provided to Morganelli Group LLC by Lidestri, BFC, or any agent or representative of Lidestri or BFC in connection with Anti-Piracy Services, including any Content provided for the purpose of demonstrating copyright ownership, identifying infringing material, or supporting takedown requests.

**REQUEST NO. 6: Content Depicting Audrey Burns (a/k/a "Kris Karson")**

All Content in the possession, custody, or control of Morganelli Group LLC that depicts Audrey Burns (a/k/a "Kris Karson"), including any photographs, videos, thumbnails,

4

screenshots, or digital files, regardless of the purpose for which such Content was obtained or retained.

**REQUEST NO. 7: Records Identifying Copyright Ownership**

All documents reflecting, identifying, or asserting copyright ownership by Lidestri, BFC, or any entity associated with the Websites over any Content, including copyright registration certificates, declarations of ownership, chain-of-title documents, licensing agreements, model releases, and any documents submitted to third parties as proof of copyright ownership in connection with Anti-Piracy Services.

**REQUEST NO. 8: Records of Infringing URLs and Platforms**

All documents identifying the specific URLs, websites, platforms, forums, file-sharing services, or other online locations from which Morganelli Group LLC sought removal of Content on behalf of Lidestri, BFC, or any of the Websites, including any logs, databases, spreadsheets, or tracking systems maintained by Morganelli Group LLC reflecting the status and outcome of each takedown request.

**REQUEST NO. 9: Records Identifying Specific Content Targeted for Removal**

All documents identifying the specific Content (by title, set name, file name, model name, URL, or other identifier) that Morganelli Group LLC sought to have removed, de-indexed, or otherwise taken down on behalf of Lidestri, BFC, or any of the Websites, including any inventories, catalogs, or lists of Content provided by Lidestri or BFC for anti-piracy purposes.

**REQUEST NO. 10: Reports and Summaries**

All reports, summaries, status updates, dashboards, analytics, and any other documents prepared by Morganelli Group LLC for Lidestri, BFC, or any agent of Lidestri or BFC reflecting

the results, progress, or scope of Anti-Piracy Services, including the number and type of takedown requests submitted, the platforms targeted, the Content at issue, and the outcomes achieved.

**REQUEST NO. 11: Records Reflecting the Scope of the Websites' Content Library**

All documents reflecting the scope, volume, or catalog of Content hosted on or associated with any of the Websites, including any content inventories, site maps, content databases, or similar records provided to Morganelli Group LLC by Lidestri, BFC, or any agent of Lidestri or BFC.

**REQUEST NO. 12: Records Reflecting Revenue or Subscriber Information**

All documents in the possession, custody, or control of Morganelli Group LLC reflecting revenue, subscriber counts, membership data, or financial information relating to any of the Websites, to the extent such documents were provided to or generated by The Morganelli Group LLC in connection with Anti-Piracy Services.

**REQUEST NO. 13: Records Relating to the Shutdown of the Websites**

All Communications and documents relating to the shutdown, closure, or discontinuation of any of the Websites, including any instructions from Lidestri or BFC to cease Anti-Piracy Services, any final reports or summaries, and any documents reflecting the disposition of Content or records following the shutdown.

**REQUEST NO. 14: Records Reflecting the Age of Models in Content**

All documents in the possession, custody, or control of Morganelli Group LLC reflecting, referencing, or relating to the age of any model depicted in Content associated with the Websites,

6

including any age-verification records, 18 U.S.C. Section 2257 records, identification

documents, or Communications discussing the age of any model.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on July 20, 2026, I served PLAINTIFF AUDREY BURNS' NOTICE OF SUBPOENA TO MORGANELLI GROUP LLC via electronic mail on all counsel listed below:

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Email: David@iLawco.com

Attorneys for Defendant/Counterclaimant James Lidestri

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*

2