UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS,<br><br>           Plaintiff,<br>     v.<br>JAMES LIDESTRI,<br><br>           Defendant. | Case No. 1:25-cv-07474 |

**PLAINTIFF AUDREY BURNS'
NOTICE OF SUBPOENA TO AKAMAI TECHNOLOGIES, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiff Audrey Burns by and through her attorneys, Veridian Legal P.C., intends to

serve Akamai Technologies, Inc., c/o C T Corporation System 28 Liberty Street New York, NY

10005, with a subpoena requesting the production of documents and electronically stored

information. A copy of the subpoena to be served is attached.

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
            Cali@VeridianLegal.Com
*Attorneys for Plaintiff Audrey Burns*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| AUDREY BURNS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 7:25-cv-07474-KMK-JCM |
| JAMES LIDESTRI | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:
Akamai Technologies
c/o C T Corporation System
28 Liberty Street New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached DOCUMENTS AND INFORMATION TO BE PRODUCED

| Place: Veridian Legal P.C., 23 West 73rd Street, Suite 102 New York, New York 10023 Email: daniel@veridianlegal.com | Date and Time: 14 days of receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ July 20, 2026

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Audrey Burns
_____, who issues or requests this subpoena, are:

Daniel Szalkiewicz, Veridian Legal, 23 W. 73rd St, Suite 102, New York, NY 10023, daniel@veridianlegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control relating to the domain names, websites, and accounts identified in Schedule A, attached hereto and incorporated herein by reference:

1. **Account and Customer Information:** All records identifying the customer, account holder, administrative contact, technical contact, and billing contact for each domain name, website, or service account associated with the domain names listed in Schedule A, including but not limited to: full legal name, all aliases or usernames, mailing address, email address, telephone number, and any other identifying information provided at the time the account or service was established or subsequently updated.

2. **Service Records:** All records relating to the provisioning, activation, modification, suspension, cancellation, or termination of any content delivery network (CDN), web hosting, cloud, edge computing, security, DNS, or other service provided by you in connection with each domain name or website listed in Schedule A, including the date each service was activated, the identity of the account under which it was provisioned, and the date and reason for any cancellation, suspension, or termination.

3. **Origin Server and Origin IP Records:** All records identifying the origin server(s), origin IP address(es), and any upstream or backend hosting infrastructure to which your network directed, cached, proxied, or forwarded traffic for each domain name or website listed in Schedule A, including the identity of any third-party hosting provider or data center, and the dates during which each origin configuration was active. This request is

1

intended to identify the true origin host and IP address behind your edge or CDN network for each such domain or website.

4. **Billing and Payment Records:** All billing records, invoices, payment records, credit card or payment method information (last four digits and type of card or payment method), and transaction histories associated with the account(s) used to provision, maintain, or pay for any service associated with each domain name or website listed in Schedule A.

5. **Hosting and Configuration Records:** All records identifying the hosting, CDN, and edge configurations associated with each domain name or website listed in Schedule A, including assigned edge server IP addresses, edge hostnames (e.g., edgekey.net, edgesuite.net, or akamaiedge.net hostnames), CNAME mappings, name servers, digital properties or configurations, and the dates during which each configuration was active.

6. **DNS Records:** All historical DNS records for each domain name or website listed in Schedule A that you managed, resolved, or hosted, including A records, AAAA records, CNAME records, MX records, and name server assignments, together with the dates each such record was in effect.

7. **Traffic and Usage Logs:** All access logs, request logs, edge logs, and traffic or bandwidth usage records for each domain name or website listed in Schedule A, including the source IP addresses of requests to the extent retained, the dates and times of activity, and the volume of traffic served.

8. **Account Activity and Access Logs:** All login records, IP address logs, and account access logs for the account(s) associated with the domain names or websites listed in

2

Schedule A, including the dates, times, and IP addresses of all logins and configuration or account modifications, and the identity of the user or credential used.

9. **Communications:** All communications between Akamai Technologies, Inc. (or any affiliate or subsidiary) and the customer or account holder associated with any domain name or website listed in Schedule A relating to the provisioning, modification, suspension, or termination of services, or to any complaint, dispute, abuse report, or legal process concerning any such domain name or website.

10. **Linked Accounts:** Identification of all other domain names, websites, digital properties, or service accounts provisioned or maintained under the same account, customer, username, email address, payment method, or IP address as any domain name or website listed in Schedule A.

11. **Content and Data Preservation:** All records reflecting any preservation requests, litigation hold notices, law enforcement requests, subpoenas, or other legal process previously served on Akamai Technologies, Inc. relating to any domain name or website listed in Schedule A or the account holder thereof.

12. **Takedown and Abuse Records:** All records of any abuse complaints, DMCA takedown notices, terms-of-service or acceptable-use-policy violations, or content removal requests relating to any domain name or website listed in Schedule A, including the date of each complaint, the identity of the complainant (if known), the nature of the complaint, and any action taken by Akamai Technologies, Inc. in response.

3

## SCHEDULE A: SUBJECT DOMAIN NAMES

The following domain names and their associated websites are the subject of this

subpoena:

1. TeenStarlet.com
2. SelectSets.com
3. Honey-Cream.com
4. KrisKarson.com
5. TeenStarletEuro.com
6. TeenStarletLatinas.com
7. Kelsey-Monroe.com
8. GeenaMullins.com
9. BrookeandBrandi.com
10. BrandiBlair.com
11. AlexArabella.com
12. ShayAdams.com
13. AmandaVerona.com
14. MiaVesela.com
15. SofiNovak.com
16. AylaRoss.com
17. LucieLaska.com
18. DanniDawn.com
19. PetraPetacova.com
20. SheriBelle.com
21. MayaLayne.com
22. TeenKelsey.com
23. MelissaManzoni.com
24. ChastityVal.com
25. CaliSkye.com
26. Teenstarletgallery.com

and any other domain name(s) or website(s) provisioned or maintained under the same

account, customer, username, email address, or payment method as any of the foregoing.

## INSTRUCTIONS

A. **Time Period.** Unless otherwise specified, the time period covered by this subpoena is

from January 1, 2009 to the present.

B. **Format of Production.** Documents shall be produced in their native electronic format or, if not available in electronic format, as legible copies. All metadata shall be preserved and produced.

C. **Privilege Log.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, please provide a privilege log identifying each such document with sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted.

D. **Continuing Obligation.** If, after producing documents in response to this subpoena, you become aware of additional responsive documents, you are requested to produce such documents promptly.

E. **Definitions.** As used herein, "records" and "documents" include all writings, communications, electronically stored information, data, files, logs, databases, and any other tangible or intangible thing containing information, in whatever form or medium. The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are attached.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on July 20, 2026, I served PLAINTIFF AUDREY BURNS' NOTICE OF SUBPOENA TO Akamai Technologies, Inc. via electronic mail on all counsel listed below:

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Email: David@iLawco.com

Attorneys for Defendant/Counterclaimant James Lidestri

Dated: July 20, 2026

By: */s/ Daniel S. Szalkiewicz*

2