# VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

July 31, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, New York 10601-4150

> **Re:** *Burns v. Lidestri*, **No. 25-cv-07474-KMK-JCM**
> **Plaintiff's Response to Defendant's July 28, 2026 Status Letter (Dkt. 45)**

Dear Judge McCarthy:

We represent Plaintiff and respectfully submit this response pursuant to the Court's July 28, 2026 endorsement directing Plaintiff to respond to Defendant's status letter. (Dkt. 45). Plaintiff respectfully submits that it has complied with the Court's July 20, 2026 Order by meeting and conferring in good faith regarding both the image-production protocol and Defendant's additional discovery concerns. Although the parties remain at an impasse on certain legal issues, today's conference substantially narrowed and clarified those issues for the Court.

## I.     The Parties Have Conferred.

Following the Court's July 20 Order, Defendant's counsel sent correspondence on July 22, 2026 addressing Plaintiff's recently served third-party subpoenas and proposing that those issues be discussed together with the remaining discovery matters. Before any telephonic meet-and-confer occurred, Defendant filed a letter motion on July 24, 2026 and thereafter submitted the July 28, 2026 status letter asserting that Plaintiff had failed to participate in the Court-ordered conferral. Today, July 31, 2026, the undersigned conferred with Defendant's counsel, Michael Cilento, Esq., regarding both the image-production protocol and subpoena issues.

## II.     Production Protocol for the Images.

During today's conference, Plaintiff explained that each of the images at issue was downloaded from the source links previously provided to Defendant on May 14, 2026. (Exhibit 1). Those links have been in Defendant's possession for more than two months. Pursuant to the Court's July 9, 2026 direction (Dkt. 37), Plaintiff downloaded the responsive images, Bates stamped them and prepared an identification list corresponding to those images.

After receiving Defendant's July 17, 2026, correspondence to the Court (Dkt. 39), raising an objection to the format of the identification list, Plaintiff promptly revised the list and served the amended version upon Defendant. Exhibit 2.

Plaintiff continues to maintain that a multitude of the images identified on its production list constitute child sexual abuse material ("CSAM"). Because Plaintiff believes federal law prohibits the dissemination of such material to counsel or private experts, Plaintiff has proposed that those images be deposited with the Court, or another Court-designated custodian, so that Defendant may inspect them in a lawful manner as directed by the Court. At the same time,

Veridian Legal P.C.

Plaintiff agreed during today's conference to produce directly to Defendant those responsive images that Plaintiff has not identified as CSAM from the list contained within Exhibit 2.

### III.     Defendant's Newly Asserted Position Regarding the Images.

During today's conference, Defendant asserted that certain images allegedly depict Plaintiff after she reached the age of eighteen. Defendant has not identified any specific image that he contends depicts Plaintiff as an adult, nor has Defendant identified Plaintiff's age in response to Plaintiff's Requests for Admission. Plaintiff's production list was therefore prepared based upon Plaintiff's good-faith identification of images depicting her as a minor.  Defendant continues to deny knowledge of whether he took certain photographs, whether certain photographs were taken at his longtime family home, and whether the photographs appeared on any of his websites yet is apparently wishes Plaintiff's counsel to produce what we believe to be CSAM based on his representation that Plaintiff was eighteen at the time they were taken.  For the first time, Defendant's counsel claimed that Plaintiff was photographed by Defendant at his home after she turned eighteen.

Accordingly, while Defendant disputes Plaintiff's characterization of certain images, the parties' disagreement is ultimately a legal dispute concerning the proper handling of those materials and does not alter Plaintiff's position that the identified images should not be disseminated outside a Court-approved protocol.

### IV.     The Subpoenas.

The parties also conferred regarding Defendant's objections to Plaintiff's third-party subpoenas. Although agreement was not reached regarding the temporal scope of the subpoenas or Defendant's proposed limitations, the parties exchanged their respective legal positions and narrowed the issues requiring judicial resolution. Consistent with the Court's July 24 Order (Dkt. 43), Plaintiff will set forth its substantive position in the joint submission regarding the subpoena issues.

### V.     Conclusion.

Plaintiff respectfully submits that the parties have now complied with the Court's directive to meet and confer in good faith. While certain legal disputes remain, those issues have been clearly identified, and Plaintiff remains available to continue conferring in an effort to further narrow the issues before seeking the Court's intervention.

We thank the Court for its consideration.

Respectfully submitted,
*/s/Daniel Szalkiewicz*
Veridian Legal P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
daniel@veridianlegal.com
*Attorney for Plaintiff Audrey Burns*

cc: David D. Lin, Esq., Lewis & Lin LLC (via ECF)

Veridian Legal P.C.