UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS<br><br>                Plaintiff / Counterclaim-Defendant,<br><br>       vs.<br><br>JAMES LIDESTRI,<br><br>                Defendant / Counterclaimant. | Case No. 7:25-cv-07474-KMK-JCM<br><br>**JOINT LETTER PURSUANT TO ECF N0. 40 ORDER** |

Dear Judge McCarthy:

The parties hereby submit this joint letter pursuant to the Court's July 20, 2026 Order (ECF No. 40).

**<u>Defendant's Position</u>**

On July 20, 2026 this Court issued an Order denying Plaintiff's letter motion for a discovery protocol and directed the parties to meet and confer regarding same and submit two joint submissions, (1) a joint stipulation setting forth the proposed custody protocol, and (2) a joint letter setting forth any issues that remain regarding the additional concerns raised by Defendant in response to Plaintiff's compliance with paragraph 7 of the Court's July 9, 2026, Order, which directed Plaintiff to provide "a list identifying each image that she seeks statutory damages for, as requested in Interrogatories 9 and 13."

Despite multiple attempts to comply with that July 20 Order, Plaintiff has failed to meaningfully confer and failed to work toward compliance. Plaintiff has not provided any proposed stipulated protocol nor has Plaintiff rectified the additional concerns Defendant raised regarding the list Plaintiff provided.

While Defendant does not believe that any image in this case constitutes Child Sexual Abuse Material ("CSAM"), Defendant is willing to agree to a stipulated protocol to the extent it

affords counsel and retained experts a meaningful, read-only review of the native files, associated metadata, and hash information. [1]

As to the additional concerns with Plaintiff's identification list, those concerns remain outstanding. In short, two of the critical questions in this case are whether certain images depict Plaintiff before July 1, 2014 – her eighteenth birthday – and whether they trace to publication by Defendant at all. Those questions are what Interrogatories 9 and 13 are directed to and what Paragraph 7 ordered Plaintiff to identify, and they are why Defendant needs the identification detail described below: without titles, dates, sources, and custodians, neither the parties, nor any expert, nor the Court can test either question for any of the 4,502 images in Plaintiff's collection. Plaintiff's two lists supply none of that information.

Plaintiff's July 16 list assigned 4,502 Bates numbers to two statutory citations that do not exist (18 U.S.C. § 2256(2)(C), (E)). Her July 17 list – served only after Defendant identified the defect – corrected the column labels and changed nothing else: the same 4,502 rows, designated 60 "actual or simulated masturbation," 2,049 "lascivious exhibition," and 2,449 "N/A."

---

[1] A correction of the record in this regard is necessary: Plaintiff's July 31 letter describes Defendant's position – that certain content post-dates Plaintiff's eighteenth birthday – as "newly asserted." (ECF No. 46 at 2.) It is not; it is as old as the case. Defendant's first responsive pleading denied "that any sexually explicit content was shot for Plaintiff or any other model under the age of 18" (Answer & Countercl., ECF No. 14, Answer ¶ 154), alleged that Defendant's nude photography was of adult models (*id.*, Countercl. ¶ 20) and pleaded the written protocol under which minor models were photographed: a contract signed in advance by the model and her parent or guardian; a parent or guardian present at every shoot – "a strict rule that Defendant always followed" (*id.,* Answer ¶ 59); poses and attire approved by the guardian before the shoot; and adherence to "[a]ll laws regarding the photography of a minor" (*id.*, Countercl. ¶ 28). Defendant restated the position in verified responses to Plaintiff's own Requests for Admission, served May 11, 2026. In response to Plaintiff's request concerning topless or nude content, Defendant stated that "any such content would have been created and/or posted only after Plaintiff turned eighteen years old" (Resp. No. 495). In response to Plaintiff's request that Defendant admit he photographed Plaintiff at his home knowing she was under eighteen, Defendant admitted that as to the April 2013 shoot while expressly denying "the Request to the extent it implies that all photographs or videos of Plaintiff taken at Defendant's home were taken while Plaintiff was under eighteen" (Resp. No. 500). In response to Plaintiff's request that Defendant admit uploads occurred while Plaintiff was under eighteen, Defendant denied "the Request to the extent it implies that all photographs and/or videos of Plaintiff uploaded to the Teen Starlet Websites were uploaded while Plaintiff was under the age of eighteen" (Resp. No. 501). And responding to Plaintiff's request that Defendant admit the materials she served depict Plaintiff under eighteen, Defendant stated that "certain materials appear to depict Plaintiff after she turned eighteen" (Resp. No. 616). What remains true – then and now – is that Plaintiff has never tied any particular image to a date, an age, a photographer, or any website of Defendant. Her court-ordered source list is 97% third-party repost and file-sharing sites, from which her counsel states he himself downloaded and compiled the collection. (ECF No. 46 at 1 & Ex. 1.)

