VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

August 21, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *Burns v. Lidestri*, No. 25-cv-07474-KMK**
**Plaintiff's Letter-Motion for Entry of Order Regarding Google LLC's Production of Plaintiff's Records and Communications**

Dear Judge McCarthy:

Veridian Legal P.C. represents Plaintiff Audrey Burns in the above-referenced matter. Plaintiff writes jointly with nonparty Google LLC ("Google"), pursuant to the Court's individual practices and the local rules governing letter-motions, to request that the Court so-order and enter the enclosed Proposed Order Regarding Google LLC's Production of Records and Communications (the "Proposed Order"). The Proposed Order authorizes Google to produce to Plaintiff's counsel the contents of Plaintiff's own Google account, missaudrey96@gmail.com (the "Google Account").

**Background and the Need for an Order.** The Stored Communications Act generally prohibits a provider such as Google from disclosing the contents of a user's communications absent a statutory exception. 18 U.S.C. § 2702(a). The exception relevant here permits disclosure with the "lawful consent of the originator or an addressee or intended recipient of such communication." *Id.* § 2702(b)(3). That consent must be express; it cannot rest on "constructive consent, consent implied in law, or consent otherwise imputed to [the user]." *(Negro v Superior Ct., 230 Cal App 4th 879, 881, 179 Cal Rptr 3d 215, 217 [2014]).* New York courts applying the same exception have likewise recognized that it is the account holder's own consent that renders an otherwise-prohibited provider disclosure lawful. (*Romano v Steelcase Inc.*, 30 Misc 3d 426, 427 [Sup Ct, Suffolk County 2010]) (recognizing that the Stored Communications Act bars a provider from disclosing account contents "without the consent of the owner of the account," and directing the account holder to execute a consent and authorization permitting disclosure).

Google's ordinary process for establishing that consent is to have the individual log into the account at issue and send an email to Google directly from that account expressly providing consent. That process authenticates the user and supplies the consent at the same time, and Google relies on it because it does not verify the information used to sign up for accounts. (Proposed Order ¶ 3). Plaintiff cannot use that process here, because she is unable to access the Google Account. An order making the necessary findings is therefore the only avenue by which Plaintiff can obtain the contents of her own account.

**Plaintiff's Representations to Google.** The Proposed Order reflects the following representations and supporting materials that Plaintiff has provided to Google:

First, Plaintiff has been unable to show, using Google's regular process, that she is the registered account holder and sole authorized user of the Google Account. (Proposed Order ¶ 4).

Second, Plaintiff attempted to recover the Google Account using Google's published account recovery methods and was unable to recover it. (*Id.* ¶ 5).

Third, Google provided Plaintiff with the non-content basic subscriber information ("BSI") for the Google Account. More specifically, Plaintiff confirmed that the recovery email address listed in the BSI belongs to her, and that the name and date of birth listed in the BSI are hers, as evidenced by a copy of her passport provided to Google. (*Id.* ¶ 6).

Fourth, Plaintiff confirmed that the BSI lists the creation IP address of the Google Account as 173.243.248.103, an IP address that also appears in the records Plaintiff received from Meta Platforms, Inc. for her Facebook account (*Id.* ¶ 7.)

Fifth, Plaintiff consents to Google delivering and divulging to her counsel the contents of all incoming and outgoing communications stored in the Google Account since the account was created (the "Documents"). (*Id.* ¶ 9).

Based on those representations, the Proposed Order asks the Court to find that Plaintiff is the registered account holder and sole authorized user of the Google Account (*id.* ¶ 8), and that her consent is sufficient to satisfy the exception for disclosure under 18 U.S.C. § 2702(b)(3) (*id.* ¶ 9). Those findings supply the express, account-holder consent the statute requires and that *Negro* holds cannot be imputed. Indeed, the statute's text reaches Plaintiff directly: § 2702(b)(3) authorizes disclosure with the consent of "an addressee or intended recipient of such communication," and Plaintiff is the addressee and intended recipient of the communications stored in her own account.

**Protections Built Into the Proposed Order.** The relief is narrow and preserves the interests of Google and of any person who may claim an interest in the Google Account. Within seven business days of entry of the Order, Google will send a notice of the Order to the Google Account explaining its intent to produce the Documents if no motion to quash is filed within five business days of the date of the notice; only if no filed copy of a motion to quash is received within that period will Google disclose the Documents to Plaintiff's counsel, electronically and through a secure file transfer. (Proposed Order ¶ 10). Google's production is without prejudice to its right to object to personal jurisdiction in this Court in any future or pending matter. (*Id.* ¶ 11). The production completes Google's discovery obligations in this matter, so no further nonparty burden follows from the Order. (*Id.* ¶ 12.)

**Relevance.** The Google Account is Plaintiff's own account from the time when the facts alleged in her lawsuit were occurring. This action concerns Defendant's alleged production and dissemination of images of Plaintiff, and Plaintiff has been required to reconstruct the evidentiary record because the original source materials are no longer available as Defendant has represented that responsive materials were lost in a 2019 burglary. As a result, Plaintiff has accordingly been reliant on third-party sources to assemble the content at issue. Plaintiff's own

stored communications from the period may bear on her claims and on that reconstruction. The Proposed Order reaches only that account, and only with the account holder's consent.

**Consent Posture.** The Proposed Order is agreed as between Plaintiff and nonparty Google, whose counsel, Jeffrey D. Vanacore of Ashurst Perkins Coie US LLP, has stipulated to its form. Defendant's counsel has consented to the entry of the order.

We thank the Court for its attention to this request.

Respectfully submitted,

Cali P. Madia
Veridian Legal P.C.
23 W. 73rd Street, Suite 102
New York, New York 10023
cali@lawdss.com
*Attorney for Plaintiff Audrey Burns*

cc: David D. Lin, Esq., Lewis & Lin LLC (via ECF)