UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

AUDREY BURNS,

Plaintiff,

-against-

JAMES LIDESTRI,

Defendant.

---------------------------------------------------------------X

**ORDER REGARDING GOOGLE LLC'S PRODUCTION OF RECORDS AND COMMUNICATIONS**

No. 25 Civ. 7474 (KMK)(JCM)

This matter coming before the Court on the motion of Plaintiff Audrey Burns (Plaintiff) and nonparty Google LLC (Google) for entry of an order regarding Google's production of certain records and communications, the Court FINDS as follows:

1. The federal Stored Communications Act (SCA), 18 U.S.C. § 2702, prohibits service providers like Google from disclosing their account holders' private communications absent satisfaction of a statutory exception. *See* 18 U.S.C. § 2702(a)-(b). Here, the relevant exception allows disclosure by Google with the "lawful consent of the originator or an addressee or intended recipient of such communication." *Id.* § 2702(b)(3).

2. This consent must be express, and it cannot be based on "constructive consent, consent implied in law, or consent otherwise imputed to [the user]." *Negro v. Superior Court*, 230 Cal. App. 4th 879, 891 (2014) (holding the SCA does not permit Google to disclose content without consent and finding that the user only lawfully consented after he sent an email to Google from his Gmail account consenting to disclosure).

3. Before divulging the contents of an account, Google verifies that an individual is the holder of a Google account and consents to Google delivering and divulging the contents of

their account. Google's usual process to obtain consent is to have the individual log into the account at issue and send an email to Google directly from the account expressly providing consent. This process authenticates the user, provides consent, and protects the parties involved.[1] Google generally relies on this process because it does not verify the information used to sign up for accounts.

4. Plaintiff has been unable to demonstrate using Google's regular process that she is the registered account holder and sole authorized user of the Google account with the address missaudrey96@gmail.com (Google Account).

5. Plaintiff has also attempted to recover the Google Account using Google's account recovery methods described at https://support.google.com/accounts/answer/7682439, but she has been unable to recover the Google Account using those methods.

6. As such, Google has provided Plaintiff with the non-content basic subscriber information (BSI) for the Google Account and Plaintiff has confirmed that the recovery email address listed in the BSI belongs to her and that the name and date of birth listed in the BSI are hers, as evidenced by a copy of her passport provided to Google.

7. Plaintiff has further confirmed that the BSI lists the creation IP address of the Google Account as 173.243.248.103, which is an IP address that also appears in the records Plaintiff has received from Meta Platforms, Inc. for her Facebook account.

---

[1] Importantly, this process helps ensure that Google does not make erroneous productions, protects it from liability under the SCA, and ensures that it has obtained the verified consent of the actual account holder. *See generally* 18 U.S.C. § 2707 (providing civil cause of action against any person aggrieved by a violation of the SCA); *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 903 (9th Cir. 2008) (awarding civil judgment against electronic communications provider based on unauthorized disclosure of text messages in violation of the SCA), *rev'd and remanded on other grounds sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010).

WHEREAS, Google and Defendant seek the Court's assistance to determine whether Defendant is the account holder and can lawfully consent to disclosure of the content of the Google Account.

WHEREAS, after reviewing the evidence before the Court regarding the claim that Plaintiff is the account holder of the Google Account, the Court further FINDS as follows:

8. Plaintiff is the registered account holder and sole authorized user of the Google Account.

9. Plaintiff consents to Google delivering and divulging to her counsel the contents of all incoming and outgoing communications stored in the Google Account since the Google Account was created (the Documents). The Court finds this consent is sufficient to satisfy the exception for disclosure under the SCA, 18 U.S.C. § 2702(b)(3).

WHEREAS, the Court ORDERS as follows:

10. Within seven (7) business days of entry of the Order, Google shall send a notice of the Order to the Google Account explaining Google's intent to produce the Documents described above if no motion to quash is filed within five (5) business days of the date of the notice. If Google does not receive a filed copy of a motion to quash within the five (5) business-day period, Google shall disclose the Documents to Plaintiff's counsel electronically through a secure file transfer by sending them to Plaintiff's undersigned counsel.

11. Google's production pursuant to this order is without prejudice to Google's right to object to personal jurisdiction in this Court in any future or pending matter.

12. Google's production pursuant to this order will complete Google's discovery obligations in this matter.

Dated: August 24, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge

IT IS SO STIPULATED:

DATED: August 24, 2026

VERIDIAN LEGAL P.C.

By: CM
Cali Madia
Daniel S. Szalkiewicz
23 West 73rd Street, Suite 102
New York, New York 10023
212-706-1007
cali@veridianlegal.com
daniel@veridianlegal.com
*Attorneys for Plaintiff Audrey Burns*

DATED: AUG 24, 2026

ASHURST PERKINS COIE US LLP

By: __________
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-262-6912
jeff.vanacore@ashurstperkins.com
*Attorneys for Nonparty Google LLC*