# Exhibit 5

Gmail Daniel Szalkiewicz <daniel@lawdss.com>

## Re: Burns v Lidestri - Proposed Protocol Update

1 message

**Cali Madia** <cali@veridianlegal.com> Thu, Aug 27, 2026 at 10:36 AM
To: Mike Cilento <michael@ilawco.com>
Cc: "David D. Lin" <david@ilawco.com>, Daniel Szalkiewicz <daniel@veridianlegal.com>

Mike,

Attached, please find my correspondence with Elizabeth Mirisola. As you can see, she has now completely foreclosed on the City assisting in this capacity. Accordingly, and based on Defendant's August 11, 2026 letter stating "if WWPD cannot timely accept the material and provide meaningful inspection on those terms, Plaintiff should identify another accepting government or law-enforcement forensic repository" I identified the FBI as another government or law-enforcement forensic repository and opened communications with them.

After significant discussion, I can now confirm that the FBI is willing, able, and ready to serve in that capacity. They are making changes to the protocol which I anticipate them returning sometime today.

While I understand the Court's directive specified the WPPD, the WPPD is refusing to serve in that capacity. Accordingly, and considering Defendant's past representations, it was my intention to provide Defendant with an opportunity to consent to this reasonable pivot rather than rush to the Court at the first sign of issue. I see no reason why the location where the material is being stored should stop discovery from progressing other than to stop discovery from progressing. I want to make abundantly clear that Plaintiff does not need a court order or Defendant's consent to disclose her CSAM to the FBI, however it is of course our goal to work with Defendant to put together a protocol.

It is my sincere hope that we are able to work this out without requiring Judge McCarthy's intervention. If you are adamant Defendant will not agree to the FBI serving in this capacity, regardless of the protocol, please let me know as soon as possible so I may update the Court.

On Wed, Aug 26, 2026 at 1:48 PM Mike Cilento <michael@ilawco.com> wrote:

> Cali,
>
> Thank you for the update. We are not comfortable with the materials being transferred to the FBI or with requiring Defendant, defense counsel, or defense experts to conduct their inspection at an FBI office. The FBI's federal investigative role raises materially different concerns regarding access, use, retention, disclosure, confidentiality,

and the possibility of independent investigative use. We also doubt that the FBI would permit defense experts to bring and use the secured forensic equipment necessary to examine metadata and file structure, create permissible non-image work product, or conduct repeated inspections on a workable schedule.

If WPPD ultimately is unwilling or unable to comply, we recommend an independent, Court-approved forensic custodian with documented legal authority to receive and maintain the materials and the technical capability to provide both sides and their experts equivalent, meaningful, and repeated access under agreed safeguards. That would be more appropriate for civil discovery than placing the materials in the custody of a federal investigative agency.

Please circulate WPPD's final written position, including the particular protocol provisions it will not accept. You may also circulate any written proposal or conditions from the FBI, but Defendant does not presently consent to a protocol transferring the materials to the FBI. Because the Court's order specifically identifies WPPD, no transfer to a different custodian should occur without the parties' agreement and the Court's approval.

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Wed, Aug 26, 2026 at 1:28 PM Cali Madia <cali@veridianlegal.com> wrote:

> Gentlemen,
>
> As an update, the Senior Assistant Corporation Counsel for the City of White Plains has advised me that the City is "not willing to comply with the protocol" but that she is discussing it with Corporation Counsel. While I await further guidance from White Plains, I have started conversations with an FBI Special Agent who seems confident the FBI will be able to accommodate us at their office in Rye (600 Midland Ave.).
>
> I will keep everyone apprised of potential changes in hours and/or any other items in the protocol the FBI may wish to tweak.
>
> Best,
> Cali
>
> --
>
> Cali P. Madia, Esq.
>
> **Veridian Legal P.C.**
>
> Main: (212) 706-1007
>
> Direct: (646) 926-1801

Cell: (716) 860-2557

www.veridianlegal.com

---

**Daniel Szalkiewicz & Associates, P.C. Mail - Re: Burns case.pdf**
119K

Gmail Cali Madia <cali@lawdss.com>

# Re: Burns case

1 message

**Mirisola, Elizabeth** <emirisola@whiteplainsny.gov> Wed, Aug 26, 2026 at 1:41 PM
To: Cali Madia <cali@veridianlegal.com>
Cc: Daniel Szalkiewicz <daniel@veridianlegal.com>

Dear Cali,

I have spoken with Corporation Counsel Doreen Rich, who raised several critical points.

