# Exhibit 9

Gmail

Daniel Szalkiewicz <daniel@lawdss.com>

# Re: Burns v Lidestri - Proposed Protocol Update

1 message

**Cali Madia** <cali@veridianlegal.com> Fri, Aug 28, 2026 at 10:46 AM
To: Mike Cilento <michael@ilawco.com>
Cc: Daniel Szalkiewicz <daniel@veridianlegal.com>, "David D. Lin" <david@ilawco.com>

This is the protocol on which we are awaiting approval. It has minor cleaned up language and a space in which a production date may be written in by the judge.

On Fri, Aug 28, 2026 at 10:36 AM Mike Cilento <michael@ilawco.com> wrote:

> Daniel,
>
> Thanks. I'm happy to discuss our concerns, as outlined in my prior email. Before the call, could you please identify any additional changes to the protocol requested by the FBI, as referenced in Cali's prior email?
>
> -Mike
>
> **Michael D. Cilento, Esq.**
> Lewis & Lin LLC
> 77 Sands Street, 6th Floor | Brooklyn, NY 11201
> direct 347-404-5844 | fax 718-243-9326
> iLawco.com | TrademarkAttorneys.com | Defamation.nyc
>
> This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.
>
> On Thu, Aug 27, 2026 at 4:24 PM Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
>> Mike,
>>
>> I am back and just catching up on these emails. I know Cali has been working extensively to try to get a workable protocol in place, and we now have confirmation that the FBI is willing to proceed under a protocol similar to the one you and Cali had discussed for White Plains.
>>
>> We were genuinely surprised by White Plains's response, but we are pleased that the FBI is willing to step in so that there is a law-enforcement agency able to receive and maintain the material.
>>
>> I have read through your emails and understand that you are objecting to the FBI handling the material instead of White Plains, but I am not entirely clear on the specific concern or practical difference you see between the two agencies for purposes of the protocol. Cali and I have taken a firm position from the beginning that we are not comfortable providing this material to a private forensic examiner who is neither the Court nor law enforcement. We believe the material constitutes CSAM, and we do not see a clear written exception in the law that would permit civil litigators or privately retained experts to possess it.
>>
>> Now that we know the FBI is willing to take possession of the videos and images, our intention is also to provide the thumb drives to the FBI so that neither our office nor our client needs to continue maintaining possession of the devices containing this material.
>>
>> We are available for a call tomorrow to discuss this. Given that the protocol is due August 31, though, I would appreciate it if you could send me a more detailed explanation of your objection in advance of the call, including what concern you have with the FBI serving the role that White Plains was originally expected to serve. That will hopefully allow us to narrow the issue and resolve it without having to go back to the Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS,<br>Plaintiff,<br><br>-against-<br><br>JAMES LIDESTRI,<br>Defendant. | Case No.: 25-cv-07474<br><br>[PROPOSED] ORDER DIRECTING CUSTODY AND INSPECTION PROTOCOL FOR ALLEGED CHILD SEX ABUSE MATERIAL |

Upon the letter motion of Plaintiff-Counterclaim-Defendant Audrey Burns dated July 17, 2026, and the Court having considered the submissions of the parties, and good cause having been shown, it is hereby:

ORDERED that, on or before _____________ ______, 2026, Plaintiff is directed to deposit with the Federal Bureau of Investigation ("FBI") Hudson Valley Resident Agency at 347 Avenue of the Americas New Windsor, NY two identical USB drives ("USB Drives") containing the bates stamped PDF images, videos, and downloaded JPG files of the images which Plaintiff alleges constitute child sex abuse material or advise the Court of why they have been unable to do so.

ORDERED that the FBI is directed to remain in possession of the USB Drives and provide parties and parties' counsel and experts with the ability to access and review the content of the USB Drives pursuant to the terms of this protocol until further order of this Court.

ORDERED that the FBI will provide counsel for Plaintiff with information sufficient to identify and locate the USB Drives at the Hudson Valley Resident Agency which Plaintiff's counsel will promptly disclose to counsel for Defendant.

ORDERED that the FBI shall grant the parties and the parties' counsel and experts access to review the content of the USB Drives between the hours of 9:00 a.m. and 5:00 p.m. on business days. The access and inspection may take place in the Hudson Valley Resident Agency Lobby Interview Room.

ORDERED that the FBI shall be permitted to limit access to four hours per day and shall be further permitted to limit visitor access to no more than two people per visit.

ORDERED that the FBI shall provide visitors with a computer on which they may access and inspect the content and shall be permitted to prevent the parties and the parties' counsel and experts from bringing electronic devices into the room in which the content is being accessed and inspected.

ORDERED that three days prior to the visit, the visiting parties' counsel shall disclose to opposing counsel and the FBI via e-mail (daniel@veridianlegal.com for Plaintiff david@ilawco.com for Defendant, and erokitowski@fbi.gov and cayotnakparian@fbi.gov for the FBI) the identities of those they desire to bring to inspect the content stored on the USB Drives and the dates and times they seek to visit the FBI Hudson Valley Resident Agency. Should the other party or the FBI object to the witness visit, they shall alert the visiting party's counsel within two business days and move to exclude the witness or provide an alternative date and time within five business days of giving the other side notice of their objection.

ORDERED that no image or video may be copied, altered, edited, otherwise reproduced in any manner, or destroyed until further order of this Court. A representative of the FBI may remain with the expert during review to ensure enforcement of this protocol.

SO ORDERED:

Dated: White Plains, New York

__________________________
JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE