# Exhibit 11

Gmail Daniel Szalkiewicz <daniel@lawdss.com>

# Re: Burns v Lidestri - Proposed Protocol Update

1 message

**Mike Cilento** <michael@ilawco.com> Sun, Aug 30, 2026 at 3:51 PM
To: Daniel Szalkiewicz <daniel@veridianlegal.com>
Cc: Cali Madia <cali@veridianlegal.com>, "David D. Lin" <david@ilawco.com>

Daniel, Cali,

We have reviewed the proposed HVRA protocol. Defendant does not consent to the FBI serving as custodian or to the protocol as drafted. Our reasons include:

The FBI is a non-party federal agency the Court cannot direct. The draft's obligations on the Bureau to maintain possession, grant access, and provide a computer are not enforceable in this case, while the restrictions on the parties are. Even routine chain-of-custody declarations or testimony from FBI personnel would require a DOJ administrative request under the Touhy regulations, 28 C.F.R. §§ 16.21-16.29.

The location - New Windsor, in Orange County, not Rye as previously represented - is a substantial distance from counsel's offices and the courthouse. That burden is compounded by provisions permitting the FBI to limit review to four hours per day and two people per visit. Review of the images and videos may require numerous trips, yet the protocol provides no assurance of sufficient or timely appointments within the remaining discovery schedule.

The draft requires use of an FBI-provided computer and permits the FBI to bar outside electronic devices. It does not require the provided computer to have the software or functionality necessary to inspect full-resolution files and videos, examine or export embedded metadata, examine file and directory structure, calculate or verify hash values, or correlate the native files to the Bates PDF. Nor does it provide a means to create and preserve a non-image report of those results and the expert's work product.

The draft permits an FBI representative to remain with the expert during review, without protecting counsel's or the expert's selections, communications, notes, mental impressions, or analysis from observation. We are not comfortable having an investigative agency monitor substantive defense work.

The draft contains no return, retrieval, or final-disposition procedure and no limits on the FBI's retention, copying, analysis, disclosure, or use of the materials.

We also have not received a final protocol approved by an official authorized to bind the FBI. To the contrary, we were advised that Bureau approval remains outstanding.

Our position remains that the materials belong with a custodian the Court can direct: a forensic custodian receiving the materials under seal pursuant to an express order, or, if Plaintiff will only accept a governmental custodian, the Clerk of Court under seal or a state or county property clerk on the terms originally negotiated for White Plains.

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.