# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844


*VIA ELECTRONIC FILING SYSTEM*

September 2, 2026

Hon. Judith C. McCarthy
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Burns v. Lidestri*, No.: 7:25-cv-07474-KMK-JCM**
**Defendant's Response to Plaintiff's Letter (Dkt. 57) and Proposed Alternate Protocol Pursuant to the Court's August 31, 2026 Order (Dkt. 58)**

Dear Judge McCarthy:

We represent Defendant/Counterclaimant James Lidestri and submit this response to Plaintiff's August 30 letter (Dkt. 57) pursuant to the Court's August 31 Order (Dkt. 58), and provide the reasonable alternate protocol the Court directed: custody with the Clerk of Court, under seal, with examination at this courthouse. A proposed order is attached as Exhibit A.

While Defendant was "on board" with the parties' negotiated protocol for deposit with the property clerk of the White Plains Police Department, minutes from this courthouse, the new FBI proposal is materially different and presents several material concerns. *First*, it relocates custody to the Bureau's Hudson Valley Resident Agency in New Windsor, Orange County, roughly 70 miles from defense counsel's offices and a substantial distance from this courthouse, imposing a serious burden on the defense and its experts, who may need repeat visits to perform their work on the more than 2,000 image and video files purportedly on the USB drives. *Second*, the FBI, unlike the WPPD, is a federal investigative agency that this Court cannot compel to perform any action or to adhere to any protocol. *See U.S. EPA v. Gen. Elec. Co.*, 197 F.3d 592, 597–98 (2d Cir. 1999), *modified on reh'g*, 212 F.3d 689 (2d Cir. 2000); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951); 28 C.F.R. §§ 16.22(a), 16.28. *Third*, Plaintiff's proposed FBI protocol permits the Bureau to bar outside equipment (Dkt. 57-13 at 2), so that defense experts cannot examine metadata, file structure, or hash values or create non-image work product. *Fourth*, Plaintiff's proposed protocol says nothing about depositions, at which the parties and witnesses will presumably need to be questioned about the images on the USB drives – the purported evidence at the center of Plaintiff's claims.

Instead, Defendant submits that this Court can and should take custody of the USB Drives under Rule 26(c), its inherent authority, and the procedures this Court already maintains for sealed filings and Highly Sensitive Documents. *See In re Procedures for the Filing, Service, and*

*Management of Highly Sensitive Documents*, Amended Standing Order No. 21-MC-0006 (S.D.N.Y. June 5, 2025) (Highly Sensitive Documents, including "digital media, on a secure electronic device, such as a flash drive," are "maintained by the clerk's office in a secure paper filing system or secure standalone computer system that is not connected to any network"); S.D.N.Y. ECF Rules & Instructions § 6.18 (sealed filings not permitted electronically, including "documents saved on electronic media," are "hand delivered to the Records Management Office").

The Court has such authority. No federal statute prescribes a procedure for civil discovery of alleged CSAM; the protocol is set by this Court under Rule 26(c). *Doe v. Bd. of Educ. of the Pecos Indep. Sch. Dist.*, No. 1:21-cv-00422-MV-JFR (D.N.M. Nov. 6, 2023), ECF No. 109, at 4 (18 U.S.C. § 3509(m) "governs the handling of child pornography in criminal matters"; "there appears to be no federal statute that speaks to the procedure for discovery containing pornographic material of [a] minor in a civil case"). And the court itself is a recognized lawful custodian of such material: "three entities have legal authority to possess CSAM: law enforcement, NCMEC, and the court." *Doe #1 v. MG Freesites, Ltd.*, No. 7:21-cv-00220-LSC, ECF No. 92, at 6 (N.D. Ala. Aug. 17, 2023); *accord* 18 U.S.C. § 3509(m)(1) (even in criminal cases, such material remains in the custody of "either the Government or the court"). What this protocol adds to the Clerk's existing sealed-custody practice is a defined inspection procedure.

As the proposed protocol (Exhibit A) directs, Plaintiff deposits the two USB drives under seal with the Clerk at this courthouse within three business days; examination occurs at the courthouse on business days, on two business days' notice identifying each attendee, with reasonable repeat visits; examiners may bring their own non-networked equipment, subject to court security requirements, may create and remove non-image work product only, and are not observed in the substance of their review; and the Clerk retrieves, returns, and secures the sealed drives, with counsel certifying after each visit that nothing was copied or removed. Plaintiff asks why this is needed when Defendant has the produced files (Dkt. 57-12 at 2), but he does not: what Plaintiff delivered in April were 223 Bates-stamped redacted PDF files of images and video stills (Dkt. 34 at 7), not the native image files or the videos themselves, which have not been produced to Defendant and which Plaintiff's own protocol places on the USB Drives (Dkt. 57-13 at 2). This protocol answers the concerns the parties have raised: the custodian's authority is beyond dispute; the materials sit entirely within the Court's control, at the courthouse where the parties already appear; and there is no non-party consent to negotiate, no *Touhy* process, and no custodial fee.

There are two further practical advantages. *First, depositions.* This case turns in part on item-by-item questions – whether a given image depicts Plaintiff as a minor and whether it traces to Defendant – and Plaintiff, and any witness questioned about the collection, must be shown the designated items and examined on them by Bates number. With the drives in the Clerk's custody, those depositions can be taken at this courthouse, with the drives made available under the same no-copy terms and nothing leaving custody; the proposed order so provides, subject to the Clerk's accommodation. (Ex. A ¶ 7.) *Second, continuity.* If this case proceeds to summary judgment or trial, the materials will already be in the Court's custody – available for *in camera* review and for use at trial without a second transfer, a second custodian, or a *Touhy* request to

retrieve exhibits from the Bureau (Ex. A ¶ 8) – rather than with a non-party the Court cannot direct.

In the alternative, if the Court decides to order the FBI protocol, Defendant asks that the protocol: (1) allow examiners to bring and use their own forensic equipment or, at minimum, require the facility to provide equivalent capability – native-resolution review, examination and export of metadata and file-structure information, hash computation, and the creation and removal of non-image work product; (2) permit no observation of the substance of any party's review – security screening and equipment check-in and check-out only, with no representative present in the examination room and no record of which items are examined; (3) permit no use of the materials for any purpose other than secure storage and access under the Court's order, with return or disposition only upon this Court's order; and (4) require, before any deposit, written confirmation from the Bureau, in a form the Court deems sufficient, of the terms on which it will hold and make available the material. Because the Court cannot compel the Bureau, the protocol's protections are only as good as the Bureau's written commitment.

Defendant respectfully requests that the Court enter the proposed order attached as Exhibit A or, in the alternative, condition any FBI custody on the protections above. Nothing in this submission, any deposit, or Defendant's participation in an inspection concedes that any file constitutes CSAM. Defendant is available to address these issues at the September 10 conference or sooner at the Court's convenience.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Michael Cilento

Michael D. Cilento, Esq.