UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY BURNS,<br><br>Plaintiff / Counterclaim-Defendant,<br><br>vs.<br><br>JAMES LIDESTRI,<br><br>Defendant / Counterclaimant. | Case No. 7:25-cv-07474-KMK-JCM<br><br>**[PROPOSED] ORDER DIRECTING CUSTODY AND INSPECTION PROTOCOL FOR ALLEGED CHILD SEX ABUSE MATERIAL (CLERK-OF-COURT CUSTODY)** |

Upon the letter motion of Plaintiff dated August 30, 2026 (Dkt. 57), Defendant's response and proposed alternate protocol submitted pursuant to the Court's Order of August 31, 2026 (Dkt. 58), and the Court's Orders of August 4 and August 13, 2026 (Dkts. 49, 54), and good cause having been shown, it is hereby ORDERED as follows:

1. **Deposit.** Within three (3) business days of the entry of this Order, Plaintiff shall deposit with the Clerk of Court for the Southern District of New York at the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, under seal, two identical, write-protected USB drives (the "USB Drives") containing the Bates-stamped PDF, the native image files, and the video files of only those images and videos that Plaintiff designates as alleged child sex abuse material. The USB Drives shall be delivered in a sealed, tamper-evident envelope bearing the caption of this action and the legend "SEALED – SUBJECT TO COURT ORDER – DO NOT OPEN," together with a copy of this Order, to the person designated by the Clerk, and Plaintiff shall serve a written receipt on all counsel. The deposit shall be made subject to, and Plaintiff shall promptly accommodate, any administrative requirements of the Clerk's office.

2. **Custody.** The Clerk shall maintain the USB Drives under seal in secure, non-electronic storage. No person shall access the USB Drives except as provided in this Order, and no image or video may be copied, altered, edited, otherwise reproduced, transmitted, or destroyed until further order of this Court.

3. **Examination.** The parties' counsel and their retained experts and consultants (up to two experts or consultants per side per visit, in addition to counsel), and a party accompanied by counsel, may examine the contents of the USB Drives in a room designated by the Clerk at the White Plains courthouse, on business days between 9:00 a.m. and 5:00 p.m., upon two (2) business days' written notice to the Clerk's office and opposing counsel stating the date, time, and the name and role of each attendee. Reasonable repeat visits shall be permitted, and the Clerk may designate a point of contact for scheduling. Before any examination, each attendee shall sign the acknowledgment annexed to the Protective Order (Dkt. 31) and an acknowledgment of this Order, which counsel shall retain and serve on opposing counsel.

4. **Equipment and Work Product.** Examining persons may bring and use their own non-networked computers and forensic tools for the examination, subject to court security requirements

(with any request to bring equipment submitted with the notice under Paragraph 3), including to view files at native resolution, examine file and directory structure and embedded metadata, and compute or verify hash values; provided that no image or video content may be copied to, or retained on, any device removed from the examination room. The creation and removal of non-image work product – notes, hash lists, file inventories, and technical findings – is permitted.

5. **No Observation; Certification.** No person other than the examining party's own representatives shall be present during an examination or observe its substance. Clerk's office personnel shall retrieve and return the sealed USB Drives, may record the date and attendees of each visit, and are not required to inspect equipment or supervise the examination. At the conclusion of each visit, counsel of record for the examining party shall certify in writing to opposing counsel that no image or video content was copied, retained on any device removed from the room, or otherwise removed.

6. **Confidentiality.** The deposited materials and all work product derived from any examination shall be treated as Confidential under the Protective Order (Dkt. 31).

7. **Depositions.** Subject to the Clerk's accommodation, any deposition at which a deponent is to be shown, or examined concerning, any deposited image or video shall be conducted at the White Plains courthouse in a room designated by the Clerk, upon the notice provided in Paragraph 3 in addition to, and without shortening, any notice required by Rule 30 or Rule 45, and the Clerk shall make the USB Drives available for that purpose under the conditions of this Order. The deponent, counsel, the parties, the court reporter, and a videographer (if any) may attend; the court reporter and videographer shall sign the acknowledgments described in Paragraph 3 and shall not record, photograph, or capture any image or video. Deposited items shall be identified on the record by Bates number or file identifier and displayed by counsel on equipment positioned outside the frame of any video record; no image or video shall be reproduced in or attached to the transcript; any video record shall capture only the deponent; and the transcript and any video record shall be designated Confidential under the Protective Order. If the Clerk cannot accommodate a deposition, any party may apply for a Court-designated location at which the USB Drives are made available under the continuous custody of a person designated by the Court.

8. **Retention Through Final Disposition.** The USB Drives shall remain in the custody of the Clerk, and shall be available for in camera review by the Court and for use at any hearing, on any motion, and at trial, until final, non-appealable disposition of this action or further order of this Court, consistent with Paragraph 10 of the Protective Order. No person shall remove the USB Drives from the Clerk's custody absent further order of this Court; any party may apply for their earlier return or disposition; and upon final disposition the Court will direct their return or disposition by further order.

9. **Costs.** Plaintiff shall bear the cost of preparing and delivering the USB Drives. Each party shall bear its own examination, expert, and deposition costs, without prejudice to any later application to reallocate costs.

10. **No Concession.** Nothing in this Order, any deposit, or any party's participation in an examination or deposition constitutes a finding or concession that any deposited file constitutes child sex abuse material, or as to any file's source, authorship, publication, or attribution.

SO ORDERED.

Dated: White Plains, New York
_____________ __, 2026

_________________________________
JUDITH C. McCARTHY
United States Magistrate Judge