**SO ORDERED:**
For the reasons stated on the record at the September 16, 2026 status conference, the Court has determined that a law enforcement agency is the most appropriate entity to be custodian of the alleged CSAM in this matter. Since the FBI has graciously agreed to act as custodian, the parties must comply with its usual protocol. Thus, the Court will sign the proposed protocol. (Docket No. 59-1). Any objections may be raised to the Honorable Kenneth M. Karas pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Finally, given the challenges raised in this letter, the parties have permission to conduct Defendant's deposition after the September 30, 2026 fact discovery deadline, but the deposition must be completed by October 19, 2026. All other deadlines remain the same.

Judith C. McCarthy 9-18-26
JUDITH C. McCARTHY
United States Magistrate Judge

**Re: *Burns v. Lidestri*, No. 25-cv-07474-KMK-JCM**
**Proposed Order Directing Custody and Inspection Protocol**

Dear Judge McCarthy:

The parties write pursuant to Your Honor's September 10, 2026 directive that parties submit an updated protocol and a joint letter setting forth the deposition schedule.

1. **Protocol**

**Plaintiff:**

Initially, Plaintiff's counsel, Cali Madia, sent a revised protocol to an FBI representative immediately after the last conference adding to the third to last paragraph, pursuant to the Court's directive "except for a single laptop without a camera or internet access, to be used for notetaking purposes only" and inquiring about metadata viewing.

On September 15, 2026, the FBI has confirmed that metadata will be viewable on their equipment to the extent that such metadata exists. Concerning Defendant's ability to bring a "bricked" computer into the facility, Ms. Madia was advised that it is the FBI's policy that any computer brought in during the accessing of CSAM be wiped prior to leaving the facility, resulting in the loss of whatever notes might have been taken. The Special Agent with whom Ms. Madia spoke had never been involved in a case that called for such a deviation in protocol and indicated that defendants in criminal matters involving allegations of CSAM are limited to pen and paper notetaking. Ms. Madia was further informed that, even if FBI policy was changed to accommodate Defendant, it would be a significant undertaking for the facility to inspect Defendant's device during each visit as there are limited individuals on-site with necessary training to do so. It is the FBI's strong preference that the proposed protocol remain as-is.

**Defendant:**

No revised protocol was circulated or attached, and the FBI's position appears to be that the protocol remain as-is. Defendant preserves all prior objections, including that the protocol denies a meaningful examination — no use of Defendant's own forensic equipment, and the Court-directed notetaking laptop would be wiped on exit — for all purposes. See Fed. R. Civ. P. 46.

**2. Depositions**

**Parties' Position Regarding Plaintiff's Deposition**

With regard to depositions, Plaintiff's deposition is scheduled for September 23, 2026 at 10:00 a.m. at Defendant's counsel's office in Brooklyn, New York.

**Defendant's Position Regarding Defendant's Deposition Scheduling**

Plaintiff's counsel has thus far declined to provide any date for Defendant's deposition within the current discovery period, which closes on September 30, despite Plaintiff being represented by two active attorneys who regularly appear in this action.

When Mr. Szalkiewicz provided his trial schedule, he did not identify any trial or other court conflict on September 25. Based on that schedule, Defendant's counsel rearranged their schedule and advised Plaintiff's counsel that they could make September 25 work. Mr. Szalkiewicz then advised that he had two other matters scheduled that day that would not be simple to adjourn. Defendant then asked whether Ms. Madia could conduct the deposition on September 25, but was advised that she would be out of state that week. Defendant thereafter asked whether Ms. Madia could conduct the deposition the following week, on September 28, but Plaintiff's counsel responded that she was also unavailable that day.

In addition to the September 30 discovery deadline, there is a significant practical reason why Defendant has been attempting to complete the deposition by that date: Defendant is the caregiver for a family member who was recently diagnosed with cancer and whose radiation treatments are scheduled to begin on October 1. In light of those caregiving responsibilities, after October 1, Defendant's next available date is October 16.

Accordingly, Defendant respectfully requests that the Court direct Plaintiff's counsel to conduct Defendant's deposition on either September 25 or September 28, so that the deposition may be completed before the September 30 close of discovery. A Court-ordered deposition on September 25 would also provide Plaintiff's counsel with a basis to seek any necessary adjournments of the matters currently scheduled for that date.

Alternatively, if the Court does not wish to direct that the deposition proceed on either of those dates, Defendant respectfully requests that fact discovery be extended for the limited purpose of conducting Defendant's deposition on October 16 or 19.

**Plaintiff's Position Regarding Defendant's Deposition Scheduling**

The parties have been unable to agree on a date for Defendant's deposition. Defendant provided two dates prior to October – September 25 and September 28 – later retracting September 25 and leaving only September 28. Plaintiff's counsel then informed Defendant's attorney that neither Ms. Madia nor Mr. Szalkiewicz were available on September 28 and provided alternate dates which included October 1, 2, 7, 9, and 12. Unfortunately, Defendant has now transformed a simple scheduling issue into a question about whether, by not indicating unavailability on a date

Defendant's counsel had already eliminated, Plaintiff's counsel indicated September 25 was an agreeable date.

Plaintiff's counsel does not wish to summarize email exchanges or insert into a letter the previously scheduled trials causing the conflict however, in the interest of full disclosure attaches same as Exhibit 1 and Exhibit 2, respectively.

In conclusion, Plaintiff has not refused to take Defendant's deposition and is not seeking a substantial extension of discovery. To the contrary, Plaintiff proposed several dates immediately following the current deadline, offered to seek an adjournment of an existing trial to create additional availability, and also offered October 12, despite the federal holiday. Plaintiff is amenable to Defendant's proposed October 19, 2026 deposition date. Plaintiff therefore respectfully requests a brief extension of the deposition deadline, solely for the purpose of completing Defendant's deposition.

Respectfully Submitted,

Daniel Szalkiewicz
**Veridian Legal P.C.**
23 W. 73rd Street, Suite 102
New York, New York 10023
daniel@veridianlegal.com
*Attorney for Plaintiff Audrey Burns*

Michael D. Cilento, Esq.
**Lewis & Lin LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
michael@iLawco.com
*Attorney for Defendant James Lidestri*