# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844


*VIA ELECTRONIC FILING SYSTEM*

September 28, 2026

Hon. Kenneth M. Karas
United States District Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re: *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Letter-Motion to Extend Time to File Rule 72(a) Objections**

Dear Judge Karas:

We represent Defendant and Counterclaimant James Lidestri. Defendant objects to the orders entered by Magistrate Judge McCarthy on September 18, 2026 (Dkt. Nos. 62, 63), and intends to present those objections under Fed. R. Civ. P. 72(a). Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendant respectfully requests that the time to do so be extended from October 2, 2026 to November 20, 2026, or thirty days after Defendant's first inspection under the protocol, whichever occurs first, or to such other date as the Court deems appropriate.

The current deadline is October 2, 2026, fourteen days after service of the orders by ECF on September 18, 2026. There have been no previous requests to extend it. Defendant does not seek a stay and will comply with the protocol pending review, without waiving its objections, and seeks no extension of any other deadline and no substantive relief from this Court at this time.

**Relevant Background**

In short, Plaintiff alleges that images of her made during photo shoots with Defendant more than a decade ago constitute child sex abuse material, and she seeks not less than $150,000 "per image and video shared." Dkt. No. 12 ¶¶ 179, 181, at 32. Defendant denies that those images are child sex abuse material and that any sexually explicit image was made of Plaintiff by Defendant before she turned eighteen. Dkt. No. 14 ¶¶ 154, 179, 181. No court or other tribunal has determined that any file at issue in this action constitutes child sex abuse material. There has been no prosecution, no charge, and no conviction. Nor do the files themselves connect any image to Defendant: Plaintiff downloaded each from third-party source links, Dkt. No. 46 at 1, and acknowledges that the upload date and source of such a repost say nothing about when an image was made, who made or first published it, or how old Plaintiff was at the time. Dkt. No. 47 at 7. The characterization of the images as child sex abuse material thus rests

on Plaintiff's say-so alone, and it is ultimately the matter in dispute. To date, Defendant has seen the designated images only in redacted form and has never received the videos or the native image files. *See* Dkt. No. 59 at 2.

The September 18 orders place the designated files in FBI custody at its Hudson Valley Resident Agency in New Windsor, New York, and confine all inspection to that facility, on a computer the FBI provides. Dkt. No. 63. The Court had first directed deposit with the White Plains Police Department, which declined to participate. Dkt. No. 54 ¶ 8; Dkt. No. 57. Plaintiff's draft protocol for that arrangement provided that the parties' experts "may be permitted to bring a computer with which they may inspect the material on the USB Drives." Dkt. No. 57-1 at 3. The protocol now in place permits the FBI to bar every electronic device from the examination room. At the September 10, 2026 conference, the Court expressed concern on this point and directed that the protocol include an exception for "a single laptop without a camera or internet access, to be used for notetaking purposes only." Dkt. No. 62 at 1. According to Plaintiff, the FBI then advised that any computer brought into the facility would be wiped before leaving it, "resulting in the loss of whatever notes might have been taken," and stated its "strong preference that the proposed protocol remain as-is." *Id.* The protocol the Court signed on September 18 does not include the exception. Dkt. No. 63.

**A. Defendant's objections.**

Defendant pressed for meaningful expert access in its letters, Dkt. Nos. 39, 51, 59, and at the August 13 and September 10 conferences, and preserved its objections in the joint letter on which the Court ruled, Dkt. No. 62. Summarized rather than briefed, the grounds are:

1. The protocol permits the FBI to exclude all computers and other electronic devices, including the note-taking laptop the Court suggested, leaving Defendant no assured means of recording the examination.
2. The order confines examination to equipment the FBI supplies and permits the exclusion of the instruments and software Defendant's expert would otherwise use.
3. The order permits a representative of the custodian to remain with Defendant's expert throughout the review, exposing the expert's work to the agency holding the evidence.
4. The restrictions rest on Plaintiff's designation of the files and the custodian's usual practice, rather than on any showing made and tested.
5. The facility is roughly 70 miles from defense counsel's offices and a substantial distance from this Courthouse. With each visit subject to a four-hour limit and notes, absent devices, limited to handwriting, review of the more than 2,000 image and video files will require repeated trips, causing a significant burden.

**B. The extent of the restrictions cannot be known until an initial review has occurred.**

Each of the order's operative limits is permissive. The FBI "shall be permitted" to limit access to four hours per day and two people per visit, and to bar electronic devices from the examination room; "[a] representative of the FBI may remain with the expert during review." Dkt. No. 63. None of these permissions has yet been exercised, and what is known of the

custodian's positions comes only from Plaintiff's account of her counsel's conversations with the FBI. *See* Dkt. No. 62.

**C. Why the period requested is needed.**

Plaintiff deposited the drives at the FBI facility on September 23, 2026. The examination Defendant intends to conduct is directed both to when each file was made and by whom, and to whether a given file depicts what 18 U.S.C. § 2256 requires at all, independent of the subject's age. It requires access to embedded metadata, including capture timestamps and camera and software identifiers; hash values matching each file to its Bates-stamped counterpart and claimed source; and examination at native resolution. The custodian has advised that metadata will be viewable "to the extent that such metadata exists." Dkt. No. 62. Whether that examination can be performed — and recorded — within a four-hour session, on a machine Defendant does not control, is the question the first review will answer. November 20, 2026 leaves time for any objection to be resolved before Defendant's expert disclosures are due on December 15, 2026. Dkt. No. 36.

Absent an extension, Defendant would be obliged to object on October 2 on the face of the order, and if not barred from doing so, again once the protocol has operated, presenting the Court with the same order twice. Federal courts assessing comparable facility-based inspection arrangements have declined to resolve such challenges before the examining party has made an initial attempt. *See United States v. Flinn*, 521 F. Supp. 2d 1097, 1099 (E.D. Cal. 2007) (facility afforded ample opportunity "at least prior to the expression of a case specific rationale made after an initial, good faith attempt by the defense to forensically review the material at the Government facility"); *United States v. O'Rourke*, 470 F. Supp. 2d 1049, 1059 (D. Ariz. 2007) ("[T]he Court's decision must be based on issues that actually have arisen in this case"). Those decisions construe 18 U.S.C. § 3509(m), a criminal statute; Defendant cites them for their reasoning on sequence, not as governing authority.

**D. This is not a request to delay.**

Defendant is mindful of the Court's direction, in adopting the revised discovery schedule, that "[n]o more extensions will be granted." Dkt. No. 36. That direction addressed the discovery schedule; this request seeks no additional discovery, moves no date in that schedule, and concerns only the period in which Defendant may seek review of an order entered on September 18.

For the foregoing reasons, Defendant respectfully requests that its time to file Rule 72(a) objections to Dkt. Nos. 62 and 63 be extended as set out above. Defendant reserves all objections.

Respectfully submitted,

*Michael Cilento*

Michael D. Cilento, Esq.