VERIDIAN
LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

October 1, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States District Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

***Re: Audrey Burns v. James Lidestri***
***United States District Court, Southern District of New York***
***Civ No. 25-cv-07474-KMK***

Dear Judge McCarthy:

Plaintiff respectfully submits this letter in opposition to Defendant's request for leave to re-depose Plaintiff at Plaintiff's expense based upon records produced by Wells Fargo Bank, N.A. Initially, Defendant sent our office an email to 7:14 p.m. concerning the records and filed this letter request this morning at 8:45 a.m. Defendant's speed at reviewing the 1,597 pages of discovery from Wells Fargo in a matter of hours which led to the filing of this instant motion should additionally not go unnoticed.

Defendant's application substantially overstates both the significance of the Wells Fargo records and any conceivable prejudice resulting from the timing of their production. Defendant deposed Plaintiff for approximately six hours on September 23, 2026. During that deposition, Plaintiff was questioned extensively concerning the manner in which she was paid, including the money-transfer payments at issue in Defendant's present application. Plaintiff testified, consistent with her present recollection, that she recalled going to Walmart to receive transfers, but did not recall the mechanics of those transactions, including whether particular transfers were made directly to her or to another person on her behalf. She recalled at some point setting up a bank account but did not recall when, the name of the bank, or any other details. Defendant nevertheless now seeks an additional two-hour deposition specifically concerning those same subjects. Defendant's requested relief would therefore be largely cumulative.

The Wells Fargo records do not change Plaintiff's personal knowledge – or lack thereof – concerning transactions that occurred many years ago when she was a teenager. The transaction details reflected in the record speak for themselves, and the records do not manufacture additional recollection or personal knowledge. Plaintiff cannot supply testimony she does not possess merely because Defendant now has documentary evidence concerning particular transactions. Nor is there any basis for Defendant's assertion that "only Plaintiff can testify to how, from whom, and through what services she claims she was paid." Indeed, the records *belong to Defendant Lidestri*. Plaintiff has already testified regarding what she remembers, and the documentary records themselves are the appropriate evidence regarding transaction dates, amounts, account information, and other details outside Plaintiff's recollection.

Defendant's suggestion that Plaintiff's counsel used the Wells Fargo records to prepare Plaintiff for her deposition while intentionally depriving Defendant of the same information is also

incorrect. Defendant characterizes Plaintiff's deposition testimony concerning payment as "new testimony" and asks the Court to infer that counsel used the Wells Fargo records to prepare that testimony. At her deposition Plaintiff did not recall how much she was paid, how she was paid, how often she was paid, the name of her bank, when she created the bank account, or any other information about payment. Plaintiff posited that her family friend may have accepted the payments at Walmart for her. The bulk of the "new testimony" Plaintiff may have offered at her deposition is unsupported or contradicted by the Wells Fargo records.

Plaintiff also wishes to clarify Defendant's assertion that the Wells Fargo production was incomplete. Defendant states that Wells Fargo's certification references six pages of wire records, whereas Defendant received only three. Plaintiff forwarded to Defendant exactly what Plaintiff's counsel received from Wells Fargo. Plaintiff did not receive the additional pages Defendant references and has not withheld them. Nor has Plaintiff received any additional production from Wells Fargo or any other non-party subpoena recipient that has not been forwarded to Defendant.

Under these circumstances, reopening Plaintiff's deposition would impose additional expense and burden without any meaningful prospect of obtaining new testimony. Defendant has already questioned Plaintiff regarding the subject matter identified in his application, and Plaintiff's recollection will not be enhanced by showing her banking records concerning transactions she does not independently remember. The authorities cited by Defendant concern circumstances in which subsequently produced information supplied a legitimate new subject for examination. Defendant himself requests a deposition limited to the Wells Fargo production and Plaintiff's testimony concerning money-transfer payments. Here, however, the latter subject was already explored, and the former consists of documents whose contents do not depend upon Plaintiff's interpretation.

Plaintiff therefore respectfully requests that the Court deny Defendant's request to reopen Plaintiff's deposition and, particularly, deny Defendant's request that Plaintiff bear Defendant's attorneys' fees, court reporter expenses, and fees incurred in making the present application. At minimum, should the Court permit any continued examination, Plaintiff respectfully submits that it should be substantially shorter than the two hours requested, be held virtually, and should proceed with each party bearing its own fees and costs. Notably, Plaintiff's last deposition required her to travel from Oklahoma to Brooklyn, New York to be deposed from 10 a.m. until approximately 6:15 p.m. and involved testimony so traumatizing that she sobbed until vomiting multiple times during the deposition.

Plaintiff will promptly forward any additional non-party production if and when any such production is received.

Respectfully submitted,
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.