VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

October 1, 2026

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

***Re: Audrey Burns v. James Lidestri***
***United States District Court, Southern District of New York***
***Civ No. 25-cv-07474-KMK***

Dear Judge Karas:

Plaintiff respectfully responds to Defendant's September 28, 2026 letter-motion seeking to extend his deadline to object to Magistrate Judge McCarthy's September 18, 2026 Orders from October 2, 2026 until November 20, 2026, or thirty days after Defendant's first inspection under the Court-ordered protocol, whichever occurs first. Defendant expressly states that he does not seek a stay and will comply with the protocol in the interim.

Plaintiff does not oppose a brief, date-certain extension sufficient to permit Defendant to conduct an initial inspection. Plaintiff does, however, oppose the substantially broader extension Defendant requests.

Defendant's submission demonstrates that the substance of his objections is already known. He identifies five specific objections to the protocol, including restrictions on electronic devices, the use of FBI equipment rather than his expert's preferred tools and software, the possible presence of an FBI representative during review, the basis for the restrictions, and the practical burden associated with reviewing more than 2,000 files at the New Windsor facility. Defendant further states that he previously raised these same concerns in multiple letters and during the August 13 and September 10 conferences.

Defendant therefore does not need nearly two months to determine whether he objects to the September 18 Orders. To the extent Defendant contends that an actual inspection may reveal a distinct implementation problem, that issue can be presented to the Court if and when it arises. A later dispute concerning how the FBI actually administers the protocol is different from an objection to the terms of the September 18 Orders themselves.

Defendant's principal justification for delay is that several provisions of the protocol are permissive: the FBI may limit access to four hours per day and two persons per visit, may exclude electronic devices, and may have a representative remain with Defendant's expert during review. But that reasoning supports, at most, a short extension to permit one initial inspection,

not an extension through November 20 or a floating deadline tied to an inspection date that Defendant has not identified.

If the Court is inclined to grant an extension, Plaintiff respectfully submits that it should be brief and date-certain, and should require Defendant to proceed promptly with his initial inspection. Plaintiff otherwise opposes the requested extension through November 20, 2026 or thirty days after an unspecified future inspection.

Respectfully submitted,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
***daniel@veridianlegal.com***