LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844

*VIA ELECTRONIC FILING SYSTEM*

October 5, 2026

Hon. Judith C. McCarthy
United States Magistrate Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re: *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Letter-Motion for a Protective Order Precluding Plaintiff's Untimely Subpoenas to Signature Payments, First Data, and American Express**

Dear Judge McCarthy:

We represent Defendant and Counterclaimant James Lidestri. Pursuant to Fed. R. Civ. P. 16(b)(4) and 26(c)(1) and the Court's February 13, 2026 Order (Dkt. No. 24), Defendant respectfully requests a protective order barring the three non-party document subpoenas Plaintiff noticed on September 29, 2026, the day before fact discovery closed, to Signature Payments, LLC, First Data Merchant Services LLC, and American Express Travel Related Services Company, Inc. (the "Processors"), each returnable October 13, 2026. Exs. A–C. Defendant also asks that, pending the Court's ruling, Plaintiff be directed not to serve the subpoenas and, to the extent any has been served, to instruct the recipient in writing to withhold production.

## Relevant Background

Fact discovery has been extended four times. In adopting the August 24, 2026 deadline, Judge Karas directed that "[n]o more extensions will be granted." Dkt. No. 36 at 4. This Court later extended fact discovery to September 30, 2026 (Minute Entry dated July 9, 2026), and on September 18 permitted only Defendant's deposition to proceed after "the September 30, 2026 fact discovery deadline," ordering that "[a]ll other deadlines remain the same." Dkt. No. 62 at 1.

On September 29, 2026, Plaintiff served notice of the three subpoenas, each returnable thirteen days after the close of fact discovery, without seeking leave. Exs. A–C. The subpoenas seek, among other things, every transaction processed for BFC Enterprises, LLC ("BFC"), the websites and revenue associated with each, the residential addresses and telephone numbers of every person associated with BFC's accounts, and records of account terminations and law-

enforcement inquiries through January 1, 2024. *Id.*, Reqs. 1–11. Plaintiff's counsel has stated that the subpoenas were "prompted in significant part by information produced directly by Wells Fargo," a production Plaintiff received *at least* by September 18, 2026 and did not forward to Defendant until September 28. *See* Dkt. No. 67 at 1. Mr. Lidestri's date of birth, which each subpoena recites, has been redacted from the exhibits. *See* Fed. R. Civ. P. 5.2(a)(2).

Defendant objected on September 30 and asked Plaintiff to withdraw the subpoenas. Plaintiff refused and initially offered to negotiate their scope only if Defendant withdrew its timeliness objection. Although Plaintiff later expressed a willingness to narrow some of the requests, the parties remain at impasse on timeliness and on many of the scope issues, and Defendant therefore presents the dispute to the Court.

**The Subpoenas Are Untimely**

Rule 45 subpoenas "constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Wood v. Mut. Redevelopment Houses, Inc.*, No. 14-cv-7535 (AT) (DF), 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (quoting *Pasternak v. Dow Kim*, No. 10-cv-5045 (LTS) (JLC), 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013)) (internal quotation marks omitted), objections overruled, 2020 WL 4548079 (S.D.N.Y. Aug. 5, 2020). Subpoenas served before the deadline but returnable after it are therefore untimely. *Id.* (subpoenas "issued shortly before discovery closed" that "specified return dates" after the deadline "are therefore untimely"); *Murphy v. County of Chemung*, No. 6:18-cv-06628 (FPG) (CDH), 2025 WL 1903787, at *6 (W.D.N.Y. July 10, 2025) (quashing non-party subpoenas served on the last day of fact discovery because demands "which can only be responded to after the deadline are 'per se late[ ] and unenforceable'" (quoting *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063 (DLI) (SJB), 2023 WL 2895935, at *1 (E.D.N.Y. Apr. 11, 2023))). The Processors could not have produced anything before September 30.

Nor can Plaintiff show good cause to modify the schedule. Fed. R. Civ. P. 16(b)(4). "[T]he primary consideration is whether the moving party can demonstrate diligence." *Murphy*, 2025 WL 1903787, at *7 (quoting *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *6 (S.D.N.Y. Nov. 30, 2018)) (internal quotation marks omitted). By her own account, Plaintiff had the information behind these subpoenas at least by September 18, yet she did not seek leave before the deadline passed. *See McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("Applications to extend the discovery deadline must be made prior to expiration of the deadline . . . ."). Instead, she told the Court that she needed more time "solely" for Defendant's deposition. Dkt. No. 62 at 3.

Defendant may seek this relief. Whether a subpoena complies with the scheduling order "is separate and distinct from the issue of standing." *Murphy*, 2025 WL 1903787, at *6 n.8. A violation of the scheduling order "forms an independent basis to grant the request to quash." *Id.* (quoting *Ferrer v. Racette*, No. 9:14-CV-1370, 2017 WL 1750377, at *2 (N.D.N.Y. May 4, 2017)). Mr. Lidestri also has a personal privacy interest in the financial records of his business, which the subpoenas target, as reflected in the limits the Court placed on Plaintiff's prior financial subpoenas at Defendant's request. *See* Dkt. Nos. 42, 54; *Silverstone Holding Grp.,*

*LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202–03 (S.D.N.Y. 2023).

**Alternatively, the Subpoenas Should Be Limited**

If the Court permits any subpoena to proceed, Defendant respectfully requests that it be limited as follows:

1. *American Express.* Plaintiff's original American Express subpoena defined "Accounts" to include "merchant" accounts and sought "[a]ll merchant-account, credit-card-processing, and payment-processor Documents." Dkt. No. 42-1 at 3, 6. The Court limited that subpoena to the card accounts ending 1007, 1008, and 2005. Dkt. No. 54 ¶ 2. The new subpoena, directed to American Express's "merchant services division," seeks what the Court did not allow. Ex. C, Def. 1. If Plaintiff believed the Wells Fargo records warranted revisiting that ruling, her remedy was to seek leave before discovery closed.
2. No request should reach beyond December 31, 2021, the end date the Court set for Plaintiff's Wells Fargo and American Express subpoenas, and Requests 3 and 4 should be limited to the five domains identified in the August 13 Order and to communications concerning Plaintiff or images of her. *See* Dkt. No. 54 ¶¶ 1–2, 4–5.
3. Requests 1 and 6 through 11, which seek every BFC transaction, revenue by website, the identities, home addresses, and telephone numbers of every person associated with or controlling BFC's accounts, account terminations, and law-enforcement inquiries, bear on no claim or defense and should be stricken. Fed. R. Civ. P. 26(b)(1).
4. Mr. Lidestri's date of birth should be removed, and any production should be designated confidential and produced to Defendant immediately upon receipt, as the Court ordered for Plaintiff's prior financial subpoenas. Dkt. No. 54 ¶ 6.

**Interim Relief**

Disclosure cannot be undone, and a short hold prejudices no one. *See Sheindlin v. Brady*, No. 21-CV-1124 (LJL) (SDA), 2021 WL 2075483 (S.D.N.Y. May 24, 2021). Defendant therefore respectfully requests that the Court (1) order that the subpoenas not be served or enforced; (2) pending its ruling, direct Plaintiff not to serve them and, to the extent any has been served, to instruct each recipient in writing to withhold production and provide it with a copy of this letter and any order; and (3) alternatively, limit the subpoenas as set forth above.

Respectfully submitted,

*Michael Cilento*

Michael D. Cilento, Esq.