Memo endorsed. *See* page 4.


# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844


*VIA ELECTRONIC FILING SYSTEM*

September 29, 2026

Hon. Judith C. McCarthy
United States Magistrate Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re: *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Letter-Motion for Leave to Re-Depose Plaintiff on the Late-Produced Wells Fargo Records**

Dear Judge McCarthy:

We represent Defendant and Counterclaimant James Lidestri. Pursuant to Fed. R. Civ. P. 16(f), 30(a)(2)(A)(ii), and 37(b)(2), Defendant respectfully requests an order (1) granting leave to re-depose Plaintiff, limited to the records Wells Fargo Bank, N.A. produced in response to Plaintiff's subpoena, at Plaintiff's expense; and (2) directing Plaintiff to comply with the Court's existing requirement that non-party productions be forwarded immediately upon receipt.

**Relevant Background**

On August 13, 2026, the Court limited Plaintiff's five non-party subpoenas, including her subpoena to Wells Fargo, which it confined to BFC Enterprises, LLC's accounts for 2012 through 2021, and ordered that "[t]he production from these five non-party subpoenas shall be marked confidential and produced to Defendant immediately upon receipt." Dkt. No. 54 ¶¶ 1, 6.

Wells Fargo's records custodian executed her business-records declaration on September 14, 2026. Plaintiff's counsel confirmed by e-mail on September 28, 2026 that Plaintiff received the production on September 18, 2026. Plaintiff did not forward it. On September 23, 2026, Defendant deposed Plaintiff for approximately six hours. Plaintiff forwarded the Wells Fargo production on September 28, 2026, ten days after she received it and five days after her deposition. The production as forwarded also appears to be incomplete: Wells Fargo certified six pages of wire records for one account, but the copy Defendant received contains three.

This is not the first time Plaintiff has held a non-party production in violation of Paragraph 6. The e-mail headers on the copies Plaintiff forwarded show that the Morganelli Group e-mailed its response to Plaintiff's counsel on August 24, 2026, and that Western Union e-mailed its response on August 28, 2026. Plaintiff forwarded both on September 10, 2026, seventeen and thirteen days later.

The Wells Fargo records delay mattered. Plaintiff alleges that Defendant paid her through money transfers for years. Dkt. No. 12 ¶¶ 43–46, 61. At her deposition, five days after her counsel received the Wells Fargo records, Plaintiff gave new testimony about how she was paid that appears nowhere in her complaint, amended complaint, three sworn declarations, or interrogatory responses. Plaintiff's counsel had the Wells Fargo records when Plaintiff testified. The reasonable inference is that Plaintiff's counsel used records it had withheld from Defendant to prepare Plaintiff to testify, while Defendant, which did not have them, could not examine her on them. Either way, Plaintiff withheld the Wells Fargo records through her deposition, in violation of the Court's August 13, 2026 Order. Dkt. No. 54 ¶ 6.

**Leave to Re-Depose Plaintiff, Limited to the Wells Fargo Records, Is Warranted**

A party must obtain leave to depose a witness who has already been deposed, and the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(ii). "Courts will typically reopen a deposition where there is new information on which a witness should be questioned," and limit the renewed examination to that information. *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (permitting a continued deposition of "no more than two hours," limited to information learned since the first deposition); *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017) ("Where [a] deposition is reopened because of newly discovered information, the questioning of the witness is limited to [issues] relating to the newly produced information." (quoting *Ganci*, 2011 WL 4407461, at *2)); *U.S. ex rel. Bassan v. Omnicare, Inc.*, No. 15-CV-04179 (CM) (VF), 2023 WL 8643796, at *1 (S.D.N.Y. Dec. 14, 2023) (reopening depositions where the examining party "did not previously have the . . . documents it seeks to question the witnesses about"); *Ali v. Dainese USA, Inc.*, 577 F. Supp. 3d 205, 224 (S.D.N.Y. 2021) (permitting defendants "to depose, at Plaintiff's expense, Plaintiff . . . on any issues raised by" her untimely disclosures).

