Gmail

Cali Madia <cali@lawdss.com>

# Re: Burns v. Lidestri, Case No. 1:25-cv-07474 - Rule 45 Notices and Subpoenas

1 message

**Mike Cilento** <michael@ilawco.com> Fri, Oct 2, 2026 at 3:25 PM
To: Cali Madia <cali@veridianlegal.com>
Cc: Daniel Szalkiewicz <daniel@veridianlegal.com>, "David D. Lin" <david@ilawco.com>

Cali,

Thanks. We appreciate Plaintiff's agreement to several of the limits we proposed. However, given that we still disagree on many of the remaining items, we think the simplest course at this point is to present the dispute to Judge McCarthy. We will ask the Court to rule on the timeliness objection first and we will give our alternative position on the remaining disputes. Our letter will note that Plaintiff was willing to limit several of the requests.

We will file the letter motion for a protective order with Judge McCarthy on Monday. We ask that Plaintiff hold off on serving the subpoenas until she rules.

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Fri, Oct 2, 2026 at 12:59 PM Cali Madia <cali@veridianlegal.com> wrote:

> Mike,
> Please see below. Happy to discuss any and all of the above further by phone.
>
> (1) Withdraw the American Express subpoena. The Court already limited Plaintiff's American Express subpoena to the three accounts ending 1007, 1008 and 2005 (Dkt. No. 54). Plaintiff's original subpoena expressly sought merchant-account and payment-processor records (Request No. 8), and the Court did not allow them.
> Respectfully, the Court's limiting of the American Express subpoena was made based on information available to it – and Plaintiff – at the time. Now that we know American Express was involved in payment processing, the information is relevant.
>
> (2) Limit the remaining subpoenas to 2012 through 2021. That is the period the Court set for Plaintiff's financial subpoenas in Dkt. No. 54, and there is no basis to go further.
> We would agree to limit our subpoenas to 1/1/12 until 12/31/21.

(3) Eliminate Requests 1, 3, 4, 6, 7, 8, 9, 10 and 11.

-Requests 1, 3, 6 and 7 seek every transaction, every website and all revenue for BFC's entire business, most of which has nothing to do with Plaintiff.
-Request 4 seeks all communications with the processors on any subject.
-Requests 8 and 9 seek home addresses, phone numbers and other personal information of account holders, which has no bearing on Plaintiff's claims.
-Requests 10 and 11 seek account terminations and law-enforcement inquiries through 2024, irrelevant itself to this action and well outside any relevant period.
For #1 we'd be willing to strike it. For #3 I believe a summary of domains associated with BFC is relevant and not overly broad. For #6 we would strike it. For #7 the information sought is relevant and proportional.

For #4 Their communications are relevant and proportional. We would limit it to communications about the content being sold on the site.

For #8, Lidestri has maintained he is not associated with certain websites, despite the fact that he owns the URLs. Information about other people receiving payments is relevant and proportional to needs of case. Same goes for #9.

For #10 and 11: We maintain law enforcement and termination records are relevant to claims and proportional to needs of the case but will limit the time to 1/1/12 until 12/31/21.

(4) Remove Mr. Lidestri's date of birth. There is no reason to disclose it to three non-parties.
Happy to remove it from the subpoenas but oftentimes companies require additional information to identify accounts.

(5) Require that any production be designated Confidential under the Protective Order and produced to Defendant immediately upon receipt, as the Court ordered for Plaintiff's prior financial subpoenas (Dkt. No. 54 ¶ 6).
Fine.

On Thu, Oct 1, 2026 at 10:27 AM Mike Cilento <michael@ilawco.com> wrote:

Daniel,

As previously stated, we are not willing to withdraw the timeliness objection and will raise it with Judge McCarthy.

We were engaging on scope on the understanding that any agreement would apply only if the Court allows the subpoenas to go forward. That would narrow what the Court has to decide. If Plaintiff will not discuss scope unless we drop the timeliness objection, we will present both issues to the Court.

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Thu, Oct 1, 2026 at 10:11 AM Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Hi Mike,

Thank you for laying out Defendant's proposed limitations.

We are willing to work with you on narrowing the subpoenas and to meet and confer regarding scope, time period, categories of documents, confidentiality, and the treatment of personal identifying information.

We are not, however, going to agree to a blanket withdrawal of the subpoenas based on timing.

If Defendant is willing to withdraw the timeliness objection, we are prepared to meet and confer promptly regarding the remaining objections and see whether we can reach agreement on reasonable narrowing without involving the Court.

Please let me know if that is acceptable, and we can arrange a time to speak.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Wed, Sep 30, 2026 at 11:42 AM Mike Cilento <michael@ilawco.com> wrote:

Daniel,

Thanks for your response.

Our main objection is timing. Plaintiff noticed these subpoenas the day before fact discovery closed, with a return date after the close, and without leave of Court. By your own account, they are based on the Wells Fargo production, which Plaintiff has had since at least September 18. We therefore intend to raise the timeliness of the subpoenas with Judge McCarthy regardless.

