UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUDREY BURNS

Plaintiff / Counterclaim-Defendant,

vs.

JAMES LIDESTRI,

Defendant / Counterclaimant.

Case No. 7:25-cv-07474-KMK-JCM

**DEFENDANT / COUNTERCLAIMANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33, Defendant / Counterclaimant James Lidestri ("Defendant") hereby responds and objects to Plaintiff / Counterclaim-Defendant Audrey Burns's ("Plaintiff") First Set of Interrogatories (the "Interrogatories") as follows:

## I. GENERAL OBJECTIONS

1. Defendant objects to each Interrogatory to the extent it exceeds the scope of interrogatories permitted at the commencement of discovery under Local Civil Rule 33.3(a), including by seeking merits-based factual narratives, detailed substantive contentions, exhaustive business-wide inventories, or information beyond the names of knowledgeable witnesses, the computation of damages, and the existence, custodian, location, and general description of relevant documents and physical evidence.

2. Defendant objects to each Interrogatory to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, or seeks information not relevant to any party's claim or defense.

3. Defendant objects to each Interrogatory to the extent it seeks information not within Defendant's personal knowledge, possession, custody, or control, or information equally available to Plaintiff from public sources, prior disclosures, or third parties.

4. Defendant objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense doctrine, or any other applicable privilege or protection.

5. Defendant objects to each Interrogatory to the extent it seeks confidential, proprietary, private, or nonpublic information concerning third parties, including nonparty models, photographers, subscribers, contractors, payment processors, financial institutions, and law-enforcement matters, absent an appropriate showing of relevance and proportionality and subject to an appropriate confidentiality order.

6. Defendant objects to Plaintiff's Definitions to the extent they are overbroad and purport to expand Defendant's obligations beyond the Federal Rules, including the definitions of "You," "Document(s)," "Teen Starlet Websites," "Photographer(s)," "Model(s)," and "Concerning" or "Relating to."

7. Defendant objects to each Interrogatory to the extent it seeks a comprehensive inventory, compilation, or narrative description of documents, devices, accounts, or business operations more appropriately addressed, if at all, through narrower interrogatories, requests for production, or deposition testimony.

## II. SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Photographer who photographed or recorded video of Plaintiff at any time, including the Photographer's full name, all aliases or business names used, last known address, last known telephone number, last known email address, the dates on which each Photographer photographed or recorded Plaintiff, and the location(s) of each such photoshoot.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it is overbroad and disproportionate in seeking identification of each Photographer

who photographed or recorded Plaintiff "at any time," together with all aliases, business names, contact information, dates, and locations, without reasonable limitation. Defendant further objects to the extent the definition of "Photographer(s)" is vague and overexpansive, improperly presupposes the existence of a directing relationship between Defendant and each enumerated individual that is disputed, and incorporates by assumption persons whom Plaintiff has unilaterally designated as having acted at Defendant's direction or on Defendant's behalf without having established any factual or legal basis for that designation. Defendant further objects to the extent the Interrogatory is compound, seeking both identification of a person and a comprehensive account of every photoshoot he conducted, which exceeds the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant is able to identify the following persons responsive to this Interrogatory, and states that he does not presently recall additional information beyond what is set forth herein: David Petrie. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 2:**

In Your Initial Disclosures, You identified "Jim Bauer (Castle Rock Pictures)" with an address listed as "currently unknown." State whether Jim Bauer is the individual identified in Plaintiff's First Amended Complaint as "Jim from Castle Rock" and/or "Jim Giacomo," and provide his full legal name, all aliases used, last known address, last known telephone number, last known email address, and the dates and locations of every photoshoot he conducted involving Plaintiff.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it assumes as established fact that "Jim Bauer" and "Jim from Castle Rock" and/or "Jim Giacomo" are necessarily the same individual, which is a disputed factual matter calling for a legal or factual conclusion that Defendant is not obligated to adopt. Defendant further objects to the extent the Interrogatory asks Defendant to confirm or adopt Plaintiff's own characterizations and designations of individuals referenced in her First Amended Complaint, the

