VERIDIAN
LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

October 13, 2026

**Via ECF**
Hon. Judith C. McCarthy
United States District Judge

***Re:*** ***Audrey Burns v. James Lidestri***
***Civ No. 25-cv-07474-KMK-JCM***

Dear Judge McCarthy:

Please accept this letter requesting an order: (1) granting Plaintiff leave, for good cause under Fed. R. Civ. P. 16(b)(4), to complete service of her Rule 45 document subpoena on non-party Internet Archive (the "Archive") after closure of fact discovery; (2) authorizing service by email on the Archive's designated contact for legal papers, Chris Butler (butler@archive.org), with courtesy copies by first class mail; and (3) directing the Archive to produce responsive materials, or serve written objections, within fourteen days of service, without prejudice to its rights under Rule 45(d).

The subpoena seeks only archived captures of specifically identified pages from the websites at the center of this case. Pursuant to a July 9, 2026 order, fact discovery was due by September 30. No trial date or summary judgment schedule has been set; Defendant has not yet been deposed. Notably, the archived websites Plaintiff seeks all belonged to Defendant but were, at some point prior to this action, taken down by Defendant or an agent.

**Plaintiff's efforts.** Plaintiff first sought the archived pages through the Archive's standard records-request process beginning on August 27, 2026 (https://archive.org/legal/). Despite initially agreeing to process the request and directing Plaintiff to make payment for such service, the Archive eventually reversed their decision. Shortly thereafter, the URLs we sought were no longer available for public viewing on the Archive and searches for same returned: "This URL has been excluded from the Wayback Machine." On September 3, 2026 our office was advised by a representative that the requested documents would not be provided without legal process. On September 10, 2026, our office served notice of the subpoena on Defendant's counsel, who did not object to its issuance. On September 28, 2026 I sent the subpoena to affidavits@archive.org. On September 29, 2026, we were informed by our process server that an attempt to serve the Archive had been made, that the staff member present refused to provide their name and declined to accept legal papers, providing an alternate email and phone number belonging to "Chris Butler" for legal service. When the process server asked to speak with a different employee, the employee apparently walked away. The process server indicated they called the number and e-mailed the address but reached no one. On October 5, 2026, Chris Butler emailed our office stating:

> We are in receipt of your September 28 email. It is unclear how to proceed, however, as the subpoena is dated September 10 but your email is the first and only

> time we have seen it. As far as we can tell, there was a process for subpoenas in the case, and the discovery deadline has already closed.

The Archive has the subpoena and actual notice of it, but declined, to respond because of a deadline reached due to its decisions to deviate from standard production policies and refuse service of the subpoena.

**Good cause exists under Rule 16(b)(4).** A scheduling order may be modified for good cause with the Court's consent. Fed. R. Civ. P. 16(b)(4). Good cause depends on the movant's diligence. (*See:* Parker *v Columbia Pictures Indus.*, 204 F3d 326, 340 [2d Cir 2000]). "A court-ordered discovery schedule may be modified and discovery reopened with the court's consent, for good cause shown." (*Griffith v Metro. Tr. Auth.*, 2021 US Dist LEXIS 1869, at *4 [SDNY Jan. 6, 2021, No. 19-CV-6234 (AT) (KHP)]). Courts weigh "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." (*Bakalar v Vavra*, 851 F Supp 2d 489, 493 [SDNY 2011]). Every factor favors this narrow request.

Plaintiff was diligent. She used the Archive's voluntary process first, then issued a subpoena, gave Defendant notice, attempted personal service at the Archive's headquarters, and followed the Archive's own instruction to contact Mr. Butler. By contrast, in *Griffith* the movant knew of the dispute months before the deadline but did not raise it while discovery was open. Here, Plaintiff could not have imagined the Archive would decline to follow its own processes, remove public access to the site[1], and refuse service at its headquarters. The need for the captures also grew during discovery: Defendant stated in the parties' June 22, 2026 joint letter that he "did not operate Teenstarletgallery.com, and the claim that he sold Plaintiff's images there in 2022 is false and unsupported." (Joint Letter dated June 22, 2026, at 3, ECF No. 34).

The discovery is relevant and proportional. A non-party subpoena is governed by Rule 26(b)(1). The captures go to a central dispute: whether, when, and for how long Defendant operated the Teen Starlet websites and offered Plaintiff's content. (*See* FAC ¶¶ 107, 148-64). Defendant has also faulted Plaintiff because she supposedly "has not produced original/source materials, URLs, metadata, or custodian information sufficient to test whether specific images were taken when she was under 18, have been edited, appeared on Defendant's sites, or were disseminated from some other source." (Joint Letter dated June 22, 2026, at 2). The Archive's dated captures, source code, metadata, and custodian certification are the most direct neutral evidence of what those sites displayed and when. The burden is minimal: each capture is

[1] While the Internet Archive has never raised this as an issue, Plaintiff believes all images/videos constituting Child Sex Abuse Material ("CSAM") existed behind a paywall and that such content was not being hosted by the Archive. Accordingly, Archive's production to Plaintiff would not run afoul of federal laws against dissemination of CSAM.

identified by exact URL and timestamp, and production is electronic. The subpoena mirrors production services offered by Internet Archive without legal intervention.

**The Court should authorize email service on the Archive's designated contact.** "[T]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." (*Knopf v Esposito*, 2020 US Dist LEXIS 210767, at *2 [SDNY Nov. 11, 2020, No. 17cv5833(DLC)]). "District courts in this Circuit have noted that the language of Rule 45 does not explicitly demand personal service of a subpoena; indeed such language neither requires in-hand service nor prohibits alternative means of service" (*Id.* at 3). Courts in this Circuit "have, increasingly, authorized alternative service, as long as service is calculated to provide timely actual notice." (*Govt. Empls. Ins. Co. v Kalitenko*, 2022 US Dist LEXIS 203434, at *3 [EDNY Nov. 8, 2022, No. 22-CV-3804 (ARR)]) (granting letter-motion to serve a non-party by email after the business premises refused to accept legal documents and directed the server elsewhere). The Archive refused delivery at its own headquarters, named Mr. Butler as the only person who receives legal papers, and Mr. Butler has confirmed receipt. Email to him, with mailed courtesy copies, is calculated to give actual notice and, in fact, already has.

**The Court should direct the Archive to respond within fourteen days of service.** Rule 45(d)(2)(B) preserves the Archive's right to object: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." This Court has directed a non-party to respond to a subpoena by a date certain on a letter-motion. *See* (See *Bamonte v Charatan*, 2023 US Dist LEXIS 110972, at *13 [SDNY June 27, 2023]) (so-ordering letter-motion and directing a non-party to respond to a subpoena). A similar order would resolve the Archive's stated uncertainty about "how to proceed" while preserving every Rule 45(d) objection.

While Defendant did not object to the issuance of the subpoena, at a meet and confer about the issue on October 8, 2026, counsel indicated Defendant would oppose this motion.

Plaintiff therefore requests an order: (1) granting Plaintiff leave, for good cause under Fed. R. Civ. P. 16(b)(4), to serve her September 10, 2026 Rule 45 subpoena on non-party Internet Archive notwithstanding the close of fact discovery; (2) authorizing service of the subpoena and the Court's order by email on Chris Butler at butler@archive.org, with courtesy copies by first-class mail to Internet Archive, 300 Funston Avenue, San Francisco, California 94118, and to its registered agent; and (3) directing Internet Archive to produce responsive materials, or serve written objections, within fourteen days of service, without prejudice to its rights under Rule 45(d).

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.
***daniel@veridianlegal.com***