**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUDREY BURNS,<br><br>Plaintiff,<br>v.<br>JAMES LIDESTRI,<br><br>Defendant. | Case No. 1:25-cv-07474 |

**PLAINTIFF AUDREY BURNS'**
**NOTICE OF SUBPOENA TO INTERNET ARCHIVE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiff Audrey Burns by and through her attorneys, Veridian Legal P.C., intends to serve Internet Archive, 300 Funston Avenue San Francisco, CA 94118, with a subpoena requesting the production of documents and electronically stored information. A copy of the subpoena to be served is attached.

Dated: September 10, 2026

By: /s/ Daniel S. Szalkiewicz
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
Cali@VeridianLegal.Com
*Attorneys for Plaintiff Audrey Burns*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| AUDREY BURNS<br>*Plaintiff*<br>v.<br>JAMES LIDESTRI<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 7:25-cv-07474-KMK-JCM |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Internet Archive
300 Funston Avenue San Francisco, CA 94118

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached DOCUMENTS AND INFORMATION TO BE PRODUCED

| Place: | Date and Time: |
|---|---|
| Veridian Legal P.C., 23 West 73rd Street, Suite 102<br>New York, New York 10023<br>Email: daniel@veridianlegal.com | 14 days from date of service |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 10, 2026

*CLERK OF COURT*

_______________________ OR _______________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Audrey Burns, who issues or requests this subpoena, are:

Daniel Szalkiewicz, Veridian Legal, 23 W. 73rd St, Suite 102, New York, NY 10023, daniel@veridianlegal.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control relating to the websites identified in Schedule A, attached hereto and incorporated herein by reference:

1. **Archived Captures or Copies:** A complete copy of each Archived Capture maintained by Internet Archive for the identified extended URL, including each capture occurring on that date, if more than one capture exists.

2. **HTMLs:** The HTML source code preserved by Internet Archive for each responsive Archived Capture, produced in its native or substantially native electronic format.

3. **Associated Files:** To the extent maintained and reasonably available, any Associated Files captured by Internet Archive in connection with each responsive Archived Capture, including CSS, JavaScript, images, frames, and embedded resources necessary to render or interpret the archived webpage.

4. **Capture Information:** For each responsive Archived Capture, information sufficient to identify:

    **a.** the original URL captured;

    **b.** the date and time of the captured;

    **c.** the Internet Archive/Wayback Machine URL or identifier associated with the capture; and

    **d.** any capture identifier, timestamp, checksum, digest, or other metadata maintained by Internet Archive that uniquely identifies the archived record.

5. **Redirects:** For each identified extended URL and Capture Date, records sufficient to identify any HTTP redirect captured by Internet Archive and the destination URL to which the requested URL redirected.
6. **Unavailable or Incomplete Captures:** If Internet Archive has no responsive Archived Capture for an identified extended URL listed in Schedule A, please identify the closest capture immediately preceding and immediately following that date and produce those captures.

## FORM OF PRODUCTION

Responsive materials should be produced electronically and, where reasonably possible:

1. HTML files should be produced as .html, .htm, or other native-format files rather than solely as screenshots or PDF printouts;
2. associated files should be produced in their native electronic formats;
3. the relationship between each HTML file and its corresponding Associated Files should be preserved to the extent reasonably practicable; and
4. each responsive capture should be identified by the original URL, extended URL, and Capture Date.

## BUSINESS RECORDS CERTIFICATION

Please provide with the production a declaration, affidavit, or certification from a qualified custodian or other knowledgeable person sufficient to authenticate the records and establish, to the extent applicable, that the records were made, maintained, and preserved by Internet Archive as part of its regularly conducted activities.

**SCHEDULE A**

TeenStarlet.com

1. https://web.archive.org/web/20210418231241/https://www.teenstarlet.com/
2. https://web.archive.org/web/20190620121640/http://www.teenstarlet.com/v01/models/
3. https://web.archive.org/web/20130613055757/http://www.teenstarlet.com/v01/models/
4. https://web.archive.org/web/20130323220832/http://www.teenstarlet.com/v01/models/
5. https://web.archive.org/web/20130411025413/http://www.teenstarlet.com/v01/model/kris/
6. https://web.archive.org/web/20141230071634/http://www.teenstarlet.com/v01/sites/

TeenStarletGallery.com

1. https://web.archive.org/web/20210512231536/https://teenstarletgallery.com/
2. https://web.archive.org/web/20210614051536/https://teenstarletgallery.com/
3. https://web.archive.org/web/20210802114124/https://teenstarletgallery.com/
4. https://web.archive.org/web/20210921164247/https://teenstarletgallery.com/
5. https://web.archive.org/web/20211017055227/https://teenstarletgallery.com/
6. https://web.archive.org/web/20211206045800/https://teenstarletgallery.com/
7. https://web.archive.org/web/20211206045800/https://teenstarletgallery.com/
8. https://web.archive.org/web/20210419180556/https://teenstarletgallery.com/

KrisKarson.com

1. https://web.archive.org/web/20150117225439/http://www.kriskarson.com/v01/
2. https://web.archive.org/web/20200621175052/http://www.kriskarson.com/v01/
3. https://web.archive.org/web/20130624151447/http://www.kriskarson.com/v01/
4. https://web.archive.org/web/20150507100553/http://www.kriskarson.com/v01/free-samples
5. https://web.archive.org/web/20150117225429/http://www.kriskarson.com/v01/blog/
6. https://web.archive.org/web/20150525163146/http://www.kriskarson.com/v01/news/site-update-schedule/
7. https://web.archive.org/web/20150526164443/http://www.kriskarson.com/v01/updates/
8. https://web.archive.org/web/20170606133412/http://www.bfc-sites.com/copyright.php

The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are attached.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on September 10, 2026, I served PLAINTIFF AUDREY BURNS' NOTICE OF SUBPOENA TO INTERNET ARCHIVE via electronic mail on all counsel listed below:

David D. Lin, Esq.
Lewis & Lin, LLC
77 Sands Street, 6th Floor
Brooklyn, New York 11201
Tel: (718) 243-9323
Email: David@iLawco.com

Attorneys for Defendant/Counterclaimant James Lidestri

Dated: September 10, 2026

By: *<u>/s/ Daniel S. Szalkiewicz</u>*