# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844


*VIA ELECTRONIC FILING SYSTEM*

October 15, 2026

Hon. Judith C. McCarthy
United States Magistrate Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re:** ***Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Opposition to Plaintiff's Letter-Motion for Leave to Serve a Subpoena on Non-Party Internet Archive After the Close of Fact Discovery (Dkt. No. 75)**

Dear Judge McCarthy:

We represent Defendant and Counterclaimant James Lidestri and oppose Plaintiff's October 13, 2026 letter-motion (Dkt. No. 75). Two weeks after fact discovery closed, Plaintiff asks the Court to (1) grant leave to serve a subpoena on non-party Internet Archive (the "Archive"), (2) authorize service by email, and (3) direct the Archive, a San Francisco entity that has never been served, to produce or object within fourteen days. The motion should be denied. Fact discovery has already been extended four times. Judge Karas has stated that "[n]o more extensions will be granted," Dkt. No. 36 at 4, and in allowing only Defendant's deposition to proceed after September 30, this Court ordered that "[a]ll other deadlines remain the same," Dkt. No. 62 at 1.

## A. Plaintiff Was Not Diligent and Has Not Explained Her Delay

Because fact discovery is closed, Plaintiff "must show good cause" under Rule 16(b)(4). *Griffith v. Metro. Transit Auth.*, No. 19-CV-6234 (AT) (KHP), 2021 WL 50859, at *1 (S.D.N.Y. Jan. 6, 2021). Good cause "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The reopening inquiry also considers foreseeability, prejudice, the trial schedule, opposition, and likely relevance. *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).

Plaintiff's own chronology leaves the central diligence question unanswered. The need for historical website evidence was foreseeable long before September: the June 22 joint letter addressed the dispute over TeenStarletGallery and the need for source materials, URLs, metadata, and custodian information. Dkt. No. 34 at 2–3. Plaintiff calls the websites "the center of this case," yet she did not approach the Archive until August 27, after fact discovery had

been extended four times and about a month before the final deadline. By her own account, she learned on September 3 that legal process was required. She issued the subpoena and notified Defendant on September 10. Yet the first delivery to the Archive identified in her motion came on September 28, eighteen days later and two days before the cutoff, and the Archive told her that email was "the first and only time we have seen" the subpoena. Dkt. No. 75 at 1–2. In the parties' September 16 joint letter, she did not mention the subpoena; she asked for an extension "solely for the purpose of completing Defendant's deposition" and said she was "not seeking a substantial extension of discovery." Dkt. No. 62 at 3.

The reported September 29 refusal to accept papers cannot explain the preceding eighteen days, and service at that point could not have completed discovery by September 30 under the subpoena's own fourteen-day return date. Dkt. No. 75-1 at 2. Plaintiff did not seek relief before the cutoff and filed this application on October 13. Her letter supplies no process-server declaration and none of the correspondence underlying the claimed reversal and service impediment. Even accepting those efforts as described, nothing explains why timely service, an earlier request for alternative service, or an extension request was impracticable.

A subpoena that can be answered only after the deadline is untimely even if it issued before it. *Wood v. Mut. Redevelopment Houses, Inc.*, No. 14-cv-7535 (AT) (DF), 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019). There is no diligence where a party knew what it needed and did not seek more time. *Griffith*, 2021 WL 50859, at *2 (plaintiff "did not bring this matter to the Court's attention while fact discovery was still open . . . or seek to further extend the fact discovery deadline"); *Brown v. N.Y.C. Dep't of Educ.*, 513 F. App'x 89, 92 (2d Cir. 2013) (summary order) (affirming quashing of late subpoenas after a "no further extensions" warning where the party gave "no explanation for the delay"); *Third Ave. Commons LLC v. GoBrands, Inc.*, No. 25-cv-00934 (EK) (JMW), 2026 WL 2321608, at *2 (E.D.N.Y. Aug. 11, 2026) (quashing subpoenas served the day before a final deadline). That Plaintiff "could not have imagined" the Archive would require process (Dkt. No. 75 at 2) does not explain the eighteen days after she knew it did. Nor does it explain why, if the websites are "the center of this case," she waited until the last month of discovery to seek the Archive's records at all.

This is also a pattern. Plaintiff noticed three merchant-processor subpoenas the day before the close of discovery, and the Court let them proceed with modifications. Dkt. No. 74. There, Plaintiff relied on Wells Fargo records, received September 18, that identified the processors. Dkt. No. 73 at 2. Here, the need for the Archive's records was known before September, and the need for legal process by September 3. Each request requires its own showing of diligence.

### B. Email Service Does Not Cure the Delay, and the Court Should Not Direct the Archive to Respond

Plaintiff's service authorities address permissible methods of delivery, not good cause for reopening discovery. *Kalitenko* denied enforcement without prejudice while authorizing prospective email service. *Gov't Emps. Ins. Co. v. Kalitenko*, No. 22-CV-3804 (ARR), 2022 WL 16798219, at *1–2 (E.D.N.Y. Nov. 8, 2022). Whether or not email service could be authorized, it does not cure the unexplained delay in requesting relief.

The request to direct the Archive to respond fails for a separate reason: this Court is not the forum to compel it. The subpoena commands production at Plaintiff's counsel's Manhattan office, across the country from the Archive's San Francisco headquarters (Dkt. No. 75-1 at 2; Dkt. No. 75 at 3), far beyond the 100 miles Rule 45(c)(2)(A) allows. A motion to compel belongs in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). This District has held that it "lacks jurisdiction" to compel an out-of-district non-party, even where the subpoena names a New York place of compliance, and has barred enforcement elsewhere absent good cause to extend discovery. *Artisan Techs. LLC v. Interlude U.S. Inc.*, No. 25 Civ. 7214 (LGS), ECF No. 85, at 2–4 (S.D.N.Y. July 10, 2026). Plaintiff seeks that kind of order against a non-party never served and not before the Court.

### C. <u>Plaintiff's Remaining Arguments Fail</u>

The request is opposed. That Defendant did not object to the September 10 notice means only that the subpoena could then have been timely served; Defendant never consented to discovery after the deadline. Plaintiff also suggests that Defendant "or an agent" is behind the Archive's change of position and exclusion of the URLs. Dkt. No. 75 at 1. That is speculation, and it is false. Defendant had nothing to do with the Archive's procedures, exclusions, or response to Plaintiff. His own websites stopped operating years before this action and have nothing to do with what the Archive did in 2026.

Nor would the records resolve the dispute Plaintiff identifies. An archived capture shows what a page displayed on a date. It does not show who operated the site, or who took a photograph or when. Plaintiff's other quotation from the June 22 letter, which concerned her own missing source materials, adds words ("have been edited") that are not in it. *Compare* Dkt. No. 75 at 2, *with* Dkt. No. 34 at 2.

The subpoena also seeks the "images" captured with each page, in native format, delivered to Plaintiff's counsel. Dkt. No. 75-1 at 3–4. Plaintiff alleges that images of her as a minor are CSAM, which Defendant denies, and this Court has directed that alleged CSAM be held by the FBI under the Dkt. No. 63 protocol. Plaintiff's stated belief that such content was "behind a paywall" is no safeguard, and the Archive "has never raised this as an issue" likely because it was never served. Dkt. No. 75 at 2 n.1. Finally, leave would reopen one-sided non-party discovery on the eve of Defendant's October 19 deposition and ahead of expert disclosures. *See Bakalar*, 851 F. Supp. 2d at 494. Defendant respectfully requests that the Court deny the letter-motion in its entirety.

Respectfully submitted,

*Michael Cilento*

Michael D. Cilento, Esq.