LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844

*VIA ELECTRONIC FILING SYSTEM*

October 23, 2026

Hon. Judith C. McCarthy
United States Magistrate Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re: *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Opposition to Plaintiff's Letter-Motion for Reconsideration of the Court's October 7, 2026 Order (Dkt. No. 83)**

Dear Judge McCarthy:

We represent Defendant and Counterclaimant James Lidestri and oppose Plaintiff's untimely letter-motion for reconsideration of the Court's October 7, 2026 Order (Dkt. No. 83; the "Motion"). The Motion rests on a blatantly false account of Mr. Lidestri's deposition testimony, offered through counsel's recollection of a transcript that is not yet available. Dkt. No. 83 at 2 n.1. Before Plaintiff filed, we told her counsel in writing that the account was inaccurate and that the Motion was untimely. *See* Dkt. No. 83 at 1. Plaintiff filed anyway. The Motion should be denied, the continued deposition should proceed on or before October 28, and Plaintiff should bear Defendant's fees in opposing the Motion.

## Neither Mr. Lidestri Nor His Counsel Had the Wells Fargo Records

Mr. Lidestri did not testify that he had BFC's Wells Fargo records, or could access them, during this litigation. He testified that he reviewed the Wells Fargo records *after* Plaintiff produced them. Until that production, neither he nor his counsel had those records at any point in this litigation. As Defendant told the Court in June, BFC's Wells Fargo account was closed and Defendant "cannot access closed-account records." Dkt. No. 34 at 4. That was true then and remains true. To the extent Mr. Lidestri referred to checking a purchase in late 2024 or early 2025, he was referring to his own *personal account*, which is separate from BFC's accounts, the only accounts the Wells Fargo subpoena reached (Dkt. No. 54 ¶ 1).

Plaintiff's Exhibit 1 changes nothing. It is a one-page summary of three annual totals of payments to Plaintiff, which Defendant offered in June as "a summary of 1099 payments made to Plaintiff," Dkt. No. 34 at 5, and produced on July 17 as the Court directed, Dkt. No. 37 ¶ 4. As Mr. Lidestri testified, those totals came from his accountant. The summary contains no bank statements, account records, wire detail, or money-transfer information, which are the very

subjects of the continued deposition. Plaintiff has had it for three months. It is not new evidence, and it does not show that Defendant had any Wells Fargo records.

**The Order Rests on Plaintiff's Violation of the Court's August 13 Order**

The Court ordered that the Wells Fargo production be "produced to Defendant immediately upon receipt." Dkt. No. 54 ¶ 6. Plaintiff received it on September 18, held it through her September 23 deposition, and forwarded it on September 28. Dkt. No. 67 at 1. The Court found that this "late production of the Wells Fargo documents hindered Defendant's ability to examine Plaintiff about their contents," and that "the need for Plaintiff's re-deposition was caused by Plaintiff's failure to timely produce the Wells Fargo records." Dkt. No. 72 at 4 (citing Dkt. No. 68 at 1–2). Nothing in the Motion addresses when Plaintiff received the records or why she held them. Mr. Lidestri's testimony could not change either fact.

Nor is the argument new. In opposing the re-deposition, Plaintiff told the Court that "the records belong to Defendant Lidestri." Dkt. No. 68 at 1. The Court considered that argument and ruled. Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The standard "is strict," and a motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff's own authorities confirm the Order. *Ritchie* recognizes that where "excusing a party's dilatory conduct would have the effect of causing another party to incur additional costs that it would not have otherwise incurred," those costs may be shifted "to the party at fault," citing decisions requiring the dilatory party to pay for each re-deposition. *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (citing, among others, *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 437 (S.D.N.Y. 2004)). That is the case here, as the Order already recognized. Dkt. No. 72 at 4 (citing *Zubulake*, 229 F.R.D. at 437). And *Prevezon* permitted the limited second deposition. *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017). Its requirement that the requesting party bear some of the second deposition's costs followed the parties' agreement concerning the first deposition of a non-party witness. *Id.* at 115–16. Here there was no such agreement, and the second deposition is needed only because Plaintiff, a party, violated the Court's order. Defendant did not "choose" to proceed without the records; Plaintiff held them and did not disclose that she had received them.

**The Motion Is Untimely**

A motion for reconsideration must be served within 14 days after entry of the order. Local Civ. R. 6.3. The Order was entered October 7, so the deadline was October 21. Plaintiff filed on October 23, concedes the Motion is late, and offers no excuse. Dkt. No. 83 at 2. Plaintiff's own authority denied an untimely motion on that ground: "Because the motion was untimely, it is denied." *Shervington v. Village of Piermont*, 732 F. Supp. 2d 423, 424 (S.D.N.Y. 2010). The court there exercised its discretion "only . . . when justice so requires," to correct "a simple but consequential misreading" of dates in its own opinion. *Id.* at 425 (internal quotation

marks omitted). Nothing like that is presented here. *Alexander v. N.Y.C. Dep't of Educ.*, No. 19-cv-07023 (JMF) (SDA), ECF No. 74 (S.D.N.Y. Apr. 15, 2022), is no different: there, the new facts first emerged at a deposition and the motion was made within a week of receiving the transcript. Here there is no transcript, and the supposedly new argument was already made in Dkt. No. 68.

**Plaintiff Is Delaying the Deposition and Should Bear Defendant's Fees**

Despite Defendant's repeated requests since the Order, Plaintiff never proposed dates. Defendant then noticed the deposition for October 28, the last day the Order permits. As of this filing, Plaintiff has not confirmed that she will appear or arranged the reporter. At the same time, she asks the Court to hold the deadline in abeyance.

To the extent the Motion asks the Court to vacate the deposition or hold it in abeyance, it is in substance a motion for a protective order, to which Rule 37(a)(5) applies. Fed. R. Civ. P. 26(c)(3). If such a motion is denied, the Court "must, after giving an opportunity to be heard," require the movant, its attorney, or both to pay the opposing party's reasonable expenses, including attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Neither exception applies. An untimely motion that repeats an argument the Court already considered, built on a characterization of testimony that counsel was told was inaccurate before filing, is not substantially justified. Nor would an award be unjust. The continued deposition is necessary only because Plaintiff held the Wells Fargo production in violation of Dkt. No. 54 ¶ 6, and this opposition only because she filed the Motion after being told it was untimely and inaccurate.

Defendant respectfully requests that the Court (1) deny the Motion in its entirety, including the request to hold the deadline in abeyance; (2) direct Plaintiff to appear for the continued deposition on or before October 28, 2026, with Plaintiff to arrange and pay for the court reporter as the Order provides; and (3) award Defendant its reasonable attorney's fees and costs in opposing the Motion.

Respectfully submitted,

Michael Cilento

Michael D. Cilento, Esq.