VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

October 27, 2026

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
United States District Court for the Southern District of New York

**Re: *Burns v. Lidestri*, No. 25-cv-07474-KMK**
**Request for Modification of Case Management & Scheduling Order**

Dear Judge Karas:

Plaintiff respectfully writes to request a modification of the Case Management and Scheduling Order entered on July 2, 2026 (ECF No. 36). Specifically, Plaintiff requests an extension of the deadlines for expert disclosures and expert depositions, together with a limited extension of fact discovery to permit completion of outstanding third-party discovery. Defendant opposes Plaintiff's request.

## I. Background

Since entry of the July 2, 2026 Scheduling Order, Plaintiff has diligently pursued discovery from numerous third parties in an effort to obtain critical evidence that Defendant has not produced. These efforts have been extensive, time-consuming, and, in significant part, dependent upon the cooperation of third parties outside Plaintiff's control.

To date, Wells Fargo, one of Defendant's banking institutions, is the only subpoenaed entity to have produced responsive records. The Morganelli Group LLC, Western Union, and Akamai advised that they no longer possessed responsive information. American Express has not yet responded to Plaintiff's subpoena seeking Defendant's credit card records. Likewise, three merchant processors identified through Defendant's Wells Fargo records last month have yet to produce documents. Plaintiff has also subpoenaed the Internet Archive for historical captures of Defendant's websites, which are particularly significant given the absence of original website records. The Internet Archive has not responded with responsive records, and Plaintiff anticipates enforcement proceedings in California will be necessary to secure compliance. Counsel is actively seeking Northern District-barred attorneys to aid in enforcement.

The parties have also proceeded with depositions. Plaintiff was deposed in late September and appeared for a second deposition today, October 27, 2026. Defendant was deposed on October 19, 2026. On top of this, extensive litigation concerning the method of exchanging alleged child sex abuse material occurred and a protocol was negotiated and ordered involving delivery to the Federal Bureau of Investigations in New Windsor, New York.

The difficulties confronting Plaintiff in obtaining relevant discovery are not those ordinarily encountered in civil litigation. Defendant has represented that the documents and records relating to his various "teen glamour" websites were stolen and are therefore unavailable. Consequently, Plaintiff has been forced to reconstruct, through third-party subpoenas, an evidentiary record that would ordinarily be obtained directly from the opposing party. These difficulties are compounded by Plaintiff's young age at the time of the underlying events and her understandably

limited recollection of events occurring many years ago. Plaintiff cannot reasonably be expected to identify, independently and from memory all evidence relevant to her claims; that information is, or historically was, within Defendant's knowledge and control. More so, she cannot reasonably be expected to have saved on a device or cloud the thousands of graphic images and videos captured of her while working for Defendant.

Defendant's deposition further underscored the necessity of continued third-party discovery. Despite being presented with numerous photographs, Defendant declined to acknowledge that any particular photograph was taken by him, taken in his home, or published on one of his websites. Although Defendant acknowledged that certain photographs appeared to depict his bed and other furniture he owned, he nevertheless stopped short of acknowledging the photographs' origins or their connection to his websites. Defendant's testimony thus left unresolved basic factual questions concerning the creation, possession, publication, and distribution of the photographs at issue. In addition, he repeatedly indicated that another individual was responsible for posting the content on the websites. In the absence of meaningful admissions or original records from Defendant, independent documentary evidence is essential to establishing these facts. Beyond that, Defendant's denials require the retention of expert witnesses who are able to view the websites as they appeared while they were actively publishing Plaintiff's content – data which Plaintiff realistically will need to obtain through California enforcement proceedings.

Finally, our client was recently incarcerated on an unrelated family matter and remains being held without bail. While she was able to give a deposition this morning from the penitentiary, it has complicated the ability to obtain an expert to fully evaluate her mental health status.

## II. Good Cause Exists to Modify the Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause. The principal consideration is the diligence of the party seeking the modification. (*Kassner v 2nd Ave. Delicatessen*, Inc., 496 F3d 229, 244 [2d Cir 2007]). Here, Plaintiff has diligently pursued discovery and has not allowed the existing deadlines to lapse through inaction. Rather, Plaintiff has issued numerous third-party subpoenas, reviewed the records produced, identified additional sources of potentially relevant evidence, and conducted depositions. The fact that many of these efforts remain incomplete is attributable in substantial part to circumstances beyond Plaintiff's control, including the unavailability of Defendant's original records and the failure of several third parties to respond to properly issued subpoenas. Indeed, the production of Wells Fargo records enabled Plaintiff to identify additional merchant processors potentially possessing records of Defendant's commercial activities. Similarly, Defendant's deposition revealed David Petrie's role in the dissemination of the content. This illustrates the sequential nature of the discovery required in this case: information obtained from one source has revealed the existence of additional records and custodians that Plaintiff could not previously identify. Further, the significance of Defendant's recent deposition cannot be overlooked. Defendant's refusal to confirm the origins or publication of the photographs presented to him has demonstrated the continuing need for independent authentication and corroboration. Plaintiff should not be prejudiced by the absence of records Defendant claims no longer exist, particularly where she has taken affirmative steps to obtain substitute evidence from third parties.

The outstanding discovery also bears directly upon expert analysis. Historical website captures, payment processing records, and other electronically stored information may be necessary for Plaintiff's experts to assess the publication and distribution of the images at issue, examine available digital evidence, and formulate opinions grounded in a sufficiently complete evidentiary record. Requiring Plaintiff to finalize expert disclosures before this material can reasonably be obtained would risk incomplete expert reports, subsequent supplementation, and unnecessary expense.

Plaintiff does not seek additional time to pursue speculative or open-ended discovery. Rather, Plaintiff seeks a reasonable opportunity to complete discrete discovery efforts already underway, including obtaining responses to outstanding subpoenas and, where necessary, seeking judicial enforcement of those subpoenas.

**III. The Requested Extension Is Reasonable and Necessary to Avoid Prejudice**

Absent an extension, Plaintiff faces substantial prejudice. She will be required to proceed with expert disclosures and depositions without potentially critical evidence concerning Defendant's websites, financial activities, and the photographs underlying her claims. These are not peripheral subjects; they go directly to the factual issues Plaintiff must establish. By contrast, a limited extension directed toward identified outstanding discovery would not impose comparable prejudice upon Defendant. Plaintiff does not seek to reopen discovery generally or revisit matters already completed. The requested relief would instead permit the completion of specifically identified third-party discovery and allow expert disclosures and depositions to proceed on a more complete evidentiary record.

Moreover, denying additional time would effectively place the consequences of Defendant's missing records and third parties' noncompliance entirely upon Plaintiff, notwithstanding her substantial efforts to obtain the evidence through appropriate discovery mechanisms.

**IV. Requested Relief**

For these reasons, Plaintiff respectfully requests that the Court modify the July 2, 2026 Scheduling Order to:

1. Extend the fact discovery deadline to December 15, 2026, solely for the purpose of completing outstanding third-party discovery, including any necessary subpoena enforcement proceedings;
2. Extend Plaintiff's expert disclosure deadline to January 15, 2027;
3. Extend Defendant's expert disclosure deadline to February 15, 2027; and
4. Extend the deadline for completion of expert depositions to March 31, 2027.

Plaintiff submits that these limited modifications are supported by good cause, would promote the orderly completion of discovery, and would avoid the inefficiency and prejudice of requiring expert discovery to proceed on an unnecessarily incomplete factual record. Defendant does not consent to the application.

Respectfully submitted,
*/s/ Daniel S. Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.