# LEWIS & LIN LLC

77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

Michael D. Cilento, Esq. | Michael@iLawco.com | 347-404-5844


*VIA ELECTRONIC FILING SYSTEM*

October 28, 2026

Hon. Kenneth M. Karas
United States District Judge
Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**Re: *Burns v. Lidestri*, No. 7:25-cv-07474-KMK-JCM**
**Defendant's Opposition to Plaintiff's Letter-Motion to Extend Fact Discovery and Expert Deadlines (Dkt. No. 86)**

Dear Judge Karas:

We represent Defendant and Counterclaimant James Lidestri and oppose Plaintiff's October 27, 2026 letter-motion to extend fact discovery and the expert deadlines (Dkt. No. 86; the "Motion"). The Court has already extended these deadlines, and when it did, it stated: "No more extensions will be granted." Dkt. No. 36 at 4. The Motion fails to address this statement. It also omits the original dates and the number of prior extensions, which the Court's Individual Practices require. And it seeks to push expert discovery into March 2027 without identifying any expert Plaintiff has retained or tying any missing record to any particular expert opinion. The Motion should be denied.

**<u>The Schedule Has Already Been Extended, With a Clear Warning</u>**

Fact discovery was originally set to close May 22, 2026. Dkt. No. 21 ¶ 5. It has been extended four times: to July 3, 2026 (May 7, 2026 Minute Entry), to July 24, 2026 (June 8, 2026 Minute Entry), to August 24, 2026 (Dkt. No. 36 at 4), and to September 30, 2026 (July 9, 2026 Minute Entry). Expert disclosures, originally due July 24, 2026, Dkt. No. 21 ¶ 7, have already been extended once, at Plaintiff's request, to November 1 for Plaintiff and December 15, 2026 for Defendant. Dkt. No. 36 at 1–2, 4. In adopting that schedule, the Court wrote: "No more extensions will be granted." *Id.* at 4. When Defendant's deposition was later allowed to proceed after September 30, the Court ordered that "[a]ll other deadlines remain the same." Dkt. No. 62 at 1. A party that waits in the face of such a warning has "delayed at its peril." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 141 n.2 (S.D.N.Y. 2011); *see Brown v. N.Y.C. Dep't of Educ.*, 513 F. App'x 89, 92 (2d Cir. 2013) (summary order).

**Plaintiff Shows No Good Cause to Reopen Fact Discovery**

Fact discovery closed on September 30. A scheduling order "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4), and good cause "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff's own authority agrees that diligence is "the primary consideration." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Because the deadline has passed, courts in this District have also required excusable neglect: "After discovery has concluded, a court may reopen discovery upon a showing of 'good cause' and 'excusable neglect.'" *Al-Anesi v. City of New York*, No. 18 Civ. 8439 (LAK) (GWG), 2021 WL 4554628, at *2 (S.D.N.Y. Oct. 5, 2021). The Motion shows neither diligence nor excusable neglect.

The subpoenas the Motion lists are already authorized. Judge McCarthy allowed Plaintiff's three merchant-processor subpoenas, noticed the day before discovery closed, to proceed, Dkt. No. 74, and the parties have resolved their terms. October 16, 2026 Minute Entry. The American Express subpoena was issued under the Court's August 13 Order. Dkt. No. 54 ¶ 2. Those orders permit that discovery to proceed; the Motion gives no subpoena-by-subpoena account of what remains or why it requires moving every expert deadline. The Internet Archive presents a separate problem. On October 16, Judge McCarthy found the Archive subpoena timely but held that this Court lacks jurisdiction to compel the Archive, a San Francisco entity. October 16, 2026 Minute Entry. A court in this District has barred enforcement elsewhere absent good cause to extend discovery. *Artisan Techs. LLC v. Interlude U.S. Inc.*, No. 25 Civ. 7214 (LGS), 2026 WL 1998635, at *1–2 (S.D.N.Y. July 10, 2026). Eleven days later, the Motion identifies no enforcement filing; counsel is still "actively seeking Northern District-barred attorneys." Dkt. No. 86 at 1. That is a request for time to begin, not evidence of diligence.

The Motion's claim of newly revealed information also fails. It says Mr. Lidestri's deposition "revealed David Petrie's role in the dissemination of the content." *Id.* at 2. Mr. Petrie's role was disclosed months earlier. Mr. Lidestri's March 30, 2026 interrogatory responses identified Mr. Petrie as a "graphic designer, web developer, photo and video editor, content manager and photographer." Def.'s Resp. to Interrog. No. 4, at 5. His July 17, 2026 supplemental responses, served under the Court's July 9 Order, Dkt. No. 37 ¶ 5, added that Mr. Petrie "performed web design and coding, loaded and edited content" and, upon information and belief, operated TeenStarletGallery.com. Def.'s Suppl. Resp. to Interrog. No. 4, at 2. Plaintiff has known Mr. Petrie's role since March, and the specifics since July. "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Gucci*, 790 F. Supp. 2d at 140. The Motion's account of Mr. Lidestri's testimony is offered without a transcript, and Plaintiff's disagreement with that testimony does not show that anything new came to light.

Nor is the loss of Mr. Lidestri's records new. That his business records were stolen in a June 2019 burglary has been known to Plaintiff from the start: he disclosed it in his February 18, 2026 initial disclosures, at 4, answered Plaintiff's Interrogatory No. 10 about it in March, at 10–11, and produced the police report in May (JL000418–422).

**Plaintiff Makes No Showing on Experts**

The Motion offers no account of Plaintiff's expert work. It does not say that Plaintiff has retained or consulted any expert, that any expert has sought access to the materials held under the Court's protocol, Dkt. No. 63, or why the request comes five days before her November 1 deadline. Plaintiff asked for sequential disclosures because she "bears the burden of proof on her affirmative claims." Dkt. No. 36 at 2. A party seeking more time for expert discovery "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence," and the absence of prejudice to the other side "is insufficient" on its own. *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 & n.2 (S.D.N.Y. 2012); *see Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 793 (S.D.N.Y. 2021) (upholding denial of "yet another request for an extension" of expert deadlines); *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019) (denying extension of expert-disclosure deadline where counsel did not "specify when he began" efforts to retain an expert and the need for expert testimony "should have been readily apparent" when the schedule was set). Plaintiff makes no such showing. She identifies no effort to retain an expert and no reason she could not meet a deadline the Court set on her own application, after extending it by more than three months and warning that no more extensions would be granted.

Plaintiff's incarceration, which her counsel did not disclose before her deposition on October 27, does not change this. The Motion does not say when it began, what mental-health evaluation was arranged before it, or what access has been sought. Dkt. No. 86 at 2. Nor does her incarceration bear on the third-party subpoenas or on any forensic or website expert. Plaintiff has claimed emotional-distress damages since the start of this case, so the need for that expert was foreseeable long ago. *See Stanbro v. Palou*, No. 20-CV-1591 (KMK) (JCM), 2021 WL 4176255, at *2 (S.D.N.Y. Sept. 14, 2021) (denying reconsideration of a late Rule 35 examination request where "the need for an IME was foreseeable").

Mr. Lidestri has claims of his own in this case, and his counterclaim survived Plaintiff's motion to dismiss. Dkt. No. 66. Each further extension adds to his costs and delays their resolution. Defendant respectfully requests that the Court deny the Motion in its entirety and hold the parties to the current schedule.

Respectfully submitted,

Michael Cilento

Michael D. Cilento, Esq.