Plaintiff's below portion now confirms that the 2,449 "N/A" images are not claimed for statutory damages, thereby narrowing the claimed image universe to 2,053 category-marked rows. That clarification resolves one ambiguity, but neither list identifies a single video, supplies the remaining Interrogatory 9 fields, or states the per-item amount and aggregate computation requested by Interrogatory 13. Plaintiff's returned portion also confirms that Mr. Szalkiewicz personally downloaded the files placed on the flash drives from the May 14 source links. That identifies the collector, but the May 14 document remains an undifferentiated URL list: it does not connect a URL to a Bates item or show when and how the source material became the present exhibit.

Defendant does not agree that collection metadata is irrelevant. It is Plaintiff who has declared her own copies' metadata "completely irrelevant" to proving when an image was created or who published it. If that is so, her files cannot answer those questions themselves – which makes meaningful written identification more important, not less. At minimum, the URL-to-Bates crosswalk, acquisition date, native filename and hash, and any transformations are necessary to identify and authenticate the particular copies Plaintiff intends to use. Furthermore, the set titles are not "arbitrary": Plaintiff's own FAC identifies 82 sets and alleges that they were "uploaded while she was a minor." (FAC ¶ 154.) If Plaintiff cannot connect her downloaded images to the sets her own pleading names, that is not a reason to excuse identification – it confirms why the identification is necessary.

Defendant therefore requests that Plaintiff be directed to serve, within seven days, a corrected identification schedule stating, for each image and video for which she seeks statutory damages:

**(1)** the title, set name, or description, including by reference to the 82 sets named in FAC ¶ 154;

**(2)** the platform or location where the item is stored and its current custodian, with contact information (Interrogatory 9(c)–(d));

**(3)** the website or platform of first publication and the date of first publication, to the extent known;

**(4)** the source from which Plaintiff obtained her copy – the URL from which the item was downloaded, the date of the download, the person who performed it, the device or system used, any alterations made to the item, and the steps taken to preserve the item's metadata.

Without this information, neither the parties, nor any expert, nor the Court can test whether any given image depicts Plaintiff before July 1, 2014, or traces to publication by Defendant at all.

The same per-item fields – source URL, download date, downloader, device, and hash value – should be carried into the parties' custody protocol as a chain-of-custody manifest accompanying the deposited materials, which is standard practice for any forensic collection.

Plaintiff's reliance on *Haroun v. ThoughtWorks, Inc.,* 2020 WL 6828490, at *1–2 (S.D.N.Y. Oct. 7, 2020), conflates collateral inquiry into a producing party's overall ESI search process with the foundation for evidence a party intends to use. The downloaded copies are not counsel's file materials about the case – they are the case: the very items for which Plaintiff seeks statutory damages, and which Defendant has still never been permitted to inspect under an agreed protocol. Plaintiff admits relying on third-party reposts, and the URLs are not mapped to any forensic Bates item. Although the public URLs may be equally available, only Plaintiff's team knows which download became which Bates item and what changes occurred before production; an independent re-download would not identify the evidence Plaintiff selected or establish that it is identical. Defendant seeks that objective crosswalk and collection history – not counsel's mental impressions, search strategy, credentials, or forensic access to counsel's equipment. Plaintiff's own portion supplies the "adequate factual basis" her cited authority requires: she concedes that the original devices are gone, that she is "reliant on third party reposting of the original content for this case," and that the metadata of her copies is "completely irrelevant to proving date of creation, original date of posting, or the identity of the photographer or poster." If Plaintiff's own copies cannot establish when an image was created, who took it, or who published it, then identification tied to set titles, dates, and sources is the only means by which any party, expert, or the Court can even begin to connect any image to this case – and Plaintiff's assertion that "the age of the person depicted is apparent from the images" is no substitute for the identification the Court ordered.

A deposition is not a practical substitute. Local Civil Rule 33.3(a) expressly permits interrogatories concerning damages computations and the existence, custodian, location, and general description of relevant documents and physical evidence; paragraph (b) permits other interrogatories when they are more practical than production or deposition. Questioning a witness file by file about 4,502 images would consume extraordinary deposition time, would still not create the source-to-Bates chart the parties, experts, and Court need, and could not even begin, because Defendant has never been shown the images. Finally, Interrogatories 9 and 13 were served months ago, and the Court has twice directed this identification (Dkt. 37 ¶ 7; Dkt. 40); Local Rule 33.3 is not a vehicle for relitigating those orders. The identification must precede any deposition about the collection, not replace it.

**Plaintiff's Position**

Defendant manufactured, produced, stored, or published each of the photographs/videos that are the subject of this litigation.  Because of an alleged robbery in 2019, Defendant claims he no longer possesses any original files and Plaintiff has been tasked with recreating Defendant's volumes of CSAM that he sold and disseminated over the internet for more than eight years.