First, because the White Plains Police Department is funded by White Plains taxpayer dollars, we cannot authorize the use of City personnel to supervise a discovery exchange for a matter that has no connection to the City of White Plains. Furthermore, our police department lacks the necessary technical computer expertise to guarantee that the material will not be copied or disseminated. We do not understand why the defendant cannot view the material at your office instead.

Additionally, Ms. Rich stated that the City cannot participate in the viewing of this material, as doing so could potentially lead to criminal and civil consequences for the City and our employees.

If necessary, we are prepared to submit a letter to the court regarding this matter.

Yours,
Liz Mirisola

On Wed, Aug 26, 2026 at 6:36 AM Elizabeth Mirisola <emirisola@whiteplainsny.gov> wrote:

> I have worked for the City of White Plains for 19 years and have been an attorney for 40 years and I've never been involved in a situation where a federal court would order a non-party to to take certain action actions, especially in a matter that involves child pornography. In addition to the fact that you've given us less than a week to comply.
>
> It also appears that the wording in the order is "willing and able to comply with the protocol." I've advised you that the City is not willing to comply with the protocol.I will continue to discuss this with the Corporation Counsel.
> Liz
> Sent from my iPhone
>
> On Aug 24, 2026, at 9:23 PM, Cali Madia <cali@veridianlegal.com> wrote:
>
> Ms. Mirisola,
>
> To address some of the concerns you raised, all present would be under federal court order not to copy/disseminate the content (which remains widely available online). Additionally, and unfortunately in this instance, the discovery is more geared toward distinguishing what Plaintiffs are asserting is widely available CSAM from what is widely available

inactionable imagery. In other words, the proposed protocol would not create access to material that is otherwise unavailable

In any event, some possible workarounds to other concerns include:
1) we may be able to make the USB drives read only;
2) Plaintiff and any/all others involved could be directed to sign a release; and
3) instead of a USB drive we could bring the material in on a dedicated laptop with the direction that those present cannot plug anything into it.

Finally, I appreciate the suggestion that we explore assistance from another agency. Unfortunately, given the Court's directive, I do not believe that is an option presently available to us. On August 14, 2026, Judge McCarthy ordered "By August 31, 2026, the parties shall agree to a joint protocol regarding the alleged CSAM images, obtain confirmation from the White Plains Police Department ("WPPD") that it is willing and able to adhere to the protocol, and provide the images to the WPPD."

I'd love to connect tomorrow to discuss this further. I've copied my partner on this e-mail as he will be involved in this process as well.

Thank you,

Cali

On Mon, Aug 24, 2026 at 6:16 PM Mirisola, Elizabeth <emirisola@whiteplainsny.gov> wrote:

> Madia Cali
>
> I have not yet had the opportunity to speak with the Corporation Counsel, as she has been in meetings all day. However, I did speak with the Commissioner of Information Technology and the Deputy Commissioner of Public Safety regarding the review of the thumb drive.
>
> The IT Commissioner is strongly opposed to allowing attorneys to review this thumb drive on City computers. He is also uncomfortable with attorneys bringing in their own laptops, as there is no way to ensure the material is not being saved. If a defense attorney were to save the material, the City of White Plains could be held responsible for allowing the information to be disseminated.
>
> Additionally, the Deputy Commissioner of Public Safety does not want his officers holding this material or his department's computers being used. He wants to avoid the department being pulled into any future lawsuits should the information be made public.
>
> Both commissioners and myself believe this matter should be handled through an in-court in-camera inspection, or brought directly to the District Attorney's Office or the FBI.
>
> Yours
> Liz Mirisola

--
Elizabeth Mirisola
Senior Assistant Corporation Counsel
Office of Acting Corporation Counsel Doreen Rich
Corporation Counsel for the City of White Plains
Municipal Building
255 Main Street
White Plains, NY 10601
914 422-1240
914 422-5146 direct

--
Elizabeth Mirisola
Senior Assistant Corporation Counsel
Office of Acting Corporation Counsel Doreen Rich
Corporation Counsel for the City of White Plains
Municipal Building
255 Main Street
White Plains, NY 10601
914 422-1240
914 422-5146 direct