Each Rule 26(b)(2) consideration favors leave. The examination would not be cumulative: Defendant has never questioned Plaintiff about these records. The information cannot be obtained elsewhere: only Plaintiff can testify to how, from whom, and through what services she claims she was paid. The burden is modest: Defendant asks for no more than two hours, limited to the Wells Fargo production and Plaintiff's testimony about money transfers. Nor did Defendant choose to proceed on an incomplete record. Plaintiff's counsel held the records and did not disclose that she had received them. Good cause also exists to hold the continued deposition after the September 30, 2026 close of fact discovery, because the need arises solely from Plaintiff's late production. Fed. R. Civ. P. 16(b)(4).

LEWIS & LIN LLC

**Plaintiff Should Bear the Cost**

When a party fails to obey a discovery order, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see* Fed. R. Civ. P. 16(f)(1)(C), (2). Where a re-deposition is needed because of a late production, the late-producing party bears its cost. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 437 (S.D.N.Y. 2004) (ordering the late-producing party "to pay the costs of any depositions or re-depositions required by the late production"); *Ali*, 577 F. Supp. 3d at 224, 228 (awarding fees and costs of "conducting the depositions authorized"); *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 2589725, at *5 (E.D.N.Y. June 24, 2021) ("As the need for [the] second deposition stems solely from defendants' violations, plaintiff should not have to bear the costs of defendants' noncompliance."). Paragraph 6 required production "immediately upon receipt." Plaintiff held the Wells Fargo records for ten days, through her own deposition, and no justification has been offered.

**Requested Relief**

Defendant respectfully requests that the Court order that:

1. Defendant may re-depose Plaintiff for up to two hours, limited to the Wells Fargo production and her testimony concerning money-transfer payments, on a date within 21 days of the Court's order or as the parties agree;
2. Plaintiff shall bear the court reporter costs of the continued deposition and Defendant's reasonable attorney's fees for it and for this application;
3. Within three business days, Plaintiff shall forward the complete Wells Fargo wire records, certify whether she has received any other production from the five non-party subpoenas that she has not forwarded, and produce any such production with its transmittal; and
4. Plaintiff shall forward any further non-party production, marked confidential, within one business day of receipt, as Paragraph 6 of the Court's August 13, 2026 Order requires.

Respectfully submitted,

*Michael Cilento*

Michael D. Cilento, Esq.

**SO ORDERED.**

Application granted in part and denied in part. First, because Plaintiff's late production of the Wells Fargo documents hindered Defendant's ability to examine Plaintiff about their contents at Plaintiff's deposition, (*see* Docket No. 68 at 1-2), the Court will allow Defendant to re-depose Plaintiff for no more than two hours, limited to the Wells Fargo production and her testimony concerning the money-transfer payments. Given that Plaintiff is located in Oklahoma and has already traveled to Brooklyn to attend an in-person deposition, the continued deposition may proceed virtually, and must be completed by October 28, 2026. *See Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (the decision to grant or deny a request for a virtual deposition is left to the discretion of the Court). Second, because the need for Plaintiff's re-deposition was caused by Plaintiff's failure to timely produce the Wells Fargo records, the Court directs Plaintiff to bear the court reporter costs of the continued deposition. (Docket No. 67 at 3 ¶ 2); *see also Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 437 (S.D.N.Y. 2004) (ordering plaintiff to pay the costs of any re-deposition required by her late production). The Court denies Defendant's request that Plaintiff bear the costs of Defendant's reasonable attorney's fees for the continued deposition and the instant application. (*See* Docket No. 67 at 3 ¶ 2). Third, because Plaintiff's counsel represented that Plaintiff "forwarded to Defendant exactly what Plaintiff's counsel received from Wells Fargo," (Docket No. 68 at 2), the Court denies Defendant's request that Plaintiff "forward the complete Wells Fargo wire records," (Docket No. 67 at 3 ¶ 3). However, by October 14, 2026, Plaintiff is directed to certify whether she has received any other records from the five non-party subpoenas that she has not forwarded, and, if so, produce any such records with its transmittal.

Judith C. McCarthy 10/7/26

JUDITH C. McCARTHY
United States Magistrate Judge