That said, to avoid burdening the Court with disputes over scope, we are willing to discuss narrowing in the meantime, without waiving our timeliness or any other objection. At a minimum, any subpoena would need to:

(1) Withdraw the American Express subpoena. The Court already limited Plaintiff's American Express subpoena to the three accounts ending 1007, 1008 and 2005 (Dkt. No. 54). Plaintiff's original subpoena expressly sought merchant-account and payment-processor records (Request No. 8), and the Court did not allow them.

(2) Limit the remaining subpoenas to 2012 through 2021. That is the period the Court set for Plaintiff's financial subpoenas in Dkt. No. 54, and there is no basis to go further.

(3) Eliminate Requests 1, 3, 4, 6, 7, 8, 9, 10 and 11.

-Requests 1, 3, 6 and 7 seek every transaction, every website and all revenue for BFC's entire business, most of which has nothing to do with Plaintiff.
-Request 4 seeks all communications with the processors on any subject.
-Requests 8 and 9 seek home addresses, phone numbers and other personal information of account holders, which has no bearing on Plaintiff's claims.
-Requests 10 and 11 seek account terminations and law-enforcement inquiries through 2024, irrelevant itself to this action and well outside any relevant period.

(4) Remove Mr. Lidestri's date of birth. There is no reason to disclose it to three non-parties.

(5) Require that any production be designated Confidential under the Protective Order and produced to Defendant immediately upon receipt, as the Court ordered for Plaintiff's prior financial subpoenas (Dkt. No. 54 ¶ 6).

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Wed, Sep 30, 2026 at 9:16 AM Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

> Hi Mike,
>
> Thank you for your email.
>
> We do not intend to withdraw the subpoenas. The information sought is relevant to Plaintiff's claims.
>
> The subpoenas were prompted in significant part by information produced directly by Wells Fargo. That production identified information concerning the merchant-processing relationships that warranted follow-

up with the processors themselves. In our view, seeking records from the entities that actually maintained and processed those merchant accounts is a reasonable and relevant next step based on the Wells Fargo production.

That said, we are willing to discuss reasonable narrowing to address legitimate proportionality concerns. Your email identifies several categories generally, but it would be helpful if you could tell us specifically what limitations Defendant proposes. For example, please identify the particular requests you believe should be narrowed or eliminated, the time periods you propose, and any limitations you propose with respect to particular accounts, websites, or categories of information.

If you send us Defendant's proposed narrowing, we will review it promptly and see whether we can reach agreement without motion practice.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Wed, Sep 30, 2026 at 8:24 AM Mike Cilento <michael@ilawco.com> wrote:

> Daniel and Cali,
>
> We received Plaintiff's notices of subpoenas to Signature Payments, LLC, First Data Merchant Services, and American Express TRS (merchant services), served on us September 29 and returnable October 13. Defendant objects to all three and asks that Plaintiff withdraw them.
>
> First, the subpoenas are untimely. Fact discovery closes today. Plaintiff noticed these subpoenas the day before the close, with a return date nearly two weeks after it, and did not seek leave. A subpoena that cannot be complied with until after the deadline is untimely. To the extent the subpoenas are drawn from the Wells Fargo records, Plaintiff has had those records since at least September 18.
>
> Second, the subpoenas go beyond what the Court has already allowed. The August 13 Order (Dkt. No. 54) limited Plaintiff's American Express subpoena to the accounts ending 1007, 1008 and 2005, and limited both the American Express and Wells Fargo subpoenas to 2012 through 2021. These subpoenas seek other accounts, and several requests run to January 1, 2024.
>
> Third, the requests are not relevant or proportional to this case. They seek every transaction on every

website, revenue by site, owners' home addresses and phone numbers, account terminations, and law-enforcement inquiries. They also give Mr. Lidestri's date of birth to three non-parties for no reason.

Please let us know by Thursday, October 1 whether Plaintiff will withdraw the subpoenas. If Plaintiff will not, please let us know whether Plaintiff will narrow them to address the objections above. We are also available for a call today or Thursday if you would like. If we cannot reach an agreement, we will seek a protective order from the Court. In the meantime, please do not serve the subpoenas, or, if they have already been served, instruct the recipients to hold any production.

Thanks
Mike

**Michael D. Cilento, Esq.**
Lewis & Lin LLC
77 Sands Street, 6th Floor | Brooklyn, NY 11201
direct 347-404-5844 | fax 718-243-9326
iLawco.com | TrademarkAttorneys.com | Defamation.nyc

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Tue, Sep 29, 2026 at 4:13 PM Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

> Michael,
>
> Attached are copies of the Rule 45 notices and subpoenas that we intend to serve in this matter.
>
> The subpoenas are directed to American Express, First Data Merchant Services, and Signature Payments/Signature Merchant Services, and seek merchant-account and transaction-related records concerning BFC Enterprises and the identified websites.
>
> Please let me know if you have any questions.
>
> Very Truly Yours,
>
> Daniel S. Szalkiewicz, Esq.
>
> Veridian Legal P.C.
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Tel: (212) 706-1007
> Direct Dial: (212) 760-1007
> Cell: (929) 373-2735
> Fax: (646) 849-0033