meaning and basis of which are known only to Plaintiff and her counsel, and which Defendant is not in a position to verify, adopt, or refute. Defendant is not obligated to interpret or give legal effect to Plaintiff's pleading allegations, and any response by Defendant confirming or denying whether a particular individual corresponds to a name or description used in Plaintiff's complaint would necessarily require Defendant to assume the truth of allegations that remain disputed. Defendant further objects to the extent the Interrogatory seeks disclosure of last known address, telephone number, and email address for a third party not within Defendant's current control, and to the extent such contact information is not within Defendant's possession. Defendant further objects to the extent the Interrogatory is compound, seeking both identification of a person and a comprehensive account of every photoshoot he conducted, which exceeds the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a).

**INTERROGATORY NO. 3:**

Identify each person who was present at any photoshoot involving Plaintiff, including the date and location of each photoshoot and the role of each person present (e.g., photographer, makeup artist, guardian, other model, assistant, or other).

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification of "each person who was present at any photoshoot involving Plaintiff" over an undefined period, encompassing an unlimited and undefined class of individuals with no restriction to persons whose presence is relevant to the claims or defenses at issue, as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to the extent the Interrogatory is compound, embedding within a single witness-identification request a demand for the date, location, and role of every person at every photoshoot, which exceeds the scope of a permissible 33.3(a) interrogatory. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Wynona Burns (Plaintiff's mother) — present at two or more photoshoots involving Plaintiff. Contact information unknown to Defendant.

David Petrie — present at one or more photoshoots involving Plaintiff, including the Florida photoshoot. Contact information unknown to Defendant. Amanda Zimmerman — present at the Florida photoshoot involving Plaintiff. Contact information unknown to Defendant. Defendant does not presently recall the identities of all other persons, if any, who may have been present at any photoshoot involving Plaintiff. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 4:**

Identify each person who had any role in the operation, management, administration, or maintenance of the Teen Starlet Websites, including but not limited to web developers, content managers, content moderators, payment processors, customer service representatives, and any other staff, employees, or contractors, and describe the role each person performed.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification of "each person who had any role" in the operation, management, administration, or maintenance of the Teen Starlet Websites — including web developers, content managers, moderators, payment processors, customer service representatives, and "any other staff, employees, or contractors" — as overbroad, unduly burdensome, not proportional to the needs of the case, and extending well beyond the claims at issue. Defendant further objects to the extent the Interrogatory is compound, requiring both identification of each person and a description of their role, exceeding the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant is able to identify the following persons responsive to this Interrogatory, and states that he does not presently recall additional information beyond what is set forth herein: David Petrie, graphic designer, web developer, photo and video editor, content manager and photographer. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 5:**

In Your Initial Disclosures, You identified Terri Rieger Oberle, Kelsey Rieger, and Candace Rieger as individuals with knowledge of "Defendant's business practices; operation of Defendant's website; age verification procedures; and modeling activities," but listed their addresses as "currently unknown." For each of these individuals, provide their full name, last known address, last known telephone number, last known email address, their relationship to You, the specific role each performed in connection with the Teen Starlet Websites, and the dates during which each was involved.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks comprehensive personal contact information — including last known address, telephone number, and email address — for three specifically named third parties whose addresses Defendant listed as "currently unknown" in his Initial Disclosures, and to the extent Defendant does not currently possess that information and cannot be compelled to locate it through investigation beyond reasonable inquiry. Defendant further objects to the extent the Interrogatory is compound, seeking not only contact information but also a description of each person's specific role and the dates of their involvement, which exceeds the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant is able to identify the following persons responsive to this Interrogatory, and states that he does not presently recall additional information beyond what is set forth herein: Terri Rieger Oberle — mother of Kelsey Rieger and Candace Rieger; subject matter of knowledge: family relationship to and involvement with the other identified individuals in connection with the Teen Starlet website. No current contact information known to Defendant. Kelsey Rieger — model photographed for the Teen Starlet website; believed to be the first model photographed for the website, most likely around 2010 or 2011, though Defendant does not presently recall the exact dates; subject matter of knowledge: participation as a model in connection with the Teen Starlet website. No current contact information known to Defendant. Candace Rieger — model photographed for the Teen Starlet website, soon after Kelsey Rieger's first photoshoot; subject

matter of knowledge: participation as a model in connection with the Teen Starlet website. No current contact information known to Defendant. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 6:**