While Defendant could have undergone the same steps Plaintiff has to gather the images and videos he distributed of Plaintiff online he has not and left the task solely up to Plaintiff and her counsel.

The July 9, 2026 Order was very simple and Plaintiff has fully complied with its terms. Paragraph 7 of the July 9, 2026 Order directed Plaintiff to provide "a list identifying each image that she seeks statutory damages for, as requested in Interrogatories 9 and 13."  Plaintiff served that list, identifying whether the image depicted actual simulated masturbation or lascivious exhibition (both of which are eligible for statutory damages under the law) or "N/A" which of

course would not be eligible for statutory damages.  See DE 38-1 and 46-2.  What Defendant now seeks is not compliance with Paragraph 7 but a wholly new, item-by-item forensic schedule – demanding, for each of thousands of images, the source URL, the date of download, the identity of the person who downloaded it, the device used, and metadata-preservation steps, together with each item's original website and date of first publication.  None of that is relevant to any claim or defense, none of it is proportional, and the authorship-and-dating questions Defendant says he wants answered are quintessential deposition subjects.  Defendant's request should be denied.  However, Plaintiff has already informed Mr. Cilento that the images and videos that were downloaded and now contained on the flash drives were downloaded by Mr. Szalkiewicz from the URLs previously provided to Defendant's counsel.

## I.    Plaintiff has provided the identification Paragraph 7 required.

Plaintiff's list identifies each image for which she seeks statutory damages and designates each item by the category of sexually explicit conduct it depicts.  Plaintiff seeks statutory damages under 18 U.S.C. § 2255 only for those images depicting actual or simulated masturbation, as defined in 18 U.S.C. § 2256(2)(A)(iii), and lascivious exhibition of the anus, genitals, or pubic area, as defined in 18 U.S.C. § 2256(2)(A)(v).  To the extent an earlier iteration of the list referred to Section 2256(2)(C) and (E), Plaintiff has clarified and the substance of the designations is unchanged.  Images designated "N/A" are not claimed for statutory damages.  Plaintiff further confirmed that she seeks statutory damages for the corresponding videos and will identify those videos by set title in her Request for Admission.  That is the identification Paragraph 7 called for, and Plaintiff has provided it.

## II.    The additional categories are irrelevant to date of creation or creator.

Defendant frames his demand around whether each image depicts Plaintiff before July 1, 2014, and whether each traces to publication by Defendant.  Neither question turns on the source URL, download date, downloader, device, or metadata of a reposted copy.  This is not a typical forensic production in that the devices on which the content was captured and stored have been destroyed.  Plaintiff is therefore reliant on third party reposting of the original content for this case.  Unfortunately, that makes the metadata completely irrelevant to proving date of creation, original date of posting, or the identity of the photographer or poster.  Plaintiff does not contend otherwise as to the reposted copies.  That concession is precisely why Defendant's demand fails: the upload date and source of a third-party repost say nothing about when the underlying image was created, how old Plaintiff was when it was taken, or who originally produced and published it.  Defendant's liability under Section 2255 turns on his original production and publication of visual depictions of a minor - not on when some later third party reposted a copy.

Plaintiff maintains that every image was captured while she was a minor; the age of the person depicted is apparent from the images and the record, and no EXIF timestamp on a reposted file could establish otherwise.

### III.    How Plaintiff's counsel collected the reposted copies is not relevant to any claim or defense.

The source URL, download date, downloader identity, device, and preservation steps concern only how Plaintiff's litigation team gathered evidence.  That is "discovery on discovery," which is not relevant to the elements of any claim or defense and is disfavored absent a specific, threshold showing that Defendant has not made. See *Haroun v ThoughtWorks, Inc.*, 2020 US Dist LEXIS 186182, at *2 [SDNY Oct. 7, 2020, No. 20-cv-0100 (LJL)] ("when the discovery sought is collateral to the relevant issues (i.e. discovery on discovery'), the party seeking the

discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad inifinitum*.'…" "Ordinarily and traditionally, counsel is not required 'to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request'"). However, once again, pursuant to this Court's Order, on May 15, 2026, almost two months ago, Defendant's counsel was provided with an extensive list of the active URLs that contain each of the images and videos that were downloaded by counsel. DE 46-1.

### IV.    The information is equally available to Defendant, and the demand is disproportionate.

As the original producer and publisher, Defendant is at least as well positioned as Plaintiff - indeed, better positioned - to know when and where each set was created and first published. The Court "must limit" discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Frasers Group PLC v Stanley*, 95 F.4th 54, 60 [2d Cir 2024]. Requiring Plaintiff to build a per-item forensic schedule across thousands of images is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As the party seeking to compel, Defendant bears the burden of establishing both relevance and proportionality, and he has not carried it. See *Offor v Mercy Med. Ctr.*, 2023 U.S. App. LEXIS 6687, at *11 [2d Cir Mar. 21, 2023, No. 21-2115-cv]) ("the district court must determine whether the moving party has established the relevance of the information sought and its proportionality in relation to the needs of the case").