Identify each person who has knowledge of any communication between You and any law enforcement agency, including but not limited to the Federal Bureau of Investigation, the U.S. Department of Justice, the Department of Homeland Security, the National Center for Missing & Exploited Children, or any state or local law enforcement agency, concerning the Teen Starlet Websites, any Model, or any investigation into child exploitation or child sex abuse material, and describe the subject matter of each such person's knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification of "each person who has knowledge of any communication" between Defendant and any law enforcement agency concerning the Teen Starlet Websites, "any Model," or any child exploitation investigation — a formulation encompassing an unlimited universe of persons and communications — as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to the extent the Interrogatory seeks disclosure of information protected by law enforcement privilege or related protections, or information obtained in the context of confidential law enforcement communications. Defendant further objects to the extent the Interrogatory calls for identification of law enforcement agents, prosecutors, and government officials whose identities are equally accessible to Plaintiff through other means and who are not within Defendant's control. Defendant further objects to the extent the phrase "any Model" extends the Interrogatory beyond Plaintiff and encompasses third parties with no demonstrated relevance to the claims at issue. Defendant further objects that this Interrogatory exceeds the scope permitted by Local Civil Rule 33.3(a) to the extent it seeks broad law-enforcement subject matter rather than identification of witnesses with knowledge relevant to the claims and defenses in this action. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states that no

law-enforcement agency, federal agent, prosecutor, or other government representative has ever contacted Defendant, and Defendant has not contacted any law-enforcement agency, concerning the Teen Starlet Websites, any model who appeared on the Teen Starlet Websites, including Plaintiff, or any of Defendant's businesses or work with any model. Accordingly, Defendant is not presently aware of any person with knowledge responsive to this Interrogatory. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 7:**

In Your Declaration dated July 14, 2025, You stated at Paragraph 8 that a "model agent who hired many of the models is prepared to attest to [Your] reputation." Identify this model agent by full name, last known address, last known telephone number, last known email address, and describe the subject matter of the information this person possesses.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it references "Your Declaration dated July 14, 2025" — a term that is not defined anywhere in these Interrogatories — as vague and ambiguous. Defendant further objects to the extent the Interrogatory is compound, requiring both identification and a description of the subject matter of the person's knowledge, exceeding the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a).

**INTERROGATORY NO. 8:**

Identify each person who has knowledge of the events described in Plaintiff's First Amended Complaint, including but not limited to any person with knowledge of: (a) Plaintiff's photoshoots; (b) communications between You and Plaintiff; (c) payments made to Plaintiff; (d) Plaintiff's trip to New York in April 2013; (e) any photoshoot at Your home in Hopewell Junction, New York; (f) any photoshoot in Florida involving Plaintiff; and (g) the sexual assault alleged in the First Amended Complaint, who was not identified in Your Initial Disclosures.

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as facially overbroad, unduly burdensome, and disproportionate to the needs of the case. The Interrogatory seeks identification of "each person who has knowledge of the events described in Plaintiff's First Amended Complaint" — a complaint containing over 175 paragraphs of allegations — across seven enumerated categories including the alleged sexual assault, payments, travel, and all photoshoots, limited only to persons not already identified in Defendant's Initial Disclosures. This formulation could encompass an unlimited and undefined universe of individuals. Defendant further objects that the Interrogatory is vague insofar as it seeks persons with knowledge of "the events described" in the Complaint, which is an open-ended formulation exceeding a reasonable first-round witness inquiry. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant identifies the following person not previously identified in Defendant's Initial Disclosures as having knowledge of the events referenced in this Interrogatory:

David Petrie — Mr. Petrie was present with Defendant in Florida during a joint photoshoot session involving Plaintiff Audrey Burns and Amanda Zimmerman. Mr. Petrie has knowledge of the circumstances of that photoshoot, including the arrival of Burns and Zimmerman and their condition upon arrival. Mr. Petrie also has knowledge of the photoshoot at Defendant's home in Hopewell Junction, New York. Contact information for Mr. Petrie is not presently known to Defendant. With respect to subparts (b), (c), and (d), Defendant does not presently recall any person with knowledge of those matters beyond those already identified in Defendant's Initial Disclosures. With respect to subpart (g), Defendant states that no such assault occurred and accordingly Defendant is not aware of any person with knowledge of the event as characterized by Plaintiff. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 9:**

In Your Initial Disclosures, You identified "Owner of TeenMarvel.com (also MarvelCharm.com and MarvelFans.com)" with an address listed as "currently unknown." Identify this individual by

full name, last known address, last known telephone number, and last known email address, and describe the nature and dates of any business relationship between You and this individual.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks disclosure of the full name and contact information of a third-party business owner identified only as "Owner of TeenMarvel.com" in Defendant's Initial Disclosures, whose address Defendant listed as "currently unknown," and to the extent Defendant does not currently possess that contact information and cannot be compelled to locate it through investigation beyond reasonable inquiry. Defendant further objects to the extent the Interrogatory is compound, requiring both identification of the individual and a description of the nature and dates of any business relationship, which exceeds the scope of a witness-identification interrogatory under Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states that he does not possess any contact information for this individual. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 10:**

Identify each person who has knowledge of the June 2019 burglary referenced in Your Initial Disclosures in which "certain digital storage devices and business records were stolen," including any law enforcement officers, investigators, insurance adjusters, or other persons involved in the investigation or reporting of the burglary.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification of "each person who has knowledge of the June 2019 burglary" without limitation to persons whose knowledge is relevant to the claims or defenses at issue, as overbroad and not proportional to the needs of the case. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant

responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states that the June 2019 burglary was reported to law enforcement and that the responding officers are identified in the police incident report, which Defendant will produce in response to Plaintiff's First Set of Requests for Production of Documents. Defendant refers Plaintiff to that document pursuant to Fed. R. Civ. P. 33(d). Beyond the responding officers identified in that report, the burglary and its consequences were known to members of Defendant's family, neighbors, and business clients who sought access to historical documents and records that were among the items stolen and could no longer be provided following the burglary. Defendant does not presently recall the full names and contact information of each such individual and states that identifying each person with any knowledge of the burglary would be unduly burdensome and disproportionate to the needs of this case given the breadth of the Interrogatory as posed. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 11:**

Identify and describe all documents, electronically stored information, and tangible things in Your possession, custody, or control that contain, depict, or relate to any photograph or video of Plaintiff, including the custodian, location, format (e.g., hard drive, cloud storage, DVD, memory card), and general description of each such item.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate because it seeks identification and description of all documents, electronically stored information, and tangible things in Defendant’s possession, custody, or control that contain, depict, or relate to any photograph or video of Plaintiff. Defendant further objects that the phrase “contain, depict, or relate to” is vague and extraordinarily broad. Defendant further objects to the extent the Interrogatory imposes obligations to identify and describe a comprehensive inventory of all ESI and tangible things across all devices, accounts, and storage media over a sixteen-year period, which is not a proper use of a document-identification interrogatory under Local Civil Rule 33.3(a). Defendant further objects to the extent the Interrogatory seeks identification of items that are no longer in

Defendant's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant does not presently have in his possession, custody, or control any documents, electronically stored information, or tangible things containing or depicting photographs or videos of Plaintiff. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 12:**