### V.    The proper vehicle for Defendant's questions is a deposition.

If Defendant wishes to probe Plaintiff's memory as to who photographed each image, when it was taken, and where it was first published, this District's rules route that inquiry to depositions and document requests, not to a compelled written itemization.  Local Civil Rule 33.3 "establish[es] a policy that most discovery should be conducted through depositions and document requests," and interrogatory-style demands are permitted only where they "are a more practical method of obtaining the information sought than a request for production or a deposition." *Blue Cross & Blue Shield Assoc. Nat'l Emp. Benefits Comm. v Allianz Global Invs.*, 2021 US Dist LEXIS 241178, at *3 [SDNY Dec. 16, 2021, No. 20-cv-7606 (KPF)]. A demand that Plaintiff catalog authorship, capture dates, and publication history for each of thousands of images is not more practical than a deposition; it is the paradigm of an inquiry better suited to examination.  Plaintiff will appear for her deposition and can be questioned on these subjects. For similar reasons, the per-item "chain-of-custody manifest" regarding images/videos publicly available online is unnecessary and disproportionate as to third-party repostings, and any appropriate handling terms are addressed in the accompanying stipulation.

## VI.    Plaintiff's Additional Responses

**August 3, 2026**

1.    Defendant's additional argument does not alter the analysis. Defendant contends that because the metadata of a third-party reposted copy cannot establish when an image was created, who photographed it, or who first published it, an item-by-item schedule of titles, dates, and sources is the only way to connect any image to this case. The argument is self-defeating: the source URL, download date, downloader, device, and preservation steps Defendant demands are, by that same reasoning, incapable of answering the authorship, age, and publication questions Defendant says he wants

answered, and information that cannot answer the question it is offered to answer is not proportional to any need in the case. Fed. R. Civ. P. 26(b)(1). Those fields concern only how Plaintiff's litigation team gathered evidence, which is "discovery on discovery" disfavored absent a threshold showing Defendant has not made.  There are many ways to connect images to this case, including party testimony, witness testimony, flight records, and the images themselves.  There is no reason to force the production of what all parties agree would be irrelevant metadata, nor should Plaintiff be forced to create thousands of new documents which link images to arbitrary set names which Defendant will only deny matching the sets he hosted on his websites. Defendant's attempt to confine *Haroun* to a producing party's ESI-search process ignores that his demand – URL, download date, downloader, device, and preservation steps – is precisely a request that opposing counsel disclose the manner of collection, and he identifies no gap, deletion, or reason to doubt the collection's completeness.

2.    A deposition is not an impractical substitute.  Authorship, capture dates, and publication history are quintessential examination subjects, and this District routes such inquiries to depositions and document requests rather than a compelled written itemization; a demand that Plaintiff catalog those facts for thousands of images is not "a more practical method of obtaining the information sought than a request for production or a deposition." Local Civ. R. 33.3(b). Plaintiff will appear for deposition and can be questioned on these subjects.

3.    Plaintiff asserts that each and every relevant video depicts CSAM.  Plaintiff has previously produced screenshots of each video in the RFA.  Plaintiff will produce the

relevant videos along with the relevant images pursuant to a Court order regarding same.

**August 4, 2026**

Plaintiff declines to provide a substantive response to Defendant's most recent additions to avoid further delaying the already untimely filing.  Plaintiff notes that the collection of CSAM and non-CSAM images collected and awaiting a protocol include one Bates stamped PDF of all the images as well as the downloaded JPEG files, as saved from the URLs, which contain metadata.

## VII.    Conclusion

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request to compel a corrected identification schedule beyond the identification Plaintiff has already provided – with the exception of Plaintiff's videos – and confirm that the authorship, dating, and sourcing questions Defendant raises are properly addressed at deposition.

Respectfully submitted,

| **LEWIS & LIN LLC** | **VERIDIAN LEGAL P.C.** |
|---|---|
| By: */s/ Michael D. Cilento* | By: */s/ Cali P. Madia* |
| Michael D. Cilento, Esq. | Cali P. Madia, Esq. |
| David D. Lin, Esq. | Daniel S. Szalkiewicz, Esq. |
| 77 Sands Street, 6th Floor | 23 West 73rd Street, Suite 102 |
| Brooklyn, New York 11201 | New York, New York 10023 |
| Telephone: (718) 243-9325 | Telephone: (212) 706-1007 |
| Michael@iLawco.com | daniel@veridianlegal.com |
| David@iLawco.com | cali@veridianlegal.com |
| Attorneys for Defendant/Counterclaimant | Attorneys for Plaintiff/Counterclaim-Defendant |