In Your Initial Disclosures, You referenced a "police report and related documentation concerning a June 2019 burglary in which certain digital storage devices and business records were stolen." Identify and describe each digital storage device and each category of business record that was stolen, including the type of device (e.g., hard drive, laptop, camera), the data stored on each device, whether any of the stolen devices contained photographs, videos, or communications involving Plaintiff, and whether any backup copies of the data on those devices exist and, if so, their custodian and location.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate insofar as it seeks identification and description of each digital storage device and each category of business record allegedly stolen in the June 2019 burglary, including the data stored on each device and whether any such device contained photographs, videos, or communications involving Plaintiff. Defendant further objects that the Interrogatory exceeds the scope permitted by Local Civil Rule 33.3(a) to the extent it seeks detailed narrative information about the contents of each device and the historical state of backup data, rather than the existence, custodian, location, and general description of relevant evidence. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: The information responsive to this Interrogatory is reflected, in part, in the police incident report concerning the June 2019 burglary, which Defendant will produce in response to Plaintiff’s First Set of Requests for Production of Documents. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to that

document. Subject to the foregoing, and after a reasonable inquiry and to the best of his present recollection, Defendant states that the materials stolen in the burglary included TeenStarlet business records and digital records, including records relating to Plaintiff and photographs of Plaintiff. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 13:**

Identify and describe all contracts, agreements, model releases, and consent forms relating to Plaintiff in Your possession, custody, or control, including the custodian and location of each such document.

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it is overbroad and seeks identification and description of all contracts, agreements, model releases, and consent forms "relating to Plaintiff" without reasonable limitation. Defendant further objects to the extent the phrase "relating to" is vague and could be read to encompass documents far beyond those relevant to the claims and defenses in this action. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant does not presently have in his possession, custody, or control any contracts, agreements, model releases, or consent forms relating to Plaintiff. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 14:**

Identify and describe all financial records in Your possession, custody, or control reflecting payments made to Plaintiff, including the custodian, location, and general description of each category of record (e.g., Western Union transfer records, bank records, checks, wire transfer confirmations, tax documents).

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification and description of "all financial records" reflecting payments made to Plaintiff without limitation to records proportional to the claims at issue, and to the extent the enumerated categories — including bank records and tax documents — implicate Defendant's broader financial privacy beyond what is necessary to respond to the specific payment claims at issue. Defendant further objects to the extent the Interrogatory seeks identification of tax documents, which are entitled to heightened protection from disclosure in civil litigation absent a showing of compelling need. Defendant further objects to this Interrogatory to the extent it seeks a narrative identification and description of documents that are more appropriately obtained through Plaintiff's First Set of Requests for Production of Documents, which already encompasses the categories of financial records referenced herein, rendering this Interrogatory duplicative and an inefficient use of the discovery process. Defendant further objects to the extent the use of an interrogatory to compel identification and description of documents that are the proper subject of a document request imposes obligations beyond those contemplated by Fed. R. Civ. P. 33 and Local Civil Rule 33.3(a).

**INTERROGATORY NO. 15:**

Identify and describe all documents in Your possession, custody, or control relating to the purchase, registration, hosting, operation, and shutdown of each of the Teen Starlet Websites, including the custodian and location of each such document.

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification and description of "all documents" relating to the purchase, registration, hosting, operation, and shutdown of "each of the Teen Starlet Websites" — a formulation covering every aspect of Defendant's website operations over a sixteen-year period — as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to the extent the phrase "relating to" is vague and overbroad and would encompass documents with only a tangential connection to any of the identified websites. Subject to and without waiving the foregoing General and Specific Objections, and limiting the

response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant does not presently have in his possession, custody, or control any documents relating to the purchase, registration, hosting, operation, or shutdown of the Teen Starlet Websites. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 16:**

Identify and describe all electronic devices, computers, cameras, hard drives, cloud storage accounts, email accounts, and any other digital storage media that You used at any time in connection with the Teen Starlet Websites, the photography or recording of any Model, or communications with Plaintiff, and for each, state: (a) the type of device or account; (b) whether it is still in Your possession; (c) if not, the date and circumstances of its disposition; and (d) whether any data from the device or account has been preserved, and if so, the custodian and location of such data.

**RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as facially overbroad, unduly burdensome, and disproportionate to the needs of the case. The Interrogatory seeks identification and description of every electronic device, computer, camera, hard drive, cloud storage account, email account, and digital storage medium Defendant used "at any time" in connection with the Teen Starlet Websites, the photography of "any Model," or communications with Plaintiff — a formulation covering every device and account Defendant has used over a sixteen-year period. Defendant further objects to the extent subpart (c), which asks for the "date and circumstances of disposition" of every such device, amounts to a narrative contention response not permitted under Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states that the electronic devices, computers, cameras, hard drives, and digital storage media used in connection with the Teen Starlet Websites, the photography of models, and communications with Plaintiff were among the items stolen in the June 2019 burglary referenced in Defendant's Initial Disclosures. As a result of that burglary, none of those

devices or storage media are presently in Defendant's possession, custody, or control, and no data from those devices has been preserved. With respect to cloud storage and hosting accounts, Defendant states that the web hosting account associated with the Teen Starlet Websites was closed at or around the time the websites ceased operation, and no data from that account has been preserved. As a result, Defendant does not presently have in his possession, custody, or control any electronic devices, storage media, or digital data responsive to this Interrogatory. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 17:**

Identify and describe all subscriber or membership records for the Teen Starlet Websites in Your possession, custody, or control, including the custodian, location, and format of such records, and state the total number of subscribers or members at the peak of the websites' operation.

**RESPONSE TO INTERROGATORY NO. 17:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate because it seeks identification and description of all subscriber or membership records for the Teen Starlet Websites, including the total number of subscribers or members at the peak of the websites' operation. Defendant further objects that subscriber records implicate significant third-party privacy concerns, and that the request for the "total number of subscribers or members at the peak" exceeds the limited first-round categories permitted by Local Civil Rule 33.3(a). Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant does not presently have in his possession, custody, or control any subscriber or membership records for the Teen Starlet Websites. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 18:**

Identify and describe all documents in Your possession, custody, or control relating to any communication between You and any law enforcement agency concerning the Teen Starlet

Websites, any Model, or any investigation into child exploitation or child sex abuse material, including the custodian and location of each such document.

**RESPONSE TO INTERROGATORY NO. 18:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate because it seeks identification and description of all documents relating to any communication between Defendant and any law-enforcement agency concerning the Teen Starlet Websites, any Model, or any investigation into child exploitation or child sex abuse material, without reasonable limitation to Plaintiff, the allegations in this action, or relevant subject matter. Defendant further objects that the phrases "any Model" and "any investigation" are vague and overinclusive. Defendant further objects to the extent the phrase "any Model" extends the Interrogatory beyond Plaintiff and encompasses third parties with no demonstrated relevance to the claims at issue. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states no documents responsive to this Interrogatory exist in Defendant's possession, custody, or control. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 19:**

State whether any documents, electronically stored information, or tangible things that would be responsive to Plaintiff's First Set of Requests for Production of Documents have been lost, destroyed, deleted, discarded, or are otherwise no longer in Your possession, custody, or control, and for each such item, describe the item, state the date and circumstances of its loss or destruction, and identify any person with knowledge of such loss or destruction.

**RESPONSE TO INTERROGATORY NO. 19:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory as exceeding the permissible scope of Local Civil Rule 33.3(a), which limits interrogatories at the commencement of discovery to the identification of witnesses, the computation of damages, and the existence, location, and custodian of documents. This Interrogatory seeks a narrative

account of every document, ESI item, or tangible thing that has been lost, destroyed, deleted, or discarded — including the date and circumstances of loss or destruction and identification of persons with knowledge thereof — which is a contention interrogatory not permitted at this stage. Defendant further objects to the extent the Interrogatory is premised on an assumption of spoliation or improper destruction of documents, which Defendant denies. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response accordingly, Defendant responds as follows: After a reasonable inquiry and to the best of his present recollection, Defendant states that other than the documents, electronically stored information, and tangible things lost as a result of the June 2019 burglary referenced in Defendant's Initial Disclosures and as described herein, Defendant is not aware of any documents, electronically stored information, or tangible things responsive to Plaintiff's First Set of Requests for Production of Documents that have been destroyed, deleted, discarded, or are otherwise no longer in Defendant's possession, custody, or control. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) if additional information becomes available.

**INTERROGATORY NO. 20:**

With respect to Your counterclaim for defamation, provide a detailed computation of each category of damages You claim, including: (a) the specific statements You contend are defamatory; (b) for each category of economic damages, the method of calculation, the amount claimed, and all facts and assumptions underlying the computation; (c) for the claimed "impairment of business relationships and funding opportunities relating to Defendant's business ventures, including MoxieJam," identify each specific business relationship or funding opportunity allegedly impaired, the identity of each person or entity involved, the date of the alleged impairment, and the amount of damages attributable to each; and (d) for the claimed "diminution in the value of Defendant's business ventures," state the value of each venture before and after the alleged defamation and the basis for each valuation.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it exceeds the permissible scope of a damages-computation interrogatory under Local Civil Rule 33.3(a)(ii) by requiring not merely a computation of damages but a narrative

contention response identifying specific defamatory statements, the factual and legal bases for each category of economic damages, and an itemized accounting of each specific business relationship or funding opportunity allegedly impaired. Subparts (c) and (d) in particular are contention interrogatories requiring Defendant to marshal facts, identify legal theories, and provide valuations that depend on expert analysis and discovery not yet completed, and are not permitted at this stage under Local Rule 33.3. Defendant further objects to subpart (a), which asks Defendant to identify "the specific statements You contend are defamatory," as calling for a legal conclusion and exceeding the scope of a damages-computation interrogatory. Defendant further objects to the extent the Interrogatory is premature to the extent damages computations depend on discovery not yet conducted, documents not yet produced, and expert opinions not yet obtained. Subject to and without waiving the foregoing General and Specific Objections, and limiting the response to an identification of the general categories of harm suffered, Defendant responds as follows: As a result of the defamatory statements made by Plaintiff and published in the December Article and republished by Plaintiff, Defendant has suffered harm in the following categories: (i) Loss of investment in and impairment of the MoxieJam venture, including approximately $300,000 in capital invested to date; (ii) Lost income and business opportunities in connection with COMET and related ventures; and (iii) impairment of future employment opportunities, fundraising opportunities, and startup investment prospects as a result of the prominence of the defamatory allegations in internet search results and related reputational harm. Defendant reserves the right to supplement this response with a more detailed damages computation as discovery proceeds, expert opinions are obtained, and the full extent of Defendant's damages is established, pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 21:**

With respect to Your claim that You have "invested substantial capital in the MoxieJam venture, estimated at approximately $300,000 to date," identify and describe all documents supporting this figure, including the custodian and location of each such document.

**RESPONSE TO INTERROGATORY NO. 21:**

Subject to and without waiving the General Objections, Defendant objects to this Interrogatory to the extent it seeks identification and description of "all documents supporting" the $300,000

capital investment figure — a formulation that could encompass any document tangentially related to MoxieJam's finances — as overbroad and not proportional to the needs of the case. Defendant further objects to the extent the Interrogatory seeks disclosure of confidential investor, financial, and business records relating to a business venture whose relevance to the defamation counterclaim has not been established through discovery. Defendant further objects to the extent the Interrogatory is compound, requiring both identification of documents and a description of their content, exceeding the scope of a document-identification interrogatory under Local Civil Rule 33.3(a). Defendant further objects to this Interrogatory to the extent it seeks a narrative identification and description of documents supporting a specific damages figure, which is more appropriately obtained through Plaintiff's First Set of Requests for Production of Documents, rendering this Interrogatory duplicative and an inefficient use of the discovery process. Defendant further objects to the extent the use of an interrogatory to compel identification and description of documents that are the proper subject of a document request imposes obligations beyond those contemplated by Fed. R. Civ. P. 33 and Local Civil Rule 33.3(a).

Dated: March 30, 2026
Brooklyn, New York

Respectfully Submitted:

**LEWIS & LIN, LLC**

By: */s/ David D. Lin.*

David D. Lin, Esq.
77 Sands Street, 6th Floor
Brooklyn, New York, 11201
Tel: (718) 243-9323
Fax (718) 243-9326
David@iLawco.com
*Attorneys for Defendant / Counterclaimant*

**Verification**

I, James Lidestri, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Responses to Plaintiff's First Set of Interrogatories, and that the responses are true and correct to the best of my knowledge, information, and belief.

Executed on: March 30, 2026

By: */s/ James Lidestri*
James Lidestri